MARK R. THIERMAN (SBN 72913)
LEON GREENBERG (SBN 226253)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, NV 89511
Telephone:    775-284-1500
Facsimile:    775-703-5027
laborlawyer@pacbell.com

Attorneys for Plaintiff

CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:    310-229-1000
Facsimile:    310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>Defendant. | Case No. C 05-04867-HRL<br><br>**PARTIES' JOINT RULE 26(f) CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

1

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on April 20, 2006, between Leon Greenberg, for Plaintiff, and Gregory W. Knopp, Esq., of Akin Gump Strauss Hauer & Feld, for Defendant. The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it, as appropriately determined by the Court, as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

Plaintiff is a former employee of Defendant who claims that Defendant did not properly pay him and other similarly-situated individuals for overtime work in accordance with California law.

2. The principal factual issues which the parties dispute:

The parties dispute whether Defendant properly treated Plaintiff as exempt from the applicable overtime laws.

3. The principal legal issues which the parties dispute:

The parties dispute whether Defendant properly treated Plaintiff as exempt from the applicable overtime laws. The parties also dispute whether this lawsuit should be certified as a class action.

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

None.

5. The parties who have not been served and the reasons:

None.

6. The additional parties who the below-specified parties intend to join and the intended time frame for such joinder:

None.

1  7. Magistrate Judge Jurisdiction: The parties do not unanimously consent to magistrate judge jurisdiction. The case has already been re-assigned to this Court.

## DISCLOSURES

8. Pre-Discovery Disclosures. The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by May 4, 2006.

## CASE MANAGEMENT AND DISCOVERY

9. Class Certification Motion.

DEFENDANT'S PROPOSAL: Plaintiff shall file any motion to certify a class by August 18, 2006.

PLAINTIFF'S PROPOSAL: Plaintiff shall file any motion to certify a class by January 29, 2007, a date that is within 60 days of the plaintiff's proposed completion of discovery in this matter.

10. Discovery Plan. The parties propose to the Court the following varying discovery plans:

DEFENDANT'S PROPOSAL:

    a. Discovery shall proceed in two phases.

        i. In the first phase, discovery shall be limited to issues concerning class certification, with the following caveat: To ensure that the named Plaintiff is not subject to multiple depositions, in the first phase, Defendant may take Plaintiff's deposition concerning merits issues and may propound written discovery regarding such issues in advance of those depositions. In addition, the parties acknowledge that discovery concerning class certification issues may overlap with discovery concerning merits issues and thus will work together to resolve any disputes concerning what discovery is appropriate in the first phase. All class certification discovery shall be commenced in time to be completed by the deadline for filing a class certification motion. The parties will make best efforts to schedule the deposition of the named Plaintiff before June 15, 2006.

    ii. In the second phase, the parties may take discovery concerning the merits of Plaintiff's claims. All merits discovery shall be commenced in time to be completed within 180 days of entry of the Court's order regarding Plaintiff's motion for class certification.

  b. Expert witnesses, if any, are to be designated by February 2, 2007; experts' reports are to be exchanged no later than February 16, 2007; and rebuttal expert witnesses and reports shall be disclosed by March 16, 2007.

  c. In the event that a party files a discovery motion and the motion is granted, the deadline for completing discovery should be extended by a reasonable time if necessary to allow the moving party to take additional discovery related to the Court's ruling.

PLAINTIFF'S PROPOSAL:

  Plaintiffs believe bifurcating discovery in this case would not be efficient or sensible because the issues bearing upon class certification and the merits of the plaintiff's claims are intractably intertwined. Plaintiff proposes a single, non-bifurcated, discovery schedule as follows:

  a. All fact discovery to be completed by December 1, 2006;

  b. Any Motion for class certification by January 29, 2007;

  c. Expert discovery to be conducted after the resolution of plaintiff's motion for class certification, initial experts designated 30 days after the Court's Order resolving such motion, expert reports provided 45 days after the Court's Order resolving such motion, rebuttal experts designated and their reports exchanged 60 days after the Court's Order resolving such motion, in the event any party seeks to rely upon evidence given by an expert witness in connection with plaintiff's motion for class certification this schedule will be appropriately revised.

11. Potentially Dispositive Motions.

DEFENDANT'S PROPOSAL:

All potentially dispositive motions shall be filed within 45 days of the close of merits discovery.

PLAINTIFF'S PROPOSAL:

All potentially dispositive motions shall be filed within 45 days of the close of expert discovery or the resolution of the plaintiff's motion for class action certification, whichever is later.

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

DEFENDANT'S PROPOSAL:

July 16, 2007.

PLAINTIFF'S PROPOSAL

September 17, 2007

13. The parties expect that the trial will last for the following number of days: 5-9.

## ALTERNATIVE DISPUTE RESOLUTION

14. The parties have filed a Stipulation and Proposed Order Selecting early private mediation as their ADR process. The parties agree to participate in a private mediation session by July 21, 2006. The parties further agree that Plaintiff's deposition shall be completed prior to the mediation.

Respectfully submitted,

Dated: April 26, 2006.

TIIERMAN LAW FIRM

_____
Leon Greenberg
Attorneys for Plaintiff
DAVID HO

5

PARTIES' JOINT RULE 26(F) CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1 | Dated: April 26, 2006                     AKIN GUMP STRAUSS HAUER & FELD LLP

_____
Gregory W. Knopp
Attorneys for Defendant
ERNST & YOUNG, LLP

PARTIES' JOINT RULE 26(F) CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____   _____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

PARTIES' JOINT RULE 26(F) CASE MANAGEMENT STATEMENT AND PROPOSED ORDER