CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:     310-229-1000
Facsimile:      310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>Defendant. | Case No. C 05-04867-JF (HRL)<br><br>**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[SUPPORTING DECLARATION OF S. ADAM SPIEWAK AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]<br><br>Hearing Date: To be Determined by the Court, if Necessary |

5945924

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Court's July 21, 2006 Order allowing such motion to be brought on shortened time, Defendant Ernst & Young LLP hereby moves this Court to issue a Protective Order in the form proposed by Defendant. For the reasons addressed below in Defendant's Memorandum of Points and Authorities, Defendant respectfully requests that the Court adopt the Protective Order provided as Exhibit A to the Declaration of S. Adam Spiewak, in order to facilitate the exchange of discovery materials between the parties, subject to appropriate restrictions on the use and dissemination of materials designated as CONFIDENTIAL.

## *MEMORANDUM OF POINTS AND AUTHORITIES*

### INTRODUCTION

In this putative class action, Plaintiff David Ho, a former Ernst & Young employee, claims that the firm improperly treated him and other employees as exempt from California's overtime laws. The parties have commenced discovery and, in advance of an early mediation, have agreed to negotiate a blanket protective order to govern the disclosure of sensitive information. To this end, they have agreed to most of the material terms of a Stipulation and Proposed Order, including the terms describing the materials that may be designated "confidential" and the mechanism for challenging that designation. *See* Declaration of S. Adam Spiewak ("Spiewak Decl."), paras. 2-3. Yet the parties have reached an impasse over the term concerning with whom confidential materials may be shared. Defendant hereby seeks resolution of this dispute.

### DISCUSSION

With respect to the dissemination of confidential materials, Ernst & Young has proposed the precise term contained in the model protective order posted as a Court Form on this Court's website. *See* Spiewak Decl., Ex. A. The model order provides that protected materials may be disclosed to only:

5945924                                                               1

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);[1]

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

Spiewak Decl., Ex. B at para. 7.2. Plaintiff has rejected the Court's model term, instead demanding that he be free to share confidential materials with anyone he comes across in the course of his investigation or prosecution of this action.

The Court's model term is clearly more appropriate.[2] In recognition of the fact that parties have a right to protect sensitive information, the Federal Rules of Civil

---

[1] Because Defendant is a partnership, the definition of "qualified persons" in Ex. A, para. 5(b) identifies "partners," rather than "officers" or "directors." In addition, defined terms such as "Protected Material" have been minimally adjusted to reflect the definitions provided in Ex. A to the Spiewak Decl. Otherwise, the language is identical.

[2] Defendant also is willing to adopt the model order in its entirety.

5945924                                    2

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1 Procedure establish the availability of protective orders. *See U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) ("CBS"), ("Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)."), *citing* 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2036, at 267. Thus, where good cause is shown, a court may protect a party from "annoyance, embarrassment, oppressiveness, or undue burden or expense" by restricting discovery, including by ordering "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c); *see also Falstaff Brewing Corp. v. Philip Morris Inc.*, 89 F.R.D. 133 (C.D. Cal. 1981) (noting that protective orders "have become a standard feature of most commercial litigation, obviating the need for costly and time-consuming proceedings on discovery objections.") In complex cases such as this one, courts may issue blanket orders that provide broad protection for materials the parties designate as confidential, so long as that designation is subject to challenge. *See, e.g., In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987) ("in complicated cases where document-by-document review of discovery materials would be unfeasible, an 'umbrella' protective order . . . should be used to protect documents designated in good faith by the producing party as confidential."); *Cipollone v. Ligget Group, Inc., et al*, 785 F.2d 1108, 1122 (3rd Cir. 1986) (approving of use of blanket protective orders).

A blanket protective order limiting the use of confidential information is appropriate here given that the parties have demanded – and likely will continue to demand – several categories of sensitive documents. Indeed, Plaintiff already has propounded requests for documents containing private, confidential and proprietary information. *See* Plaintiff's First Request for the Production of Documents, attached as Exhibit C to the Spiewak Declaration.

First, certain documents Plaintiff seeks contain information concerning clients that have engaged Ernst & Young for tax and accounting services. Such materials include presentations and/or reports prepared by Plaintiff and his colleagues, time-recording reports that describe the tasks Plaintiff performed for particular clients, and performance evaluations that reference Plaintiff's client work. *See* Spiewak Decl., para. 7 and Ex. C, Requests 1, 5, 6. The parameters of Ernst & Young's client engagements and any work product prepared for the firm's clients are plainly deserving of protection. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 n.4 (9th Cir. 2003) (materials that "contain trade secrets, financial information, and confidential information about third parties" warrant protection under Rule 26(c)). Because broad dissemination of these materials would implicate the interests of entities that are not parties to this action, strict limitations are particularly warranted. *Cf. Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery seeking materials related to non-parties should be more limited to protect them from harassment, inconvenience, or disclosure of confidential information).

Second, Plaintiff seeks documents containing personal information regarding Ernst & Young employees who are not currently parties to this action. *See, e.g.*, Spiewak Decl., Ex. C, Request 7 (requiring Defendant to "[i]dentify and produce a list of the names and addresses and [sic] persons similarly situated to the plaintiff or if no such list exists or defendant declines to compile such a list documents that contain such information, including, but not limited to, W-2 and W-4 forms.") The disclosure of such information would violate such individuals' privacy interest, in contravention of Article 1, Section 1 of the California Constitution. West's Ann. Cal. Const. Art. 1, § 1; *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359 (2000) (non-parties residential addresses and telephone numbers protected from discovery); *Harding Lawson Assocs. v. Sup. Ct.*, 10 Cal. App. 4th 7, 10 (1992) (third-party personnel records protected from discovery). Accordingly, broad restrictions on the dissemination of such

information should be a prerequisite to any such discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30, 35 n.21 (1984) (maintenance of privacy can be ground for a protective order).

Third, many other materials potentially relevant here are proprietary to Ernst & Young and, if made public, could hinder the firm's competitive standing. For instance, documents that reflect the staffing assignments for client engagements, promotion and evaluation policies and guidelines, and training offerings are deserving of the protection afforded in the Court's model protective order. *See Pfeiffer v. K-Mart Corp.*, 106 F.R.D. 235, 236 (D. Fla. 1985) (imposing protective order that restricts dissemination of information and documents that "constitute trade secret, proprietary or commercially sensitive information"). Courts are empowered specifically to limit the disclosure of such information, and may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7); *see also Williams v. Taser Int'l, Inc.*, 1:06-CV-0051-RWS, 2006 U.S. Dist. LEXIS 47255 (D. Ga., June 30, 2006) (limiting the persons to whom confidential information may be provided where disclosure of proprietary information is a concern).

Given the nature of the materials at issue, a blanket protective order that limits who may access materials designated as confidential is necessary to facilitate the exchange of discoverable information. The term contained in the Court's model order would appropriately protect the sensitive information without unduly limiting the parties in prosecuting this case. By contrast, allowing Plaintiff unfettered freedom to share confidential materials with whomever his counsel chooses would offer virtually no protection at all, thus necessitating subsequent motions concerning particular requests and documents.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court grant the instant motion.

Dated: July 28, 2006

AKIN GUMP STRAUSS HAUER & FELD LLP

_____
Catherine A. Conway
Gregory W. Knopp
S. Adam Spiewak
Attorneys for Defendant
ERNST & YOUNG, LLP

5945924

6

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**