1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  S. ADAM SPIEWAK (SBN 230872)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
3  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
4  Telephone:     310-229-1000
   Facsimile:     310-229-1001
5  cconway@akingump.com
   gknopp@akingump.com
6  aspiewak@akingump.com

7  Attorneys for Defendant ERNST & YOUNG LLP

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        (SAN JOSE DIVISION)

12

13 | DAVID HO, on behalf of himself and others | Case No. C 05-04867-JF (HRL)
   | similarly situated and on behalf of the |
14 | general public and DOES 1-20 | **DECLARATION OF S. ADAM SPIEWAK
   | | IN SUPPORT OF DEFENDANT'S**
15 |               Plaintiff, | **MOTION FOR PROTECTIVE ORDER**

16 |        v. | [DEFENDANT'S MOTION FOR
   | | PROTECTIVE ORDER AND SUPPORTING
17 | ERNST & YOUNG, LLP | MEMORANDUM OF POINTS AND
   | | AUTHORITIES AND [PROPOSED] ORDER
18 |               Defendant. | FILED CONCURRENTLY HEREWITH]

19 | | Hearing Date: To be Determined by the
   | | Court, if Necessary
20

21

22

23

24

25

26

27

28
   5449923

              DECLARATION OF S. ADAM SPIEWAK IN SUPPORT OF
                 DEFENDANT'S MOTION FOR PROTECTIVE ORDER

1

## DECLARATION OF S. ADAM SPIEWAK

2      I, S. Adam Spiewak, declare as follows:

3      1.      I am an attorney at law duly licensed to practice in the Northern District of California

4 and an associate in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for

5 Defendant Ernst & Young LLP ("Ernst & Young") in this action.  I have personal knowledge of the

6 facts stated herein, and if called and sworn as a witness, I would and could testify competently under

7 oath thereto.  I submit this declaration in support of Defendant's Motion for Protective Order.

8      2.      The parties to this lawsuit, through counsel, have been negotiating terms for a

9 Stipulation and Proposed Protective Order to govern the production and use of materials exchanged.

10      3.      The parties have agreed on most of the material terms of a Stipulation and Proposed

11 Protective Order, including the terms describing the materials that may be designated "confidential"

12 and the mechanism for challenging that designation.

13      4.      Attached hereto as **Exhibit A** is a true and correct copy of Defendant's proposed

14 Protective Order, reflecting the terms negotiated between counsel and the model term in para. 5.

15      5.      Attached hereto as **Exhibit B** is a true and correct copy of the model protective order

16 form, as provided on the Northern District of California Court's website.

17      6.      Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's First Request for

18 the Production of Documents.

19      7.      Among documents to be produced in this case are materials that reflect information

20 concerning clients that have engaged Ernst & Young for tax and accounting services.  Such materials

21 include presentations and/or reports prepared by Plaintiff and his colleagues, time-recording reports

22 that describe the tasks Plaintiff performed for particular Ernst & Young clients, and performance

23 evaluations that reference Plaintiff's work on client engagements.

24      I declare under penalty of perjury under the laws of the United States of America that the

25 foregoing is true and correct.

26      Executed on this 28ᵗʰ day of July, 2006, in Los Angeles, California.

27

28
                                                          S. Adam Spiewak

5449923                                **1**

### DECLARATION OF S. ADAM SPIEWAK IN SUPPORT OF
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

# EXHIBIT "A"

1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  S. ADAM SPIEWAK (SBN 230872)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
3  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
4  Telephone:      310-229-1000
   Facsimile:       310-229-1001
5  cconway@akingump.com
   gknopp@akingump.com
6  aspiewak@akingump.com

7  Attorneys for Defendant ERNST & YOUNG LLP

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                 (SAN JOSE DIVISION)

13

14

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>                    Plaintiff,<br><br>        v.<br><br>ERNST & YOUNG, LLP<br><br>                    Defendant. | Case No. C 05-04867-JF (HRL)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION**<br><br>Magistrate Judge: Hon. Howard R. Lloyd |

EXHIBIT ___A___ PAGE ___2___

Joint Stipulation and [Proposed] Order Governing the Protection of the Parties' Confidential Information

1    Disclosure and discovery activity in this action are likely to involve production of confidential,

2    proprietary, or private information for which special protection from public disclosure and from use for

3    any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

4    stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

5    acknowledge that this Order does not confer blanket protections on all disclosures or responses to

6    discovery and that the protection it affords extends only to the limited information or items that are

7    entitled under the applicable legal principles to treatment as confidential.  The parties further

8    acknowledge, as set forth in Paragraph 7 below, that this Stipulated Protective Order creates no

9    entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

10   that must be followed and reflects the standards that will be applied when a party seeks permission

11   from the court to file material under seal.  Subject to the approval of this Court, the parties hereby

12   stipulate to the following protective order:

13       1.    Any and all documents comprising, generated from, or referencing processes,

14   operations, business methods, or any other business information that is proprietary and/or confidential

15   (including financial information or trade secrets) of Defendant Ernst & Young LLP ("Defendant") or

16   its employees, customers, or vendors, or any information that the plaintiff so designates based on a

17   good-faith believe that it is private and/or personal and must therefore be treated as confidential, shall

18   be deemed Confidential.  Furthermore, any personal information of David Ho ("Plaintiff"), such as

19   date of birth or social security number, shall be redacted by any party producing or utilizing documents

20   containing said information in such a fashion so as to prevent that information from becoming public.

21       2.    Confidential documents shall be so designated by stamping copies of the documents

22   with the legend "CONFIDENTIAL."  All pages shall be so labeled.  If either party, through

23   inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such

24   discovery material should have been so designated, it promptly will provide written notice of the

25   Confidential designation and to the extent practicable the discovery material will be treated as

26   Confidential Material from the date of receipt of such notice.  Either party may request that such a

27   document be so designated, where appropriate.  Likewise, if a party designates discovery material

28   Confidential and later determines that such discovery material should not have been so designated, it

EXHIBIT A PAGE 3

1   will promptly provide written notice of the removal of the designation along with a duplicate copy of

2   the discovery material without the Confidential marking.

3          If the party being given the documents or materials designated as "CONFIDENTIAL" objects

4   to said designation, then the parties will meet and confer with respect to the designation within fifteen

5   (15) days of receipt of such objection by the designating party. Thereafter, if the parties are unable to

6   reach an agreement, the party designating the document as "CONFIDENTIAL" will file within ten

7   (20) days of meeting and conferring a motion with the Court requesting that an Order issue identifying

8   the at-issue material as "CONFIDENTIAL." Such motion shall comply with all applicable Local

9   Rules. If such a motion is not filed within the time period set forth above, the "CONFIDENTIAL"

10  designation will be deemed withdrawn for purposes of this case. During the pendency of the Motion

11  for Protective Order and the meet and confer process, the "CONFIDENTIAL" designation shall remain

12  in effect. The party seeking confidential status of the disputed materials shall bear the burden of

13  establishing that such materials should be kept confidential.

14         3.     Testimony taken at a deposition, conference, hearing or trial may be designated as

15  confidential by making a statement to that effect on the record at the deposition or other proceeding.

16  Arrangements shall be made with the court reporter taking and transcribing such proceeding to

17  separately bind such portions of the transcript containing information designated as confidential, and to

    label such portions appropriately.

18         4.     Material designated as confidential under this Order, the information contained therein,

19  and any summaries, copies, abstracts, or other documents derived in whole or in part from material

20  designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the

21  purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

22         5.     CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or

23  made available only to "qualified persons," limited to the following:

24         (a)    the receiving party's outside counsel of record in this action, as well as employees
25                of said Counsel to whom it is reasonably necessary to disclose the information for
                  this litigation and who have signed the "Agreement to Be Bound by Protective
26                Order" that is attached hereto as Exhibit A;

27         (b)    the partners and employees (including in-house counsel) of the receiving party to
                  whom disclosure is reasonably necessary for this litigation and who have signed
28                the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

Prior to receiving any CONFIDENTIAL MATERIAL, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit A, a copy of which shall be provided to counsel for each party and to the parties at the conclusion of the litigation.

6. Depositions shall be taken only in the presence of qualified persons.

7. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, confidential documents shall not be filed with the clerk except under seal. Such CONFIDENTIAL MATERIAL shall be lodged separately, in accordance with Local Rule 79-5, as exhibits and will be returned to counsel upon completion of the hearing for which the confidential material is submitted.

8. Similarly, in the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use, in compliance with the Local Rules.

9. This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.



**EXHIBIT** A **PAGE** 5

5949972

**4**

Joint Stipulation and [Proposed] Order Governing the Protection of the Parties' Confidential Information

10.   This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by Defendant or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11.   In the event the Court does not execute this Order, this agreement will be binding as a contract between the parties and their respective counsel.

12.   This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel shall collect and destroy all documents, material, and deposition transcripts designated as confidential and all copies of same. Counsel for the designating party may instead request, at the designating party's expense, that all such CONFIDENTIAL MATERIAL be assembled and returned to counsel for the designating party.

SO STIPULATED.

Respectfully submitted by,

July ___, 2006        AKIN GUMP STRAUSS HAUER & FELD LLP


By_____
              S. Adam Spiewak

Attorneys for Defendant
ERNST & YOUNG LLP


July ___, 2006        THIERMAN LAW FIRM


By_____
              Leon Greenberg

Attorneys for Plaintiff
DAVID HO

EXHIBIT ___A___ PAGE ___6___

5949972

**5**

Joint Stipulation and [Proposed] Order Governing the Protection of the Parties' Confidential Information

1  PURSUANT TO STIPULATION, **IT IS SO ORDERED**:

2

3  DATED: _____

4                                    _____
                                     Honorable Howard R. Lloyd
                                     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __A__ PAGE __1__

Joint Stipulation and [Proposed] Order Governing the Protection of the Parties' Confidential Information

## EXHIBIT A

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read or had explained to them the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Ho v. Ernst & Young LLP.*, Case No. C 05-04867-JF (HRL), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 2006

By: _____
             Signature

      _____
             Printed Name

**EXHIBIT __A__ PAGE __8__**

Joint Stipulation and [Proposed] Order Governing the Protection of the Parties' Confidential Information

# EXHIBIT "B"

1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       NORTHERN DISTRICT OF CALIFORNIA
9
10
11                                                No. C
12           Plaintiff,                           STIPULATED PROTECTIVE ORDER
13      v.
14
15           Defendant.
16
17      1. <u>PURPOSES AND LIMITATIONS</u>

18           Disclosure and discovery activity in this action are likely to involve production of confidential,

19      proprietary, or private information for which special protection from public disclosure and from use

20      for any purpose other than prosecuting this litigation would be warranted.   Accordingly, the parties

21      hereby stipulate to and petition the court to enter the following Stipulated Protective Order.   The

22      parties acknowledge that this Order does not confer blanket protections on all disclosures or

23      responses to discovery and that the protection it affords extends only to the limited information or

24      items that are entitled under the applicable legal principles to treatment as confidential.   The parties

25      further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates

26      no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the

27      procedures that must be followed and reflects the standards that will be applied when a party seeks

28      permission from the court to file material under seal.

1

2. <u>DEFINITIONS</u>

        2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

        2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

        2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

        2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

        2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

        2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

        2.7.    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

        2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

        2.9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

        2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

        2.11    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2

1            2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter

2   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness

3   or as a consultant in this action and who is not a past or a current employee of a Party or of a

4   competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of

5   a Party or a competitor of a Party's.   This definition includes a professional jury or trial consultant

6   retained in connection with this litigation.

7            2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

8   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10   subcontractors.

11

12   3. <u>SCOPE</u>

13       The protections conferred by this Stipulation and Order cover not only Protected Material (as

14   defined above), but also any information copied or extracted therefrom, as well as all copies,

15   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16   parties or counsel to or in court or in other settings that might reveal Protected Material.

17

18   4. <u>DURATION</u>

19       Even after the termination of this litigation, the confidentiality obligations imposed by this Order

20   shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

21   directs.

22

23   5. <u>DESIGNATING PROTECTED MATERIAL</u>

24           5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

25   or non-party that designates information or items for protection under this Order must take care to

26   limit any such designation to specific material that qualifies under the appropriate standards.  A

27   Designating Party must take care to designate for protection only those parts of material, documents,

28   items, or oral or written communications that qualify – so that other portions of the material,

3

1   documents, items, or communications for which protection is not warranted are not swept

2   unjustifiably within the ambit of this Order.

3           Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

5   unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

6   and burdens on other parties), expose the Designating Party to sanctions.

7           If it comes to a Party's or a non-party's attention that information or items that it

8   designated for protection do not qualify for protection at all, or do not qualify for the level of

9   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

10   withdrawing the mistaken designation.

11           5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

12   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

13   that qualifies for protection under this Order must be clearly so designated before the material is

14   disclosed or produced.

15           Designation in conformity with this Order requires:

16           (a) <u>for information in documentary form</u> (apart from transcripts of depositions

17   or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

18   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that

19   contains protected material. If only a portion or portions of the material on a page qualifies for

20   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

21   appropriate markings in the margins) and must specify, for each portion, the level of protection being

22   asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY").

24           A Party or non-party that makes original documents or materials available for

25   inspection need not designate them for protection until after the inspecting Party has indicated which

26   material it would like copied and produced. During the inspection and before the designation, all of

27   the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

4

1    copied and produced, the Producing Party must determine which documents, or portions thereof,

2    qualify for protection under this Order, then, before producing the specified documents, the

3    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

5    Material. If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins) and must specify, for each portion, the level of protection being asserted

8    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

9                    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

10   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

12   portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

14   protection, and when it appears that substantial portions of the testimony may qualify for protection,

15   the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

16   the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

17   portions of the testimony as to which protection is sought and to specify the level of protection being

18   asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

19   Only those portions of the testimony that are appropriately designated for protection within the 20

20   days shall be covered by the provisions of this Stipulated Protective Order.

21                    Transcript pages containing Protected Material must be separately bound by

22   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

24   party offering or sponsoring the witness or presenting the testimony.

25                    (c) <u>for information produced in some form other than documentary, and for</u>

26   <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the

27   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

28   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

EXHIBIT  B  PAGE  13

1 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

2 portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

3 Eyes Only."

4        5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

5 designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6 Only" does not, standing alone, waive the Designating Party's right to secure protection under this

7 Order for such material. If material is appropriately designated as "Confidential" or "Highly

8 Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

9 on timely notification of the designation, must make reasonable efforts to assure that the material is

10 treated in accordance with the provisions of this Order.

11

12     6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

13        6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

14 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

16 right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

17 original designation is disclosed.

18        6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating

19 Party's confidentiality designation must do so in good faith and must begin the process by conferring

20 directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for

21 the Designating Party. In conferring, the challenging Party must explain the basis for its belief that

22 the confidentiality designation was not proper and must give the Designating Party an opportunity to

23 review the designated material, to reconsider the circumstances, and, if no change in designation is

24 offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

25 stage of the challenge process only if it has engaged in this meet and confer process first.

26

27        6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

28 designation after considering the justification offered by the Designating Party may file and serve a

6

EXHIBIT B PAGE 14

1  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2  identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

3  must be accompanied by a competent declaration that affirms that the movant has complied with the

4  meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5  the justification for the confidentiality designation that was given by the Designating Party in the meet

6  and confer dialogue.

7       The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

9  question the level of protection to which it is entitled under the Producing Party's designation.

10

11       7. ACCESS TO AND USE OF PROTECTED MATERIAL

12       7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

13  or produced by another Party or by a non-party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

15  the categories of persons and under the conditions described in this Order. When the litigation has

16  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18       Protected Material must be stored and maintained by a Receiving Party at a location

19  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20       7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

22  any information or item designated CONFIDENTIAL only to:

23       (a) the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

25  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

26  hereto as Exhibit A;

27       (b) the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

7

EXHIBIT __B__ PAGE __15__

1  the "Agreement to Be Bound by Protective Order" (Exhibit A);

2      (c) experts (as defined in this Order) of the Receiving Party to whom

3  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4  Bound by Protective Order" (Exhibit A);

5      (d) the Court and its personnel;

6      (e) court reporters, their staffs, and professional vendors to whom disclosure is

7  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8  Protective Order" (Exhibit A);

9      (f) during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14      (g) the author of the document or the original source of the information.

15    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19      (a) the Receiving Party's Outside Counsel of record in this action, as well as

20  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

21  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

22  hereto as Exhibit A;

23      [(b) – *Optional – as deemed appropriate in case-specific circumstances*:

24  House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in

25  patent prosecutions involving _____ [specify subject matter areas], (2) to whom

26  disclosure is reasonably necessary for this litigation,  and (3) who has signed the "Agreement to Be

27  Bound by Protective Order" (Exhibit A);

28      (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

EXHIBIT B PAGE 16

1  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

2  (Exhibit A), [*Optional*: and (3) as to whom the procedures set forth in paragraph 7.4, below, have

3  been followed];

4          (d) the Court and its personnel;

5          (e) court reporters, their staffs, and professional vendors to whom disclosure is

6  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

7  Protective Order" (Exhibit A); and

8          (f) the author of the document or the original source of the information.

9      [ *Optional*: 7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

11          (a) Unless otherwise ordered by the court or agreed in writing by the

12  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

13  information or item that has been designated  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" first must make a written request to the Designating Party that (1) identifies the specific

15  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the

16  Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

17  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

18  employer(s), (5) identifies each person or entity from whom the Expert has received compensation for

19  work in his or her areas of expertise or to whom the expert has provided professional services at any

20  time during the preceding five years, and (6) identifies (by name and number of the case, filing date,

21  and location of court) any litigation in connection with which the Expert has provided any

22  professional services during the preceding five years.

23          (b) A Party that makes a request and provides the information specified in the

24  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

25  within seven court days of delivering the request, the Party receives a written objection from the

26  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

27          (c) A Party that receives a timely written objection must meet and confer with

28  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9

1     agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

2     file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

3     applicable) seeking permission from the court to do so. Any such motion must describe the

4     circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

5     reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

6     additional means that might be used to reduce that risk. In addition, any such motion must be

7     accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

8     the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

9     forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

10         In any such proceeding the Party opposing disclosure to the Expert shall bear

11     the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

12     proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

13

14       8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

15     <u>LITIGATION</u>.

16         If a Receiving Party is served with a subpoena or an order issued in other litigation

17     that would compel disclosure of any information or items designated in this action as

18     "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

19     Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and

20     in no event more than three court days after receiving the subpoena or order. Such notification must

21     include a copy of the subpoena or court order.

22         The Receiving Party also must immediately inform in writing the Party who caused the

23     subpoena or order to issue in the other litigation that some or all the material covered by the

24     subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

25     deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

26     caused the subpoena or order to issue.

27         The purpose of imposing these duties is to alert the interested parties to the existence

28     of this Protective Order and to afford the Designating Party in this case an opportunity to try to

EXHIBIT B PAGE 18

1   protect its confidentiality interests in the court from which the subpoena or order issued.  The

2   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

3   confidential material – and nothing in these provisions should be construed as authorizing or

4   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

5

6       9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

11  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

12  request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that

13  is attached hereto as Exhibit A.

14

15      10. FILING PROTECTED MATERIAL.  Without written permission from the Designating

16  Party or a court order secured after appropriate notice to all interested persons, a Party may not file

17  in the public record in this action any Protected Material.  A Party that seeks to file under seal any

18  Protected Material must comply with Civil Local Rule 79-5.

19

20      11. FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing

21  Party, within sixty days after the final termination of this action, each Receiving Party must return all

22  Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

23  includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

24  any of the Protected Material.  With permission in writing from the Designating Party, the Receiving

25  Party may destroy some or all of the Protected Material instead of returning it.   Whether the

26  Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

27  the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

28  deadline that identifies (by category, where appropriate) all the Protected Material that was returned

11

EXHIBIT  B  PAGE  19

1   or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

2   compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

3   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

4   motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

5   materials contain Protected Material.  Any such archival copies that contain or constitute Protected

6   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

7

8      12. <u>MISCELLANEOUS</u>

9         12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person

10   to seek its modification by the Court in the future.

11         12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

12   Order no Party waives any right it otherwise would have to object to disclosing or producing any

13   information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no

14   Party waives any right to object on any ground to use in evidence of any of the material covered by

15   this Protective Order.

16

17   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18   DATED: _____   _____

19                            Attorneys for Plaintiff

20   DATED: _____   _____

21                            Attorneys for Defendant

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23   DATED: _____   _____

24                            [name of judge]
                              United States District/Magistrate Judge

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4    I, _____ [print or type full name], of _____ [print

5    or type full address], declare under penalty of perjury that I have read in its entirety and understand

6    the Stipulated Protective Order that was issued by the United States District Court for the Northern

7    District of California on [date] in the case of _____ **[insert formal name of the case and the**

8    **number and initials assigned to it by the court]**.    I agree to comply with and to be bound by all

9    the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10    comply could expose me to sanctions and punishment in the nature of contempt.    I solemnly promise

11    that I will not disclose in any manner any information or item that is subject to this Stipulated

12    Protective Order to any person or entity except in strict compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the Northern

14    District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

15    if such enforcement proceedings occur after termination of this action.

16    I hereby appoint _____ [print or type full name] of

17    _____ [print or type full address and telephone number]

18    as my California agent for service of process in connection with this action or any proceedings related

19    to enforcement of this Stipulated Protective Order.

20

21    Date: _____

22    City and State where sworn and signed: _____

23    Printed name: _____
                        [printed name]
24
      Signature: _____
25                        [signature]

26

27

28

**EXHIBIT _B_ PAGE _21_**

# EXHIBIT "C"

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------X
DAVID HO, on behalf of himself          Case No.   05-04867-HRL
and all others similarly situated
and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,


     -against-

ERNST & YOUNG LLP

                    Defendants.
--------------------------------X

PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

     Pursuant to the applicable provisions of the Federal Rules of
Civil Procedure § 34 and the Local Rules of this Court plaintiffs
request that the defendants produce the following items within 30
days of the service of this request or within such other time frame
allowed by said Rule at the Law Office of Leon Greenberg,
Professional Corporation, attorney for plaintiff, at 633 South 4th
Street, Suite 9, Las Vegas, Nevada, 89101, for inspection and
copying.  This request seeks in the first instance, in lieu of
producing such items for inspection and copying, the production of
copies of such items which such defendants can produce and/or have
delivered on or before such date.   If such defendants wish to
produce the original items for production and copying they need to
contact plaintiff's counsel to confirm their appearance on such date
with such items and/or to arrange another mutually convenient date

                                1

EXHIBIT __C__ PAGE 22

1  for such production.

2  **INSTRUCTIONS AND DEFINITIONS**

3    1.   These requests should be considered to be continuing, and
4  supplemental answers should be served as further information becomes
5  available pursuant to Rule 26(e) of the Federal Rules of Civil
6  Procedure.

7    2.   In complying with this Request for Production of
8  Documents, you are required to produce all documents specified
9  herein that are in your possession, custody or control or which are
10  otherwise available to you.

11    3.   If any request herein cannot be complied with in full, it
12  shall be complied with to the extent possible with an explanation as
13  to why full compliance is not possible.

14    4.   With respect to each document or communication that is
15  responsive but is withheld, the following additional information
16  shall be provided:

17        a) the grounds asserted supporting the failure to produce;
18        b) the factual basis for a claim of privilege and/or
19  confidentiality;
20        c)  the subject matter, date, author, recipient, addressee
21  and number of pages;
22        d) the subject matter, date, parties and medium for each
23  communication;
24        e)  the current or last known location of the document;
25  and
26        f)  the current or last known person retaining the
27  document.

28    5.   If a requested document cannot be located, then identify
   such document by setting forth:

                                    2

EXHIBIT __C__ PAGE __23__

1            a)   the last known person retaining the document;

2            b)   whether the document is lost and the efforts made to

3    locate the lost document;

4            c)   whether the document was destroyed or discarded and

5    the date, manner, reason and person responsible for such action; and

6            d) a statement describing the document, including a

7    summary of its contents, the author and the persons to whom it was

8    sent or shown.

9        6.   If any documents which contained responsive information no

10   longer exist, identify each by setting forth:

11           a) all the information contained in the document;

12           b) the type of document (e.g., letters or memoranda);

13           c) the time period when the documents were maintained;

14           d) all persons who have or had knowledge of the contents

15   of the documents;

16           e) the circumstances of the loss or destruction; and

17           f) all persons who have knowledge of the loss or

18   destruction.

19       7.   If any identified document is subject to destruction under

20   any document retention or destruction program, the document(s)

21   should be exempted from any scheduled destruction until the

22   conclusion of this lawsuit or unless otherwise permitted by the

23   Court.

24       8.   Separate responses should be given to each document

25   request.  If a document is responsive to more than one request,

26   additional copies are not needed, but the subsequent responses

27   should identify the request for which the document was produced.

28       9.   The source or sources of each document produced shall be

    specifically identified.

EXHIBIT C PAGE 24

10. Please produce clear and legible copies of the originals of all documents requested, as well as any and all copies of such original documents that bear any mark or notation not present on the original.

11. If in answering these requests, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

12. Unless otherwise specified, the time period covered by these demands is January 1, 2000 to the present.

13. The plural and singular tense shall be deemed to be used throughout these demands and definitions and responses shall be made as if demands were made in both the plural and singular tense regardless of how such demands are actually worded herein.

14. The conjunctive and disjunctive tense ("and/or") is to be deemed used throughout these demands and definitions and defendants should respond to all demands as if they are made in both the conjunctive and disjunctive tense except in respect to those demands which clearly qualify a demand by using the conjunctive tense to narrow the scope of the material sought.

15. The term "Defendants" refers to all defendants represented by the law office(s) receiving this request.

16. In the event that any documents requested for production herein exist in electronic (be it database, word processing, or other computer software) form, or were generated from such electronic form, please specify the electronic form for each document produced.

4

EXHIBIT___C___ PAGE 25

17. In the event the documents to be produced in response to these requests exceed 500 pages, and the documents to be produced, or some of them, exist in electronic (be it database, word processing, or other computer software) form, or were generated from such electronic form, the production of such documents in their electronic form (and not in paper form) is requested and please contact plaintiff's counsel to make arrangements for the production of such documents in electronic form.

18. If a request seeks documents containing information that has not been compiled or organized by the defendants in the exact form requested, but the information requested exists in an electronic form from which such document(s) can be produced, a complete copy of such electronic form (database) can be produced in lieu of the specifically requested documents.

19. Persons "similarly situated" to the plaintiff, for the purpose of these requests, means:

a) Persons employed by defendant in the State of California at anytime during the four years preceding the commencement of this action to the date of the defendant's response to these requests and who were paid on a salary basis (the term "salary basis" means they were not paid a fixed amount of compensation for each hour or portion thereof worked) and;

b) Were classified or denominated as working in non-management positions described by "Department" or "Unit" or other office (such being Tax, Audit or another unit, department, or office) and "Staff 1" or "Staff 2" or "Staff 3" or "Senior 1" or "Senior 2" or "Senior 3" or "Financial Management Associates"

5

EXHIBIT __C__ PAGE _26_

DOCUMENTS TO BE PRODUCED

1.   Produce all documents such as time cards, daily attendance records, sign in/out sheets or similar documents that contain information showing the amount (hours or fractions thereof) of work performed by the plaintiff and others similarly situated on a daily or weekly or other basis and/or such records that document or record the amount of time or dates that such persons were present on the defendant's business premises whether or not such persons were engaged in any employment for the defendant during such time periods.

2.   Produce and identify all documents that relate to or detail or contain information about defendant's compensation policies and practices for the plaintiff and others similarly situated, and the work requirements imposed upon the plaintiff and others similarly situated, this would include, but not be limited to, copies of:

i) All employment contracts or employment offer letters;

ii) All schedules or other documents setting forth the compensation that such persons either were being paid or could become eligible to be paid as part of their employment with the defendant;

iii) All policy statements or other documents setting forth the job responsibilities and/or job descriptions of such persons;

iv) All employee handbooks;

v) All documents setting forth the hours that such persons were expected to work or be available to work;

vi) All documents setting forth the duties and job responsibilities of such persons and/or any limitations imposed on

6

**EXHIBIT __C__ PAGE __27__**

1 their work or the manner or means by which they were permitted or
2 expected to perform such work. This would include all documents
3 setting forth what sort of actions such persons were prohibited from
4 taking in respect to advising the defendant's clients.

5     3. Produce copies of all documents showing the hours of
6 operation of each location maintained or operated or used by the
7 defendant where the plaintiff and those similarly situated were
8 employed. This would include, but not be limited to:

9         i) Documents setting forth the opening and closing
10 hours of each such location on each particular day and/or specifying
11 whether such locations were ever inaccessible to such persons
12 between certain hours or on certain days

13     4. Identify and produce copies of all papers related to or
14 mentioning any litigation involving the defendant, or any complaints
15 filed with any government agencies against the defendant, and which
16 litigation or complaints alleged that the defendant had failed to
17 pay overtime wages or any other wages to plaintiff or those
18 similarly situated to the plaintiff for work such employees
19 allegedly performed. Any such papers that relate to the instant
20 litigation are excluded from this request. This request is not
21 limited to any time frame.

22     5. For each affirmative defense asserted by the defendant,
23 separately identify and produce all documents relevant to the
24 defense.

25     6. Identify and produce all documents which heretofore have
26 not been produced, but which relate to or support the defendant's
27 affirmative defenses or contradicts the claims made in plaintiffs'
28 complaint or that the defendant reserves the right to rely upon at
the time of trial.

**EXHIBIT** C **PAGE** 28

7. Identify and produce a list of the names and addresses and all persons similarly situated to the plaintiff or if no such list exists or defendant declines to compile such a list documents that contain such information, including, but not limited to, W-2 and W-4 forms.

8. Identify and produce any documents that pre-date the commencement of this litigation and that mention, discuss, or offer any opinion or analysis of whether the plaintiff and/or those persons similarly situated to the plaintiff are exempt from the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. § 207 or California law. This request is not limited by any time frame.

Dated: Clark County, Nevada
      May 6, 2006

                        Respectfully submitted,

                        Leon Greenberg, Esq.
                        LEON GREENBERG PROFESSIONAL CORPORATION
                        THIERMAN LAW FIRM
                        Attorney for the Plaintiffs
                        633 South 4th Street - Suite 9
                        Las Vegas, Nevada 89101
                        (702) 383-6085
                        Nevada Bar Number: 8094

8

EXHIBIT C PAGE 29

CERTIFICATE OF MAILING

    I hereby certify that on the 6th day of May, 2006, I mailed a copy of the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS in a sealed envelope, to the following counsel of record and that postage was fully prepaid thereon:

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067
Attention: Catherine Conway, Esq.

Leon Greenberg

1

**EXHIBIT C PAGE 30**