*E-filed 8/28/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, et al. | Case No. C05-04867 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| ERNST & YOUNG, LLP, | Re: Docket No. 27 |
| Defendant. | |

In this class action, plaintiff employee contends that defendant employer improperly treated him and other employees as exempt from California's overtime laws. In the process of negotiating a stipulated blanket protective order to govern discovery, the parties disagreed about a provision regarding with whom confidential materials may be shared. Defendant moves for a protective order limiting this group, while plaintiff wishes to be able to share confidential documents with non-party witnesses and potential witnesses, outside of their depositions, so long as they have signed an agreement to keep the documents confidential. Defendant further moves for wholesale approval of its proposed protective order. Plaintiff submitted with his opposition papers an alternate proposed protective order.

Defendant argues that plaintiff has requested several categories of particularly sensitive documents, including proprietary business information and personal and financial information

regarding non-parties, thus warranting limits on the circle of people who may view the documents.

The court first notes that both parties improperly list the kinds of documents they consider confidential, without any reference to Rule 26(c) of the Federal Rules of Civil Procedure. The court ORDERS that no material shall be designated confidential unless the designating party has made a good faith determination that the material warrants protection under Rule 26(c).

The court finds defendant's argument regarding the sensitivity of its documents convincing. Plaintiff has not demonstrated sufficient need to share confidential documents with witnesses and potential witnesses outside of depositions. The court ORDERS that confidential material be disclosed only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of said counsel to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by protective order;

(b) the officers, directors, partners, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by protective order;

(c) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by protective order;

(d) the court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by protective order;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by protective order. Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under a protective order.

(g) the author or recipient of the document, or the original source of the information.

Nothing in this order abridges the right of any person to seek its modification in the future.

The model order on the court's web site is, perhaps with some individualized fine tuning, what the court would generally use unless the parties agreed on something else. Since the sole point of contention *briefed* by the parties is the issue of disclosure of confidential information, the court limits its ruling to that one issue and assumes the parties can come to agreement on the rest. If not, each party should submit its final and "best" proposed order, and the court will select one.

**IT IS SO ORDERED.**

Dated: 8/28/06                       /s/ Howard R. Lloyd
                                     HOWARD R. LLOYD
                                     UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Catherine A. Conway cconway@akingump.com

Leon Greenberg wagelaw@aol.com

Gregory William Knopp gknopp@akingump.com, dkucko@akingump.com

Seth Adam Spiewak aspiewak@akingump.com, thowe@akingump.com

Mark R. Thierman laborlawyer@pacbell.net

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:  8/28/06              /s/ JMM
                             Chambers of Magistrate Judge Howard R. Lloyd

4