CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:    310-229-1000
Facsimile:    310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant ERNST & YOUNG LLP

*E-filed 9/13/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>Defendant. | Case No. C 05-04867-JF (HRL)<br><br>**JOINT STIPULATION AND ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION AMENDED BY COURT**<br><br>Magistrate Judge: Hon. Howard R. Lloyd |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 7 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Subject to the approval of this Court, and consistent with this Court's Order dated August 28, 2006, the parties hereby stipulate to the following protective order:

1. Any and all documents comprising, generated from, or referencing processes, operations, business methods, or any other business information that is proprietary and/or confidential (including financial information or trade secrets) of Defendant Ernst & Young LLP ("Defendant") or its employees, customers, or vendors, or any information that the plaintiff so designates based on a good-faith belief that it is private and/or personal and must therefore be treated as confidential, shall be deemed Confidential if the designating party has made a good faith determination that the material warrants protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure. Furthermore, David Ho's ("Plaintiff") date of birth, social security number, telephone number, and address shall be redacted by any party producing or utilizing documents containing said information in such a fashion so as to prevent that information from becoming public.

2. Confidential documents shall be so designated by stamping copies of the documents with the legend "CONFIDENTIAL." All pages shall be so labeled. If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of receipt of such notice. Either party may request that such a document be so designated, where appropriate. Likewise, if a party designates discovery material

1  Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking.

If the party being given the documents or materials designated as "CONFIDENTIAL" objects to said designation, then the parties will meet and confer with respect to the designation within fifteen (15) days of receipt of such objection by the designating party. Thereafter, if the parties are unable to reach an agreement, the party designating the document as "CONFIDENTIAL" will file within ten (10) days of meeting and conferring a motion with the Court requesting that an Order issue identifying the at-issue material as "CONFIDENTIAL." Such motion shall comply with all applicable Local Rules. If such a motion is not filed within the time period set forth above, the "CONFIDENTIAL" designation will be deemed withdrawn for purposes of this case. During the pendency of the Motion for Protective Order and the meet and confer process, the "CONFIDENTIAL" designation shall remain in effect. The party seeking confidential status of the disputed materials shall bear the burden of establishing that such materials should be kept confidential.

3.  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.  CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to "qualified persons," limited to the following:

(a)  the receiving party's outside counsel of record in this action, as well as employees of said counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, partners and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of the document or the original source of the information.

Copies of each signed "Agreement to be Bound by Protective Order" shall be provided to counsel for each party and to the parties at the conclusion of the litigation.

6. Depositions shall be taken only in the presence of qualified persons.

7. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, confidential documents shall not be filed with the clerk except under seal. Such CONFIDENTIAL MATERIAL shall be lodged separately, in accordance with Local Rule 79-5, as exhibits and will be returned to counsel upon completion of the hearing for which the confidential material is submitted.

8. Similarly, in the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use, in compliance with the Local Rules.

9. This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is confidential or

1  whether its use should be restricted. This Order shall not be deemed to prejudice the parties in any
2  way in any future application for modification of this Order.

3  10. This Order is entered solely for purposes of facilitating the exchange of documents and
4  information between the parties to this action without involving the Court unnecessarily in the process.
5  Nothing in this Order nor the production of any information or document under the terms of this Order
6  nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or
7  waiver by Defendant or of altering the confidentiality or non-confidentiality of any such document or
8  information or altering any existing obligation of any party or the absence thereof.

9  11. In the event the Court does not execute this Order, this agreement will be binding as a
10 contract between the parties and their respective counsel.

11 12. This Order shall survive the termination of this action, to the extent that the information
12 contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the
13 Court shall retain jurisdiction to resolve any dispute concerning the use of information
14 disclosed hereunder for six months after final termination of the action. Upon
   termination of this case, counsel shall collect and destroy all documents, material, and
15 deposition transcripts designated as confidential and all copies of same. Counsel for
   the designating party may instead request, at the designating party's expense, that all
16 such CONFIDENTIAL MATERIAL be assembled and returned to counsel for the
17 designating party.

Sept. 5, 2006

Respectfully submitted by,

AKIN GUMP STRAUSS HAUER & FELD LLP

By_____
       S. Adam Spiewak
Attorneys for Defendant ERNST & YOUNG LLP

Sept. 4, 2006

THIERMAN LAW FIRM

By_____
       Leon Greenberg
Attorneys for Plaintiff DAVID PO

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/13/06

_____
Honorable Howard R. Lloyd
United States Magistrate Judge

5949972

5

**Joint Stipulation and  Order Governing the Protection of the Parties' Confidential Information**

## EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read or had explained to them the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Ho v. Ernst & Young LLP.*, Case No. C 05-04867-JF (HRL), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 200_.

By: _____
          Signature

_____
          Printed Name