1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   --------------------------------X
7  DAVID HO, on behalf of himself          Case No.  05-04867-JF/HRL
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,                  PLAINTIFF'S MOTION TO
9                                          COMPEL PRODUCTION OF
                        Plaintiffs,        DOCUMENTS AND INFORMATION
10                                         FROM DEFENDANT PURSUANT TO
                                           F.R.C.P. RULE 37
11
          -against-
12
   ERNST & YOUNG LLP
13
                        Defendants.        Hearing date: May 1, 2007
14 --------------------------------X       Hearing time: 10:00 a.m.

15

16

17 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18     PLEASE TAKE NOTICE, that the plaintiff, David Ho, hereby moves

19 this Court for an Order compelling the production of documents and

20 information from the defendant, Ernst & Young LLP, such motion to be

21 heard by the Honorable Howard R. Lloyd of this Court on May 1, 2007,

22 at 10:00 a.m.

23     The plaintiff's motion seeks the production of the defendant's

24 time and billing records for all members of the putative class of

25 plaintiffs in this case and the production of the names and

26 addresses of all putative plaintiff class members so that they can

27 be contacted through a neutral mailing and given an opportunity to

28 provide evidence relevant to this case.

                                    1

1     MEMORANDUM OF POINTS AND AUTHORITIES

2                        **NATURE OF CASE**

3        This is a case for unpaid overtime wages under California law.

4    The defendant employed the plaintiff and numerous other similar

5    persons on a salary basis and often had them working in excess of 40

6    hours per week.  Defendant did not pay overtime wages to the

7    plaintiff and those similarly situated to the plaintiff.  Defendant

8    maintains that its pay practices were proper because the plaintiff,

9    and those similarly situated to the plaintiff, were exempt from the

10   overtime pay requirements of California law as salaried

11   "professional" employees.  The central issue in this case is whether

12   the plaintiff, and those similarly situated to the plaintiff, were

13   properly treated by defendant as salaried overtime exempt

14   professional employees.

15       **NATURE OF DISCOVERY SOUGHT AND DEFENDANT'S OBJECTIONS**

16       Plaintiff seeks production of the defendant's electronic time

17   and billing records for the putative plaintiff class members.

18   Defendant required the plaintiff, and those similarly situated to

19   the plaintiff, to fill out daily time sheets with detailed

20   descriptions of their work activities.  Those time sheets were used

21   to bill the plaintiff's work time to the defendant's clients.  They

22   were also used by the defendant to keep track of the plaintiff's

23   activities and review his job performance.  All of defendant's

24   employees who worked in positions similar to the plaintiff were

25   required to fill out such time sheets.  Ex. "A", declaration of

26   plaintiff.

27       These materials were requested by the plaintiff (Exhibit "B",

28   defendant's response to that request, Exhibit "C", plaintiff's

     original request), such request, in relevant part, directing the

                                    2

defendant to:

      1.   Produce all documents such as time cards, daily attendance records, sign in/out sheets or similar documents that contain information showing the amount (hours or fractions thereof) of work performed by the plaintiff and others similarly situated on a daily or weekly or other basis and/or such records that document or record the amount of time or dates that such persons were present on the defendant's business premises whether or not such persons were engaged in any employment for the defendant during such time periods.

      2.   Produce and identify all documents that relate to or detail or contain information about defendant's compensation policies and practices for the plaintiff and others similarly situated, and the work requirements imposed upon the plaintiff and others similarly situated, this would include, but not be limited to [examples provided omitted] Ex. "B", p. 2-4.

Defendant responded to these requests by producing the requested materials for the individual plaintiff, David Ho, including his time sheets.  Defendant refused to produce any such materials for any members of the putative plaintiff class, stating:

      Defendant objects to this Request to the extent it seeks information that is not relevant to the subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this Request seeks information that is already in Plaintiff's possession.  Defendant further objects to this Request on the ground that it is overbroad because a class has not been certified in this action.  Ex. "B", p. 3-4.

The other discovery that is sought is the names and addresses of the members of the putative class of plaintiffs:

      7.   Identify and produce a list of the names and addresses and all persons similarly situated to the plaintiff or if no such list exists or defendant declines to compile such a list documents that contain such information, including, but not limited to, W-2 and W-4 forms. Ex. "B", p. 6.

In response to this request the defendant stated that

      Defendant objects to this Request to the extent it seeks information that is not relevant to the subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this Request seeks information that is already in Plaintiff's possession.  Defendant further objects to this Request on the ground that it is overbroad because a class has not been certified in this action.  Defendant further objects to this Request on the ground that it violates third-party

1    rights to privacy  Ex. "B", p. 6.

2
                WHY THE REQUESTED DISCOVERY SHOULD BE PRODUCED
3
     The Court Must Allow Discovery Relevant
4    To Whether a Class Action Should be Certified

5        In a putative class action case discovery must be allowed of

6    facts bearing on whether class action certification is appropriate.

7    If such relevant facts are not already known or public record it is

8    likely an abuse of discretion for the District Court to deny such

9    discovery.  See, Yafee v. Powers, 454 F.2nd 1362, 1366 (1st Cir.

10   1972), cited by Kamm v. California City Development Co., 509 F.2d

11   205 (9th Cir. 1975).  See, also, Doninger v. Pacific Northwest Bell,

12   Inc., 564 F.2d 1304 (9th Cir. 1977).

13

14   Whether Class Action Certification is Proper
     In this Case Requires an Examination of the
15   Common Circumstances of the Putative Class

16       The central issue in this case is the nature of the putative

17   plaintiffs' work (i.e., was that work of a professional nature).

18   The similarity or common nature of the work actually performed by

19   the putative plaintiffs significantly bears on whether this case

20   should be certified as a class action.  The circumstances of the

21   putative plaintiffs must be sufficiently common as a class or it

22   will not be possible to determine whether they as a class were

23   entitled to overtime compensation (i.e., whether they did, or did

24   not, as a class, perform "professional" work).

25
     Examining the Defendant's Time Records Will Greatly Assist
26   In Determining the Commonality (or Lack of Commonality)
     Of the Work Actually Performed by the Putative Plaintiffs
27
         Defendant's objections to the production of the putative
28
     plaintiff class time and billing records, and the manifest

                                      4

1    inappropriateness of those objections, are the following:

2         i) Undue Burden - Defendant actually makes no

3    burdensomeness objection, although its objection of "overbroad"

4    might, perhaps, be similarly characterized.  In any event, there is

5    no undue burden.  These records are computerized in nature, readily

6    accessible, and can be easily copied onto suitable electronic media.

7    Plaintiff's counsel will assume all costs involved in such process.

8         ii) Relevancy - These materials are highly relevant

9    because they contain documentation about *what putative plaintiff*

10   *class members did* and *how much time they spent doing each such*

11   *activity* (Ex. "A").  Whether there is a commonality of functions

12   among the putative plaintiffs (i.e., whether the putative plaintiffs

13   are spending large amounts of time doing similar things) is highly

14   relevant to whether class certification is appropriate in this case.

15        iii) Overbroad because no class has been certified - This

16   objection is plainly inappropriate as the materials are being sought

17   to see whether class certification should be granted.

18      It is abundantly clear that the time/billing records for the

19   putative plaintiff class should be produced.  They are highly

20   relevant and no sound basis is propounded by the defendant for their

21   non-disclosure.  In fact, the defendant even proposed to provide a

22   very small amount of such records (for a 6 month period in 2002, and

23   only for a limited portion of the putative class members, when the

24   entire class period extends from September of 2001 to the present),

25   thus conceding there is, in fact, no real obstacle to such records'

26   production.  Ex. "D".  Whether defendant will even provide that

27   limited portion of such records is currently unknown.

28

1

2  The Members of the Putative Plaintiff Class
   Can Critically Assist in Determining the
3  Commonality (or Lack Thereof) of Their Work

4        The putative plaintiff class members have the greatest

5  knowledge of the sorts of work that they typically performed.  That

6  knowledge can, and should, be examined to determine whether the

7  degree of commonality among such persons' work supports the class

8  action certification of this case.  The only way to engage in any

9  such examination is by contacting the plaintiff class members and

10 giving them the opportunity to present evidence in this case.

11       Defendant's "relevancy" objection to producing this information

12 is wholly specious.  Its "overbroad" objection, based upon this case

13 not being currently certified as a class action, is completely

14 misplaced (these persons have relevant knowledge bearing on whether

15 such class action certification is appropriate in the first place).

16       Defendant's "third party privacy" objection is also likely

17 without foundation.  See, Pioneer Electronics v. Superior Court, 40

18 Cal. 4th 360, 150 P.3d 198 (Cal. Supreme Ct. 2007)(Third-party

19 privacy rights cannot bar disclosure of class member witness names

20 and addresses unless class members specifically direct such non-

21 disclosure).  In any event, plaintiffs do not seek direct disclosure

22 of the class member names and addresses but have agreed to utilize

23 an "opt out" neutral notification process for such persons.  That

24 process will give all class members the opportunity to prevent

25 disclosure of their names and addresses.  Defendant has previously

26 agreed to that process, but insisted on limiting it to 25% of the

27 class members (Ex. "D").  That limitation, of course, serves no

28 purpose except to limit the potential evidence (which defendant

   clearly believes will be unfavorable to it) that such persons can

offer in this litigation.  The plaintiffs' proposed Order utilizes
the same third party notification/opt out type process for the
remaining 75% of the class members.

Compliance with Local Court Rules 37-2 and 37-1(a)

        Pursuant to Local Rule 37-2 the moving party who seeks to
compel discovery must detail both the reason why it believes the
discovery should be compelled and how the proportionality and other
requirements of FRCP Rule 26(b)(2) are satisfied.  Plaintiff submits
that it has done so.  The discovery sought is highly germane to
determining the common nature (or lack thereof) of the putative
plaintiff class members' work, an important issue bearing on whether
class certification should be granted.  There are no other sources
for such information and the information is not duplicative or
cumulative of any other discovery in this case.  The burden or
expense of producing the information, which is in electronic form,
is slight, and plaintiff's counsel will bear that expense.

        Pursuant to Local Rule 37-1(a) counsel must make a good faith
effort to confer and resolve discovery issues prior to making a
motion to compel.  Compliance with that rule is documented in Ex.
"D".  It should also be noted that plaintiff's counsel waited 37
days for defendant's counsel to finally provide a position regarding
the document production sought herein.  That time period by
defendant's counsel was completely unjustified and inappropriate
given the discovery schedule in this case.

1                              CONCLUSION

2        For all of the foregoing reasons, the Court should grant the

3    plaintiff's motion in full and enter the proposed Order submitted by

4    plaintiff's counsel.

5

6        Dated this 23rd day of March, 2007

7

8                                   By:_____/s/_____
                                        Leon Greenberg, Esq.
9
                                        THIERMAN LAW FIRM
10                                      7287 Lakeside Drive
                                        Reno, NV 89511
11                                      (775) 284-1500
                                        Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

EXHIBIT "A"

1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   ---------------------------------X
7  DAVID HO, on behalf of himself          Case No.  05-04867-JF (HRL)
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,
9
                        Plaintiffs,
10
11     -against-
12  ERNST & YOUNG LLP
13                      Defendants.
    ---------------------------------X
14
                  DECLARATION OF DAVID HO
15
16       David Ho, hereby affirms, under the penalties of perjury, that:
17       1.   I am the plaintiff in this case.  I am offering this
18  declaration to explain to the Court the nature and scope of the
    defendant's "time billing" system.
19
20       2.   While I was employed by the defendant I worked in
    positions classified as "staff" and "senior."  During my employment
21
    with the defendant I had personal contact with numerous other
22
    persons employed by the defendant in those positions.  Some of those
23
    persons worked in the tax practice of the defendant and some worked
24
    in other practice areas.  I also had personal contact with persons
25
    employed by the defendant in the same sort of positions but with
26
    slightly different names (I recall that certain persons employed in
27
    the tax department who I understand are now called "staff" or
28
    "senior" by defendant were given different titles when I was

                                 1

1  employed by defendant). All of the persons in these positions,
2  whether called "staff" or "senior" or by a slightly different name,
3  were paid on a salary basis, often worked in excess of 8 hours a day
4  or 40 hours per week, and did not receive any overtime pay. I had
5  personal contact with over 30 such persons when I was employed by
6  the defendant. Those persons, and I, were required, on a daily
7  basis, to fill out time sheets. On those time sheets we would enter
8  descriptions of our work activities, the amount of time we spent on
9  each described activity, and often client billing information for
10  those activities. We were expected to account for all of our
11  working time and activities on those time sheets. Those time sheets
12  were also reviewed by our superiors who used them to evaluate our
13  job performance.

14      I have read the foregoing and it is true and correct.

15

16  Dated this 2nd day of March, 2007

17

18                                          David Ho

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT "B"

1 | CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
2 | S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3 | 2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
4 | Telephone:        310-229-1000
Facsimile:        310-229-1001
5

6 | Attorneys for Defendant ERNST & YOUNG LLP

7

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | (SAN JOSE DIVISION)

12

13 | DAVID HO, on behalf of himself and others
similarly situated and on behalf of the
general public and DOES 1-20

Case No. C 05-04867-HRL

14

Plaintiff,

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

15

16 | v.

17 | ERNST & YOUNG, LLP

18 | Defendant.

19

20 | PROPOUNDING PARTY:          DAVID HO, PLAINTIFF

21 | RESPONDING PARTY:          ERNST & YOUNG, LLP, DEFENDANTS

22 | SET NO.:          ONE (1)

23

24

25

26

27

28

601639.0004 WEST 5918039 v1
Defendant's Response to Plaintiff's First Request for Production of Documents

1 | **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

2 |     Pursuant to Federal Rule of Civil Procedure 34, defendant Ernst & Young, LLP ("Defendant"),

3 | hereby objects and responds as follows to the Request for Production of Documents Set One

4 | propounded by plaintiff David Ho ("Plaintiff").

5 | **I.    PRELIMINARY STATEMENT**

6 |     These responses reflect only the current status of Defendant's knowledge, understanding and

7 | belief respecting the matters about which inquiry has been made. Discovery in this action is

8 | continuing and, consequently, Defendant may not have yet identified all information responsive to this

9 | Request for Production of Documents ("Request"). As discovery in this action proceeds, Defendant

10 | anticipates that it may discover additional or different information or documents. Without in any way

11 | obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further

12 | explain these responses and objections at any time in the future.

13 |     Furthermore, these responses are without prejudice to the right of Defendant to use or rely on at

14 | any time, any subsequently discovered information, or information omitted from these responses as a

15 | result of mistake, error, oversight or inadvertence. Defendant further reserves the right to provide

16 | additional information and evidence at any time, and to object on appropriate grounds to the

17 | introduction of any portion of these responses into evidence.

18 |     These responses are made solely for the purpose of and in relation to discovery conducted in

19 | this case. Each response is given subject to all appropriate objections (including but not limited to

20 | objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden,

21 | materiality, confidential proprietary or trade secret material, or admissibility), which would require the

22 | exclusion of any response contained herein. All such objections therefore are reserved and may be

23 | interposed at trial.

24 |     Defendant responds to these Requests as it interprets and understands them. If Plaintiff

25 | subsequently asserts an interpretation of any Request that differs from Defendant's understanding,

26 | Defendant reserves its right to supplement its objections and/or responses herein.

27

28

## II.   GENERAL OBJECTIONS

The following general objections apply to each Request in Plaintiff's Request for Production of Documents Set One, in addition to any objections that are addressed to particular Requests or subparts of particular Requests:

1.     Defendant objects to the instructions and definitions set forth in Plaintiff's Requests to the extent they purport to alter Defendant's obligations under Federal Rule of Civil Procedure 34. Defendant objects to each Request to the extent that it imposes any requirements beyond those of the Federal Rules of Civil Procedure.  Such Requests are unduly burdensome and exceed the scope of permissible discovery.  Defendant will comply with the Federal Rules of Civil Procedure.

2.     Defendant objects to each Request to the extent that it requires disclosure of matters and communications that are protected by the attorney-client privilege, work product doctrine, third parties' right to privacy or any other applicable privilege or immunity.  To the extent a Request can be construed to seek privileged or exempt information, Defendant objects and will produce only non-privileged, non-exempt material.

3.     Defendant objects to each Request to the extent that it requires Defendant to provide information and/or documents not presently in its possession, custody or control or to make inquiries of persons or other entities not affiliated with it.

4.     Defendant's responses herein are based upon its understanding of the Requests propounded to it and are based upon and necessarily limited by the information in existence, presently recollected, and presently discovered during the course of preparing these responses.  Defendant reserves the right to amend or supplement its responses in the event that its understanding and/or interpretation of any Request is different from that intended by Plaintiff, or in the event that additional information or documents are discovered.

## RESPONSE TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Produce all documents such as time cards, daily attendance records, sign in/out sheets or similar documents that contain information showing the amount (hours or fractions thereof) of work

1  performed by the plaintiff and others similarly situated on a daily or weekly or other basis and/or such

2  records that document or record the amount of time or dates that such persons were present on the

3  defendant's business premises whether or not such persons were engaged in any employment for the

4  defendant during such time periods.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

6        Defendant objects to this Request to the extent that it seeks information that is not relevant to

7  the subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible

8  evidence. Defendant further objects to the extent that this Request seeks information that is already in

9  Plaintiff's possession. Defendant further objects to this Request on the ground that it is overbroad

10  because a class has not been certified in this action.

11        Subject to and without waiving the foregoing objections, Defendant responds as follows:

12  Defendant will produce all documents in its possession that reflect the days or hours worked by

13  Plaintiff David Ho and that reflect his presence on Defendant's premises.

14  **REQUEST FOR PRODUCTION NO. 2**

15        Produce and identify all documents that relate to or detail or contain information about

16  defendant's compensation policies and practices for the plaintiff and others similarly situated, and the

17  work requirements imposed upon the plaintiff and others similarly situated, this would include, but not

18  be limited to, copies of:

19             i) All employment contracts or employment offer letters;

20             ii) All schedules or other documents setting forth the compensation that such persons

21  either were being paid or could become eligible to be paid as part of their employment with the

22  defendant;

23             iii) All policy statements or other documents setting forth the job responsibilities and/or

24  job descriptions of such persons;

25             iv) All employee handbooks;

26             v) All documents setting forth the hours that such persons were expected to work or be

27  available to work;

28

1          vi) All documents setting forth the duties and job responsibilities of such persons and/or

2 any limitations imposed on their work or the manner or means by which they were permitted or

3 expected to perform such work. This would include all documents setting forth what sort of actions

4 such persons were prohibited from taking in respect to advising the defendant's clients.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

6       Defendant objects to this Request to the extent that it seeks information that is not relevant to

7 the subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible

8 evidence. Defendant further objects to the extent that this Request seeks information that is already in

9 Plaintiff's possession. Defendant further objects to this Request on the ground that it is overbroad

10 because a class has not been certified in this action. Defendant further objects to this Request on the

11 grounds that it is compound.

12       Subject to and without waiving the foregoing objections, Defendant responds as follows:

13 Defendant will produce all documents in its possession and not already produced that are responsive to

14 this Request and pertain to Plaintiff David Ho.

15 **REQUEST FOR PRODUCTION NO. 3**

16       Produce copies of all documents showing the hours of operation of each location maintained or

17 operated or used by the defendant where the plaintiff and those similarly situated were employed. This

18 would include, but not be limited to:

19       i) Documents setting forth the opening and-closing hours of each such location on each

20 particular day and/or specifying whether such locations were ever inaccessible to such persons

21 between certain hours or on certain days.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

23       Defendant objects to this Request to the extent that it seeks information that is not relevant to

24 the subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible

25 evidence. Defendant further objects to this Request on the ground that it is overbroad because a class

26 has not been certified in this action.

27

28

Case5:05-cv-04867-JF   Document40   Filed03/26/07   Page18 of 36

1    Subject to and without waiving the foregoing objections, Defendant responds as follows:
2  Defendant will produce all documents in its possession that are responsive to this Request and pertain
3  to Plaintiff David Ho.

4  **REQUEST FOR PRODUCTION NO. 4**

5    Identify and produce copies of all papers related to or mentioning any litigation involving the
6  defendant, or any complaints filed with any government agencies against the defendant, and which
7  litigation or complaints alleged that the defendant had failed to pay overtime wages or any other wages
8  to plaintiff or those similarly situated to the plaintiff for work such employees allegedly performed.
9  Any such papers that relate to the instant litigation are excluded from this request. This request is not
10 limited to any time frame.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

12    Defendant objects to this Request because it seeks information that is not relevant to the subject
13 matter of this dispute and is not reasonably calculated to lead to the discovery of admissible evidence.
14 Defendant further objects to this Request on the ground that it is overbroad as to subject matter, time,
15 and geographic scope. Defendant further objects to this Request to the extent that it seeks documents
16 covered by the attorney-client privilege or the attorney work-product privilege. Defendant further
17 objects to this Request to the extent it seeks public information equally available to Plaintiff.

18 **REQUEST FOR PRODUCTION NO. 5**

19    For each affirmative defense asserted by the defendant, separately identify and produce all
20 documents relevant to the defense.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

22    Defendant objects to this Request on the ground that it is overbroad and unduly burdensome.
23 Defendant further objects to this Request to the extent it seeks documents protected by the work
24 product doctrine.

25    Subject to and without waiving the foregoing objections, Defendant responds as follows:
26    Discovery is ongoing. Should additional documents come to Defendant's attention during the
27 course of discovery, Defendant will supplement this response.

28

601659.0004 WEST 5918039 v1                 5
Defendant's Response to Plaintiff's First Request for Production of Documents

1   **REQUEST FOR PRODUCTION NO. 6**

2           Identify and produce all documents which heretofore have not been produced, but which relate

3   to or support the defendant's affirmative defenses or contradicts the claims made in plaintiffs'

4   complaint or that the defendant reserves the right to rely upon at the time of trial.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

6           Defendant objects to this Request on the ground that it is overbroad and unduly burdensome.

7   Defendant further objects to this Request to the extent it seeks documents protected by the work

8   product doctrine.

9           Subject to and without waiving the foregoing objections, Defendant responds as follows:

10          Discovery is ongoing.  Should additional documents come to Defendant's attention during the

11  course of discovery, Defendant will supplement this response.

12  **REQUEST FOR PRODUCTION NO. 7**

13          Identify and produce a list of the names and addresses and all persons similarly situated to the

14  plaintiff or if no such list exists or defendant declines to compile such a list documents that contain

15  such information, including, but not limited to, W-2 and W-4 forms.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17          Defendant objects to this Request on the ground that it is unduly burdensome.  Defendant

18  further objects to this Request to the extent that it seeks information that is not relevant to the subject

19  matter of this dispute and is not reasonably calculated to lead to the discovery of admissible evidence.

20  Defendant further objects to this Request on the ground that it is overbroad because a class has not

21  been certified in this action.  Defendant further objects to this Request on the ground that it violates

22  third-party rights to privacy.

23  **REQUEST FOR PRODUCTION NO. 8**

24          Identify and produce any documents that pre-date the commencement of this litigation and that

25  mention, discuss, or offer any opinion or analysis of whether the plaintiff and/or those persons

26  similarly situated to the plaintiff are exempt from the overtime pay requirements of the Fair Labor

27  Standards Act, 29 U.S.C. § 207 or California law.  This request is not limited by any time frame.

28

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

2       Defendant objects to this Request to the extent that it seeks documents protected by the

3 attorney-client privilege and attorney work-product doctrine. Defendant further objects to this Request

4 as overbroad as to time. Defendant further objects to this Request to the extent that it seeks

5 information that is not relevant to the subject matter of this dispute and is not reasonably calculated to

6 lead to the discovery of admissible evidence to the extent it requests information regarding the Fair

7 Labor Standards Act.

8       Subject to and without waiving the foregoing objections, Defendant responds as follows:

9       No non-privileged responsive documents exist.

11 Dated: _6/8/06_

                    AKIN GUMP STRAUSS HAUER & FELD LLP
                    Catherine A. Conway
                    Gregory W. Knopp
                    S. Adam Spiewak

                    By_____
                              Gregory W. Knopp
                    Attorneys for Defendant Ernst & Young LLP

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los
4    Angeles, California 90067.  On June 8, 2006, I served the foregoing document(s) described as:
     **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF**
5    **DOCUMENTS** on the interested party(ies) below, using the following means:

6        Mark R. Thierman, Esq,
         THIERMAN LAW FIRM
7        7287 Lakeside Drive
         Reno, Nevada 89511
8        Telephone:  775.284.1500
         Facsimile:  775.703.5027
9

10   ☑ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the
     respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
11   mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of
     collection and processing correspondence for mailing.  On the same day that correspondence is placed
12   for collection and mailing, it is deposited in the ordinary course of business with the United States
     Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

13   ☑ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the
     documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by
14   the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is
     attached.
15

16   ☑ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose
     direction the service was made.

17       Executed on June 8, 2006 at Los Angeles, California.

18

19   DOROTHY M. ANDERSON
     [Print Name of Person Executing Proof]          [Signature]

20

21

22

23

24

25

26

27

28

601659.0004 WEST  5918039 v1                         8
Defendant's Response to Plaintiff's First Request for Production of Documents

EXHIBIT "C"

1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   --------------------------------X
7  DAVID HO, on behalf of himself          Case No.  05-04867-HRL
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,
9
                      Plaintiffs,
10
11
        -against-
12
   ERNST & YOUNG LLP
13
                      Defendants.
14 --------------------------------X

15     PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

16     Pursuant to the applicable provisions of the Federal Rules of

17 Civil Procedure § 34 and the Local Rules of this Court plaintiffs

18 request that the defendants produce the following items within 30

19 days of the service of this request or within such other time frame

20 allowed by said Rule at the Law Office of Leon Greenberg,

21 Professional Corporation, attorney for plaintiff, at 633 South 4th

22 Street, Suite 9, Las Vegas, Nevada, 89101, for inspection and

23 copying.  This request seeks in the first instance, in lieu of

24 producing such items for inspection and copying, the production of

25 copies of such items which such defendants can produce and/or have

26 delivered on or before such date.   If such defendants wish to

27 produce the original items for production and copying they need to

28 contact plaintiff's counsel to confirm their appearance on such date

   with such items and/or to arrange another mutually convenient date

                                1

1 | for such production.

2 | **INSTRUCTIONS AND DEFINITIONS**

3 |     1.    These requests should be considered to be continuing, and
4 | supplemental answers should be served as further information becomes
5 | available pursuant to Rule 26(e) of the Federal Rules of Civil
6 | Procedure.

7 |     2.    In complying with this Request for Production of
8 | Documents, you are required to produce all documents specified
9 | herein that are in your possession, custody or control or which are
10 | otherwise available to you.

11 |     3.    If any request herein cannot be complied with in full, it
12 | shall be complied with to the extent possible with an explanation as
13 | to why full compliance is not possible.

14 |     4.    With respect to each document or communication that is
15 | responsive but is withheld, the following additional information
16 | shall be provided:

17 |     a) the grounds asserted supporting the failure to produce;
18 |     b) the factual basis for a claim of privilege and/or
19 | confidentiality;

20 |     c)  the subject matter, date, author, recipient, addressee
21 | and number of pages;

22 |     d) the subject matter, date, parties and medium for each
23 | communication;

24 |     e)  the current or last known location of the document;
25 | and

26 |     f)  the current or last known person retaining the
27 | document.

28 |     5.    If a requested document cannot be located, then identify
such document by setting forth:

2

1          a)    the last known person retaining the document;

2          b)    whether the document is lost and the efforts made to
3   locate the lost document;

4          c)    whether the document was destroyed or discarded and
5   the date, manner, reason and person responsible for such action; and

6          d) a statement describing the document, including a
7   summary of its contents, the author and the persons to whom it was
8   sent or shown.

9      6.    If any documents which contained responsive information no
10  longer exist, identify each by setting forth:

11         a) all the information contained in the document;

12         b) the type of document (e.g., letters or memoranda);

13         c) the time period when the documents were maintained;

14         d) all persons who have or had knowledge of the contents
15  of the documents;

16         e) the circumstances of the loss or destruction; and

17         f) all persons who have knowledge of the loss or
18  destruction.

19     7.    If any identified document is subject to destruction under
20  any document retention or destruction program, the document(s)
21  should be exempted from any scheduled destruction until the
22  conclusion of this lawsuit or unless otherwise permitted by the
23  Court.

24     8.    Separate responses should be given to each document
25  request.  If a document is responsive to more than one request,
26  additional copies are not needed, but the subsequent responses
27  should identify the request for which the document was produced.

28     9.    The source or sources of each document produced shall be
    specifically identified.

3

1    10.   Please produce clear and legible copies of the originals
2  of all documents requested, as well as any and all copies of such
3  original documents that bear any mark or notation not present on the
4  original.

5    11.   If in answering these requests, you claim any ambiguity
6  in interpreting either the request or a definition or instruction
7  applicable thereto, such claim shall not be utilized by you as a
8  basis for refusing to respond, but there shall be set forth as part
9  of the response the language deemed to be ambiguous and the
10  interpretation chosen or used in responding to the request.

11    12.   Unless otherwise specified, the time period covered by
12  these demands is January 1, 2000 to the present.

13    13.   The plural and singular tense shall be deemed to be used
14  throughout these demands and definitions and responses shall be made
15  as if demands were made in both the plural and singular tense
16  regardless of how such demands are actually worded herein.

17    14.   The conjunctive and disjunctive tense ("and/or") is to be
18  deemed used throughout these demands and definitions and defendants
19  should respond to all demands as if they are made in both the
20  conjunctive and disjunctive tense except in respect to those demands
21  which clearly qualify a demand by using the conjunctive tense to
22  narrow the scope of the material sought.

23    15.   The term "Defendants" refers to all defendants represented
24  by the law office(s) receiving this request.

25    16.   In the event that any documents requested for production
26  herein exist in electronic (be it database, word processing, or
27  other computer software) form, or were generated from such
28  electronic form, please specify the electronic form for each
document produced.

4

1    17.  In the event the documents to be produced in response to
2  these requests exceed 500 pages, and the documents to be produced,
3  or some of them, exist in electronic (be it database, word
4  processing, or other computer software) form, or were generated from
5  such electronic form, the production of such documents in their
6  electronic form (and not in paper form) is requested and please
7  contact plaintiff's counsel to make arrangements for the production
8  of such documents in electronic form.

9    18.  If a request seeks documents containing information that
10  has not been compiled or organized by the defendants in the exact
11  form requested, but the information requested exists in an
12  electronic form from which such document(s) can be produced, a
13  complete copy of such electronic form (database) can be produced in
14  lieu of the specifically requested documents.

15    19.  Persons "similarly situated" to the plaintiff, for the
16  purpose of these requests, means:

17                a) Persons employed by defendant in the State of
18  California at anytime during the four years preceding the
19  commencement of this action to the date of the defendant's response
20  to these requests and who were paid on a salary basis (the term
21  "salary basis" means they were not paid a fixed amount of
22  compensation for each hour or portion thereof worked) and;

23                b) Were classified or denominated as working in non-
24  management positions described by "Department" or "Unit" or other
25  office (such being Tax, Audit or another unit, department, or
26  office) and "Staff 1" or "Staff 2" or "Staff 3" or "Senior 1" or
27  "Senior 2" or "Senior 3" or "Financial Management Associates"
28

5

1

DOCUMENTS TO BE PRODUCED

2    1.  Produce all documents such as time cards, daily attendance
3  records, sign in/out sheets or similar documents that contain
4  information showing the amount (hours or fractions thereof) of work
5  performed by the plaintiff and others similarly situated on a daily
6  or weekly or other basis and/or such records that document or record
7  the amount of time or dates that such persons were present on the
8  defendant's business premises whether or not such persons were
9  engaged in any employment for the defendant during such time
10  periods.

11    2.  Produce and identify all documents that relate to or detail
12  or contain information about defendant's compensation policies and
13  practices for the plaintiff and others similarly situated, and the
14  work requirements imposed upon the plaintiff and others similarly
15  situated, this would include, but not be limited to, copies of:

16              i) All employment contracts or employment offer
17  letters;

18              ii) All schedules or other documents setting forth
19  the compensation that such persons either were being paid or could
20  become eligible to be paid as part of their employment with the
21  defendant;

22              iii) All policy statements or other documents setting
23  forth the job responsibilities and/or job descriptions of such
24  persons;

25              iv) All employee handbooks;

26              v) All documents setting forth the hours that such
27  persons were expected to work or be available to work;

28              vi) All documents setting forth the duties and job
responsibilities of such persons and/or any limitations imposed on

6

1  their work or the manner or means by which they were permitted or
2  expected to perform such work. This would include all documents
3  setting forth what sort of actions such persons were prohibited from
4  taking in respect to advising the defendant's clients.

5      3.  Produce copies of all documents showing the hours of
6  operation of each location maintained or operated or used by the
7  defendant where the plaintiff and those similarly situated were
8  employed. This would include, but not be limited to:

9           i) Documents setting forth the opening and closing
10 hours of each such location on each particular day and/or specifying
11 whether such locations were ever inaccessible to such persons
12 between certain hours or on certain days

13     4.  Identify and produce copies of all papers related to or
14 mentioning any litigation involving the defendant, or any complaints
15 filed with any government agencies against the defendant, and which
16 litigation or complaints alleged that the defendant had failed to
17 pay overtime wages or any other wages to plaintiff or those
18 similarly situated to the plaintiff for work such employees
19 allegedly performed. Any such papers that relate to the instant
20 litigation are excluded from this request. This request is not
21 limited to any time frame.

22     5.  For each affirmative defense asserted by the defendant,
23 separately identify and produce all documents relevant to the
24 defense.

25     6.  Identify and produce all documents which heretofore have
26 not been produced, but which relate to or support the defendant's
27 affirmative defenses or contradicts the claims made in plaintiffs'
28 complaint or that the defendant reserves the right to rely upon at
   the time of trial.

7

1        7.   Identify and produce a list of the names and addresses and

2    all persons similarly situated to the plaintiff or if no such list

3    exists or defendant declines to compile such a list documents that

4    contain such information, including, but not limited to, W-2 and W-4

5    forms.

6        8.   Identify and produce any documents that pre-date the

7    commencement of this litigation and that mention, discuss, or offer

8    any opinion or analysis of whether the plaintiff and/or those

9    persons similarly situated to the plaintiff are exempt from the

10   overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C.

11   § 207 or California law.  This request is not limited by any time

12   frame.

13   Dated: Clark County, Nevada
            May 6, 2006

14

15                          Respectfully submitted,

16

17                          Leon Greenberg, Esq.
                            LEON GREENBERG PROFESSIONAL CORPORATION
                            THIERMAN LAW FIRM

18                          Attorney for the Plaintiffs
                            633 South 4th Street - Suite 9

19                          Las Vegas, Nevada 89101
                            (702) 383-6085

20                          Nevada Bar Number: 8094

21

22

23

24

25

26

27

28

8

1

CERTIFICATE OF MAILING

2

3       I hereby certify that on the 6th day of May, 2006, I mailed a
copy of the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF
DOCUMENTS in a sealed envelope, to the following counsel of record and
4   that postage was fully prepaid thereon:

5   Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
6   Los Angeles, CA 90067
Attention: Catherine Conway, Esq.
7

8

9                              Leon Greenberg

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT "D"

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
---------------------------------X
DAVID HO, on behalf of himself          Case No.  05-04867-JF (HRL)
and all others similarly situated
and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,


     -against-

ERNST & YOUNG LLP

                    Defendants.
---------------------------------X

              DECLARATION OF LEON GREENBERG, ESQ.

     Leon Greenberg, hereby affirms, under the penalties of perjury,

that:

     1.   I am a member of the bar of this Court and the attorney

for the plaintiff in this case.  I am offering this declaration to

detail my good faith efforts to avoid motion practice over the

parties' current discovery dispute (involving the production of

time/billing records and putative plaintiff class members' names and

addresses).  I am also offering this declaration to explain the

current status of such discovery between the parties.

                    CURRENT DISCOVERY STATUS

Disclosure of Time/Billing Records

     2.   On March 22, 2007, I was advised by defendant's counsel via

a brief email that defendant would only agree to produce electronic

time/billing records for a limited portion of the putative plaintiff

                              1

1   class (for only staff 1 and 2, senior 1 and 2, positions, the

2   putative plaintiff class also including persons classified as staff

3   3 or senior 3 or financial management associate).  Such production

4   would be limited to a six month period from June to November of

5   2002.  The alleged class claim period in this case runs from

6   September of 2001 through the present date and continuing.

7        3.  Via correspondence on March 22, 2007, I advised defendant's

8   counsel to immediately produce the foregoing time/billing records

9   and that such limited production was not acceptable (i.e., that

10  plaintiff's counsel would be seeking to compel production of all

11  such records).  I have not received the foregoing limited production

12  from the defendant nor have I been advised when, if ever, I will

13  receive such production.

14  <u>Disclosure of Putative Plaintiffs' Names and Addresses</u>

15       4.  Counsel for the parties previously agreed to a "neutral

16  mailing" process whereby members of the putative plaintiff class

17  would receive an advisory "opt out" mailing.  That mailing would

18  advise such persons that unless they returned a signed form

19  directing the non-disclosure of their name and address such

20  information would be provided to plaintiffs' counsel.  At the

21  insistence of the defendant, that mailing was limited to the neutral

22  mailing service's randomly selected 25% of the plaintiff class

23  members.  Plaintiff's counsel agreed to such mailing, but not to

24  having it limited to only such 25% of the plaintiff class.

25  Plaintiff's counsel also further agreed that if it decided to seek

26  disclosure of the remaining 75% of the plaintiff class members'

27  names and addresses it would utilize such an "opt out" neutral

28  mailing process.

2

GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTES

5.   As stated above, the parties did, partially, resolve their dispute regarding disclosure of the names and addresses of the members of the putative plaintiff class.  Plaintiff's counsel is now seeking a complete resolution of that issue within the framework of the parties' agreement.

6.   In respect to the production of the defendant's time/billing records, I first conferred extensively, and in detail, about such production with the defendant's counsel by phone on February 13, 2007.  I communicated with defendant's counsel several times after that date about such production.  Each time I was advised that the defendant's counsel was investigating this issue and would, in the future, provide a firm position in response to my request for such production.  Defendant's counsel declined to engage in any further substantive discussion of why (or why not) such production was proper or improper.  Instead, on March 22, 2007, I received a brief email from defendant's counsel declining to produce such materials, except in a very limited scope as set forth in paragraph 2, aforesaid.

I have read the foregoing, which is true and correct.


Affirmed this 23rd Day of March, 2007


/s/

_____
Leon Greenberg

3

CERTIFICATE OF SERVICE

        I hereby certify that on the 26th day of MARCH, 2007, a copy of
the foregoing Motion to Compel and exhibits were filed with the
District Court's CM/ECF were filed with the Court and thus properly
forwarded to all counsel through that system.  I further certify that
there are no counsel or parties appearing in this case who are not
registered CM/ECF users and who would require service by mail of such
materials.

Affirmed this 26th day of March, 2007

                                        /s/
                                     _____
                                        Leon Greenberg

1