Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
---------------------------------X

DAVID HO, on behalf of himself and all others similarly situated and on behalf of the general public and DOES #1-20,

                     Plaintiffs,

   -against-

ERNST & YOUNG LLP

                    Defendants.
---------------------------------X

Case No.  05-04867-JF/HRL

PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION FROM DEFENDANT PURSUANT TO F.R.C.P. RULE 37

Hearing date: May 8, 2007
Hearing time: 10:00 a.m.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE, that the plaintiff, David Ho, hereby moves this Court for an Order compelling the production of documents and information from the defendant, Ernst & Young LLP, such motion to be heard by the Honorable Howard R. Lloyd of this Court on May 8, 2007, at 10:00 a.m.

    The plaintiff's motion seeks the production of all documents filed by the defendant with any governmental agency in connection with the immigrant or non-immigrant visa status of all members of the putative plaintiff class who were employed by the defendant under such visas.

1

MEMORANDUM OF POINTS AND AUTHORITIES

**NATURE OF CASE**

This is a case for unpaid overtime wages under California law. The defendant employed the plaintiff and numerous other similar persons on a salary basis and often had them working in excess of 40 hours per week.  Defendant did not pay overtime wages to the plaintiff and those similarly situated to the plaintiff.  Defendant maintains that its pay practices were proper because the plaintiff, and those similarly situated to the plaintiff, were exempt from the overtime pay requirements of California law as salaried "professional" employees.  The central issue in this case is whether the plaintiff, and those similarly situated to the plaintiff, were properly treated by defendant as salaried overtime exempt professional employees.

**NATURE OF DISCOVERY SOUGHT AND DEFENDANT'S OBJECTIONS**

Plaintiff seeks production of all documents filed by the defendant with any governmental agency in connection with the immigrant or non-immigrant visa status of all members of the putative plaintiff class who were employed by the defendant under such visas.  These agencies are believed to be limited to the United States Citizenship and Immigration Service and the United States Department of Labor.  An unknown number of putative plaintiff class members received non-immigrant visas to be legally employed in the United States by the defendant.  Those visas, as explained *infra*, require that such persons be employed in particular capacities and that the nature of such persons' proposed employment in the United States be specified.  Plaintiff seeks the production of such documents because they may assist in determining the common (or disparate) nature of the work performed by putative plaintiff class

members and whether class action certification should be granted in this case.

The plaintiff's request for these materials is furnished (Exhibit "A") along with the defendant's response to that request (Exhibit "B").

Plaintiff's request (Exhibit "A", p. 6) directed the defendant to:

> 1. Produce all documents for all persons similarly situated to the plaintiff that were filed with any governmental agency in respect to the immigrant or non-immigrant employment visa status of such persons, such visas allowing such persons to be legally employed in the United States by the defendant (such persons, if they lacked such visas, being unable to be legally employed by the defendant in the United States). This request specifically includes all such visa applications for such persons either filed by the defendant or supported or sponsored by the defendant including but not limited to all category "J", "H1B" and "L1B" visas.

Defendant has, so far, refused to provide any materials responsive to this request, and set forth its basis for objecting to such production (Exhibit "B", p. 3) as follows:

> Defendant objects to this Request on the ground that it is overbroad as to time and scope, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence, including because a class has not been certified in this action. Defendant further objects to this Request on the ground that it is vague and ambiguous as to the terms "persons similarly situated." Defendant further objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Defendant further objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected person's constitutional, statutory and common-law right of privacy and confidentiality.

### WHY THE REQUESTED DISCOVERY SHOULD BE PRODUCED

The Court Must Allow Discovery Relevant
<u>To Whether a Class Action Should be Certified</u>

In a putative class action case discovery must be allowed of facts bearing on whether class action certification is appropriate. If such relevant facts are not already known it is likely an abuse

1  of discretion for the District Court to deny such discovery.  See,

2  Yafee v. Powers, 454 F.2nd 1362, 1366 (1st Cir. 1972), cited by Kamm

3  v. California City Development Co., 509 F.2d 205 (9th Cir. 1975).

4  See, also, Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304

5  (9th Cir. 1977).

6  Whether Class Action Certification is Proper
   In this Case Requires an Examination of the
7  Common Circumstances of the Putative Class

8       A central issue in this case is the nature of the putative

9  plaintiffs' work (i.e., was that work of a professional nature).

10  The *similarity* or *common nature* of the work actually performed by

11  the putative plaintiffs significantly bears on whether this case

12  should be certified as a class action.  The circumstances of the

13  putative plaintiffs must be sufficiently common *as a class* or it

14  will not be possible to determine whether they *as a class* were

15  entitled to overtime compensation (i.e., whether they did, or did

16  not, as a class, perform "professional" work).

17
   Examining the Visa Application Documents of the
18  Members of the Putative Plaintiff Class Will
   Assist in Determining the Nature of the Work
19  Actually and Commonly Performed by Such Persons

20
21       There are several forms of employment based ("non-immigrant")

22  visas that are issued to foreign nationals employed in the United

23  States.  The most common (and relevant for purposes of this case)

24  are "J", "H1B", and "L", class visas (all are defined at and named

25  after their respective subsections of, 8 U.S.C. § 1101(a)(15)).  All

26  such visas require support from an employer, i.e., the employer must

27  petition for such visa on behalf of the employee and cannot employ

   such person until (unless) the visa is issued.
28
        The "J" class visa is primarily a "student" or "training" type

visa.   If defendant employed class members under "J" visas it was
acknowledging that such persons were not expected to perform
"professional" work and, presumably, that the common sort of work
performed by class members was not "professional" work but the sort
of "training" work envisioned by the "J" visa category.

The "H1B" visa provides for the employment of certain persons
in "speciality occupations."  Exactly what qualifies a person to be
employed in a "speciality occupation" and receive an "H1B" visa is
set forth in 8 C.F.R. 214.2(h)(4).  In general, those requirements
include a baccalaureate or higher degree or a professional license
or specialized professional experience.  The employer must also
provide certain information to the United States Secretary of Labor
regarding such person's proposed employment, their wages, and the
affect such employment will have on other workers in the United
States.  8 U.S.C. § 1182(t).  Putative plaintiffs who were granted
"H1B" visas presumably were claimed by the defendant to be
performing work different from the sort of "training" work that
would be typical (and required) of "J" visa holders.

The L visa is an intra-company executive or professional
transfer visa.  It allows the employment in the United States of
persons employed by an employer's overseas subsidiaries or
affiliates.  Such persons must be employed in the United States in
an executive or managerial capacity or in a position for which they
have relevant and necessary specialized knowledge.  Defendant, if it
utilized any "L" visas for putative plaintiff class members, would
have had to document the sort of work such persons would be
performing in the United States.

It is unknown what representations were made by the defendant
in these visa applications about the nature of the work to be

performed by putative class members.  As noted above, defendant

would have made at least some such representations.  Some of those

representations (in respect to the "J" visas) would be incompatible

with the defendant's claims that putative class members were,

uniformly, performing "professional" work.  These visa applications

are properly discoverable since they are likely to contain

representations by the defendant as to the work commonly performed

by the putative plaintiff class members.  And that issue (the

commonality, or lack thereof, of the work performed by class

members) strongly bears upon the possible class action certification

of this case.

Defendant Raises No Valid Objection to
The Production of These Materials

     Defendant's objections to the production of these materials are

without any sound basis.  Defendant's objections, and their abject

infirmity, are the following:

     i)    "Overbroad as to time and scope and unduly burdensome" -
           The scope of the documents sought are those that relate to
           the members of the putative plaintiff class for the
           relevant class claim period.  Accordingly, the request is
           not overboard as to time or scope.  Defendant's claim of
           "undue burden" is wholly unsubstantiated.  There are
           slightly over 3000 putative plaintiff class members.  The
           vast majority of such persons are *not* immigrant employees
           of defendant but United States citizens.  If 10% of such
           putative class members were immigrant workers the
           production sought involves approximately 300 visa
           applications.  Defendant certainly has such visa
           applications in its personnel files (in fact, it may very

6

well maintain such files electronically where they can be
easily retrieved).  Even if these records had to be
retrieved and copied by hand, at rate of 10 files an hour,
it would take only 30 hours of clerical time to produce
such records.  In addition, plaintiff's counsel will bear
the cost of such production.  Accordingly, producing these
records will not impose an undue burden upon the
defendant.

ii) "Not reasonably calculated to lead to the discovery of
admissible evidence, including because a class has not
been certified in this action" - As discussed, this
discovery is reasonable likely to lead to admissible and
relevant evidence, defendant's own characterizations of
the work performed by the members of the putative
plaintiff class.  The objection that this discovery should
not be had because a class has not been certified is
plainly inappropriate as the materials are being sought to
see whether class certification should be granted.

iii) "Vague and ambiguous as to the terms "persons similarly
situated" - The persons "similarly situated" for which
information is sought *are precisely defined in the
plaintiff's request.* (Ex. "A", p. 5, ¶ 19).  That
definition is quite detailed and describes such persons by
their salary compensation status and the defendant's own
classification of such persons by particular job titles.
There is nothing vague or ambiguous about which "similarly
situated" persons' information is sought.

iv) "Attorney client privilege and/or work product doctrine" -
These objections are unintelligible and undetailed.
Defendant is not an attorney, and its statements in
support of its employees' visa applications are not a
privileged attorney-client communication.  Nor can any
"work product" privilege be at issue, as these visa
applications were not prepared in connection with, or in
contemplation of, litigation.  Defendant has also not
provided any privilege list for its privilege claims.

v) "Unwarranted invasion of the affected person's
constitutional, statutory and common-law right of privacy
and confidentiality" - These claims are unexplained and it
is highly questionable whether any privacy rights are
being implicated (the issuance of a visa to a particular
person by the United States government is an official, and
public, act).  In any event, all discovery in this case is
subject to an extremely strict confidentiality Order
(Docket # 35).  Defendant can prevent any breach of any
privacy interests by designating all such materials as
"confidential."   Whether such materials should be
considered by the Court, and in what fashion (under seal
to preserve some important privacy interest, etc.), can be
determined at a later date.

Compliance with Local Court Rules 37-2 and 37-1(a)

Pursuant to Local Rule 37-2 the moving party who seeks to
compel discovery must detail both the reason why it believes the
discovery should be compelled and how the proportionality and other
requirements of FRCP Rule 26(b)(2) are satisfied.  Plaintiff submits

1   that it has done so.  The discovery sought is highly germane to

2   determining the common nature (or lack thereof) of the putative

3   plaintiff class members' work, an important issue bearing on whether

4   class certification should be granted.  There are no better sources

5   from which to obtain such information and the information is not

6   duplicative or cumulative of any other discovery in this case.  The

7   burden or expense of producing the information, which may be in

8   electronic form, is slight, and in any event plaintiff's counsel

9   will bear that expense.

10      Pursuant to Local Rule 37-1(a) counsel must make a good faith

11  effort to confer and resolve discovery issues prior to making a

12  motion to compel.  Compliance with that rule is documented in Ex.

13  "C".

14                          CONCLUSION

15      For all of the foregoing reasons, the Court should grant the

16  plaintiff's motion in full and enter the proposed Order submitted by

17  plaintiff's counsel.

18      Dated this 3rd day of April, 2007

19

20                          By:_____/s/_____
                               Leon Greenberg, Esq.
21
                               THIERMAN LAW FIRM
22                             7287 Lakeside Drive
                               Reno, NV 89511
23                             (775) 284-1500
                               Attorney for Plaintiff
24

25

26

27

28

EXHIBIT "A"

EXHIBIT "A"

1   Mark R. Thierman, SB# 72913
    Leon Greenberg, SB# 226253
2   THIERMAN LAW FIRM
    7287 Lakeside Drive
3   Reno, NV 89511
    Telephone (775) 284-1500
4
    Attorneys for Plaintiffs
5
    UNITED STATES DISTRICT COURT
6   NORTHERN DISTRICT OF CALIFORNIA
    --------------------------------X
7   DAVID HO, on behalf of himself        Case No.  05-04867-HRL
    and all others similarly situated
8   and on behalf of the general
    public and DOES #1-20,
9
                      Plaintiffs,
10

11
        -against-
12
    ERNST & YOUNG LLP
13
                      Defendants.
14  --------------------------------X

15      PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

16      Pursuant to the applicable provisions of the Federal Rules of

17  Civil Procedure § 34 and the Local Rules of this Court plaintiffs

18  request that the defendants produce the following items within 30

19  days of the service of this request or within such other time frame

20  allowed by said Rule at the Law Office of Leon Greenberg,

21  Professional Corporation, attorney for plaintiff, at 633 South 4th

22  Street, Suite 9, Las Vegas, Nevada, 89101, for inspection and

23  copying.  This request seeks in the first instance, in lieu of

24  producing such items for inspection and copying, the production of

25  copies of such items which such defendants can produce and/or have

26  delivered on or before such date.   If such defendants wish to

27  produce the original items for production and copying they need to

28  contact plaintiff's counsel to confirm their appearance on such date

    with such items and/or to arrange another mutually convenient date

                                    1

for such production.

**INSTRUCTIONS AND DEFINITIONS**

1.    These requests should be considered to be continuing, and supplemental answers should be served as further information becomes available pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2.    In complying with this Request for Production of Documents, you are required to produce all documents specified herein that are in your possession, custody or control or which are otherwise available to you.

3.    If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

4.    With respect to each document or communication that is responsive but is withheld, the following additional information shall be provided:

a) the grounds asserted supporting the failure to produce;

b) the factual basis for a claim of privilege and/or confidentiality;

c)  the subject matter, date, author, recipient, addressee and number of pages;

d) the subject matter, date, parties and medium for each communication;

e)  the current or last known location of the document; and

f)  the current or last known person retaining the document.

5.    If a requested document cannot be located, then identify such document by setting forth:

1               a)   the last known person retaining the document;

2               b)   whether the document is lost and the efforts made to

3 locate the lost document;

4               c)   whether the document was destroyed or discarded and

5 the date, manner, reason and person responsible for such action; and

6               d) a statement describing the document, including a

7 summary of its contents, the author and the persons to whom it was

8 sent or shown.

9     6.   If any documents which contained responsive information no

10 longer exist, identify each by setting forth:

11               a) all the information contained in the document;

12               b) the type of document (e.g., letters or memoranda);

13               c) the time period when the documents were maintained;

14               d) all persons who have or had knowledge of the contents

15 of the documents;

16               e) the circumstances of the loss or destruction; and

17               f) all persons who have knowledge of the loss or

18 destruction.

19     7.   If any identified document is subject to destruction under

20 any document retention or destruction program, the document(s)

21 should be exempted from any scheduled destruction until the

22 conclusion of this lawsuit or unless otherwise permitted by the

23 Court.

24     8.   Separate responses should be given to each document

25 request.  If a document is responsive to more than one request,

26 additional copies are not needed, but the subsequent responses

27 should identify the request for which the document was produced.

28     9.   The source or sources of each document produced shall be

specifically identified.

10.   Please produce clear and legible copies of the originals of all documents requested, as well as any and all copies of such original documents that bear any mark or notation not present on the original.

11.   If in answering these requests, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

12.   Unless otherwise specified, the time period covered by these demands is January 1, 2000 to the present.

13.   The plural and singular tense shall be deemed to be used throughout these demands and definitions and responses shall be made as if demands were made in both the plural and singular tense regardless of how such demands are actually worded herein.

14.   The conjunctive and disjunctive tense ("and/or") is to be deemed used throughout these demands and definitions and defendants should respond to all demands as if they are made in both the conjunctive and disjunctive tense except in respect to those demands which clearly qualify a demand by using the conjunctive tense to narrow the scope of the material sought.

15.   The term "Defendants" refers to all defendants represented by the law office(s) receiving this request.

16.   In the event that any documents requested for production herein exist in electronic (be it database, word processing, or other computer software) form, or were generated from such electronic form, please specify the electronic form for each document produced.

17.   In the event the documents to be produced in response to these requests exceed 500 pages, and the documents to be produced, or some of them, exist in electronic (be it database, word processing, or other computer software) form, or were generated from such electronic form, the production of such documents in their electronic form (and not in paper form) is requested and please contact plaintiff's counsel to make arrangements for the production of such documents in electronic form.

18.   If a request seeks documents containing information that has not been compiled or organized by the defendants in the exact form requested, but the information requested exists in an electronic form from which such document(s) can be produced, a complete copy of such electronic form (database) can be produced in lieu of the specifically requested documents.

19.   Persons "similarly situated" to the plaintiff, for the purpose of these requests, means:

a) Persons employed by defendant in the State of California at anytime during the four years preceding the commencement of this action to the date of the defendant's response to these requests and who were paid on a salary basis (the term "salary basis" means they were not paid a fixed amount of compensation for each hour or portion thereof worked) and;

b) Were classified or denominated as working in non-management positions described by "Department" or "Unit" or other office (such being Tax, Audit, AABS, or another unit, department, or office) and "Staff 1" or "Staff 2" or "Staff 3" or "Senior 1" or "Senior 2" or "Senior 3" or "Financial Management Associates"

DOCUMENTS TO BE PRODUCED

1.   Produce all documents for all persons similarly situated to the plaintiff that were filed with any governmental agency in respect to the immigrant or non-immigrant employment visa status of such persons, such visas allowing such persons to be legally employed in the United States by the defendant (such persons, if they lacked such visas, being unable to be legally employed by the defendant in the United States).  This request specifically includes all such visa applications for such persons either filed by the defendant or supported or sponsored by the defendant including but not limited to all category "J", "H1B" and "L1B" visas.

Dated: Clark County, Nevada
       February 21, 2007

                          Respectfully submitted,


                          _____
                          Leon Greenberg, Esq.
                          LEON GREENBERG PROFESSIONAL CORPORATION
                          THIERMAN LAW FIRM
                          Attorney for the Plaintiffs
                          633 South 4th Street – Suite 9
                          Las Vegas, Nevada 89101
                          (702) 383-6085
                          Nevada Bar Number: 8094

EXHIBIT "B"

1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   S. ADAM SPIEWAK (SBN 230872)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:    310-229-1000
    Facsimile:     310-229-1001
5   cconway@akingump.com
    gknopp@akingump.com
6   aspiewak@akingump.com

7   Attorneys for Defendant, ERNST & YOUNG LLP

8

                  UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN JOSE DIVISION
11

12   DAVID HO, on behalf of himself and others     Case No. CV 05-04867 JF
    similarly situated and on behalf of the
13   general public and DOES 1-20         [Assigned for all purposes to the Honorable
                             Jeremy Fogel, Department 3]
14             Plaintiff,

15        v.
                          **DEFENDANT ERNST & YOUNG, LLP'S**
16   ERNST & YOUNG, LLP              **RESPONSES TO PLAINTIFF'S SECOND**
                          **REQUEST FOR PRODUCTION OF**
17             Defendant.       **DOCUMENTS**

18

19

20

21   **PROPOUNDING PARTY:**            **Plaintiff, DAVID HO**

22   **RESPONDING PARTY:**            **Defendant, ERNST & YOUNG, LLP**

23   **SET NUMBER:**                 **Two**

24

25

26

27

28

601659.0004 WEST 6056129 v1           1
Defendant Ernst & Young, LLP's Responses to Plaintiff's Second Request for Production of Documents
CV 05-04867 JF

1 **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

2      Pursuant to Federal Rule of Civil Procedure 34, defendant Ernst & Young, LLP ("Defendant"

3 or "E&Y"), hereby objects and responds as follows to the Request for Production of Documents Set

4 Two propounded by plaintiff David Ho ("Plaintiff").

5                 **I.    PRELIMINARY STATEMENT**

6      These responses reflect only the current status of Defendant's knowledge, understanding and

7 belief respecting the matters about which inquiry has been made. Discovery in this action is

8 continuing and, consequently, Defendant may not have yet identified all information responsive to this

9 Request for Production of Documents ("Request"). As discovery in this action proceeds, Defendant

10 anticipates that it may discover additional or different information or documents. Without in any way

11 obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further

12 explain these responses and objections at any time in the future.

13      Furthermore, these responses are without prejudice to the right of Defendant to use or rely on at

14 any time, any subsequently discovered information, or information omitted from these responses as a

15 result of mistake, error, oversight or inadvertence. Defendant further reserves the right to provide

16 additional information and evidence at any time, and to object on appropriate grounds to the

17 introduction of any portion of these responses into evidence.

18      These responses are made solely for the purpose of and in relation to discovery conducted in

19 this case. Each response is given subject to all appropriate objections (including but not limited to

20 objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden,

21 materiality, confidential proprietary or trade secret material, or admissibility), which would require the

22 exclusion of any response contained herein. All such objections therefore are reserved and may be

23 interposed at trial.

24      Defendant responds to these Requests as it interprets and understands them. If Plaintiff

25 subsequently asserts an interpretation of any Request that differs from Defendant's understanding,

26 Defendant reserves its right to supplement its objections and/or responses herein.

27

28

1

## II.   GENERAL OBJECTIONS

2    The following general objections apply to each Request in Plaintiff's Request for Production of

3  Documents Set Three, in addition to any objections that are addressed to particular Requests or

4  subparts of particular Requests:

5    Defendant objects to the instructions and definitions set forth in Plaintiff's Requests to the

6  extent they purport to alter Defendant's obligations under Federal Rule of Civil Procedure 34.

7  Defendant objects to each Request to the extent that it imposes any requirements beyond those of the

8  Federal Rules of Civil Procedure.  Such Requests are unduly burdensome and exceed the scope of

9  permissible discovery.  Defendant will comply with the Federal Rules of Civil Procedure.

10    Defendant objects to each Request to the extent that it requires disclosure of matters and

11  communications that are protected by the attorney-client privilege, work product doctrine, third parties'

12  right to privacy or any other applicable privilege or immunity.  To the extent a Request can be construed to

13  seek privileged or exempt information, Defendant objects and will produce only non-privileged, non-

14  exempt material.

15    Defendant objects to each Request to the extent that it requires Defendant to provide information

16  and/or documents not presently in its possession, custody or control or to make inquiries of persons or

17  other entities not affiliated with it.

18    Defendant's responses herein are based upon its understanding of the Requests propounded to it

19  and are based upon and necessarily limited by the information in existence, presently recollected, and

20  presently discovered during the course of preparing these responses.  Defendant reserves the right to

21  amend or supplement its responses in the event that its understanding and/or interpretation of any

22  Request is different from that intended by Plaintiff, or in the event that additional information or

23  documents are discovered.

24  **REQUEST FOR PRODUCTION NO. 1:**

25    Produce all documents for all persons similarly situated to the plaintiff that were filed with any

26  governmental agency in respect to the immigrant or non-immigrant employment visa status of such

27  persons, such visas allowing such persons to be legally employed in the United States by the defendant

28  (such persons, if they lacked such visas, being unable to be legally employed by the defendant in the

601659.0004 WEST 6056129 v1                                        2

1 | United States). This request specifically includes all such visa applications for such persons either

2 | filed by the defendant or supported or sponsored by the defendant including but not limited to all

3 | category "J", "H1B" and "LIB" visas.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5 |     Defendant objects to this Request on the ground that it is overbroad as to time and scope,

6 | unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of

7 | admissible evidence, including because a class has not been certified in this action. Defendant further

8 | objects to this Request on the ground that it is vague and ambiguous as to the terms "persons similarly

9 | situated." Defendant further objects to this Request to the extent it seeks information protected by the

10 | attorney client privilege and/or work product doctrine. Defendant further objects to this Request to the

11 | extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the

12 | affected person's constitutional, statutory, and common-law right of privacy and confidentiality.

Dated: March 26, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
S. Adam Spiewak

By _____
      Gregory W. Knopp
Attorneys for Defendant Ernst & Young LLP

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067.

4

5

6

    On March 26, 2007, I served the foregoing document(s) described as:

7

DEFENDANT ERNST & YOUNG, LLP'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

8

on the interested party(ies) below, using the following means:

9

10

Mark R. Thierman, Esq,
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: 775.284.1500
Facsimile: 775.703.5027

Leon Greenberg, Esq.
Attorney at Law
633 South 4th Street, Suite 9
Las Vegas, Nevada 89101
Telephone: 702.383.6085
Facsimile: 702.385.1827

11

12

13

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

14

15

16

17

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

18

    Executed on March 26, 2007 at Los Angeles, California.

19

20

Sharon Cluff
[Print Name of Person Executing Proof]

[Signature]

21

22

23

24

25

26

27

28

EXHIBIT "C"

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------X
DAVID HO, on behalf of himself          Case No.  05-04867-JF (HRL)
and all others similarly situated
and on behalf of the general
public and DOES #1-20,

                     Plaintiffs,

     -against-


ERNST & YOUNG LLP

                     Defendants.
--------------------------------X

              DECLARATION OF LEON GREENBERG, ESQ.

     Leon Greenberg, hereby affirms, under the penalties of perjury,
that:


     1.   I am a member of the bar of this Court and the attorney
for the plaintiff in this case.  I am offering this declaration to
detail my good faith efforts to avoid motion practice over the
parties' current discovery dispute (involving the plaintiff's second
request for production of documents).


     2.   On March 28, 2007, I received the defendant's response to
the plaintiff's second request for the production of documents.  On
that date I dispatched a letter by fax to defendant's counsel

                                  1

advising them that such response (which declined to produce any of the requested documents) was improper.  I detailed in that letter the reasons why such documents should be produced.  I also discussed my position with defendant's counsel on that date via telephone in an attempt to confer about this matter.  Defendant's counsel declined to engage in any substantive discussion (i.e., about whether or not such discovery should be produced or in what fashion) about this matter at that time.  Defendant's counsel has not advised me that it will produce such documents and, via an email communication on April 2, 2007, stated it was "gathering materials" that it needed to "elucidate" its position.  In that communication it suggested that some additional conferral between counsel should be undertaken.

    3.  I am filing this motion six (6) days after notifying the defendant's counsel of the deficiency of their discovery response. Under the circumstances this is appropriate because:

        i) Despite its suggestion that the parties should "confer" further defendant's counsel has not so conferred nor given any indication that it has any intention of changing its position;

        ii) Discovery is set to close in this case, for the purposes of class certification, no later then July 26, 2007 (plaintiff having to present its motion for class certification on July 27, 2007).  That is an extremely

2

short period of time as very little discovery has actually been conducted.  This time frame (which defendant's counsel has, so far, refused to extend despite my request) simply does not allow for the parties to take weeks to discuss their discovery positions before seeking a ruling from the Court.

iii) Defendant's counsel's previous suggestions that the parties "confer" about discovery matters has led to a substantial delay in moving discovery forward in this litigation.  Specifically, defendant's counsel took 37 days to finally advise plaintiff's counsel it would not produce certain vitally important time/billing records. That issue is now the subject of a motion to compel that is before the Court (Docket # 40).  The presentation of that motion was unreasonably delayed by such dilatory conduct by the defendant (Docket #40, Ex. "D", ¶ 6).

iv) Defendant's counsel, despite being aware of the very short discovery schedule in this case, has not acted in a diligent and prompt fashion to expedite discovery.  It waited the maximum amount of time to respond to the plaintiff's second request for production of documents and then served by mail a response objecting to any production.  Now it claims it needs more time to gather documents to "elucidate" its position.  This conduct by defendant's counsel, if not intentionally undertaken to

deny discovery (by letting the discovery schedule "clock run out"), manifests a lackadaisical, and inappropriate, approach to resolving this discovery issue in light of the parties' discovery schedule.  Defendant's counsel could have, and should have, contacted plaintiff's counsel within days of its receipt of the plaintiff's request, immediately gathered its relevant documents so it could "elucidate" its position, and conferred with plaintiff's counsel on an expedited basis.  Having neglected to do so it cannot be heard to now complain, under the circumstances of this case, that it has not been afforded a sufficient opportunity to "confer" about this matter.

I have read the foregoing, which is true and correct.

Affirmed this 3rd Day of April, 2007

/s/

_____

Leon Greenberg

CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of APRIL, 2007, a copy of the foregoing Second Motion to Compel and exhibits were filed with the District Court's CM/ECF system and thus properly forwarded to all counsel through that system.  I further certify that there are no counsel or parties appearing in this case who are not registered CM/ECF users and who would require service by mail of such materials.

Affirmed this 3rd day of April, 2007

/s/
_____
Leon Greenberg