CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:    310-229-1000
Facsimile:    310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant, ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP<br><br>Defendant. | Case No. CV 05-04867 JF<br><br>[Assigned for all purposes to the Honorable Jeremy Fogel, Department 3]<br><br>**DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[SUPPORTING DECLARATION OF GREGORY W. KNOPP FILED CONCURRENTLY HEREWITH]<br><br>Hearing Date:   May 1, 2007<br>Hearing Time:   10:00 a.m. |

## I. INTRODUCTION

Though no class has been certified in this case, Plaintiff seeks discovery of the contact information and time records for each and every individual who falls within the putative class. However, discovery has been bifurcated by the Court to permit, at this stage, only such discovery that relates to class certification issues. *See* Declaration of Gregory Knopp ("Knopp Decl."), ¶ 2; *see also Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566 (11th Cir. 1992) (upholding lower court's denial of plaintiffs' motion to compel pre-certification discovery that went beyond scope of class certification issues); *Babbitt v. Albertson's Inc.*, No. C-92-1883 SBA (PJH), 1992 U.S. Dist. LEXIS 19091, at * 6 (N.D. Cal. Nov. 30, 1992) ("In general, at the precertification stage, discovery in a putative class action is limited to certification issues."). As explained below, Plaintiff's requests for contact information and time records for each and every putative class member – individuals who are not presently parties to this action – are clearly premature.

Nevertheless, in an effort to resolve these discovery disputes without the need for judicial intervention, Defendant has offered to compromise. Specifically, Defendant agreed to provide (1) contact information for one-quarter of the putative class members, roughly 800 individuals; and (2) time records for every individual who worked in the positions identified in the Complaint during a six-month period. Plaintiff agreed to the first offer and rejected the second without explanation. Now, without any showing that the sample information Defendant provided and agreed to produce is in any way inadequate, Plaintiff claims he is entitled to more. Because Plaintiff has failed to demonstrate any need for the additional data at this pre-certification stage – let alone a need that outweighs the anticipated burden to Defendant – his motion should be denied.

## II. ARGUMENT

### A. Plaintiff Is Not Entitled To Contact Information For Every Putative Class Member.

Plaintiff claims that the knowledge of individual putative class members regarding the "sorts of work that they typically performed" should be examined to determine whether there exists the requisite commonality to support class certification. *See* Plaintiff's Brief at p. 6. Yet if Plaintiff needs to inquire into the particular circumstances of hundreds, if not thousands, of individuals in order to

1

evaluate whether class certification is proper, it plainly is not. *See Mantolete v. Bolger*, 767 F. 2d 1416, 1425 (9th Cir. 1985) (denying expanded discovery at pre-certification stage, where individual inquiry into putative class members' medical and work history would be necessary). Indeed, such a widespread evaluation of the job duties of particular individuals is precisely the type of class-wide merits discovery that the Court precluded at this stage of the litigation.

Even if the discovery Plaintiff seeks were not premature, it is clearly overbroad. As Plaintiff points out, the parties already met and conferred with respect to the discovery sought and agreed that a pre-certification notice would be sent by a third-party administrator, Rust Consulting ("Rust"), to twenty-five percent of the putative class members, to be selected at random. In fact, Plaintiff's counsel acknowledged that Plaintiff's request for contact information would be resolved by reaching this compromise agreement. *See* Knopp Decl., ¶ 4, Ex. A (letter from L. Greenberg to defense counsel, dated March 8, 2007) ("as per our agreement to resolve the class witness contact information disclosure issue through that process"); *see also* Knopp Decl., ¶ 5, Ex. B (letter from G. Knopp to L. Greenberg, dated February 9, 2007). Rust sent the notice to 800 putative class members on March 19, 2007, and these individuals have until April 18, 2007 to return a postcard indicating that they do not want their contact information disclosed. Shortly after April 18, Plaintiff's counsel will receive the names and addresses of each of the 800 individuals, except for those who returned postcards. *See* Knopp Decl., ¶ 3.

Now, before even allowing this process to run its course, Plaintiff insists – without explanation – that the names and addresses he will receive are insufficient. For Plaintiff to assert that he has a compelling need for the contact information of approximately 2,400 additional people, he first must demonstrate that he has adequately pursued contacting the almost 800 people whose information he agreed to receive. He clearly cannot do so at this time.

Moreover, Plaintiff neglects to even address the disruption to Defendant if thousands of its current and former employees are contacted by an attorney attempting to drum up interest in this lawsuit. *See* Knopp Decl., ¶ 6, Ex. C (Plaintiff's counsel's March 9, 2007 advertisement in Wall Street Journal stating in part, "Seeking former salaried non-CPA employees of Big Four firms (Staff, Senior,

1  Associate, other) for class action cases.") Employees can be expected to gossip and discuss the
2  contents and meaning of the notice, as well as to seek clarification from their managers, human
3  resources, or counsel. Accordingly, for hundreds of employees to review and discuss a pre-
4  certification notice and then consider whether to object to the disclosure of their information would be
5  inherently disruptive to Defendant's business. Plaintiff has not demonstrated how the additional
6  burden imposed by notifying another 2,400 people is justified, when he is already gaining access to
7  names and addresses for almost 800 people. *See EEOC v. United States Bakery*, No. 03-64-HA, 2004
8  U.S. Dist. LEXIS 11350 at *11 (D. Or. Feb. 4, 2004) (disallowing Plaintiff's request for inspection
9  because it would "unnecessarily disrupt defendant's operations and its employees."); *see also, e.g.,*
10 *Nat'l Union Fire Ins. Co. v. Elec. Trust Inc.*, No. C 04-3435 JSW, 2006 U.S. Dist. LEXIS 38440 at *6-
11 7 (N.D. Cal. June 1, 2006); *Beinin v. Ctr. For the Study of Popular Culture*, No. C 06-2298 JW, 2007
12 U.S. Dist. LEXIS 22518 at *5-6 (N.D. Cal. March 16, 2007).

   In short, because Plaintiff cannot show that the arrangement he agreed to is somehow
   insufficient, let alone that he needs to contact each and every class member in order to assess "the sorts
   of work that they typically performed," his motion should be denied.

### B.  Plaintiff Is Not Entitled To The Production Of All Time Records.

   Again, though no class has been certified in this case, Plaintiff seeks discovery of the time
   records for each and every putative class member covering a period of five and one-half years. These
   records indicate the hours recorded by individuals who are not currently parties to this suit. They also
   include brief narrative descriptions of the work these individuals performed. To the extent that
   Plaintiff seeks to evaluate the amount of time particular individuals worked or the degree to which
   particular individuals engaged in exempt activities, the discovery he seeks goes straight to the merits of
   class members' claims and is thus premature. *See, e.g., Babbitt*, 1992 U.S. Dist. LEXIS 19091, at * 6.

   Moreover, while Plaintiff contends that these records are relevant to "the commonality of the
   work actually performed by the putative plaintiffs," he offers no explanation for why the sampling
   Defendant offered is insufficient.[1] Defendant has agreed to produce all time records for individuals

---

[1] Notably, in his own time records, Plaintiff frequently filled in the "hours description" column with the term "Misc." or "Miscellaneous" or simply left it blank. *See* Knopp Decl., ¶ 7, Ex. D

3

DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

CV 05-04867 JF

who worked in staff 1, staff 2, senior 1, and senior 2 positions – the positions within the class definition set forth in the Complaint – in California during the period of June 2002-November 2002, a period during which Plaintiff worked for Defendant. This proposed sampling represents approximately 10 percent of all pertinent time records and thus should be sufficient at this stage of the litigation. This is particularly so given the time-consuming process that is necessary to prepare the records for production – a process that includes redacting client names from each and every record. *See Miller v. Air Lines Pilots Ass'n*, 108 F. 3d 1415, 1425 (D.C. Cir. 1997) ("[S]ome sort of sampling technique might well provide the appropriate balance between [plaintiff's] interest in data that is accessible and informative and [defendant's] concerns that the request be manageable.") Yet, without any explanation for why he believes the proposed sample is inadequate to assess "commonality" – and without proposing any alternative sample – Plaintiff insists that he needs each and every time record. Because he cannot demonstrate the need for anything more than Defendant has offered, at this stage of the litigation, the discovery he seeks is premature at best.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion should be denied in its entirety.

Dated: April 10, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
S. Adam Spiewak

By_____
Gregory W. Knopp
Attorneys for Defendant Ernst & Young LLP

(Attaching Plaintiff's records showing that roughly one-quarter of Plaintiff's time entries during the period from July 1, 2001 through June 30, 2002 included no description of his work.)

4

DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

CV 05-04867 JF

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On April 10, 2007 I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** on the interested party(ies) below, using the following means:

| | |
|---|---|
| Mark R. Thierman, Esq, | Leon Greenberg, Esq. |
| THIERMAN LAW FIRM | Attorney at Law |
| 7287 Lakeside Drive | 633 South 4th Street, Suite 9 |
| Reno, Nevada 89511 | Las Vegas, Nevada 89101 |
| Telephone: 775.284.1500 | Telephone: 702.383.6085 |
| Facsimile: 775.703.5027 | Facsimile: 702.385.1827 |

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 10, 2007 Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]       [Signature]