CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant, ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP<br><br>Defendant. | Case No. CV 05-04867 JF<br><br>[Assigned for all purposes to the Honorable Jeremy Fogel, Department 3]<br><br>**DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FILED CONCURRENTLY HEREWITH]<br><br>Hearing Date:   May 1, 2007<br>Hearing Time:   10:00 a.m. |

**DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
CV-05 04867 JF

## DECLARATION OF GREGORY W. KNOPP

I, Gregory W. Knopp, declare as follows:

1. I am an attorney at law duly licensed to practice in the Northern District of California and a partner in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendant Ernst & Young LLP ("Ernst & Young") in this action. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this declaration in support of Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents.

2. At the Joint Case Management Conference for this case, the Court indicated that it would only permit discovery relating to class certification issues prior to a class being certified.

3. The parties have met and conferred with respect to discovery sought, and agreed to a pre-certification notice to be sent to twenty-five percent of the putative class members, to be selected at random. Rust Consulting sent notice to 800 putative class members on March 19, 2007. Shortly after April 18, 2007, Plaintiff's counsel will receive the names and addresses of the individuals who have not opted out of having their contact information disclosed.

4. Attached hereto as **Exhibit A** is a true and correct copy of a letter from Leon Greenberg, Plaintiff's counsel, dated March 8, 2007.

5. Attached hereto as **Exhibit B** is a true and correct copy of a letter I wrote to Leon Greenberg, dated February 9, 2007.

6. Attached hereto as **Exhibit C** is a true and correct copy of a March 9, 2007 advertisement placed in the Wall Street Journal.

7. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's time records from July 1, 2001 to June 30, 2002, bates numbered EY000061 – EY000083, with client names redacted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of April, 2007, in Los Angeles, California.

_____
Gregory W. Knopp

1

DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S
OPPOSITION TO PLAINTIFF DAVID HO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CV-05 04867 JF

**Exhibit A**

# LEON GREENBERG
ATTORNEY AT LAW
A Professional Corporation
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6085

Member Nevada, California,
New York and New Jersey Bars

Fax: (702) 385-1827

March 8, 2007

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067

Attention: Catherine A. Conway, Esq.
           Gregory W. Knopp, Esq.
           Adam Spiewak, Esq.

VIA FAX & FIRST CLASS MAIL

           **Re: David Ho v. Ernst & Young**

Counselors:

    I am setting forth in writing our communications and understandings of the past few weeks in this matter and what I view as, under the circumstances, an inappropriate lack of diligent attention ("follow through") by your office to certain matters. I communicated these concerns via telephone today to Adam Spiewak, who, while assuring me of your office's good faith, could not specifically advise me when such follow through by your office would be complete.

    On February 14, 2007, I sent your office a draft of a proposed neutral contact mailing letter as per our agreement to resolve the class witness contact information disclosure issue through that process. Eight days later, on February 22, 2007, I received a response to that proposed draft, to which I responded the same day. I view that eight day period as excessive, given that this was a very simple one page letter and this case is operating under a very tight discovery schedule. I heard nothing further from your office on this until I contacted Mr. Spiewak on February 27, 2007, and I was able to reach an agreement with him as to the form of the letter on February 28, 2007. The following day (March 1, 2007) I made arrangements with the neutral contact service (Rust Consulting) to process the mailing and provided that information to your office.

Page 1 of 3

EXHIBIT ___A___ PAGE ___2___

It is now March 8, 2007. Twenty-two days after we agreed to the neutral letter mailing process. Nine days after we finalized the form of the neutral letter. Yet I am advised by Mr. Spiewak that Rust has not been provided with the necessary name and address list, nor can he advise me when they will be so provided. As I advised Mr. Spiewak, providing this list is clearly not particularly difficult. Your client has a computerized employee or personnel records database that can readily output a data file with such information. In fact, your office had previously identified who these people were (which is why we know the list will consist of a little over 3000 persons, 25% of whom are to be randomly selected by Rust to receive the mailing). I do not understand how it could take more than an hour or two (if that) for a suitably skilled person to extract the necessary information and put it in a data file for use by Rust.

The only reasonable conclusion I can draw from the foregoing is that either your client, or your office, or both, is failing to diligently, promptly, and properly, follow through on this matter. I cannot accuse your office, or your client, of doing so intentionally, and even if that were the case it would be irrelevant. What is relevant is the actual, and clearly unnecessary, delay in following through here. I would not even be bothering to write this letter, or be concerned about such lack of diligence, except for the fact that the Court has set a very short discovery schedule (and your office was urging it to set an even shorter schedule!). I have continually stressed this to Mr. Spiewak and that the discovery production in this case needs most prompt, and not lackadaisical, attention. I write to insure that the record of these proceedings properly documents your office's lack of promptitude under the circumstances in the event that a request needs to be made to the Court for additional time to conduct discovery.

On a related noted, your office has similarly been tardy in producing (or formulating a production process) for the electronic (computerized) time billing records of the class members. These records are, perhaps, the single most important document production that I am seeking. On February 13, 2007, I had a detailed discussion with Mr. Knopp and Mr. Spiewak about this. Mr. Knopp advised me that while your office was *not* opposing such production as inherently improper, he was unsure about some mechanical issues regarding such production. He pledged to get back to me as soon as possible. I have not spoken with him since that date. I have discussed this issue repeatedly with Mr. Spiewak who stated on February 28, 2007, he was hoping to have further information about this the following week and that there could be some substantial costs involved with such

production.  I assured Mr. Spiewak that plaintiff's counsel would pay for all such reasonable costs and that I understood such costs could be substantial.  Almost one month after initially discussing this with Mr. Knopp I have yet to receive any of this document production or even any information on what can or will be produced and when.

In closing, let me stress I seek to work cooperatively with your office in respect to all discovery issues, and I accept your office's representations that it is committed to the same.  In fact, as much as I am frustrated by the foregoing lack of prompt response by your office, it would seem questionable whether, as of the date of this writing, it would be proper for me to seek relief from the Court in respect to such issues given your office's assurances of proper (which also includes prompt) cooperation and responsiveness.  That being said, I clearly cannot continue to wait very much longer for appropriate action from your office.

I remain,

Very truly yours,

Leon Greenberg

cc.: Mark Thierman, Esq.

**LEON GREENBERG**
**Professional Corporation**
**Attorney at Law**
633 South 4th Street - Suite 9
Las Vegas, NV 89101
(702) 383-6085

**Member Nevada, California**
**New York and New Jersey Bars**

FAX TRANSMISSION COVER SHEET

March 8, 2007

To:

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067

Attention: Catherine A. Conway, Esq.
           Gregory W. Knopp, Esq.
           Adam Spiewak, Esq..

VIA FAX 310-229-1001 ONLY

THREE PAGES FOLLOW

            Re: David Ho v. Ernst & Young
                CV 05-04867 JF

NOTICE OF CONFIDENTIALITY

   This fax transmission is intended for the above recipient only and is to be considered confidential. The information contained in this transmission is not to be used or distributed by any person other than the above recipient. If you received this transmission in error please contact this office at once.

EXHIBIT __A__ PAGE __5__

**Exhibit B**

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
### Attorneys at Law

**GREGORY W. KNOPP**
310.229.1052/fax: 310.229.1001
gknopp@akingump.com

February 9, 2007

VIA FACSIMILE & FIRST CLASS MAIL

Leon Greenberg, Esq.
633 South 4th Street, Suite 9
Las Vegas, Nevada 89101

Re: David Ho's Requests for the Production of Documents

Dear Mr. Greenberg:

We write in response to your recent letters concerning Plaintiff's Request for the Production of Documents.

### Request No. 1

Ernst & Young objects to the request for time/billing records of individuals other than Plaintiff. Those documents have no bearing on class certification issues. The hours putative class members worked are not relevant to whether Ernst & Young has a common policy or practice that justifies class treatment. Further, to the extent that time records reflect the job duties of individual class members, they go directly to the merits of those individuals' claims. For these reasons, discovery of the time/billing records of each and every putative class member would be premature at best. *See, e.g., Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566 (11th Cir. 1992) (upholding denial of plaintiffs' motion to compel pre-certification discovery that went beyond scope of class certification issues); *see generally, Babbitt v. Albertson's Inc.*, No. C-92-1883 SBA (PJH), 1992 U.S. Dist. LEXIS 19091, at * 6 (N.D. Cal. Nov. 30, 1992). The discovery Plaintiff seeks is also unduly burdensome, as the records have been maintained in multiple systems during the relevant period. Notwithstanding these objections, Ernst & Young is willing to produce the requested records for a reasonable portion of the putative class, with client names redacted.

### Request No. 4

Plaintiff's request for documents relating to litigation involving individuals other than himself is improper. As previously explained, the request is not reasonably calculated to lead to the discovery of admissible evidence at this stage, in that documents concerning claims by individuals who are not parties to this action would reflect on neither Plaintiff's individual claims nor on certification issues. To the extent you seek documents concerning Ernst & Young's

2029 Century Park East / Suite 2400 / Los Angeles, CA 90067-3012 / 310.229.1000 / fax: 310.229.1001 / www.akingump.com
5939447

EXHIBIT B   PAGE 6

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

Leon Greenberg, Esq.
February 9, 2007
Page 2

"companywide polices or practices," you can request them directly. Plaintiff's request is also extremely overbroad in that it is not limited to California or the job positions or time period at issue in this case. During the relevant period, there has been only one litigation concerning the exempt status of any of the job positions at issue here – *Ruiz v. Ernst & Young LLP* (filed in Superior Court for the County of Los Angeles on December 31, 2002 as case number BC 287922) – and any documents pertaining to that case are either publicly filed (and thus equally available to Plaintiff) or protected by the attorney-client privilege.

### Request No. 7

Plaintiff seeks the identities and addresses of other current and former Ernst & Young employees. As we indicated in our July 6, 2006 letter, Ernst & Young may not produce that information unless the individuals have agreed to waive their privacy rights. *See* Cal. Const. Art. 1, § 1; *Bd. of Trustees of Leland Stanford Junior Univ. v. Superior Court*, 119 Cal. App. 3d 516, 526 (1981) ("the custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection"); *Valley Bank of Nevada v. Sup. Ct.*, 15 Cal.3d 652, 658 (1975). The California Supreme Court's recent ruling in the *Pioneer Electronics* case confirms this position. *See Pioneer Electronics (USA), Inc. v. Superior Court*, No. S133794, __ Cal. Rptr.3d __, 2007 WL 176215, at *5 (Cal., Jan. 25, 2007) (articulating obligation to notify potential class members of their option regarding disclosure before the release of information). Consistent with *Pioneer Electronics*, Ernst & Young is willing to provide contact information to a third-party administrator, who will send an agreed-upon notice to a sampling of putative class members. The notice will inform the individuals of their rights and afford them the opportunity to object to the disclosure of their contact information. You would then receive the contact information of any individual who did not object. Please let us know if you are agreeable to this compromise.

Very truly yours,

Gregory W. Knopp

5939447

EXHIBIT __B__ PAGE __7__

## Confirmation Report-Memory Send

```
                                    Time      : 02-09-2007   16:25
                                    Tel line 1 :
                                    Name      :
```

| | | |
|---|---|---|
| Job number | : | 244 |
| Date | : | 02-09  16:23 |
| To | : | 013965#601659#0004#17023851827 |
| Document Pages | : | 003 |
| Start time | : | 02-09  16:23 |
| End time | : | 02-09  16:25 |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 244 | \*\*\* SEND SUCCESSFUL \*\*\* |

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

## FAX TRANSMISSION

### February 9, 2007

| To | Company | Fax | Phone |
|---|---|---|---|
| Leon Greenberg, Esq. | Attorney at Law | 702.385.1827 | 702.383.6085 |

**From:** Gregory W. Knopp
**Total Pages:** 3
**Direct Dial:** 310.552.6436
**Re:** Ho v. Ernst & Young, LLP
**Message:**

Please see attached. Thank you.

601659 0004/013965
Floor 22
☒ Return fax via interoffice Mail

Sender's email: gconway@akingump.com
Secretary: Tracy
☐ Hold fax for pickup

Sender's fax: 310 552 6746
Ext. 43008
Fax Operation Verification: _____

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below.

2029 Century Park East, Suite 2400 / Los Angeles, California 90067-3012 / 310.229.1000 / fax 310.229.1001 / akingump.com

EXHIBIT __B__ PAGE __8__

**Exhibit C**

# FORMER BIG FOUR ACCOUNTING FIRM EMPLOYEES! YOU MAY BE OWED THOUSANDS!

Seeking former salaried non-CPA employees of Big Four firms (Staff, Senior, Associate, others) for class action cases. If you worked over 40 hours a week performing mostly support work (such as gathering and organizing audit or other client data and/or performing other support work in the audit, tax, advisory services or other departments) you could be owed thousands in overtime wages even though you were paid a salary. Call attorney Leon Greenberg confidentially at (702) 383-6369 or go to big4lawsuit.com. No collection no fee representation with the attorney solely responsible for all litigation costs. Leon Greenberg, Attorney, 633 S. 4th Street, Las Vegas Nevada 89101 - Mark Thierman, Esq., Of Counsel

Prepared by         Index No

EXHIBIT __C__ PAGE __9__