1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   --------------------------------X
7  DAVID HO, on behalf of himself        Case No.  05-04867-JF/HRL
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,                PLAINTIFF'S THIRD MOTION TO
9                                        COMPEL PRODUCTION OF
                       Plaintiffs,       DOCUMENTS AND INFORMATION
10                                       FROM DEFENDANT PURSUANT TO
                                         F.R.C.P. RULE 37
11
        -against-
12
   ERNST & YOUNG LLP
13
                       Defendants.       Hearing date: May 29, 2007
14 --------------------------------X     Hearing time: 10:00 a.m.

15
   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
16

17      PLEASE TAKE NOTICE, that the plaintiff, David Ho, hereby moves

18 this Court for an Order compelling the production of documents and

19 information from the defendant, Ernst & Young LLP, such motion to be

20 heard by the Honorable Howard R. Lloyd of this Court on May 29,

21 2007, at 10:00 a.m.

22      The plaintiff's motion seeks the production of documents

23 responsive to the plaintiff's Third Request for production of

24 documents and information responsive to the plaintiff's First Set of

25 Interrogatories.  The disclosures being sought, as detailed in this

26 motion, involve the work performed by the members of the putative

27 plaintiff class and the identification of witnesses with knowledge

28 relevant to the class certification issues in this case.

1

2                                    **TABLE OF CONTENTS**

3                                                                                    Page

4   Table of Authorities...................................   ii

5   Memorandum of Points and Authorities

6   Statement of Facts and Nature of Case..................   1

7   Issues to be Decided, the Nature of the
    Discovery Sought and Defendant's Objections............   1
8
    ARGUMENT
9
    POINT I.
10
    WHY THE REQUESTED DISCOVERY SHOULD BE PRODUCED
11
12  A.   The Court Must Allow Discovery Relevant
         To Whether a Class Action Should be Certified.....   6

13  B.   Whether Class Action Certification is Proper
         In this Case Requires an Examination of the
14       Common Circumstances of the Putative Class........   6

15  C.   The Documents Requested by Plaintiff Will Assist
         In Determining the Nature of the Work Actually
16       and Commonly Performed by the Class Members.......   7

17       i.    Defendant's Operational (Policy)
               Documents and Communications About
18             The Sort of Work Performed by
               Class Members are Highly Relevant...........   7
19
         ii.   Defendant's Documents Relating to its
20             Billing of Clients for the Class
               Members' Work Time (the "Utilization
21             Rate and Return") are Highly Relevant........   7

22       iii.  Defendants' Documents Detailing Complaints
               About the Rote, Menial or "Non-Billable"
23             Nature of the Work Performed by
               Class Members are Highly Relevant...........   9
24
25  D.   Defendant's Objections to Producing
         The Requested Documents are Improper..............   10
26
27  E.   The Interrogatory Requests
         Made by Plaintiff are Proper.....................   13
28
    F.   Defendant's Objections to Providing the
         Requested Interrogatory Responses are Improper....   13

1

2

3
**TABLE OF CONTENTS**

Page

4
POINT II

5
COMPLIANCE WITH LOCAL COURT RULES 37-2 AND 37-1(A)....   15

6
CONCLUSION..........................................   16

7
**TABLE OF AUTHORITIES**

8
Cases cited

9
Babbit v. Albertson's, Inc., No. C-92-1883 SBA (PJH),
10   1992, U.S. Dist. LEXIS 19091 at *7
(N.D. Cal. Nov. 30, 1992)...........................   11

11
Blakenship v. The Hearst Corporation,
12   519 F.2d 418, 429 (1975)...............................   10

13
Cobb v. Danzig, 190 F.R.D. 564, 566 (S.D. Cal. 1999)...   10

14
Doninger v. Pacific Northwest Bell, Inc.,
564 F.2d 1304 (9th Cir. 1977).........................   6

15

16
Harriss v. Pan American World Airways, Inc.,
74 F.R.D. 24, 36 (N.D.Cal. 1977)......................   11

17
In re Syncor ERISA Litig.,
229 F.R.D. 636, 643 (N.D. Cal. 2005)..................   10

18

19
Kamm v. California City Development Co.,
509 F.2d 205 (9th Cir. 1975).............................   6

20
Yafee v. Powers,
454 F.2nd 1362, 1366 (1st Cir. 1972)...................   6

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**STATEMENT OF FACTS AND NATURE OF CASE**

3      This is a putative class action case for unpaid overtime wages

4  under California law.  The defendant employed the plaintiff and

5  numerous other similar persons (collectively the "class members") on

6  a salary basis and often had them working in excess of 40 hours per

7  week.  Defendant did not pay overtime wages to the class members.

8  Defendant maintains that its pay practices were proper because the

9  class members were exempt from the overtime pay requirements of

10  California law as salaried "professional" employees.  The central

11  issue in this case is whether the class members were properly

12  treated by defendant as salaried overtime exempt professional

13  employees.

14              **ISSUES TO BE DECIDED, THE NATURE OF THE
             DISCOVERY SOUGHT, AND DEFENDANT'S OBJECTIONS**

15

16      Plaintiff's Third Request for production of documents (Ex. "A",

   with defendant's response at Ex. "B") seeks the disclosure of

17  documents that will assist in determining the nature of the work

18  typically performed by the class members.  As discussed, *supra*,

19  whether the work typically performed by the class members was

20  similar (or dissimilar) in nature is likely to bear on whether class

21  certification is appropriate in this case.   Plaintiff is requesting

22  four sorts of documents that relate to this issue.  Plaintiff's

23  requests, recited in summary form, and defendant's verbatim

24  responses, are:

25      Request 1: Seeks documents setting forth defendant's policies

26  or suggestions of the sort of work that was intended to be given to

27  (or not given to) class members.  This request includes

28  communications on the sort of work to be given (or not given) to the

1    class members either from or to the persons managing them.

2        Defendant produces no documents in response to this request

3    (except for stating that it has previously produced unspecified

4    documents that describe the individual plaintiff's job duties).  It

5    promises to provide "job description documents and evaluation forms"

6    pertaining to certain class members (which it has not yet done) and

7    makes the following objection to production:

8            Defendant objects to this Request on the ground that it is
         overbroad as to time and scope, unduly burdensome, and
9        premature, including because a class has not been certified in
         this action.  Defendant also objects to this request to the
10       extent that it calls for documents that are protected by the
         attorney client privilege and/or work product doctrine.
11       Defendant further objects to this Request on the ground that it
         is duplicative of Plaintiff's Request for Production No. 2
12       propounded in Plaintiff's Request for Production Set One.
         Defendant has already produced responsive documents that
13       describe plaintiff's job duties.  Defendant further objects to
         this Request on the ground that it is vague and ambiguous as to
14       the terms "sort of work duties that either were, or should have
         been, or were not to be, or should not have been, performed by
15       persons similarly situated to the plaintiff ans "work duties
         that were from, given to, or relied upon, by those employees of
16       the defendant who were responsible for managing and/or giving
         work assignments to the persons similarly situated to the
17       plaintiff.

18       Request 2: Seeks documents on the defendant's "utilization rate

19    and return" for the class members.  That term, which is defined in

20    plaintiff's request, involves the defendant's practice of billing

21    certain work time of the class members to its clients.  The

22    defendant, presumably, had guidelines describing what activities of

23    the class members were appropriate to bill to its clients, and what

24    were not.  The defendant also presumably undertook studies or an

25    analysis of what activities the class members were actually

26    performing and were being billed to its clients and/or could perform

27    and bill to its clients.  Plaintiff seeks production of all such

28    documents.

         Defendant provides no documents in response to this request,

1  but promises to provide a single non-privileged responsive document

2  that "explains" the utilization rate (which it has not yet provided)

3  and makes the following objection:

4          Defendant objects to this Request on the ground that
        it is vague and ambiguous as to the term "materials on the
5       utilization rate and return".  Defendant further objects
        to this Request on the ground that it is overbroad.
6       Defendant also objects to this Request to the extent that
        it calls for documents that are protected by the attorney
7       client privilege and/or work product doctrine.

8      Request 3: Seeks documents mentioning complaints that were made

9  to the defendant about the nature of the work being performed by

10 class members.  The only complaints sought are those where it was

11 alleged that the work given to such persons was of a rote, low

12 level, or menial nature, or was otherwise inappropriate because

13 based upon the education and/or experience of such persons the work

14 they were given should involve more intellectual exertion.

15     Defendant produces no documents in response to this request and

16 makes the following objection:

17         Defendant objects to this Request on the ground that
        it is overbroad as to time, unduly burdensome, lacks
18      foundation, and is premature, including because a class
        has not been certified in this action.  Defendant further
19      objects to this request on the ground that it is compound
        and vague and ambiguous as to the phrase "the nature of
20      the work performed by the persons similarly situated to
        the plaintiff was inappropriate and of a too menial or
21      rote or low level basis, or was otherwise inappropriate,
        because such persons, based upon their education and/or
22      experience and/or training and/or the representations made
        by defendant to such persons when they were hired by
23      defendant, or for any other reason, should not be doing
        such work or that they should be doing work requiring more
24      intellectual application or more non-repetitive mental
        exertion or the use of more independent judgement or
25      discretion."  Defendant further objects to this Request to
        the extent it seeks information, the disclosure of which
26      would constitute an unwarranted invasion of the affected
        person's constitutional, statutory and common-law right of
27      privacy and confidentiality.  Defendant also objects to
        this request to the extent that it calls for documents
28      that are protected by the attorney client privilege and/or
        the work product doctrine.  In addition, Defendant objects
        to this Request to the extent that it assumes, without

                                    -3-

factual basis, that there is a "nature of work performed by the persons similarly situated to the plaintiff."

Request 4: Seeks documents mentioning complaints by defendant's clients that it was inappropriate to bill such clients for the work performed by class members.  The only complaints sought are those where it was alleged, at least in part, that the nature of the work (tasks) performed by the plaintiff class members were not those that were appropriately billed to such clients.

Defendant produces no documents in response to this request and makes the following objection:

> Defendant objects to this Request on the ground that it is overbroad as to time, unduly burdensome, lacks foundation, and seeks information not reasonably calculated to lead to the discovery of admissible evidence, including because a class has not been certified in this action.  Defendant further objects to this request on the ground that it is vague and ambiguous as to the phrase "the nature of such objections being, at least in part, that it was inappropriate to charge such clients for the time consumed by the persons similarly situated to the plaintiff performing such work because of the nature of the work (tasks) performed by such persons and upon which such client time billings (at least in part) were based." In addition, Defendant objects to this Request to the extent that it assumes, without factual basis, that "it was inappropriate to charge such clients for the time consumed by the persons similarly situated to the plaintiff performing such work" and that there exist "persons similarly situated to the plaintiff performing such work."

Plaintiff's first set of interrogatories (Ex. "C" with defendant's response at Ex. "D") requests that the defendant identify a certain limited number of persons (7 per interrogatory response) who have knowledge of the class members' typical work assignments and the defendant's hiring criteria for such persons. These requests consist of the following (there are multiple interrogatories that request the same information, but about different departments of the defendant's business):

Interrogatories 1 through 3 seek the identification of persons

-4-

1    with the highest level of knowledge of the types of work typically

2    performed by class members;

3          Defendant provides no response to these interrogatories but

4    makes the following objection:

5                    Defendant objects to this Interrogatory on the ground
                 that it is overbroad as to scope and time and unduly
6                burdensome to the extent that it seeks the names of seven
                 individuals.  Defendant further objects to this
7                Interrogatory on the ground that it is vague and ambiguous
                 as to the term "similarly situated to the plaintiff and
8                who worked [in the specified department of the
                 defendant]."  Defendant is unaware of anyone who worked in
9                [the specified department of the defendant] who is
                 similarly situated to plaintiff, a Senior in International
10               Tax.  In addition, Defendant objects to this Interrogatory
                 to the extent that it assumes, without factual basis, that
11               there is "work typically performed or assigned to, or
                 undertaken by" any group of persons.  Defendant further
12               objects to this interrogatory to the extent that it seeks
                 information that would more properly be obtained by
13               noticing depositions under Rule 30(b)(6).

14         Interrogatory 4 seeks the identification of persons with the

15   highest level of knowledge of the types of work that were *not*, as a

16   matter of policy, to be performed by class members (presumably these

17   would be the same persons identified in response to interrogatories

18   1 through 3).  Interrogatories 5 through 7 seek the identification

19   of persons with the highest level of knowledge of the defendant's

20   hiring criteria for the class members.

21         Defendant provides no response to these interrogatories but

22   makes an objection identical in substance to its objection to

23   interrogatories 1 through 3.

24

25

26

27

28

1

**ARGUMENT**

2

3   **I.        WHY THE REQUESTED DISCOVERY SHOULD BE PRODUCED**

4

      **A.    The Court Must Allow Discovery Relevant**
5                **To Whether a Class Action Should be Certified**

6       In a putative class action case discovery must be allowed of

7   facts bearing on whether class action certification is appropriate.

8   If such relevant facts are not already known it is likely an abuse

9   of discretion for the District Court to deny such discovery.  See,

10  Yafee v. Powers, 454 F.2nd 1362, 1366 (1st Cir. 1972), cited by Kamm

11  v. California City Development Co., 509 F.2d 205 (9th Cir. 1975).

12  See, also, Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304

13  (9th Cir. 1977).

14        **B.    Whether Class Action Certification is Proper**
             **In this Case Requires an Examination of the**
15               **Common Circumstances of the Putative Class**

16      A central issue in this case is the nature of the class

17  members' work (i.e., was that work of a professional nature).   The

18  *similarity* or *common nature* of the work actually performed by the

19  class members, and whether the class members had similar credentials

20  or expertise that might qualify them as "professionals",

21  significantly bears on whether this case should be certified as a

22  class action.  The circumstances of the putative plaintiffs must be

23  sufficiently common *as a class* or it will not be possible to

24  determine whether they *as a class* were entitled to overtime

25  compensation (i.e., whether they did, or did not, as a class,

26  perform "professional" work).

27

28

1
2

**C.    The Documents Requested by Plaintiff Will
         Assist in Determining the Nature of the Work
         <u>Actually and Commonly Performed by the Class Members</u>**

3
4
5

**i.    Defendant's Operational (Policy)
          Documents and Communications About
          The Sort of Work Performed by
          <u>Class Members are Highly Relevant</u>**

6      Plaintiff's document request #1 is intended to result in the

7    production of defendant's operating documents discussing the sort of

8    work given (or not to be given) to class members.  This would

9    include defendant's policy statements (such as a "do's and don'ts"

10   list) given to its supervisors regarding the sort of work

11   assignments appropriate for class members.  It would also include

12   memoranda or written suggestions or other communications from, or

13   to, such supervisors about what types of work should, or should not,

14   be given to the class members.

15     Defendant's promise to provide "job description documents and

16   evaluation forms" is only marginally responsive to this request.

17   What a job may be "described as" could well be quite different than

18   what work the job actually entailed.  The guidelines or operational

19   statements used by the defendant's supervisors in assigning the

20   class members' work (or communications from or to such supervisors

21   on that subject) will tell a great deal about what sorts of work the

22   class members were actually performing.

23
24

**ii.   Defendant's Documents Relating to its
          Billing of Clients for the Class
          Members' Work Time (the "Utilization
          <u>Rate and Return") are Highly Relevant</u>**

25
26
27
28

     Plaintiff's document request #2 is intended to result in the

production of information detailing the class members' common

activities (if any) that were billed to defendant's clients.

Defendant would bill its clients for large amounts of time that was

worked by class members.  This was an important source of revenue
for the defendant which evaluated class members' "utilization rate",
i.e., the proportion of their total work time that was spent on
activities that the defendant billed to its clients.  When two class
members worked an equal number of hours the one with the higher
utilization rate was generating more revenue for the defendant.  The
defendant was concerned about enhancing its revenue and maintaining
a high utilization rate for the class members.  In conjunction with
its interest in maximizing the class member's utilization (and
revenue generation) it is apparent that the defendant must or may
have among other things:

- Had guidelines specifying what sorts of activities of
  class members were properly characterized as
  "billable" to clients and what sort of activities
  should not be considered billable activities;
- Had formats or suggested characterizations that
  plaintiff class members were to use in describing
  either their billable or non-billable activities;
- Engaged in studies or analysis of what sort of
  activities the class members were actually performing
  so as to enhance its understanding of what those
  activities were and how it could increase the
  billable time (utilization rate) of the class
  members;
- Engaged in studies or analysis of how it could expand
  the amount of billable time worked by class members,
  including by characterizing certain "non-billable"
  activities as "billable" activities or by
  transferring certain functions to class members that

-8-

1          were otherwise performed by personnel whose time was

2          not billed to defendant's clients;

3      •    Set forth suggestions or orders to its supervisory

4          staff about making changes to class members'

5          activities and the time billing associated with such

6          activities.

7      Defendant's promise to provide a document that "explains the

8  utilization rate" is not responsive to this request.  The relevancy

9  of this discovery is not limited to the utilization rate itself

10 (either how it is determined or what a class member's utilization

11 rate was) but what it will explain about the *actual activities of*

12 *the class members*.

13          **iii. Defendants' Documents Detailing Complaints**
               **About the Rote, Menial or "Non-Billable"**
14             **Nature of the Work Performed by**
               **Class Members are Highly Relevant**

15

16     Plaintiff's document requests #3 and #4 are intended to result

17 in the production of complaints by class members about their menial

   or low level (not intellectually challenging) work activities and
18
   complaints by defendant's clients that the billed time of class
19
   members was not properly billable owing to the nature of the work
20
   performed.  Defendant is refusing to produce any documents in
21
   response to these requests.
22
       The requested documents will furnish information about the
23
   common nature (if any) of the work performed by class members.  The
24
   presence of repeated, or extensive, complaints that class members
25
   were performing menial or not properly "billable" work may well
26
   support a conclusion that such sorts of work were common among the
27
   class members.
28

**D.    Defendant's Objections to Producing
       The Requested Documents are Improper**

Defendant's unfounded objections to producing the documents requested by the plaintiff are:

- "Overbroad as to time and scope" - These documents are sought for the relevant class claims period, their relevancy is clear and this objection has no basis.

- "Unduly burdensome" - This claim is completely unsubstantiated.  Defendant has produced *no substantially responsive documents whatsoever.*  Nor has it provided any information on what effort it has made to locate the documents that are being sought.  As the party resisting the production of relevant discovery it is defendant's heavy burden to establish that such production should be excused for this reason.   See, Blakenship v. The Hearst Corporation, 519 F.2d 418, 429 (1975), In re Syncor ERISA Litig., 229 F.R.D. 636, 643 (N.D. Cal. 2005), and numerous other cases. See, also, Cobb v. Danzig, 190 F.R.D. 564, 566 (S.D. Cal. 1999)(Even if "good cause" is shown in compliance with Blakenship for not producing the discovery at issue the Court must still "balance the competing interests of allowing discovery and the relative burdens to the parties.")

- "Lack of foundation and premature, including because a class has not been certified" - This claim is specious.  The materials are sought because they are relevant to class certification.  That those

-10-

1   materials may also be relevant to the merits of the

2   plaintiff's case are irrelevant and the materials

3   must be produced because of their manifest relevancy

4   to the class certification issue.  <u>See</u>,  <u>Babbit v.</u>

5   <u>Albertson's, Inc.</u>, No. C-92-1883 SBA (PJH), 1992,

6   U.S. Dist. LEXIS 19091 at *7 (N.D. Cal. Nov. 30,

7   1992) citing <u>Harriss v. Pan American World Airways,</u>

8   <u>Inc.</u>, 74 F.R.D. 24, 36 (N.D.Cal. 1977), holding that

9   certain discovery will often be relevant to <u>both</u>

10   class certification issues and the ultimate merits of

11   the parties' claims.

12   •   "Attorney client privilege and/or work product

13   doctrine" - These claims are totally unsubstantiated.

14   No privilege log is provided.  On their face these

15   claims are clearly inappropriate, the requested

16   materials are operational documents (policy

17   guidelines or communications, operational studies

18   done by defendant to assist in enhancing its business

19   revenue and so forth).  No request is made for

20   counsel/client restricted communications or

21   documents prepared for litigation.

22   •   "Vague and ambiguous" - There is nothing vague or

23   ambiguous about any of the plaintiff's requests.  The

24   materials sought in the requests are clearly stated,

25   and certain terms ("utilization rate and return" and

26   "persons similarly situated to the plaintiff") are

27   explicitly, and in detail, defined in the requests.

28   •   Request #3 is improper because it assumes "there is a

nature of work performed by persons similarly

1    situated to the plaintiff" - This objection is

2    nonsensical.  There is, of course, a "nature" (i.e.,

3    kind) of work performed by such persons.  Whether

4    that "nature" (kind) of work is common, or very

5    different, among all such persons is not assumed.

6    All that is sought is information on the "nature" of

7    the work (kind of work) *actually performed by such*

8    *persons,* no assumption is made that such work was

9    "common in nature" among such persons.

10   •   Request #4 is improper because it assumes "it was

11   inappropriate to charge such clients for the time

12   consumed by the persons similarly situated to the

13   plaintiff performing such work" and it assumes there

14   exist "persons similarly situated to the plaintiff

15   performing such work."  No such assumptions are made.

16   This request only seeks the production of *complaints*

17   making such allegations.  It neither assumes such

18   complaints are valid nor asks the defendant to

19   concede their correctness.

20   •   Request #3 is improper because it seeks the

21   production of documents that would constitute an

22   "unwarranted invasion of the affected person's

23   privacy" - Presumably defendant is referring to the

24   supposed privacy interest of the class member making

25   a complaint that their work was of a rote or menial

26   nature.  This objection is baseless and all documents

27   produced can be designated as confidential by the

28   defendant (See Docket #35) which would prevent their

     disclosure to anyone.

1

**E.   The Interrogatory Requests
         Made by Plaintiff are Proper**

2

3        Plaintiff's interrogatories seek the identification of those

4   persons the defendant believes are the most knowledgeable witnesses

5   on A) The sort of work activities performed by (and not performed

6   by) class members and B) The defendant's hiring qualifications for

7   class members.  The relevance of these witnesses' knowledge to the

    class certification issues is twofold.  They can give relevant

8   testimony on the commonality or lack thereof of the class members'

9   work.  They are also the most knowledgeable persons regarding the

10  defendant's hiring criteria.  This is relevant to class

11  certification as the common (or disparate) nature of the class

12  members' qualifications (such qualifications bearing on the

13  "professional worker" exemption) may favor (or disfavor) the class

14  certification of this case.

15

16       Plaintiff seeks to have the defendant make some identification

    of the persons it believes have the most knowledge of theses

17  relevant issues.  Such identification will allow the plaintiff to

18  conduct depositions accordingly and also prevent any unfair surprise

19  by the defendant later introducing testimony from witnesses who it

20  claims are more, or equally, knowledgeable about these issues.

21

    **F.   Defendant's Objections to Providing the
           Requested Interrogatory Responses are Improper**

22

23       Defendant's unfounded objections to the plaintiff's

24  interrogatories essentially mirror their baseless document

25  production objections and also raise the following baseless

26  objections:

27           •     The defendant is "unaware of anyone similarly

28                 situated to the plaintiff a Senior in International

                   Tax" presumably because defendant also finds that the

-13-

term "similarly situated to the plaintiff" is "vague
and ambiguous."  There is no basis for this
objection.  The persons "similarly situated" for
which information is sought *are precisely defined in
the plaintiff's request.* (Ex. "C", ¶ 12).  That
definition is quite detailed and describes such
persons by their salary compensation status and the
defendant's own classification of such persons by
particular job titles.  There is nothing vague or
ambiguous about who the "similarly situated" persons
are for which information is sought.

- There is no factual basis to establish the existence
of any "work typically performed" by class members.
The defendant needs to identify those persons who
have knowledge of *whatever work* was "typically"
(i.e., was performed most frequently) by class
members.  If that sort of work was uncommon, and
diverse in nature, then such persons will know that
the "typical" work performed consisted of many
different things (i.e., "typical work" does not
necessarily mean the same sorts of work)

- The information may be more properly obtained by
noticing depositions under Rule 30(b)(6).  This is
incorrect, as the only information sought is the
*identification of the most knowledgeable witnesses.*
That is the explicit purpose of interrogatories.
Plaintiff should not be required to conduct a
deposition of the person(s) with the "most knowledge
about who defendant believes are the most

-14-

1          knowledgeable witnesses" simply to obtain the

2          identity of such witnesses.

3     •    "Unduly burdensome to the extent it seeks the names

4          of seven individuals" - The plaintiff's requests

5          specify that defendant can identify *any seven* persons

6          with equal levels of knowledge as long as it believes

7          such persons each have the highest level of

8          responsive knowledge.  If the defendant does not

9          believe that even seven persons have any responsive

10         knowledge it must, of course, only identify the

11         number of persons (one, two, three, etc.) that it

12         believes have such knowledge.

**II.   COMPLIANCE WITH LOCAL COURT RULES 37-2 AND 37-1(A)**

Pursuant to Local Rule 37-2 the moving party who seeks to compel discovery must detail both the reason why it believes the discovery should be compelled and how the proportionality and other requirements of FRCP Rule 26(b)(2) are satisfied.  Plaintiff submits that it has done so.  The discovery sought is highly germane to determining the common nature (or lack thereof) of the class members' work and their qualifications, important issues bearing on whether class certification should be granted.  There are no better sources from which to obtain such information and the information is not duplicative or cumulative of any other discovery in this case. The burden or expense of producing the information is slight.

Pursuant to Local Rule 37-1(a) counsel must make a good faith effort to confer and resolve discovery issues prior to making a motion to compel.  Compliance with that rule is documented in Ex. "E".

**CONCLUSION**

For all of the foregoing reasons, the Court should grant the plaintiff's motion in full and enter the proposed Order submitted by plaintiff's counsel.

Dated this 24th day of April, 2007

By: _____/s/_____
                Leon Greenberg, Esq.
                THIERMAN LAW FIRM
                7287 Lakeside Drive
                Reno, NV 89511
                (775) 284-1500
                Attorney for Plaintiff

EXHIBIT "A"

EXHIBIT "A"

1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   --------------------------------X
7  DAVID HO, on behalf of himself        Case No.  05-04867-HRL
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,
9
                        Plaintiffs,
10

11
        -against-
12
   ERNST & YOUNG LLP
13
                        Defendants.
14 --------------------------------X

15      PLAINTIFF'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS

16      Pursuant to the applicable provisions of the Federal Rules of

17 Civil Procedure § 34 and the Local Rules of this Court plaintiffs

18 request that the defendants produce the following items within 30

19 days of the service of this request or within such other time frame

20 allowed by said Rule at the Law Office of Leon Greenberg,

21 Professional Corporation, attorney for plaintiff, at 633 South 4th

22 Street, Suite 9, Las Vegas, Nevada, 89101, for inspection and

23 copying.  This request seeks in the first instance, in lieu of

24 producing such items for inspection and copying, the production of

25 copies of such items which such defendants can produce and/or have

26 delivered on or before such date.  If such defendants wish to

27 produce the original items for production and copying they need to

28 contact plaintiff's counsel to confirm their appearance on such date

   with such items and/or to arrange another mutually convenient date

                                    1

1  for such production.

2                 **INSTRUCTIONS AND DEFINITIONS**

3     1.   These requests should be considered to be continuing, and

4  supplemental answers should be served as further information becomes

5  available pursuant to Rule 26(e) of the Federal Rules of Civil

6  Procedure.

7     2.   In complying with this Request for Production of

8  Documents, you are required to produce all documents specified

9  herein that are in your possession, custody or control or which are

10  otherwise available to you.

11     3.   If any request herein cannot be complied with in full, it

12  shall be complied with to the extent possible with an explanation as

13  to why full compliance is not possible.

14     4.   With respect to each document or communication that is

15  responsive but is withheld, the following additional information

16  shall be provided:

17          a) the grounds asserted supporting the failure to produce;

18          b) the factual basis for a claim of privilege and/or

19  confidentiality;

20          c)  the subject matter, date, author, recipient, addressee

21  and number of pages;

22          d) the subject matter, date, parties and medium for each

23  communication;

24          e)  the current or last known location of the document;

25  and

26          f)  the current or last known person retaining the

27  document.

28     5.   If a requested document cannot be located, then identify

such document by setting forth:

1              a)    the last known person retaining the document;

2              b)    whether the document is lost and the efforts made to

3    locate the lost document;

4              c)    whether the document was destroyed or discarded and

5    the date, manner, reason and person responsible for such action; and

6              d) a statement describing the document, including a

7    summary of its contents, the author and the persons to whom it was

8    sent or shown.

9       6.    If any documents which contained responsive information no

10   longer exist, identify each by setting forth:

11             a) all the information contained in the document;

12             b) the type of document (e.g., letters or memoranda);

13             c) the time period when the documents were maintained;

14             d) all persons who have or had knowledge of the contents

15   of the documents;

16             e) the circumstances of the loss or destruction; and

17             f) all persons who have knowledge of the loss or

18   destruction.

19      7.    If any identified document is subject to destruction under

20   any document retention or destruction program, the document(s)

21   should be exempted from any scheduled destruction until the

22   conclusion of this lawsuit or unless otherwise permitted by the

23   Court.

24      8.    Separate responses should be given to each document

25   request.  If a document is responsive to more than one request,

26   additional copies are not needed, but the subsequent responses

27   should identify the request for which the document was produced.

28      9.    The source or sources of each document produced shall be

     specifically identified.

1    10.   Please produce clear and legible copies of the originals

2  of all documents requested, as well as any and all copies of such

3  original documents that bear any mark or notation not present on the

4  original.

5    11.   If in answering these requests, you claim any ambiguity

6  in interpreting either the request or a definition or instruction

7  applicable thereto, such claim shall not be utilized by you as a

8  basis for refusing to respond, but there shall be set forth as part

9  of the response the language deemed to be ambiguous and the

10  interpretation chosen or used in responding to the request.

11   12.   Unless otherwise specified, the time period covered by

12  these demands is January 1, 2001 to the present.

13   13.   The plural and singular tense shall be deemed to be used

14  throughout these demands and definitions and responses shall be made

15  as if demands were made in both the plural and singular tense

16  regardless of how such demands are actually worded herein.

17   14.   The conjunctive and disjunctive tense ("and/or") is to be

18  deemed used throughout these demands and definitions and defendants

19  should respond to all demands as if they are made in both the

20  conjunctive and disjunctive tense except in respect to those demands

21  which clearly qualify a demand by using the conjunctive tense to

22  narrow the scope of the material sought.

23   15.   The term "Defendants" refers to all defendants represented

24  by the law office(s) receiving this request.

25   16.   In the event that any documents requested for production

26  herein exist in electronic (be it database, word processing, or

27  other computer software) form, or were generated from such

28  electronic form, please specify the electronic form for each

document produced.

17.   In the event the documents to be produced in response to these requests exceed 500 pages, and the documents to be produced, or some of them, exist in electronic (be it database, word processing, or other computer software) form, or were generated from such electronic form, the production of such documents in their electronic form (and not in paper form) is requested and please contact plaintiff's counsel to make arrangements for the production of such documents in electronic form.

18.   If a request seeks documents containing information that has not been compiled or organized by the defendants in the exact form requested, but the information requested exists in an electronic form from which such document(s) can be produced, a complete copy of such electronic form (database) can be produced in lieu of the specifically requested documents.

19.   Persons "similarly situated" to the plaintiff, for the purpose of these requests, means:

a) Persons employed by defendant in the State of California at anytime during the four years preceding the commencement of this action to the date of the defendant's response to these requests and who were paid on a salary basis (the term "salary basis" means they were not paid a fixed amount of compensation for each hour or portion thereof worked) and;

b) Were classified or denominated as working in non-management positions described by "Department" or "Unit" or other office (such being Tax, Audit or another unit, department, or office) and "Staff 1" or "Staff 2" or "Staff 3" or "Senior 1" or "Senior 2" or "Senior 3" or "Financial Management Associates"

20.   "Client time billing" for the purpose of these requests means the practice of billing defendant's clients for the time

consumed performing particular tasks by persons similarly situated to the plaintiff.

21.    "Materials on the utilization rate and return" for the purpose of these requests means:

All materials that deal with any aspect of the revenue either generated or that was contemplated or proposed to be generated by charging clients of the defendant for the time spent by persons similarly situated to the plaintiff on particular tasks (i.e., all materials relating to or dealing with "client time billing").  This includes, but is not limited to, all materials detailing the utilization percentage (the percent of their total work time that was billed to defendant's clients) of such persons; all materials detailing the total amount of work time of each and all such persons billed by the defendant to the defendant's clients; all materials setting forth either suggested or possible or contemplated or implemented policies or practices to increase the amount of time billed to defendant's clients by such persons; all materials setting forth what tasks of such persons were or should be properly billed to the defendant's clients; all materials setting forth what tasks of such persons were not billed or should not be billed to defendant's clients; all materials setting forth either suggested or mandatory or preferred ways of characterizing or describing the work performed by such persons that was billed to defendant's clients; all materials discussing whether certain tasks performed by defendant's employees who were not similarly situated to the plaintiff, and whose time was not billed to the defendant's clients, either could or should or should not be assigned to the persons similarly situated to the plaintiff and the time spent by such persons on such tasks should be billed, or not billed, to the

defendant's clients; all materials setting forth or identifying or proposing additional tasks that could be the subject of client time billing by persons similarly situated to the plaintiff; all materials setting forth required, suggested, preferred or desired minimum levels (however expressed) of time that such persons similarly situated to the plaintiff should bill to defendant's clients; all instructions, suggestions or other communications to the persons responsible for managing or giving work assignments to the persons similarly situated to the plaintiff on what minimum levels of client time billing should be maintained by the persons similarly situated to the plaintiff and/or how to increase the amount of client time billing by such persons and/or any statements regarding such persons similarly situated to the plaintiff failing to generate a sufficient level of client time billing.

DOCUMENTS TO BE PRODUCED

1.   Produce all documents that were used by the defendant that set forth (either as actual operating practices or suggested guidelines or practices) the sort of work duties that either were, or should have been, or were not to be, or should not have been, performed by persons similarly situated to the plaintiff.  This request includes, but is not limited to, all memorandums, policy statements, instructions, or other documents or communications mentioning such work duties that were from, given to, or relied upon, by those employees of the defendant who were responsible for managing and/or giving work assignments to the persons similarly situated to the plaintiff.

2.   Produce copies of all "materials on the utilization rate and return."

7

1        3.   Provide copies of all documents mentioning complaints made

2   to the defendant that the nature of the work performed by the

3   persons similarly situated to the plaintiff was inappropriate and of

4   a too menial or rote or low level basis, or was otherwise

5   inappropriate, because such persons, based upon their education

6   and/or experience and/or training and/or the representations made by

7   defendant to such persons when they were hired by defendant, or for

8   any other reason, should not be doing such work or that they should

9   be doing work requiring more intellectual application or more non-

10  repetitive mental exertion or the use of more independent judgement

11  or discretion.

12

13       4.   Produce copies of all documents setting forth instances

14  where defendant's clients objected to client time billings, the

15  nature of such objections being, at least in part, that it was

16  inappropriate to charge such clients for the time consumed by the

17  persons similarly situated to the plaintiff performing such work

18  because of the nature of the work (tasks) performed by such persons

19  and upon which such client time billings (at least in part) were

20  based.

21  Dated: Clark County, Nevada
            March 1, 2007

22
                            Respectfully submitted,
23

24                          ___/s/_____
                            Leon Greenberg, Esq.
25                          LEON GREENBERG PROFESSIONAL CORPORATION
                            THIERMAN LAW FIRM
26                          Attorney for the Plaintiffs
                            633 South 4th Street - Suite 9
27                          Las Vegas, Nevada 89101
                            (702) 383-6085
28                          Nevada Bar Number: 8094

EXHIBIT "B"

1 | CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
2 | S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3 | 2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
4 | Telephone:      310-229-1000
Facsimile:      310-229-1001
5 | cconway@akingump.com
gknopp@akingump.com
6 | aspiewak@akingump.com

7 | Attorneys for Defendant, ERNST & YOUNG LLP

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN JOSE DIVISION

12 | DAVID HO, on behalf of himself and others | Case No. CV 05-04867 JF
similarly situated and on behalf of the
13 | general public and DOES 1-20 | [Assigned for all purposes to the Honorable
Jeremy Fogel, Department 3]
14 | Plaintiff,

15 | v.

16 | ERNST & YOUNG LLP | **DEFENDANT ERNST & YOUNG LLP'S**
**RESPONSES TO PLAINTIFF'S**
**REQUESTS FOR PRODUCTION OF**
17 | Defendant. | **DOCUMENTS (SET THREE)**

18

19

20

21

22 | PROPOUNDING PARTY:        Plaintiff, DAVID HO

23 | RESPONDING PARTY:         Defendant, ERNST & YOUNG LLP

24 | SET NO.:                  THREE

25

26

27

28

---

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
CV 05-04867 JF

1 **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

2      Pursuant to Federal Rule of Civil Procedure 34, defendant Ernst & Young LLP ("Defendant" or

3 "E&Y"), hereby objects and responds as follows to the Request for Production of Documents Set

4 Three propounded by plaintiff David Ho ("Plaintiff").

5                          **I.      PRELIMINARY STATEMENT**

6      These responses reflect only the current status of Defendant's knowledge, understanding and

7 belief respecting the matters about which inquiry has been made. Discovery in this action is

8 continuing and, consequently, Defendant may not have yet identified all information responsive to this

9 Request for Production of Documents ("Request"). As discovery in this action proceeds, Defendant

10 anticipates that it may discover additional or different information or documents. Without in any way

11 obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further

12 explain these responses and objections at any time in the future.

13      Furthermore, these responses are without prejudice to the right of Defendant to use or rely on at

14 any time, any subsequently discovered information, or information omitted from these responses as a

15 result of mistake, error, oversight or inadvertence. Defendant further reserves the right to provide

16 additional information and evidence at any time, and to object on appropriate grounds to the

17 introduction of any portion of these responses into evidence.

18      These responses are made solely for the purpose of and in relation to discovery conducted in

19 this case. Each response is given subject to all appropriate objections (including but not limited to

20 objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden,

21 materiality, confidential proprietary or trade secret material, or admissibility), which would require the

22 exclusion of any response contained herein. All such objections therefore are reserved and may be

23 interposed at trial.

24      Defendant responds to these Requests as it interprets and understands them. If Plaintiff

25 subsequently asserts an interpretation of any Request that differs from Defendant's understanding,

26 Defendant reserves its right to supplement its objections and/or responses herein.

27

28

1

## II.   GENERAL OBJECTIONS

The following general objections apply to each Request in Plaintiff's Request for Production of Documents Set Three, in addition to any objections that are addressed to particular Requests or subparts of particular Requests:

Defendant objects to the instructions and definitions set forth in Plaintiff's Requests to the extent they purport to alter Defendant's obligations under Federal Rule of Civil Procedure 34. Defendant objects to each Request to the extent that it imposes any requirements beyond those of the Federal Rules of Civil Procedure. Such Requests are unduly burdensome and exceed the scope of permissible discovery. Defendant will comply with the Federal Rules of Civil Procedure.

Defendant objects to each Request to the extent that it requires disclosure of matters and communications that are protected by the attorney-client privilege, work product doctrine, third parties' right to privacy or any other applicable privilege or immunity. To the extent a Request can be construed to seek privileged or exempt information, Defendant objects and will produce only non-privileged, non-exempt material.

Defendant objects to each Request to the extent that it requires Defendant to provide information and/or documents not presently in its possession, custody or control or to make inquiries of persons or other entities not affiliated with it.

Defendant's responses herein are based upon its understanding of the Requests propounded to it and are based upon and necessarily limited by the information in existence, presently recollected, and presently discovered during the course of preparing these responses. Defendant reserves the right to amend or supplement its responses in the event that its understanding and/or interpretation of any Request is different from that intended by Plaintiff, or in the event that additional information or documents are discovered.

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents that were used by the defendant that set forth (either as actual operating practices or suggested guidelines or practices) the sort of work duties that either were, or should have been, or were not to be, or should not have been, performed by persons similarly situated to the plaintiff. This request includes, but is not limited to, all memorandums [sic], policy statements,

2

1 │ instructions, or other documents or communications mentioning such work duties that were from,

2 │ given to, or relied upon, by those employees of the defendant who were responsible for managing

3 │ and/or giving work assignments to the persons similarly situated to the plaintiff.

4 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5 │       Defendant objects to this Request on the ground that it is overbroad as to time and scope,

6 │ unduly burdensome, and premature, including because a class has not been certified in this action.

7 │ Defendant also objects to this Request to the extent that it calls for documents that are protected by

8 │ attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request

9 │ on the ground that it is duplicative of Plaintiff's Request for Production No. 2 propounded in Plaintiff's

10 │ Request For Production Set One. Defendant has already produced responsive documents that describe

11 │ Plaintiff's job duties. Defendant further objects to this Request on the ground that it is vague and

12 │ ambiguous as to the terms "sort of work duties that either were, or should have been, or were not to be,

13 │ or should not have been, performed by persons similarly situated to the plaintiff" and "work duties that

14 │ were from, given to, or relied upon, by those employees of the defendant who were responsible for

15 │ managing and/or giving work assignments to the persons similarly situated to the plaintiff."

16 │       Subject to and without waiving the foregoing objections, Defendant responds that it will

17 │ produce job description documents and evaluation forms that pertain to staffs 1 and 2 and seniors 1 and

18 │ 2.

19 │ **REQUEST FOR PRODUCTION NO. 2:**

20 │       Produce copies of all "materials on the utilization rate and return."

21 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

22 │       Defendant objects to this Request on the ground that it is vague and ambiguous as to the term

23 │ "materials on the utilization rate and return." Defendant further objects to this Request on the ground

24 │ that it is overbroad. Defendant also objects to this Request to the extent that it calls for documents that

25 │ are protected by attorney-client privilege and/or the work product doctrine.

26 │       Subject to and without waiving the foregoing objections, Defendant responds that it will

27 │ produce a non-privileged responsive document that explains the utilization rate.

28 │

1  **REQUEST FOR PRODUCTION NO. 3:**

2         Provide copies of all documents mentioning complaints made to the defendant that the nature

3  of the work performed by the persons similarly situated to the plaintiff was inappropriate and of a too

4  menial or rote or low level basis, or was otherwise inappropriate, because such persons, based upon

5  their education and/or experience and/or training and/or the representations made by defendant to such

6  persons when they were hired by defendant, or for any other reason, should not be doing such work or

7  that they should be doing work requiring more intellectual application or more non-repetitive mental

8  exertion or the use of more independent judgement [sic] or discretion.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10        Defendant objects to this Request on the ground that it is overbroad as to time, unduly

11  burdensome, lacks foundation, and is premature, including because a class has not been certified in this

12  action. Defendant further objects to this Request on the ground that it is compound and vague and

13  ambiguous as to the phrase "the nature of the work performed by the persons similarly situated to the

14  plaintiff was inappropriate and of a too menial or rote or low level basis, or was otherwise

15  inappropriate, because such persons, based upon their education and/or experience and/or training

16  and/or the representations made by defendant to such persons when they were hired by defendant, or

17  for any other reason, should not be doing such work or that they should be doing work requiring more

18  intellectual application or more non-repetitive mental exertion or the use of more independent

19  judgment or discretion." Defendant further objects to this Request to the extent it seeks information,

20  the disclosure of which would constitute an unwarranted invasion of the affected person's

21  constitutional, statutory, and common-law right of privacy and confidentiality. Defendant also objects

22  to this Request to the extent that it calls for documents that are protected by attorney-client privilege

23  and/or the work product doctrine. In addition, Defendant objects to this Request to the extent that it

24  assumes, without factual basis, that there is a "nature of the work performed by the persons similarly

25  situated to the plaintiff."

26  **REQUEST FOR PRODUCTION NO. 4:**

27        Produce copies of all documents setting forth instances where defendant's clients objected to

28  client time billings, the nature of such objections being, at least in part, that it was inappropriate to

1 charge such clients for the time consumed by the persons similarly situated to the plaintiff performing

2 such work because of the nature of the work (tasks) performed by such persons and upon which such

3 client time billings (at least in part) were based.

4 **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

5      Defendant objects to this Request on the ground that it is overbroad as to time, unduly

6 burdensome, lacks foundation, and seeks information not reasonably calculated to lead to the discovery

7 of admissible evidence, including because a class has not been certified in this action. Defendant

8 further objects to this Request on the ground that it is vague and ambiguous as to the phrase "the nature

9 of such objections being, at least in part, that it was inappropriate to charge such clients for the time

10 consumed by the persons similarly situated to the plaintiff performing such work because of the nature

11 of the work (tasks) performed by such persons and upon which such client time billings (at least in

12 part) were based." In addition, Defendant objects to this Request to the extent that it assumes, without

13 factual basis, that "it was inappropriate to charge such clients for the time consumed by the persons

14 similarly situated to the plaintiff performing such work" and that there exist "persons similarly situated

15 to the plaintiff performing such work."

16

17 Dated: April 2, 2007

18                         AKIN GUMP STRAUSS HAUER & FELD LLP
                        Catherine A. Conway

19                         Gregory W. Knopp
                        S. Adam Spiewak

20

21                         By
                                     Gregory W. Knopp

22                         Attorneys for Defendant Ernst & Young LLP

23

24

25

26

27

28

1                              PROOF OF SERVICE

2         STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California. I am over the age of 18 and

4 not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067.

5          On April 2, 2007 I served the foregoing document(s) described as:

6                 **DEFENDANT ERNST & YOUNG LLP'S RESPONSES TO**
          **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**
7                                   **(SET THREE)**

8

9 on the interested party(ies) below, using the following means:

10       Mark R. Thierman, Esq.            Leon Greenberg, Esq.
      THIERMAN LAW FIRM           Attorney at Law
      7287 Lakeside Drive               633 South 4th Street, Suite 9
11       Reno, Nevada 89511               Las Vegas, Nevada 89101
      Telephone: 775.284.1500          Telephone: 702.383.6085
12       Facsimile: 775.703.5027            Facsimile: 702.385.1827

13 ☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
14 mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed
15 for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.
16

17 ☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
18

19        Executed on April 2, 2007 at Los Angeles, California.

20

21 Sharon Cluff                                                            
[Print Name of Person Executing Proof]              [Signature]

22

23

24

25

26

27

28

EXHIBIT "C"

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
---------------------------------X
DAVID HO, on behalf of himself          Case No.  05-04867-HRL
and all others similarly situated
and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,




     -against-

ERNST & YOUNG LLP

                    Defendants.
---------------------------------X
**FIRST INTERROGATORIES OF THE PLAINTIFFS**
**TO THE DEFENDANT**

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure

plaintiffs request that each defendant furnish sworn, separate and

complete written answers to each interrogatory set forth herein to

the Law Office of Leon Greenberg, Professional Corporation, attorney

for plaintiffs, at 633 South 4th Street, Suite 9, Las Vegas, Nevada,

89101, which answers, according to Rule 33 of the Federal Rules of

Civil Procedure, should be made within thirty (30) days of the

service of this Demand.

     These interrogatories shall be deemed to continue beyond the

date when the defendants serve their responses to the same, and

defendants shall supplement their answers if further knowledge,

information, or documents are acquired by the defendants, their

agents, representatives or attorneys subsequent to the date of the

original response.

1

1                    <u>DEFINITIONS AND INSTRUCTION</u>

2        1.   If any request is deemed to call for the production

3   privileged information provide the following information:

4               a.   the reason for withholding the information;

5               b.   a statement of the basis for the claim of

6   privilege, work product or other ground of non-disclosure

7        2.   If you contend that it would be unreasonably burdensome to

8   obtain and provide any of the information called for in response to

9   any of these requests, then in response to the appropriate request:

10              a.   produce and set forth all such information as is

11  available to you without undertaking what you contend to be an

12  unreasonable burden;

13              b.   describe with particularly the efforts made by

14  you or on your behalf to secure such information including, without

15  limitation, identification of persons consulted, description of

16  files, records, and documents reviewed and identification of each

17  person who participated in the gathering of such information with

18  specification of the amount of time spent and nature of work done by

19  each person; and

20              c.   state with particularity the ground on which you

21  contend that additional efforts to obtain such information would be

22  unreasonably burdensome.

23       3.   These requests should be considered to be continuing, and

24  supplemental answers should be served as further information becomes

25  available pursuant to Rule 26(e) of the Federal Rules of Civil

26  Procedure.

27       4.   If any request herein cannot be complied with in full, it

28  shall be complied with to the extent possible with an explanation as

    to why full compliance is not possible.

5.    With respect to information that is responsive but is withheld, the following additional information shall be provided:

    a)   the grounds asserted supporting the failure to produce;

    b)   the factual basis for a claim of privilege and/or confidentiality;

6.    The source or sources of the information provided in each interrogatory response shall be specifically identified.

7.    If in answering these requests, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

8.    Unless otherwise specified, the time period covered by these demands is September 1, 2001 to the present.

9.The plural and singular tense shall be deemed to be used throughout these demands and definitions and responses shall be made as if demands were made in both the plural and singular tense regardless of how such demands are actually worded herein.

10.   The conjunctive and disjunctive tense ("and/or") is to be deemed used throughout these demands and definitions and defendants should respond to all demands as if they are made in both the conjunctive and disjunctive tense except in respect to those demands which clearly qualify a demand by using the conjunctive tense to narrow the scope of the material sought.

11.   The term "Defendants" refers to all defendants represented by the law office(s) receiving this request.

12.   Persons "similarly situated" to the plaintiff, for the purpose of these requests, means:

1          a) Persons employed by defendant in the State of

2    California at anytime during the four years preceding the

3    commencement of this action to the date of the defendant's response

4    to these requests and who were paid on a salary basis (the term

5    "salary basis" means they were not paid a fixed amount of

6    compensation for each hour or portion thereof worked) and;

7          b) Were classified or denominated as working in non-

8    management positions and/or as "client serving professionals" and

9    described by "Department" or "Unit" or other office (such being Tax,

10   Audit or another unit, department, or office) and "Staff 1" or

11   "Staff 2" or "Staff 3" or "Senior 1" or "Senior 2" or "Senior 3" or

12   "Financial Management Associates"

13

14                          INTERROGATORIES

15

16   INTERROGATORY NO. 1.   Identify the 7 persons that defendant believes

17   have the most knowledge of the work typically performed, or assigned

18   to, or undertaken by most of the persons who are (or were) similarly

19   situated to the plaintiff and who worked in the defendant's

20   Assurance and Advisory Business Services practice group.   If any of

21   those persons are believed to have more knowledge than others

22   specify the persons with the greater knowledge, if all such persons

23   are believed to have equal knowledge so state.   In the event that

24   defendant believes more than 7 persons have such a level of

25   knowledge the defendant shall identify any such 7 persons with such

26   level of knowledge who are still in the employ of the defendant and

27   7 such persons with such level of knowledge who are no longer in the

28   employ of the defendant (if there are any such persons no longer in

     the employ of the defendant, and for all such persons no longer in

                                   4

1   the employ of the defendant the last known address of such persons

2   shall be furnished).

3   ANSWER:

4

5

6

7

8

9   INTERROGATORY NO. 2.  Identify the 7 persons that defendant believes

10  have the most knowledge of the work typically performed, or assigned

11  to, or undertaken by most of the persons who are (or were) similarly

12  situated to the plaintiff and who worked in neither the defendant's

13  Assurance and Advisory Business Services practice group or Tax

14  Services practice group.  If any of those persons are believed to

15  have more knowledge than others specify the persons with the greater

16  knowledge, if all such persons are believed to have equal knowledge

17  so state.  In the event that defendant believes more than 7 persons

18  have such a level of knowledge the defendant shall identify any such

19  7 persons with such level of knowledge who are still in the employ

20  of the defendant and 7 such persons with such level of knowledge who

21  are no longer in the employ of the defendant (if there are any such

22  persons no longer in the employ of the defendant, and for all such

23  persons no longer in the employ of the defendant the last known

24  address of such persons shall be furnished).

25  ANSWER:

26

27

28

1   INTERROGATORY NO. 3.  Identify the 7 persons that defendant believes
2   have the most knowledge of the work typically performed, or assigned
3   to, or undertaken by most of the persons who are (or were) similarly
4   situated to the plaintiff and who worked in the defendant's Tax
5   Services practice group.  If any of those persons are believed to
6   have more knowledge than others specify the persons with the greater
7   knowledge, if all such persons are believed to have equal knowledge
8   so state.  In the event that defendant believes more than 7 persons
9   have such a level of knowledge the defendant shall identify any such
10  7 persons with such level of knowledge who are still in the employ
11  of the defendant and 7 such persons with such level of knowledge who
12  are no longer in the employ of the defendant (if there are any such
13  persons no longer in the employ of the defendant, and for all such
14  persons no longer in the employ of the defendant the last known
15  address of such persons shall be furnished).
16  ANSWER:
17
18
19
20
21
22
23
24  INTERROGATORY NO. 4.  Identify the 7 persons that defendant believes
25  have the most knowledge of the tasks, duties, responsibilities, and
26  work that the persons who are (or were) similarly situated to the
27  plaintiff were *not* to perform or be assigned (such limitation(s)
28  being imposed by the defendant as a matter of policy).  If any of
    those persons are believed to have more knowledge than others

6

specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state.  In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished).

ANSWER:

INTERROGATORY NO. 5.  Identify the 7 persons that defendant believes have the most knowledge of the defendant's hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or education that was needed by most of the persons who are (or were) similarly situated to the plaintiff and who were hired by the defendant to work in the defendant's Assurance and Advisory Business Services practice group.  If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state.   In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who

are still in the employ of the defendant and 7 such persons with
such level of knowledge who are no longer in the employ of the
defendant (if there are any such persons no longer in the employ of
the defendant, and for all such persons no longer in the employ of
the defendant the last known address of such persons shall be
furnished).

ANSWER:


INTERROGATORY NO. 6.   Identify the 7 persons that defendant believes
have the most knowledge of the defendant's hiring criteria for the
persons similarly situated to the plaintiff, including the prior
experience and/or education that was needed by most of the persons
who are (or were) similarly situated to the plaintiff and who were
hired by the defendant to work in the defendant's Tax Service
practice group.   If any of those persons are believed to have more
knowledge than others specify the persons with the greater
knowledge, if all such persons are believed to have equal knowledge
so state.   In the event that defendant believes more than 7 persons
have such a level of knowledge the defendant shall identify any such
7 persons with such level of knowledge who are still in the employ
of the defendant and 7 such persons with such level of knowledge who
are no longer in the employ of the defendant (if there are any such
persons no longer in the employ of the defendant, and for all such
persons no longer in the employ of the defendant the last known
address of such persons shall be furnished).

ANSWER:

INTERROGATORY NO. 7.  Identify the 7 persons that defendant believes have the most knowledge of the defendant's hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or education that was needed by most of the persons who are (or were) similarly situated to the plaintiff and who were hired by the defendant to work in neither the defendant's Assurance and Advisory Business Services practice group nor its Tax Service practice group.  If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state.   In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished).

ANSWER:




INTERROGATORY NO. 8.   Identify witnesses who may on the defendants' behalf offer expert testimony in connection with the trial of this matter, and for each such expert witness provide:

　　　a)   The name, residential address, business address, qualifications and area of specialty of such expert witness;

　　　b)   The substance of the facts and opinion to which said expert witness is expected to testify and the facts and/or grounds

1    upon which each witness bases his or her opinions; and

2         c) Identify all reports, letters, memos, correspondence and/or

3    documents of any kind prepared by or for each such witness with

4    regard to any matter at issue in this case.

5    ANSWER:

6

7

8

9    INTERROGATORY NO. 8.   Set forth the name and last known address of

10   each person similarly situated to the plaintiff who is no longer

11   employed by the defendant and for each such person specify their

12   position (job title(s) and department(s) employed in) while employed

13   by the defendant.

14   ANSWER:

15

16

17

18   Dated: Clark County, Nevada
            February 7, 2007
19

20                            Respectfully submitted,

21

22                            _____
                              Leon Greenberg, Esq.
23                            LEON GREENBERG PROFESSIONAL CORPORATION
                              THIERMAN LAW FIRM
24                       Attorney for the Plaintiffs
                              633 South 4th Street - Suite 9
25                            Las Vegas, Nevada 89101
                              (702) 383-6085
26                            Nevada Bar Number: 8094

27

28


                                    10

EXHIBIT "D"

1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  S. ADAM SPIEWAK (SBN 230872)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
3  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
4  Telephone:    310-229-1000
   Facsimile:    310-229-1001
5  cconway@akingump.com
   gknopp@akingump.com
6  aspiewak@akingump.com

7  Attorneys for Defendant, ERNST & YOUNG LLP

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 | DAVID HO, on behalf of himself and others   | Case No. CV 05-04867 JF
   | similarly situated and on behalf of the
13 | general public and DOES 1-20                 | [Assigned for all purposes to the Honorable
   |                                              | Jeremy Fogel, Department 3]
14 |                    Plaintiff,

15 |        v.

16 | ERNST & YOUNG, LLP                           | **DEFENDANT'S RESPONSES TO
   |                                              | PLAINTIFF'S FIRST SET OF
17 |                    Defendant.                | INTERROGATORIES**

18

19

20    **PROPOUNDING PARTY:**              **Plaintiff, David Ho**

21    **RESPONDING PARTY:**               **Defendant, Ernst & Young LLP**

22    **SET NUMBER:**                     **One**

23

24

25

26

27

28

6053663                                                  CV 05-04867 JF
                              6053663 1

1        Pursuant to Federal Rule of Civil Procedure 33, defendant Ernst & Young LLP ("Defendant" or

2  "E&Y"), hereby objects and responds as follows to the Interrogatories Set One propounded by plaintiff

3  David Ho ("Plaintiff").

4                **I.**    **PRELIMINARY STATEMENT**

5        This response reflects only the current status of Defendant's knowledge, understanding and

6  belief respecting the matters about which inquiry has been made. Discovery in this action is ongoing

7  and, consequently, Defendant may not have yet identified all information responsive to these

8  Interrogatories Set One ("Interrogatories"). As discovery in this action proceeds, Defendant

9  anticipates that it may discover additional or different information or documents. Without in any way

10  obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further

11  explain the response and objections at any time in the future.

12        Furthermore, this response is without prejudice to the right of Defendant to use or rely on at

13  any time, on any subsequently discovered information, or information omitted from the response as a

14  result of mistake, error, oversight or inadvertence. Defendant further reserves the right to provide

15  additional information and evidence at any time, and to object on appropriate grounds to the

16  introduction of any portion of the response into evidence.

17        This response is made solely for the purpose of and in relation to discovery conducted in this

18  case. This response is given subject to all appropriate objections (including but not limited to

19  objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden,

20  materiality, confidential proprietary or trade secret material, or admissibility), which would require the

21  exclusion of any response contained herein. All such objections therefore are reserved and may be

22  interposed at trial.

23        Defendant responds to this Interrogatory as it currently interprets and understands it. If

24  Plaintiff subsequently asserts an interpretation of the Interrogatory that differs from Defendant's

25  understanding, Defendant reserves its right to supplement its objections and/or response herein.

26

27

28

1                           **II.    RESPONSES TO INTERROGATORIES**

2      **INTERROGATORY NO. 1**

3              Identify the 7 persons that defendant believes have the most knowledge of the work typically

4      performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to

5      the plaintiff and who worked in the defendant's Assurance and Advisory Business Services practice

6      group. If any of those persons are believed to have more knowledge than others specify the persons

7      with the greater knowledge, if all such persons are believed to have equal knowledge so state. In the

8      event that defendant believes more than 7 persons have such a level of knowledge the defendant shall

9      identify any such 7 persons with such level of knowledge who are still in the employ of the defendant

10     and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if

11     there are any such persons no longer in the employ of the defendant, and for all such persons no longer

12     in the employ of the defendant the last known address of such persons shall be furnished).

13     **RESPONSE TO INTERROGATORY NO. 1**

14             Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

15     and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

16     objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

17     situated to the plaintiff and who worked in Defendant's Assurance and Advisory business Services."

18     Defendant is unaware of anyone who worked in AABS who is similarly situated to plaintiff, a Senior

19     in International Tax. In addition Defendant objects to this Interrogatory to the extent that it assumes,

20     without factual basis, that there is "work typically performed, or assigned to, or undertaken by" any

21     group of persons. Defendant further objects to this Interrogatory to the extent that it seeks information

22     that would more properly be obtained by noticing depositions under Rule 30(b)(6).

23     **INTERROGATORY NO. 2**

24             Identify the 7 persons that defendant believes have the most knowledge of the work typically

25     performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to

26     the plaintiff and who worked in neither the defendant's Assurance and Advisory Business Services

27     practice group or Tax Services practice group. If any of those persons are believed to have more

28     knowledge than others specify the persons with the greater knowledge, if all such persons are believed

1   to have equal knowledge so state. In the event that defendant believes more than 7 persons have such a

2   level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who

3   are still in the employ of the defendant and 7 such persons with such level of knowledge who are no

4   longer in the employ of the defendant (if there are any such persons no longer in the employ of the

5   defendant, and for all such persons no longer in the employ of the defendant the last known address of

6   such persons shall be furnished).

7   **RESPONSE TO INTERROGATORY NO. 2**

8       Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

9   and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

10  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

11  situated to the plaintiff and who worked in neither the defendant's Assurance and Advisory Business

12  Services practice group or [sic] Tax Services practice group." Defendant is unaware of anyone who

13  worked in neither AABS nor Tax who is similarly situated to plaintiff, a Senior in International Tax.

14  Defendant also objects to this Interrogatory to the extent that it assumes, without factual basis, that

15  there is "work typically performed, or assigned to, or undertaken by" any group of persons. Defendant

16  further objects to this Interrogatory to the extent that it seeks information that would more properly be

17  obtained by noticing depositions under Rule 30(b)(6).

18  **INTERROGATORY NO. 3**

19      Identify the 7 persons that defendant believes have the most knowledge of the work typically

20  performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to

21  the plaintiff and who worked in the defendant's Tax Services practice group. If any of those persons

22  are believed to have more knowledge than others specify the persons with the greater knowledge, if all

23  such persons are believed to have equal knowledge so state. In the event that defendant believes more

24  than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with

25  such level of knowledge who are still in the employ of the defendant and 7 such persons with such

26  level of knowledge who are no longer in the employ of the defendant (if there are any such persons no

27  longer in the employ of the defendant, and for all such persons no longer in the employ of the

28  defendant the last known address of such persons shall be furnished).

6053663                                    2

1  **RESPONSE TO INTERROGATORY NO. 3**

2      Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

3  and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

4  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

5  situated to the plaintiff." Defendant also objects to this Interrogatory to the extent that it assumes,

6  without factual basis, that there is "work typically performed, or assigned to, or undertaken by" any

7  group of persons. Defendant further objects to this Interrogatory to the extent that it seeks information

8  that would more properly be obtained by noticing depositions under Rule 30(b)(6).

9  **INTERROGATORY NO. 4**

10      Identify the 7 persons that defendant believes have the most knowledge of the tasks, duties,

11  responsibilities, and work that the persons who are (or were) similarly situated to the plaintiff were not

12  to perform or be assigned (such limitation(s) being imposed by the defendant as a matter of policy). If

13  any of those persons are believed to have more knowledge than others specify the persons with the

14  greater knowledge, if all such persons are believed to have equal knowledge so state. In the event that

15  defendant believes more than 7 persons have such a level of knowledge the defendant shall identify

16  any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7

17  such persons with such level of knowledge who are no longer in the employ of the defendant (if there

18  are any such persons no longer in the employ of the defendant, and for all such persons no longer in

19  the employ of the defendant the last known address of such persons shall be furnished).

20  **RESPONSE TO INTERROGATORY NO. 4**

21      Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

22  and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

23  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

24  situated to the plaintiff." Defendant also objects to this Interrogatory to the extent that it assumes,

25  without factual basis, that there are "tasks, duties, responsibilities, and work that [a group of

26  individuals] were not to perform or be assigned (such limitation(s) being imposed by the defendant as a

27  matter of policy". Defendant further objects to this Interrogatory to the extent that it seeks information

28  that would more properly be obtained by noticing depositions under Rule 30(b)(6).

1  **INTERROGATORY NO. 5**

2          Identify the 7 persons that defendant believes have the most knowledge of the defendant's

3  hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or

4  education that was needed by most of the persons who are (or were) similarly situated to the plaintiff

5  and who were hired by the defendant to work in the defendant's Assurance and Advisory Business

6  Services practice group. If any of those persons are believed to have more knowledge than others

7  specify the persons with the greater knowledge, if all such persons are believed to have equal

8  knowledge so state. In the event that defendant believes more than 7 persons have such a level of

9  knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still

10  in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in

11  the employ of the defendant (if there are any such persons no longer in the employ of the defendant,

12  and for all such persons no longer in the employ of the defendant the last known address of such

13  persons shall be furnished).

14  **RESPONSE TO INTERROGATORY NO. 5**

15          Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

16  and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

17  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

18  situated to the plaintiff and who were hired by the defendant to work in the defendant's Assurance and

19  Advisory Business Services practice group." Defendant is unaware of anyone who was hired to work

20  in AABS who is similarly situated to plaintiff, a Senior in International Tax. Defendant also objects to

21  this Interrogatory to the extent that it assumes, without factual basis, that there is "work typically

22  performed, or assigned to, or undertaken by" any group of persons. Defendant further objects to this

23  Interrogatory to the extent that it seeks information that would more properly be obtained by noticing

24  depositions under Rule 30(b)(6).

25  **INTERROGATORY NO. 6**

26          Identify the 7 persons that defendant believes have the most knowledge of the defendant's

27  hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or

28  education that was needed by most of the persons who are (or were) similarly situated to the plaintiff

6053663

4

1   and who were hired by the defendant to work in the defendant's Tax Service practice group.  If any of
2   those persons are believed to have more knowledge than others specify the persons with the greater
3   knowledge, if all such persons are believed to have equal knowledge so state.  In the event that
4   defendant believes more than 7 persons have such a level of knowledge the defendant shall identify
5   any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7
6   such persons with such level of knowledge who are no longer in the employ of the defendant (if there
7   are any such persons no longer in the employ of the defendant, and for all such persons no longer in
8   the employ of the defendant the last known address of such persons shall be furnished).

9   **RESPONSE TO INTERROGATORY NO. 6**

10       Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time
11   and unduly burdensome to the extent that it seeks the names of seven individuals.  Defendant further
12   objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly
13   situated to the plaintiff and who were hired by the defendant to work in the defendant's Tax Service
14   practice group."  Defendant also objects to this Interrogatory to the extent that it assumes, without
15   factual basis, that there is "work typically performed, or assigned to, or undertaken by" any group of
16   persons.  Defendant further objects to this Interrogatory to the extent that it seeks information that
17   would more properly be obtained by noticing depositions under Rule 30(b)(6).

18   **INTERROGATORY NO. 7**

19       Identify the 7 persons that defendant believes have the most knowledge of the defendant's
20   hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or
21   education that was needed by most of the persons who are (or were) similarly situated to the plaintiff
22   and who were hired by the defendant to work in neither the defendant's Assurance and Advisory
23   Business Services practice group nor its Tax Service practice group.  If any of those persons are
24   believed to have more knowledge than others specify the persons with the greater knowledge, if all
25   such persons are believed to have equal knowledge so state.  In the event that defendant believes more
26   than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with
27   such level of knowledge who are still in the employ of the defendant and 7 such persons with such
28   level of knowledge who are no longer in the employ of the defendant (if there are any such persons no

1  longer in the employ of the defendant, and for all such persons no longer in the employ of the

2  defendant the last known address of such persons shall be furnished).

3  **RESPONSE TO INTERROGATORY NO. 7**

4      Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

5  and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

6  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

7  situated to the plaintiff and who were hired by the defendant to work in neither the defendant's

8  Assurance and Advisory Business Services practice group nor its Tax Service practice group."

9  Defendant is unaware of anyone who worked in neither AABS nor Tax who is similarly situated to

10  plaintiff, a Senior in International Tax. Defendant also objects to this Interrogatory to the extent that it

11  assumes, without factual basis, that there is "work typically performed, or assigned to, or undertaken

12  by" any group of persons. Defendant further objects to this Interrogatory to the extent that it seeks

13  information that would more properly be obtained by noticing depositions under Rule 30(b)(6).

14  **INTERROGATORY NO. 8**

15      Identify witnesses who may on the defendants' behalf offer expert testimony in connection with

16  the trial of this matter, and for each such expert witness provide:

17      a)   The name, residential address, business address, qualifications and area of specialty of

18  such expert witness;

19      b)   The substance of the facts and opinion to which said expert witness is expected to

20  testify and the facts and/or grounds upon which each witness bases his or her opinions; and

21      c)   Identify all reports, letters, memos, correspondence and/or documents of any kind

22  prepared by or for each such witness with regard to any matter at issue in this case.

23  **RESPONSE TO INTERROGATORY NO. 8**

24      Defendant objects to this Interrogatory on the ground that it is premature.

25      Subject to and without waiving the foregoing objections, Defendant responds as follows:

26      Defendant has not at this time identified any witnesses who may offer expert testimony in

27  connection with the trial of this matter. Defendant expressly reserves its right to identify such

28  witness(es) at a later date, and will supplement its response to this Interrogatory accordingly.

6053643                                    6

1 **INTERROGATORY NO. 8 [INCORRECTLY NUMBERED IN ORIGINAL]**

2       Set forth the name and last known address of each person similarly situated to the plaintiff who

3 is no longer employed by the defendant and for each such person specify their position (job title (s) and

4 department(s) employed in) while employed by the defendant.

5 **RESPONSE TO INTERROGATORY NO. 8 [INCORRECTLY NUMBERED IN ORIGINAL]**

6       Defendant objects to this Interrogatory on the ground that it is unduly burdensome. Defendant

7 further objects to this Interrogatory to the extent that it seeks information that is not relevant to the

8 subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible

9 evidence.  Defendant further objects to this Interrogatory on the ground that it is overbroad and

10 premature because a class has not been certified in this action. Defendant further objects to this

11 Interrogatory on the ground that it violates third-party rights to privacy.  Defendant also objects to this

12 Interrogatory on the ground that it is duplicative of discovery sought as part of Request for Production

13 No. 7.

14

15 Dated: March 12, 2007

           AKIN GUMP STRAUSS HAUER & FELD LLP

16            Catherine A. Conway
           Gregory W. Knopp

17            S. Adam Spiewak

18            By_____

19                  Gregory W. Knopp
           Attorneys for Defendant Ernst & Young LLP

20

21

22

23

24

25

26

27

28

1                                    PROOF OF SERVICE

2          STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3              I am employed in the County of Los Angeles, State of California. I am over the age of 18 and
4          not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los
           Angeles, California 90067.

5              On March 12, 2007, I served the foregoing document(s) described as:

6              **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
7          on the interested party(ies) below, using the following means:

8              Mark R. Thierman, Esq.
               THIERMAN LAW FIRM
9              7287 Lakeside Drive
               Reno, Nevada 89511
10             Telephone: 775.284.1500
               Facsimile: 775.703.5027

11         ☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the
           respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
12         mailing, following our ordinary business practices. I am readily familiar with the firm's practice of
           collection and processing correspondence for mailing. On the same day that correspondence is placed
13         for collection and mailing, it is deposited in the ordinary course of business with the United States
           Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.
14
           ☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose
15         direction the service was made.

16             Executed on March 12, 2007 at Los Angeles, California.

17         TANIA-LEE BAYLISS
           [Print Name of Person Executing Proof]                    [Signature]
18

19

20

21

22

23

24

25

26

27

28

           6053663                                    8

                                                                              CV 05-04867 JF

EXHIBIT "E"

Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------X
DAVID HO, on behalf of himself          Case No.  05-04867-JF (HRL)
and all others similarly situated
and on behalf of the general
public and DOES #1-20,

                    Plaintiffs,

     -against-


ERNST & YOUNG LLP

                    Defendants.
--------------------------------X

              DECLARATION OF LEON GREENBERG, ESQ.

     Leon Greenberg, hereby affirms, under the penalties of perjury,

that:


     1.   I am a member of the bar of this Court and the attorney

for the plaintiff in this case.  I am offering this declaration to

detail my good faith efforts to avoid motion practice over the

parties' current discovery dispute (involving the plaintiff's third

request for production of documents and the plaintiff's first

interrogatory request for identification of witnesses).


     2.   On March 19, 2007, I corresponded in detail with the

defendant's counsel about the deficiencies in their response to the

                              1

plaintiff's first set of interrogatories.   Subsequent to that date I telephoned the defendant's counsel and spoke with them on several different occasions about that issue (including on March 21, 2007, March 27, 2007, and subsequently).   Defendant's counsel has vaguely represented to me a I would receive some sort of further and unspecified response to such interrogatories, but I have not yet received any such response nor any assurance that such a response will fully comply with such requests.

3.   On April 17, 2007, I wrote by fax to the defendant's counsel setting forth in detail the deficiencies of their response to the plaintiff's third request for production of documents.   I also telephoned such counsel and left a message urging them to call me to discuss and resolve such issues.   In both that message and such correspondence I advised defendant's counsel that in one week's time I would submit a motion to compel the documents being sought if the issue was not resolved cooperatively by counsel.   Defendant's counsel has not seen fit to either telephone me to discuss such production or respond to my letter.

4.   I am filing this motion seven (7) days after notifying the defendant's counsel of the deficiency of their document production response (and over one month after advising them of the deficiency of their interrogatory response).   Under the circumstances this is appropriate because:

          i) Defendant's counsel has either not conferred at all

about this discovery or has not given any clear indication that it has any intention of changing its position and that it will provide the requested discovery;

ii) Discovery is set to close in this case, for the purposes of class certification, no later then July 26, 2007 (plaintiff having to present its motion for class certification on July 27, 2007).  That is an extremely short period of time as very little discovery has actually been conducted.  This time frame (which defendant's counsel has, so far, refused to extend despite my request) simply does not allow for the parties to take weeks to discuss their discovery positions before seeking a ruling from the Court.

iii) Defendant's counsel's previous suggestions that the parties "confer" about discovery matters has led to a substantial delay in moving discovery forward in this litigation.  Specifically, defendant's counsel took 37 days to finally advise plaintiff's counsel it would not produce certain vitally important time/billing records. That issue is now the subject of a motion to compel that is before the Court (Docket # 40).  The presentation of that motion was unreasonably delayed by such dilatory conduct by the defendant (Docket #40, Ex. "D", ¶ 6).

iv) Defendant's counsel, despite being aware of the very

3

short discovery schedule in this case, has not acted in a
diligent and prompt fashion to expedite discovery.  It
waited the maximum amount of time to respond to the
plaintiff's third request for production of documents and
then served by mail a response objecting to any production
(which response took two weeks to arrive at the
plaintiff's counsel's office).  This conduct by
defendant's counsel, if not intentionally undertaken to
deny discovery (by letting the discovery schedule "clock
run out"), manifests a lackadaisical, and inappropriate,
approach to resolving discovery issues in light of the
parties' discovery schedule.  Defendant's counsel could
have, and should have, contacted plaintiff's counsel
within days of its receipt of the plaintiff's requests and
conferred with plaintiff's counsel on an expedited basis.
Having neglected to do so it cannot be heard to now
complain, under the circumstances of this case, that it
has not been afforded a sufficient opportunity to "confer"
about this matter.

I have read the foregoing, which is true and correct.

Affirmed this 23rd Day of April, 2007

/s/

_____
Leon Greenberg

4

CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of APRIL, 2007, a copy of
the  foregoing  Plaintiff's  Third  Motion  to  Compel  Production  of
Documents and Information from Defendant for hearing on May 29, 2007
and exhibits and proposed order were filed with the District Court's
CM/ECF system and thus properly forwarded to all counsel through that
system.   I  further  certify  that  there  are  no  counsel  or  parties
appearing  in  this  case  who  are  not  registered  CM/ECF  users  and  who
would require service by mail of such materials.

Affirmed this 23rd day of April, 2007
                                              /s/
                                  _____
                                     Leon Greenberg

1