1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  S. ADAM SPIEWAK (SBN 230872)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
3  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
4  Telephone:     310-229-1000
   Facsimile:     310-229-1001
5  cconway@akingump.com
   gknopp@akingump.com
6  aspiewak@akingump.com

7  Attorneys for Defendant, ERNST & YOUNG LLP

8

                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                           SAN JOSE DIVISION
11

12 | DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20 | Case No. CV 05-04867 JF/HRL
13 | | [Assigned for all purposes to the Honorable Jeremy Fogel, Department 3]
14 | Plaintiff, |
15 | v. | **DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL**
16 | ERNST & YOUNG LLP |
17 | Defendant. | [SUPPORTING DECLARATIONS OF GREGORY W. KNOPP AND BIN W. WOLFE FILED CONCURRENTLY HEREWITH]
18 | |
19 | | Hearing Date:   May 29, 2007
   | | Hearing Time:   10:00 a.m.
20

---

**DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL**
CV 05-04867 JF

6078600

## I. INTRODUCTION

Defendant Ernst & Young LLP ("Ernst & Young") hereby responds to Plaintiff's Third Motion to Compel, by which Plaintiff primarily seeks discovery concerning the merits of putative class members' claims, even though no class has been certified in this action. Such discovery is premature in light of the Court's decision to limit discovery at this stage to class certification issues. For this reason and others, and because Ernst & Young is willing to compromise in several respects, Plaintiff's motion should be denied.

## II. ARGUMENT

### A. Plaintiff's Requests For Production

#### 1. Request No. 1

By this Request, Plaintiff seeks all documents "that set forth . . . the sort of work duties that either were, or should have been . . . performed by persons similarly situated to the plaintiff." In response, Ernst & Young agreed to produce a range of documents that describe the job duties of putative class members, including job descriptions and evaluation forms applicable to staffs 1 and 2 and seniors 1 and 2 across all of the firm's practice groups. *See* Declaration of Gregory Knopp ("Knopp Decl."), ¶ 2, Exh. A. Ernst & Young also will produce any additional policies, guidelines, internally created training materials, or memoranda in effect during the putative class period concerning the duties of staffs or seniors generally, to the extent any such documents exist.

However, as written, Plaintiff's request seeks much more. It calls for the production of every document "mentioning" the work duties of every single putative class member. Documents responsive to this request would include notes from a particular manager regarding a particular individual's work, instructions regarding the work to be performed by particular individuals on a particular project, and a myriad of other documents that are created on a daily basis. Discovery concerning the particular job duties of every putative class members on every client engagement would create a nearly insurmountable burden for Ernst & Young. Moreover, such particularized discovery at this stage clearly would run afoul of the order restricting discovery to class issues. Any inquiry into the work of particular individuals – individuals who are not currently parties to this action – would go straight to the merits of class members' claims. Such a widespread evaluation of the job duties of particular

individuals is precisely the type of class-wide merits discovery that the Court precluded at this stage of the litigation. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) (upholding lower court's denial of plaintiffs' motion to compel pre-certification discovery that went beyond scope of class certification issues).

### 2. Request No. 2

This Request calls for the production of "all 'materials on the utilization rate and return.'" Plaintiff broadly defined this Request to cover "all materials that deal with any aspect of the revenue either generated or that was contemplated or proposed to be generated by charging clients of the defendant for the time spent by persons similarly situated to the plaintiff on particular tasks." Ernst & Young objected on various grounds, including because the Request is vague, ambiguous and overbroad. *See* Knopp Decl., ¶ 2, Exh. A. Plaintiff never addressed these objections, except by stating that the Request was "clearly defined." Nevertheless, Ernst & Young produced a document that explains the utilization rate and also will produce any guidelines that describe how staffs and seniors should bill their time and describe their work in the time-keeping system.

In his motion, Plaintiff contends that he is also entitled to (1) "studies or analyses" conducted to enhance utilization rates or increase the amount of "billable" work; and (2) materials containing suggestions to supervisors about making changes regarding the time class members spend on particular activities. Any such documents would be of dubious probative value, given that his case concerns the work actually performed by staffs and seniors, and not E&Y's efforts to maximize utilization. In any event, despite diligent efforts, Ernst & Young has not identified any such documents. *See* Knopp Decl., ¶ 3.

Finally, discovery of documents concerning the utilization rates of each and every putative class member would be unduly burdensome and would constitute premature class-wide merits discovery. *See Washington*, 959 F. 2d at 1570-71.

### 3. Requests Nos. 3-4

These Requests seek documents concerning individual complaints about the work of particular putative class members. Ernst & Young objected to these Requests on the ground that they are vague and ambiguous. Indeed, Request No. 4 is nearly incomprehensible, as it calls for the production of:

documents setting forth instances where defendant's clients objected to client time billings, the nature of such objections, being, at least in part, that it was inappropriate to charge such clients for the time consumed by the persons similarly situated to the plaintiff performing such work because of the nature of the work (tasks) performed by such persons and upon which such client time billings (at least in part) were based.

Plaintiff never responded to this objection.

These Requests are improper for another reason as well. Though no class has been certified in this action, Plaintiff seeks documents concerning complaints by individual putative class members concerning their work and by clients concerning the work individual putative class members performed. Again, this Court has bifurcated discovery to permit, at this stage, only discovery relating to class certification issues. See Knopp Decl., ¶ 4. Discovery regarding the work of particular putative class members goes directly to the merits of those individuals' claims and is thus premature.

Plaintiff suggests that the existence of a large number of complaints could demonstrate commonality. However, he should not be permitted to conduct discovery into the particular circumstances of each and every putative class member in order to evaluate whether there exists common questions of fact. If such discovery were permitted, the Court's bifurcation order would be a nullity. See Palmer v. Stassinos, No. 5:04-cv-3026 RMW (RS), 2005 U.S. Dist. LEXIS 41270, *12-13 (N.D. Cal. May 18, 2005) (denying motion to compel discovery regarding putative class members because "it does not appear that the [additional data requested] are required to enable plaintiffs to file a motion for class certification.").

### B.     Plaintiff's Special Interrogatories

Plaintiff's special interrogatories seek the names of as many as 49 different individuals – *seven witnesses in each of seven different categories* – whom Ernst & Young believes are "most knowledgeable" regarding the job duties and qualifications of putative class members. Ernst & Young already has identified individuals with substantial knowledge on several of these topics (*see* Knopp Decl., ¶ 5, Exh. B), and has encouraged Plaintiff's counsel to serve Rule 30(b)(6) deposition notices if he is interested in discovering information on these topics.

But Plaintiff is not satisfied. Rather than simply taking depositions that will enable him to discover the information he wants regarding class member duties and qualifications, he insists that

Ernst & Young undergo the extremely burdensome process of evaluating the relative knowledge of many hundreds of individuals. As Ernst & Young has explained, every individual who works with staffs and seniors in California has knowledge concerning the duties and qualifications of staffs and seniors. Accordingly, Ernst & Young would be forced to evaluate the relative knowledge of all of these individuals in order to identify seven individuals who possess "the most knowledge." There is simply no justification for forcing Ernst & Young to engage in such an onerous process when a far less burdensome, and far more effective, discovery device – Rule 30(b)(6) depositions – is available. *See* Fed. R. Civ. Proc. 26(b)(2) (Court has power to limit burdensome discovery, including where discovery can be obtained through a less burdensome source or where burden of proposed discovery outweighs its likely benefit). Plaintiff's demand for *seven* witnesses for each of the various topics is particularly unjustified given that parties are limited to ten depositions absent stipulation or leave of Court. *See* Fed. R. Civ. Proc. 30(a)(2)(A).

Nevertheless, subject to its previously-asserted objections, Ernst & Young is willing to identify additional individuals who possess substantial knowledge concerning the topics at issue. The firm's California operations are divided into three primary practice groups: (1) Tax, (2) Assurance and Advisory Business Services ("AABS"), and (3) Transaction Advisory Services ("TAS"). *See* Declaration of Bin W. Wolfe ("Wolfe Decl."), ¶ 3. The AABS group is further divided into two primary subgroups: Risk Advisory Services ("RAS") and Assurance. *See id.* Ernst & Young's California offices also are divided between the firm's Pacific Southwest region and its Pacific Northwest region. *See id.* ¶ 4. For each of the three practice groups and the principal subgroups, Ernst & Young will identify at least two individuals – one from each region – who possess substantial knowledge regarding the duties and qualifications of staffs and seniors in the relevant group and region. Specifically, Ernst & Young will identify two individuals for each of the following:

- AABS – Assurance
- AABS – RAS
- Tax
- TAS

Plaintiff is free to take their depositions. If after doing so, Plaintiff believes additional discovery is necessary with respect to particular practice groups, Ernst & Young will identify additional witnesses.

III.   **CONCLUSION**

For the reasons discussed above, Plaintiff's motion should be denied.

Dated: May 8, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
S. Adam Spiewak


By  /s/ Gregory W. Knopp                    /
Gregory W. Knopp
Attorneys for Defendant Ernst & Young LLP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On May 8, 2007 I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number.**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 8, 2007 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]

/s/ Tracy Howe /
[Signature]