1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  S. ADAM SPIEWAK (SBN 230872)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
3  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
4  Telephone:  310-229-1000
   Facsimile:   310-229-1001
5  cconway@akingump.com
   gknopp@akingump.com
6  aspiewak@akingump.com

7  Attorneys for Defendant, ERNST & YOUNG LLP

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12 | DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20 | Case No. CV 05-04867 JF |
13 | | [Assigned for all purposes to the Honorable Jeremy Fogel, Department 3] |
14 | Plaintiff, | **DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT** |
15 | v. | **ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S MOTION** |
16 | ERNST & YOUNG LLP | **TO COMPEL PRODUCTION OF DOCUMENTS** |
17 | Defendant. | |
18 | | [DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S |
19 | | THIRD MOTION TO COMPEL AND DECLARATION OF BIN W. WOLFE FILED |
20 | | CONCURRENTLY HEREWITH] |
21 | | Hearing Date:    May 29, 2007 |
22 | | Hearing Time:   10:00 a.m. |

23

24

25

26

27

28

---

**DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL**

CV-05 04867 JF

1

## DECLARATION OF GREGORY W. KNOPP

2  I, Gregory W. Knopp, declare as follows:

3          1.      I am an attorney at law duly licensed to practice in the Northern District of California

4  and a partner in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for

5  Defendant Ernst & Young LLP ("Ernst & Young") in this action.  I have personal knowledge of the

6  facts stated herein, and if called and sworn as a witness, I would and could testify competently under

7  oath thereto.  I submit this declaration in support of Defendant's Opposition to Plaintiff's Third Motion

8  to Compel

9          2.      Attached hereto as **Exhibit A** is a true and correct copy Defendant Ernst & Young's

10  Responses to Plaintiff's Requests for Production of Documents (Set Three).

11          3.      Ernst & Young has not identified any studies or analyses conducted to enhance

12  utilization rates or increase the amount of billable work, or materials containing suggestions to

13  supervisors about making changes regarding the time class members spend on particular activities.

14          4.      At the Joint Case Management Conference for this case, the Court indicated that it

15  would only permit discovery relating to class certification issues prior to a class being certified.

16          5.      Attached hereto as **Exhibit B** is a true and correct copy Defendant Ernst & Young's

17  Supplemental Responses to Plaintiff's First Set of Interrogatories.

18          I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct.

20          Executed on this 8th day of May, 2007, in Los Angeles, California.

21

22  
Gregory W. Knopp

23

24

25

26

27

28

1

**DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL**

CV-05 04867 JF

**Exhibit A**

1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   S. ADAM SPIEWAK (SBN 230872)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:      310-229-1000
    Facsimile:      310-229-1001
5   cconway@akingump.com
    gknopp@akingump.com
6   aspiewak@akingump.com

7   Attorneys for Defendant, ERNST & YOUNG LLP

8
                       UNITED STATES DISTRICT COURT
9
                      NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12  DAVID HO, on behalf of himself and others     Case No. CV 05-04867 JF
    similarly situated and on behalf of the
13  general public and DOES 1-20                   [Assigned for all purposes to the Honorable
                                                   Jeremy Fogel, Department 3]
14                      Plaintiff,

15          v.

16  ERNST & YOUNG LLP                              **DEFENDANT ERNST & YOUNG LLP'S
                                                   RESPONSES TO PLAINTIFF'S
17                      Defendant.                 REQUESTS FOR PRODUCTION OF
                                                   DOCUMENTS (SET THREE)**
18

19

20

21

22  PROPOUNDING PARTY:          Plaintiff, DAVID HO

23  RESPONDING PARTY:           Defendant, ERNST & YOUNG LLP

24  SET NO.:                    THREE

25

26

27

28

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
                                                                        CV 05-04867 JF

EXHIBIT ___A___ PAGE ___7___

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, defendant Ernst & Young LLP ("Defendant" or "E&Y"), hereby objects and responds as follows to the Request for Production of Documents Set Three propounded by plaintiff David Ho ("Plaintiff").

## I.    PRELIMINARY STATEMENT

These responses reflect only the current status of Defendant's knowledge, understanding and belief respecting the matters about which inquiry has been made. Discovery in this action is continuing and, consequently, Defendant may not have yet identified all information responsive to this Request for Production of Documents ("Request"). As discovery in this action proceeds, Defendant anticipates that it may discover additional or different information or documents. Without in any way obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further explain these responses and objections at any time in the future.

Furthermore, these responses are without prejudice to the right of Defendant to use or rely on at any time, any subsequently discovered information, or information omitted from these responses as a result of mistake, error, oversight or inadvertence. Defendant further reserves the right to provide additional information and evidence at any time, and to object on appropriate grounds to the introduction of any portion of these responses into evidence.

These responses are made solely for the purpose of and in relation to discovery conducted in this case. Each response is given subject to all appropriate objections (including but not limited to objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden, materiality, confidential proprietary or trade secret material, or admissibility), which would require the exclusion of any response contained herein. All such objections therefore are reserved and may be interposed at trial.

Defendant responds to these Requests as it interprets and understands them. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's understanding, Defendant reserves its right to supplement its objections and/or responses herein.

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
CV 05-04867 JF

EXHIBIT_____*A*_____ PAGE _3_

## II.   GENERAL OBJECTIONS

The following general objections apply to each Request in Plaintiff's Request for Production of Documents Set Three, in addition to any objections that are addressed to particular Requests or subparts of particular Requests:

Defendant objects to the instructions and definitions set forth in Plaintiff's Requests to the extent they purport to alter Defendant's obligations under Federal Rule of Civil Procedure 34. Defendant objects to each Request to the extent that it imposes any requirements beyond those of the Federal Rules of Civil Procedure.  Such Requests are unduly burdensome and exceed the scope of permissible discovery.  Defendant will comply with the Federal Rules of Civil Procedure.

Defendant objects to each Request to the extent that it requires disclosure of matters and communications that are protected by the attorney-client privilege, work product doctrine, third parties' right to privacy or any other applicable privilege or immunity.  To the extent a Request can be construed to seek privileged or exempt information, Defendant objects and will produce only non-privileged, non-exempt material.

Defendant objects to each Request to the extent that it requires Defendant to provide information and/or documents not presently in its possession, custody or control or to make inquiries of persons or other entities not affiliated with it.

Defendant's responses herein are based upon its understanding of the Requests propounded to it and are based upon and necessarily limited by the information in existence, presently recollected, and presently discovered during the course of preparing these responses.  Defendant reserves the right to amend or supplement its responses in the event that its understanding and/or interpretation of any Request is different from that intended by Plaintiff, or in the event that additional information or documents are discovered.

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents that were used by the defendant that set forth (either as actual operating practices or suggested guidelines or practices) the sort of work duties that either were, or should have been, or were not to be, or should not have been, performed by persons similarly situated to the plaintiff.  This request includes, but is not limited to, all memorandums [sic], policy statements,

2

EXHIBIT____A____ PAGE __4(__

1   instructions, or other documents or communications mentioning such work duties that were from,

2   given to, or relied upon, by those employees of the defendant who were responsible for managing

3   and/or giving work assignments to the persons similarly situated to the plaintiff.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5       Defendant objects to this Request on the ground that it is overbroad as to time and scope,

6   unduly burdensome, and premature, including because a class has not been certified in this action.

7   Defendant also objects to this Request to the extent that it calls for documents that are protected by

8   attorney-client privilege and/or the work product doctrine.  Defendant further objects to this Request

9   on the ground that it is duplicative of Plaintiff's Request for Production No. 2 propounded in Plaintiff's

10  Request For Production Set One.  Defendant has already produced responsive documents that describe

11  Plaintiff's job duties.  Defendant further objects to this Request on the ground that it is vague and

12  ambiguous as to the terms "sort of work duties that either were, or should have been, or were not to be,

13  or should not have been, performed by persons similarly situated to the plaintiff" and "work duties that

14  were from, given to, or relied upon, by those employees of the defendant who were responsible for

15  managing and/or giving work assignments to the persons similarly situated to the plaintiff."

16      Subject to and without waiving the foregoing objections, Defendant responds that it will

17  produce job description documents and evaluation forms that pertain to staffs 1 and 2 and seniors 1 and

18  2.

19  **REQUEST FOR PRODUCTION NO. 2:**

20      Produce copies of all "materials on the utilization rate and return."

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

22      Defendant objects to this Request on the ground that it is vague and ambiguous as to the term

23  "materials on the utilization rate and return."  Defendant further objects to this Request on the ground

24  that it is overbroad.  Defendant also objects to this Request to the extent that it calls for documents that

25  are protected by attorney-client privilege and/or the work product doctrine.

26      Subject to and without waiving the foregoing objections, Defendant responds that it will

27  produce a non-privileged responsive document that explains the utilization rate.

28

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
CV 05-04867 JF

EXHIBIT____*A*____ PAGE ___5___

1  **REQUEST FOR PRODUCTION NO. 3:**

2         Provide copies of all documents mentioning complaints made to the defendant that the nature

3  of the work performed by the persons similarly situated to the plaintiff was inappropriate and of a too

4  menial or rote or low level basis, or was otherwise inappropriate, because such persons, based upon

5  their education and/or experience and/or training and/or the representations made by defendant to such

6  persons when they were hired by defendant, or for any other reason, should not be doing such work or

7  that they should be doing work requiring more intellectual application or more non-repetitive mental

8  exertion or the use of more independent judgement [sic] or discretion.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10         Defendant objects to this Request on the ground that it is overbroad as to time, unduly

11  burdensome, lacks foundation, and is premature, including because a class has not been certified in this

12  action.  Defendant further objects to this Request on the ground that it is compound and vague and

13  ambiguous as to the phrase "the nature of the work performed by the persons similarly situated to the

14  plaintiff was inappropriate and of a too menial or rote or low level basis, or was otherwise

15  inappropriate, because such persons, based upon their education and/or experience and/or training

16  and/or the representations made by defendant to such persons when they were hired by defendant, or

17  for any other reason, should not be doing such work or that they should be doing work requiring more

18  intellectual application or more non-repetitive mental exertion or the use of more independent

19  judgment or discretion."  Defendant further objects to this Request to the extent it seeks information,

20  the disclosure of which would constitute an unwarranted invasion of the affected person's

21  constitutional, statutory, and common-law right of privacy and confidentiality.  Defendant also objects

22  to this Request to the extent that it calls for documents that are protected by attorney-client privilege

23  and/or the work product doctrine.  In addition, Defendant objects to this Request to the extent that it

24  assumes, without factual basis, that there is a "nature of the work performed by the persons similarly

25  situated to the plaintiff."

26  **REQUEST FOR PRODUCTION NO. 4:**

27         Produce copies of all documents setting forth instances where defendant's clients objected to

28  client time billings, the nature of such objections being, at least in part, that it was inappropriate to

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
CV 05-04867 JF

EXHIBIT_____A_____PAGE___6___

1  charge such clients for the time consumed by the persons similarly situated to the plaintiff performing

2  such work because of the nature of the work (tasks) performed by such persons and upon which such

3  client time billings (at least in part) were based.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

5        Defendant objects to this Request on the ground that it is overbroad as to time, unduly

6  burdensome, lacks foundation, and seeks information not reasonably calculated to lead to the discovery

7  of admissible evidence, including because a class has not been certified in this action.  Defendant

8  further objects to this Request on the ground that it is vague and ambiguous as to the phrase "the nature

9  of such objections being, at least in part, that it was inappropriate to charge such clients for the time

10  consumed by the persons similarly situated to the plaintiff performing such work because of the nature

11  of the work (tasks) performed by such persons and upon which such client time billings (at least in

12  part) were based."  In addition, Defendant objects to this Request to the extent that it assumes, without

13  factual basis, that "it was inappropriate to charge such clients for the time consumed by the persons

14  similarly situated to the plaintiff performing such work" and that there exist "persons similarly situated

15  to the plaintiff performing such work."

16

17
18  Dated: _____

19                                   AKIN GUMP STRAUSS HAUER & FELD LLP
                                 Catherine A. Conway

20                                   Gregory W. Knopp
                                 S. Adam Spiewak

21                                   By_____

22                                       Gregory W. Knopp
                            Attorneys for Defendant Ernst & Young LLP

23

24

25

26

27

28

Defendant Ernst & Young LLP's Responses To Plaintiff's Requests For Production Of Documents (Set Three)
CV 05-04867 JF

EXHIBIT____A____PAGE____9____

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067.

On April 2, 2007 I served the foregoing document(s) described as:

**DEFENDANT ERNST & YOUNG LLP'S RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**
**(SET THREE)**

on the interested party(ies) below, using the following means:

| | |
|---|---|
| Mark R. Thierman, Esq, | Leon Greenberg, Esq. |
| THIERMAN LAW FIRM | Attorney at Law |
| 7287 Lakeside Drive | 633 South 4th Street, Suite 9 |
| Reno, Nevada 89511 | Las Vegas, Nevada 89101 |
| Telephone: 775.284.1500 | Telephone: 702.383.6085 |
| Facsimile: 775.703.5027 | Facsimile: 702.385.1827 |

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2007 at Los Angeles, California.

Sharon Cluff
[Print Name of Person Executing Proof]

[Signature]

CV 05-04867 JF

EXHIBIT ___A___ PAGE ___8___

**Exhibit B**

CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
S. ADAM SPIEWAK (SBN 230872)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:      310-229-1000
Facsimile:      310-229-1001
cconway@akingump.com
gknopp@akingump.com
aspiewak@akingump.com

Attorneys for Defendant, ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, on behalf of himself and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>Defendant. | Case No. CV 05-04867 JF<br><br>[Assigned for all purposes to the Honorable Jeremy Fogel, Department 3]<br><br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**          **Plaintiff, David Ho**

**RESPONDING PARTY:**          **Defendant, Ernst & Young LLP**

**SET NUMBER:**          **One**

---

EXHIBIT ___B___ PAGE ___9___

1    Pursuant to Federal Rule of Civil Procedure 33, defendant Ernst & Young LLP ("Defendant" or

2    "E&Y"), hereby objects and responds as follows to the Interrogatories Set One propounded by plaintiff

3    David Ho ("Plaintiff").

4    ## I.    **PRELIMINARY STATEMENT**

5    This response reflects only the current status of Defendant's knowledge, understanding and

6    belief respecting the matters about which inquiry has been made.  Discovery in this action is ongoing

7    and, consequently, Defendant may not have yet identified all information responsive to these

8    Interrogatories Set One ("Interrogatories").  As discovery in this action proceeds, Defendant

9    anticipates that it may discover additional or different information or documents.  Without in any way

10   obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify or further

11   explain the response and objections at any time in the future.

12   Furthermore, this response is without prejudice to the right of Defendant to use or rely on at

13   any time, on any subsequently discovered information, or information omitted from the response as a

14   result of mistake, error, oversight or inadvertence.  Defendant further reserves the right to provide

15   additional information and evidence at any time, and to object on appropriate grounds to the

16   introduction of any portion of the response into evidence.

17   This response is made solely for the purpose of and in relation to discovery conducted in this

18   case.  This response is given subject to all appropriate objections (including but not limited to

19   objections concerning competency, privacy, relevancy, specificity, overbreadth, undue burden,

20   materiality, confidential proprietary or trade secret material, or admissibility), which would require the

21   exclusion of any response contained herein.  All such objections therefore are reserved and may be

22   interposed at trial.

23   Defendant responds to this Interrogatory as it currently interprets and understands it.  If

24   Plaintiff subsequently asserts an interpretation of the Interrogatory that differs from Defendant's

25   understanding, Defendant reserves its right to supplement its objections and/or response herein.

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
CV 05-04867 JF

EXHIBIT___B___ PAGE___10___

## II.   RESPONSES TO INTERROGATORIES

__INTERROGATORY NO. 1__

Identify the 7 persons that defendant believes have the most knowledge of the work typically performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to the plaintiff and who worked in the defendant's Assurance and Advisory Business Services practice group. If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state. In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished).

__RESPONSE TO INTERROGATORY NO. 1__

Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly situated to the plaintiff and who worked in Defendant's Assurance and Advisory business Services." Defendant is unaware of anyone who worked in AABS who is similarly situated to plaintiff, a Senior in International Tax. In addition Defendant objects to this Interrogatory to the extent that it assumes, without factual basis, that there is "work typically performed, or assigned to, or undertaken by" any group of persons. Defendant further objects to this Interrogatory to the extent that it seeks information that would more properly be obtained by noticing depositions under Rule 30(b)(6).

__SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1__

Subject to and notwithstanding the foregoing objections, Defendant responds as follows: Any individual who works or has worked in Defendant's Assurance and Advisory Business Services practice group in California has knowledge of the range of duties performed by various staff and senior employees in the practice group. As a result, Defendant cannot answer this interrogatory without

__DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES__
CV 05-04867 JF

EXHIBIT_____*B*_____ PAGE____*11*____

1  undue burden.  Nevertheless, Defendant identifies the following individual who has significant

2  knowledge regarding this topic:

3  • Mark Borowski

4  • Scott Glover

5  **INTERROGATORY NO. 2**

6  Identify the 7 persons that defendant believes have the most knowledge of the work typically

7  performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to

8  the plaintiff and who worked in neither the defendant's Assurance and Advisory Business Services

9  practice group or Tax Services practice group.  If any of those persons are believed to have more

10  knowledge than others specify the persons with the greater knowledge, if all such persons are believed

11  to have equal knowledge so state.  In the event that defendant believes more than 7 persons have such a

12  level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who

13  are still in the employ of the defendant and 7 such persons with such level of knowledge who are no

14  longer in the employ of the defendant (if there are any such persons no longer in the employ of the

15  defendant, and for all such persons no longer in the employ of the defendant the last known address of

16  such persons shall be furnished).

17  **RESPONSE TO INTERROGATORY NO. 2**

18  Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

19  and unduly burdensome to the extent that it seeks the names of seven individuals.  Defendant further

20  objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

21  situated to the plaintiff and who worked in neither the defendant's Assurance and Advisory Business

22  Services practice group or [sic] Tax Services practice group."  Defendant is unaware of anyone who

23  worked in neither AABS nor Tax who is similarly situated to plaintiff, a Senior in International Tax.

24  Defendant also objects to this Interrogatory to the extent that it assumes, without factual basis, that

25  there is "work typically performed, or assigned to, or undertaken by" any group of persons.  Defendant

26  further objects to this Interrogatory to the extent that it seeks information that would more properly be

27  obtained by noticing depositions under Rule 30(b)(6).

28

3

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
CV 05-04867 JF

EXHIBIT___*B*___ PAGE _/2_

1  **INTERROGATORY NO. 3**

2  Identify the 7 persons that defendant believes have the most knowledge of the work typically

3  performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to

4  the plaintiff and who worked in the defendant's Tax Services practice group.  If any of those persons

5  are believed to have more knowledge than others specify the persons with the greater knowledge, if all

6  such persons are believed to have equal knowledge so state.  In the event that defendant believes more

7  than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with

8  such level of knowledge who are still in the employ of the defendant and 7 such persons with such

9  level of knowledge who are no longer in the employ of the defendant (if there are any such persons no

10 longer in the employ of the defendant, and for all such persons no longer in the employ of the

11 defendant the last known address of such persons shall be furnished).

12 **RESPONSE TO INTERROGATORY NO. 3**

13 Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

14 and unduly burdensome to the extent that it seeks the names of seven individuals.  Defendant further

15 objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

16 situated to the plaintiff."  Defendant also objects to this Interrogatory to the extent that it assumes,

17 without factual basis, that there is "work typically performed, or assigned to, or undertaken by" any

18 group of persons.  Defendant further objects to this Interrogatory to the extent that it seeks information

19 that would more properly be obtained by noticing depositions under Rule 30(b)(6).

20 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

21 Subject to and notwithstanding the foregoing objections, Defendant responds as follows:

22 Any individual who works or has worked in Defendant's Tax Service practice group in California has

23 knowledge of the range of duties performed by various staff and senior employees in the practice

24 group.  As a result, Defendant cannot answer this interrogatory without undue burden.  Nevertheless,

25 Defendant identifies the following individual who has significant knowledge regarding this topic:

26 • Terry Krupczak

27 • Greg Succa

28

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
CV 05-04867 JF

EXHIBIT____B____ PAGE____13____

1    **INTERROGATORY NO. 4**

2    Identify the 7 persons that defendant believes have the most knowledge of the tasks, duties,

3    responsibilities, and work that the persons who are (or were) similarly situated to the plaintiff were not

4    to perform or be assigned (such limitation(s) being imposed by the defendant as a matter of policy).  If

5    any of those persons are believed to have more knowledge than others specify the persons with the

6    greater knowledge, if all such persons are believed to have equal knowledge so state.  In the event that

7    defendant believes more than 7 persons have such a level of knowledge the defendant shall identify

8    any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7

9    such persons with such level of knowledge who are no longer in the employ of the defendant (if there

10   are any such persons no longer in the employ of the defendant, and for all such persons no longer in

11   the employ of the defendant the last known address of such persons shall be furnished).

12   **RESPONSE TO INTERROGATORY NO. 4**

13   Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

14   and unduly burdensome to the extent that it seeks the names of seven individuals.  Defendant further

15   objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

16   situated to the plaintiff."  Defendant also objects to this Interrogatory to the extent that it assumes,

17   without factual basis, that there are "tasks, duties, responsibilities, and work that [a group of

18   individuals] were not to perform or be assigned (such limitation(s) being imposed by the defendant as a

19   matter of policy".  Defendant further objects to this Interrogatory to the extent that it seeks information

20   that would more properly be obtained by noticing depositions under Rule 30(b)(6).

21   **INTERROGATORY NO. 5**

22   Identify the 7 persons that defendant believes have the most knowledge of the defendant's

23   hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or

24   education that was needed by most of the persons who are (or were) similarly situated to the plaintiff

25   and who were hired by the defendant to work in the defendant's Assurance and Advisory Business

26   Services practice group.  If any of those persons are believed to have more knowledge than others

27   specify the persons with the greater knowledge, if all such persons are believed to have equal

28   knowledge so state.  In the event that defendant believes more than 7 persons have such a level of

**EXHIBIT___B___PAGE__/4__**

1   knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still

2   in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in

3   the employ of the defendant (if there are any such persons no longer in the employ of the defendant,

4   and for all such persons no longer in the employ of the defendant the last known address of such

5   persons shall be furnished).

6   **RESPONSE TO INTERROGATORY NO. 5**

7   '   Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

8   and unduly burdensome to the extent that it seeks the names of seven individuals.  Defendant further

9   objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

10  situated to the plaintiff and who were hired by the defendant to work in the defendant's Assurance and

11  Advisory Business Services practice group."  Defendant is unaware of anyone who was hired to work

12  in AABS who is similarly situated to plaintiff, a Senior in International Tax.  Defendant also objects to

13  this Interrogatory to the extent that it assumes, without factual basis, that there is "work typically

14  performed, or assigned to, or undertaken by" any group of persons.  Defendant further objects to this

15  Interrogatory to the extent that it seeks information that would more properly be obtained by noticing

16  depositions under Rule 30(b)(6).

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

18  ,   Subject to and notwithstanding the foregoing objections, Defendant responds as follows:

19  Any individual who works or has worked in Defendant's Assurance and Advisory Business Services

20  practice group in California has knowledge of the experience and education of staff and senior

21  employees in the practice group.  As a result, Defendant cannot answer this interrogatory without

22  undue burden.  Nevertheless, Defendant identifies the following individual who has significant

23  knowledge regarding this topic:

24      •   Jeffrey Rosen

25  **INTERROGATORY NO. 6**

26      Identify the 7 persons that defendant believes have the most knowledge of the defendant's

27  hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or

28  education that was needed by most of the persons who are (or were) similarly situated to the plaintiff

6

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

CV 05-04867 JF

EXHIBIT____B____   PAGE____/ 5____

1 and who were hired by the defendant to work in the defendant's Tax Service practice group. If any of

2 those persons are believed to have more knowledge than others specify the persons with the greater

3 knowledge, if all such persons are believed to have equal knowledge so state. In the event that

4 defendant believes more than 7 persons have such a level of knowledge the defendant shall identify

5 any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7

6 such persons with such level of knowledge who are no longer in the employ of the defendant (if there

7 are any such persons no longer in the employ of the defendant, and for all such persons no longer in

8 the employ of the defendant the last known address of such persons shall be furnished).

9 **RESPONSE TO INTERROGATORY NO. 6**

10      Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

11 and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

12 objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

13 situated to the plaintiff and who were hired by the defendant to work in the defendant's Tax Service

14 practice group." Defendant also objects to this Interrogatory to the extent that it assumes, without

15 factual basis, that there is "work typically performed, or assigned to, or undertaken by" any group of

16 persons. Defendant further objects to this Interrogatory to the extent that it seeks information that

17 would more properly be obtained by noticing depositions under Rule 30(b)(6).

18 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

19      Subject to and notwithstanding the foregoing objections, Defendant responds as follows:

20 Any individual who works or has worked in Defendant's Tax Service practice group in California has

21 knowledge of the experience and education of staff and senior employees in the practice group. As a

22 result, Defendant cannot answer this interrogatory without undue burden. Nevertheless, Defendant

23 identifies the following individual who has significant knowledge regarding this topic:

24      •   Terry Krupczak

25 **INTERROGATORY NO. 7**

26      Identify the 7 persons that defendant believes have the most knowledge of the defendant's

27 hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or

28 education that was needed by most of the persons who are (or were) similarly situated to the plaintiff

7

1    and who were hired by the defendant to work in neither the defendant's Assurance and Advisory

2    Business Services practice group nor its Tax Service practice group. If any of those persons are

3    believed to have more knowledge than others specify the persons with the greater knowledge, if all

4    such persons are believed to have equal knowledge so state. In the event that defendant believes more

5    than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with

6    such level of knowledge who are still in the employ of the defendant and 7 such persons with such

7    level of knowledge who are no longer in the employ of the defendant (if there are any such persons no

8    longer in the employ of the defendant, and for all such persons no longer in the employ of the

9    defendant the last known address of such persons shall be furnished).

10   **RESPONSE TO INTERROGATORY NO. 7**

11        Defendant objects to this Interrogatory on the ground that it is overbroad as to scope and time

12   and unduly burdensome to the extent that it seeks the names of seven individuals. Defendant further

13   objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "similarly

14   situated to the plaintiff and who were hired by the defendant to work in neither the defendant's

15   Assurance and Advisory Business Services practice group nor its Tax Service practice group."

16   Defendant is unaware of anyone who worked in neither AABS nor Tax who is similarly situated to

17   plaintiff, a Senior in International Tax. Defendant also objects to this Interrogatory to the extent that it

18   assumes, without factual basis, that there is "work typically performed, or assigned to, or undertaken

19   by" any group of persons. Defendant further objects to this Interrogatory to the extent that it seeks

20   information that would more properly be obtained by noticing depositions under Rule 30(b)(6).

21   **INTERROGATORY NO. 8**

22        Identify witnesses who may on the defendants' behalf offer expert testimony in connection with

23   the trial of this matter, and for each such expert witness provide:

24        a)    The name, residential address, business address, qualifications and area of specialty of

25   such expert witness;

26        b)    The substance of the facts and opinion to which said expert witness is expected to

27   testify and the facts and/or grounds upon which each witness bases his or her opinions; and

28

8

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
CV 05-04867 JF

EXHIBIT____*B*____PAGE____*17*____

1      c)    Identify all reports, letters, memos, correspondence and/or documents of any kind

2 prepared by or for each such witness with regard to any matter at issue in this case.

3 **RESPONSE TO INTERROGATORY NO. 8**

4      Defendant objects to this Interrogatory on the ground that it is premature.

5      Subject to and without waiving the foregoing objections, Defendant responds as follows:

6      Defendant has not at this time identified any witnesses who may offer expert testimony in

7 connection with the trial of this matter.  Defendant expressly reserves its right to identify such

8 witness(es) at a later date, and will supplement its response to this Interrogatory accordingly.

9 **INTERROGATORY NO. 8 [INCORRECTLY NUMBERED IN ORIGINAL]**

10      Set forth the name and last known address of each person similarly situated to the plaintiff who

11 is no longer employed by the defendant and for each such person specify their position (job title (s) and

12 department(s) employed in) while employed by the defendant.

13 **RESPONSE TO INTERROGATORY NO. 8 [INCORRECTLY NUMBERED IN ORIGINAL]**

14      Defendant objects to this Interrogatory on the ground that it is unduly burdensome. Defendant

15 further objects to this Interrogatory to the extent that it seeks information that is not relevant to the

16 subject matter of this dispute and is not reasonably calculated to lead to the discovery of admissible

17 evidence.  Defendant further objects to this Interrogatory on the ground that it is overbroad and

18 premature because a class has not been certified in this action. Defendant further objects to this

19 Interrogatory on the ground that it violates third-party rights to privacy.  Defendant also objects to this

20 Interrogatory on the ground that it is duplicative of discovery sought as part of Request for Production

21 No. 7.

22

23 Dated: *April 25, 2007*        AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
24              S. Adam Spiewak

25

26              By _Catherine A. Conway /so_
Catherine A. Conway
27              Attorneys for Defendant Ernst & Young LLP

28

9

EXHIBIT___B___PAGE _18_

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On April 25, 2007, I served the foregoing document(s) described as: **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested party(ies) below, using the following means:

Mark R. Thierman, Esq,            Leon Greenberg, Esq.
THIERMAN LAW FIRM                 Attorney at Law
7287 Lakeside Drive               633 South 4th Street, Suite 9
Reno, Nevada 89511                Las Vegas, Nevada 89101
Telephone:  775.284.1500          Telephone:  702.383.6085
Facsimile:  775.703.5027          Facsimile:  702.385.1827

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 25, 2007 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]              [Signature]

10
DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
CV 05-04867 JF

EXHIBIT B  PAGE 19

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On May 8, 2007 I served the foregoing document(s) described as: **DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number.**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 8, 2007 at Los Angeles, California.

Tracy Howe
_____
[Print Name of Person Executing Proof]

  _/s/ Tracy Howe_                              _/
[Signature]

6078600

20

DECLARATION OF GREGORY W. KNOPP IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF DAVID HO'S THIRD MOTION TO COMPEL

CV 05-04867 JF