United States District Court
For the Northern District of California

\*E-filed 5/9/07\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, et al.<br><br>  Plaintiff,<br><br> v.<br><br>ERNST & YOUNG, LLP ,<br><br>  Defendant. | Case No. C05-04867 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION**<br><br>Re: Docket No. 40 |

In this putative class action, plaintiff employee contends that defendant employer improperly treated him and other employees as "professionals" exempt from California's overtime laws. No class has yet been certified. Plaintiff now moves to compel defendant to produce time and activity records for all members of the putative class, as well as names and addresses of all members of the putative class.

Although no formal discovery bifurcation order has been issued, the parties appear to agree that discovery should, for now, focus on whether or not a class may be certified. Plaintiff contends that the discovery at issue in this motion falls within that category. Defendant naturally takes the opposite stance.

The job classifications subject to this order are Staff One, Staff Two, Senior One, and Senior Two.

A.     **Time and Activity Records**[1]

Plaintiff seeks production of the defendant's electronic time and activity records for the putative class members, as described in his First Request for Production of Documents, Request No. 1.[2] Defendant produced the named plaintiff's records, but initially refused to produce more, objecting on grounds of relevance and overbreadth. Defendant offered a compromise, producing records for a six month period in 2002 for certain job classifications.

Defendant argues that the information revealed by time records goes straight to the merits of plaintiff's claims, and therefore this discovery is premature. This argument is unfounded, because discovery can certainly be relevant both to class certification issues and to the merits. Plaintiff reasonably articulated his theory of relevance to class certification issues: these records may indicate whether the putative class members did work that was sufficiently similar to justify a class action.

Defendant asserts that a limited sample of time and activity records would be sufficient for plaintiff's professed purposes. In essence, this is an argument about costs and benefits, with defendant contending that the cost of producing all of the records is not justified by the benefit to plaintiff. In support of its contention, defendant argues that the process of preparing the records for production is "time-consuming," due in part to the need to redact client names from every record. However, a stipulated protective order is in place that allows defendants to designate documents "confidential" and file them under seal, so long as the documents qualify for protection under Federal Rule of Civil Procedure 26(c). If defendant, despite the protective

---

[1] Plaintiff's moving papers discuss "time and billing records" but it is clear that plaintiff seeks activity descriptions rather than billing information.

[2] Plaintiff's moving papers also mention Request No. 2, but this request does not encompass time and billing records, so the court concludes that its inclusion was unintentional.

Request No. 1 reads: "Produce all documents such as time cards, daily attendance records, sign in/out sheets or similar documents that contain information showing the amount (hours or fractions thereof) of work performed by the plaintiff and others similarly situated on a daily or weekly or other basis and/or such records that document or record the amount of time or dates that such persons were present on the defendant's business premises whether or not such persons were engaged in any employment for the defendant during such time period."

2

1 order, is queasy about releasing client names to plaintiff, it may redact the names. However, the
2 court does not see defendant's desire to redact client names as a sufficiently serious concern to
3 warrant any delay or limitation in production. The party resisting relevant, non-privileged
4 discovery has the burden of showing why discovery should not go forward. *Blankenship v.*
5 *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court concludes that defendant has not
6 met its burden. Defendant shall produce the records by May 23, 2007.

### B. Names and Addresses

Plaintiff also seeks a list of the names and addresses of all putative class members (Request No. 7 of his First Request for Production of Documents).[3] Plaintiff explains that he wishes to contact potential class members so that they can offer evidence in support of plaintiff's contention that the class members all did similar work. Defendant initially objected on grounds of relevance, overbreadth, and privacy. Defendant later agreed to send "opt-out" notices, through a third-party administrator, to 25% of the putative class members. These notices would allow employees to choose not to have their contact information shared with plaintiff. At the hearing, the parties represented that these notices have been sent and that approximately 20% of the individuals contacted chose to opt out. Thus, plaintiff already has access to approximately 600 putative class members. The parties agree about the opt-out notification process, but disagree about whether notices should be sent to the remaining 75% of the class.

Defendant argues that widespread evaluation of the job duties of all putative class members would be discovery on the merits, and thus premature. This argument is misguided for the same reason explained above with respect to time records: contact information is relevant to *both* the merits and class certification.

Defendant contends that this discovery is "overbroad," because the plaintiff already has contact information for approximately 600 putative class members. Defendant wants plaintiff

---

[3] Request No. 7 reads "Identify and produce a list of the names and addresses and all persons similarly situated to the plaintiff or if no such list exists or defendant declines to comple such a list documents that contain such information, including, but not limited to, W-2 and W-4 forms."

3

to wait and see if he gets enough useful information from these individuals before seeking to contact more people. However, defendant's frustration that plaintiff will not agree to a compromise does not affect plaintiff's right to seek all relevant non-privileged discovery.

Defendant next argues that this discovery would be unduly burdensome in that it would disturb defendant's business. Defendant asserts that employees receiving the opt-out notice can be expected to "gossip," and that these conversations would be "inherently disruptive" to defendant's business. Defendant makes no argument that the actual production of the list of names and addresses would itself impose a burden. The court is not convinced (and defendant cites no law indicating) that an increased number of employee discussions provoked by the receipt of opt-out notices is the kind of burden cognizable by the court within the context of a discovery dispute. Therefore, defendant shall immediately direct the neutral mailing service previously used by the parties to mail the same opt-out notice to the remaining 75% of the putative class members, following the procedure previously agreed upon. Plaintiff's motion is GRANTED in its entirety.

**IT IS SO ORDERED.**

Dated: 5/9/07                                    /s/  Howard R. Lloyd
                                                 HOWARD R. LLOYD
                                                 UNITED STATES MAGISTRATE JUDGE

4

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Catherine A. Conway cconway@akingump.com, thowe@akingump.com

Leon Greenberg wagelaw@aol.com

Gregory William Knopp gknopp@akingump.com, dkucko@akingump.com

Seth Adam Spiewak aspiewak@akingump.com, thowe@akingump.com

Mark R. Thierman laborlawyer@pacbell.net, kellyann@callatg.com; thier3@callatg.com; thier4@callatg.com; thier6@callatg.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:   5/9/07                    /s/  JMM
                                   Chambers of Magistrate Judge Howard R. Lloyd

5