*E-filed 6/6/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, et al. | Case No. C05-04867 JF (HRL) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL |
| v. | |
| ERNST & YOUNG, LLP, | Re: Docket No. 51 |
| Defendant. | |

In this putative class action, Plaintiff David Ho contends that his employer, Defendant Ernst & Young, LLP ("E & Y"), improperly treated him and other employees as "professionals" exempt from California's overtime laws. No class has yet been certified.[1] Plaintiff moves to compel production of documents and interrogatories which he claims are necessary for the class certification hearing. The matter was argued and submitted.

### A. Request Nos. 1 and 2

In Request Nos. 1 and 2, Plaintiff seeks information which he says is relevant to determining the nature of the work typically performed by putative class members.

---

[1] The current scope of discovery is limited to that which is relevant to the class certification.

<u>Request No. 1</u>: Produce all documents that were used by the defendant that set forth (either as actual operating practices or suggested guidelines or practices) the sort of work duties that either were, or should have been, or were not to be, or should not have been, performed by persons similarly situated to the plaintiff.[2]  This request includes, but is not limited to, all memorandums, policy statements, instructions, or other documents or communications mentioning such work duties that were from, given to, or relied upon, by those employees of the defendant who were responsible for managing and/or giving work assignments to the persons similarly situated to the plaintiff.

<u>Request No. 2</u>: "Produce copies of all materials on the utilization rate and return."

(Mot., Ex. A).

Request No. 1 broadly asks for information pertaining to class member work duties as explained in various documents.  Defendant initially agreed to produce job description documents and evaluation forms related to Staffs and Seniors across all of the firm's practice groups.  (Knopp Decl.).  Subsequently, Defendant agreed to produce policies, guidelines, internally created training materials, or memoranda in effect during the putative class period concerning the duties of Staffs or Seniors generally.  (Opp. Brief).  Plaintiff was concerned that this offer did not address work actually performed by putative class members.  (Reply Brief).

Plaintiff explains that Request No. 2 seeks materials dealing with revenue generated or proposed to be generated by charging Defendant's clients for the time Staffs and Seniors performed on particular tasks (i.e., materials related to "client time billing").  (Mot., Ex. A).  Particularly, Plaintiff pointed to the production of studies or analyses conducted with respect to the utilization rates of putative class members.  In response, Defendant has produced a document that explains the utilization rate and denied knowledge of any "studies or analyses conducted to enhance utilization rates."  (Knopp Decl.)  Further, Defendant agreed to produce guidelines that describe how Staffs and Seniors should bill their time and describe their work in the time-keeping system.  (Opp. Brief).

Although the court finds the information sought in Request Nos. 1 and 2 relevant to class certification, the scope of these requests is overbroad.  Moreover, the court is cautious to permit production of information pertaining to individual class members, as this would exceed

---

[2] [Footnote by the court] For purposes of this order, the term "similarly situated to the plaintiff" shall refer to those persons within the job classifications of Staffs One, Staffs Two, Seniors One and Seniors Two (hereinafter "Staffs and Seniors").

2

the scope of the limited class certification discovery. Therefore, Request No. 1 shall be limited to those policy statements, guidelines, manuals, memoranda or the like which reference or describe the work duties of Staffs and Seniors, at an organizational level (as opposed to an individualized basis). Request No. 2 shall be limited to those policy statements, guidelines, manuals, memoranda or the like which describe how Staffs and Seniors, at an organizational level, should bill their time and describe their work in the timekeeping system. Further, Defendant is ordered to identify, to the extent they exist, any and all studies or analyses conducted pertaining to the utilization rates of Staffs and Seniors at an organizational level. Accordingly, Plaintiff's motion as to Request Nos. 1 and 2 is GRANTED as limited. E & Y shall produce all responsive, non-privileged documents **within ten days of the date of this order.**

### B.     Request Nos. 3-4

In Request Nos. 3 and 4, Plaintiff seeks documents referencing complaints and objections made to Defendant about the nature of work performed by Staffs and Seniors.

> Request No. 3: Provide copies of all documents mentioning complaints made to the defendant that the nature of the work performed by the persons similarly situated to the plaintiff was inappropriate and of a too menial or rote or low level basis, or was otherwise inappropriate, because such persons, based upon their education and/or experience and/or training and/or the representations made by defendant to such persons when they were hired by defendant, or for any other reason, should not be doing such work or that they should be doing work requiring more intellectual application or more nonrepetitive mental exertion or the use of more independent judgement or discretion.
>
> Request No. 4:  Produce copies of all documents setting forth instances where defendant's clients objected to client time billings, the nature of such objections being, at least in part, that it was inappropriate to charge such clients for the time consumed by the persons similarly situated to the plaintiff performing such work because of the nature of the work (tasks) performed by such persons and upon which such client time billings (at least in part) were based.

(Mot., Ex. A).

Plaintiff argues that the presence of repeated or extensive complaints about the inappropriate nature of the work being performed by class members supports a conclusion that such work duties were common among class members. However, Plaintiff has not demonstrated that the information sought could support the plaintiff's motion for class

3

certification.[3] Furthermore, the requests are overbroad as written and unduly burdensome. Plaintiff's motion as to Request Nos. 3 and 4 is DENIED.

### D. Interrogatory Nos. 1-4

Interrogatory Nos.1-3 each request the names of seven individuals with the most knowledge of the work duties of Staffs and Seniors within Defendant's practice groups.[4] Interrogatory No. 4 seeks the name of seven persons with the most knowledge of work duties that putative class members were not to perform as a matter of policy.

> Interrogatory No. 1: Identify the 7 persons that defendant believes have the most knowledge of the work typically performed, or assigned to, or undertaken by most of the persons who are (or were) similarly situated to the plaintiff **and who worked in the defendant's Assurance and Advisory Business Services practice group.** If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state. In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished).

Interrogatories Nos. 2 and 3 are identical to that of No. 1, except that the part in bold is replaced with the following:

> Interrogatory No. 2: "and who worked in neither the defendant's Assurance and Advisory Business Services practice group or Tax Services practice group."

> Interrogatory No. 3: "and who worked in the defendant's Tax Services practice group."

> Interrogatory No. 4: Identify the 7 persons that defendant believes have the most knowledge of **the tasks, duties, responsibilities, and work that the persons who are (or were) similarly situated to the plaintiff were not to perform or be assigned (such limitations(s) being imposed by the defendant as a matter of policy).** If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state. In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no

---

[3] In proving commonality, Plaintiff would not likely be permitted to extrapolate from complaints or objections about individual class members to the entire class, thus the information sought is irrelevant.

[4] Defendant's California's operations are divided into three primary practice groups: (1) Tax, (2) Assurance and Advisory Business Services ("AABS"), and (3) Transaction Advisory Services. The AABS group is further divided into two primary subgroups: Risk Advisory Services and Assurance. (Wolfe Decl.)

longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished).

(Mot., Ex. C).

Defendant has offered to identify two individuals within each practice group[5] "who possess substantial knowledge regarding the duties ... of staffs and seniors in the relevant group." (Opp. Brief). Given the opportunity for Plaintiff to seek Rule 30(b)(6) depositions and his inability to explain the need for seven individuals, the court adopts Defendant's proposal fully. Accordingly, Plaintiff's motion as to Interrogatory Nos. 1, 2 and 3 is GRANTED as limited. E & Y shall respond to the interrogatory request **within ten days of the date of this order.** With respect to Interrogatory No. 4, the court finds that the request seeks information which can more properly be obtained through a Rule 30(b)(6) deposition. Therefore, Plaintiff's motion as to Interrogatory No. 4 is DENIED.

### E. Interrogatory Nos. 5-7

These interrogatories each request the names of seven individuals with the most knowledge of Defendant's hiring criteria of Staffs and Seniors within Defendant's practice groups.

> Interrogatory No. 5: "Identify the 7 persons that defendant believes have the most knowledge of the defendant's hiring criteria for the persons similarly situated to the plaintiff, including the prior experience and/or education that was needed by most of the persons who are (or were) similarly situated to the plaintiff and who were hired by the defendant **to work in the defendant's Assurance and Advisory Business Services practice group.** If any of those persons are believed to have more knowledge than others specify the persons with the greater knowledge, if all such persons are believed to have equal knowledge so state. In the event that defendant believes more than 7 persons have such a level of knowledge the defendant shall identify any such 7 persons with such level of knowledge who are still in the employ of the defendant and 7 such persons with such level of knowledge who are no longer in the employ of the defendant (if there are any such persons no longer in the employ of the defendant, and for all such persons no longer in the employ of the defendant the last known address of such persons shall be furnished)."

Interrogatories Nos. 6 and 7 are identical to that of No. 5, except that the part in bold is replaced with the following:

---

[5] Defendant identifies the following four practice groups for this purpose: Tax, Transaction Advisory Services, Assurance and Advisory Business Services (subgroup Risk Advisory Services) and Assurance and Advisory Business Services (subgroup Assurance). (Opp. Brief).

5

<u>Interrogatory No. 6</u>: "to work in the defendant's Tax Service practice group."

<u>Interrogatory No.7</u>: "to work in neither the defendant's Assurance and Advisory Business Services practice group nor its Tax Service practice group."

(Mot., Ex. C).

Defendant has agreed to identify two individuals from each of the four practice groups "who possess substantial knowledge regarding the ... qualifications of staffs and seniors in the relevant group and region." (Opp. Brief). For the reasons expressed previously, the court adopts with a modification the Defendant's proposed limitation. Accordingly, Plaintiff's motion as to Interrogatory Nos. 5, 6 and 7 is GRANTED, but the production shall be limited to the identification of two individuals in each of the four practice groups with substantial knowledge of the hiring criteria and qualifications for Staffs and Seniors within that group. E&Y shall respond to the interrogatory request in accordance with this order, **within ten days of the date of this order**.

IT IS SO ORDERED.

Dated: 6/6/07

Howard R. Lloyd
United States Magistrate Judge

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Catherine A. Conway cconway@akingump.com, thowe@akingump.com

Leon Greenberg wagelaw@aol.com

Gregory William Knopp gknopp@akingump.com, dkucko@akingump.com

Seth Adam Spiewak aspiewak@akingump.com, thowe@akingump.com

Mark R. Thierman laborlawyer@pacbell.net, kellyann@callatg.com; thier3@callatg.com; thier4@callatg.com; thier6@callatg.com

Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.

Dated:  6/6/07                                /s/          KRO
                                                      Chambers of Magistrate Judge Howard R. Lloyd