\*\* E-Filed 07/17/2007 \*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, on behalf of himself and all others similarly situated and on behalf of the general public and DOES #1-20,<br><br>    Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP,<br><br>    Defendant. | Case Number C 05-04867 JF<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT<br><br>[re: docket no. 67] |

## I. BACKGROUND

Plaintiff David Ho alleges that Defendant improperly classified him as a salaried employee and then exempted him from overtime pay under California law. He purports to represent a class of all persons employed by Defendant in California who were performing the same functions and subject to the same salaried compensation system. Plaintiff filed his original complaint September 27, 2005, and Defendant answered on November 23, 2005. The case was removed to this Court on November 29, 2005, and the parties propounded their first document

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C05-04867
ORDER GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND EXTEND DISCOVERY SCHEDULE
(JFEX1)

1  requests in May 2006. Per a case management order dated February 2, 2007, Plaintiff will file his
2  class certification motion on July 27, 2007, and the hearing on that motion is scheduled for
3  August 31, 2007.
4        Plaintiff now moves to amend his original complaint to join three additional
5  representative Plaintiffs and to add a new claim alleging that Defendant owes additional wages
6  under California law for missed meal and rest breaks. Defendant opposes the motion. Plaintiff
7  also has filed a related motion for administrative relief to extend discovery and continue the
8  August 31, 2007, hearing.[2] The Court heard oral argument on July 6, 2007.

## II. LEGAL STANDARD

A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." The Ninth Circuit notes that this "policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC* v. *Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens* v. *Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)). In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility. *Owens,* 244 F.3d at 712 (citing *Griggs* v. *Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

## III. DISCUSSION

In opposition to Plaintiff's motion, Defendant contends that the motion actually is an attempt to avoid summary judgment. Defendant alleges that Plaintiff is attempting to expand the putative class by adding a "staff 2" employee as a representative Plaintiff, thereby avoiding summary judgment based upon Plaintiff Ho's weak employment history. However, in his original complaint, Plaintiff Ho purports to represent "similarly titled personnel who performed the same functions as the named plaintiff." Although the class is yet to be certified, it appears that a "staff

---

[2] Plaintiff made his related motion to extend discovery and delay the class certification hearing under Civil Local Rule 7-11. Although Plaintiff should have submitted his motion under FRCP 6 and Civil Local Rule 6-3, the Court addresses the motion here because Plaintiff has met all of the substantive requirements of those rules.

2

2" employee is similarly titled to the "staff 1" employees whose duties are described in the original complaint. Thus, Plaintiff does not seek materially to alter the putative class by adding the new plaintiffs.[3]

Defendant argues that Plaintiff has delayed unreasonably and that it will suffer significant prejudice if the instant motion is granted. However, the cases cited by Defendant in which leave to amend was denied are distinguishable. *See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (plaintiff sought through amendment to alter its theory of the case almost completely), *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)(plaintiff sought to amend complaint a second time with facts it knew prior to filing its first amended complaint), *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387-89 (9th Cir. 1990)(amended complaint would require Defendant to relitigate a portion of its prior state law claim), *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)(original complaint had been dismissed and amended complaint greatly changed the nature of the litigation). Here, Plaintiff's motion for class certification has yet to be filed, and the proposed amendments do not alter significantly the thrust of Plaintiff's case, which is that members of the class have been treated improperly as exempt employees.

In evaluating undue delay, the Court inquires whether the moving party knew or should have known when the original pleading was filed the facts and theories raised by the proposed amendment. *AmerisourceBergen*, 465 F.3d at 953 (citing *Jackson*, 902 F.2d at 1387). Plaintiff's counsel declares that he did not learn about the new Plaintiffs until they contacted him in February 2007. The instant motion was filed three months later. Three months is not an unreasonable delay in moving to amend the complaint to add those additional Plaintiffs.[4]

---

[3] On July 5, 2007, after Plaintiff filed the instant motion, Defendant filed a motion for summary judgment as to the claims in the original complaint.

[4] Plaintiff argues that any delay in the overall scheduling of the case has been caused by Defendant's delay in providing discovery. However, the applicable issue is whether there was unreasonable delay between Plaintiff's discovery of the need for an amendment and his filing of the motion to amend. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (citing

3

As to the proposed additional claim for missed meal and rest breaks, Plaintiff contends that the recent decision of the California Supreme Court in *Murphy v. Kenneth Cole Productions*, 40 Cal. 4th 1094 (2007), constitutes a change in the law that supports the proposed amendment. While Defendant argues that Plaintiff could have asserted the claim earlier, the Court agrees with Plaintiff that *Murphy* resolved a significant area of ambiguity in California law and that there is good cause for adding the new claim.

While undue delay is a factor to be considered, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence,* 316 F.3d at 1052. The meal and rest break claim is sufficiently related to the original claims filed by Plaintiff that it should be litigated here for the purposes of judicial efficiency. Further discovery will create some burden for both parties, but that burden is not so significant as to warrant denial of this motion to amend.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED:

1) Plaintiff's motion to file a first amended complaint is GRANTED. Plaintiff shall file any amended complaint by August 10, 2007.

2) Plaintiff's related motion to extend discovery for class certification is GRANTED. Discovery on class certification shall be completed by December 27, 2007, and the hearing for Plaintiff's proposed motion for class certification shall be continued until February 2, 2008.

DATED: July 17, 2007

_____
JEREMY FOGEL
United States District Judge

---

*Jackson*, 902 F.2d at 1388).

Case No. C 05-04867 JF
ORDER GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND EXTEND DISCOVERY SCHEDULE
(JFEX1)

1  This Order has been served upon the following persons:

2  Mark R. Thierman          laborlawyer@pacbell.net

3  Leon Greenberg            wagelaw@aol.com

4  Catherine A. Conway       cconway@akingump.com

5  Gregory William Knopp     gknopp@akingump.com

6  Stephanie S. Der          sder@akingump.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 05-04867 JF
ORDER GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND EXTEND DISCOVERY SCHEDULE
(JFEX1)