```
Mark R. Thierman, SB# 72913
Leon Greenberg, SB# 226253
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

----------------------------------X   Case No. 05-04867-JF (HRL)
DAVID HO, JOHN MAXTON, NATHAN LAY,
and SARAH FERNANDEZ on behalf of
themselves and all others similarly
situated and on behalf of the general
public and DOES #1-20,

                Plaintiffs,

                              PLAINTIFFS' FIRST AMENDED
                              COMPLAINT

    -against-

ERNST & YOUNG LLP

                Defendants.
----------------------------------X

    COMES NOW PLAINTIFFS, on behalf of themselves and all others similarly situated and on behalf of the general public, hereby allege:

**JURISDICTION AND VENUE**

    1.  This Court has jurisdiction over the claims alleged herein because Plaintiff seek relief pursuant to Business & Professions Code Section 17200 for the failure to pay wages due for work performed within the County of Santa Clara, among other locations within the State of California.

    2.  Jurisdiction is vested in this Court pursuant to the prior

1

removal of this case from the Superior Court of the State of California to this Court on November 29, 2005 by the defendant pursuant to the applicable provisions of 28 U.S.C. §§ 1441-1450.

**PARTIES**

3. Plaintiff DAVID HO (one of the "named plaintiffs") resides in San Jose California.

4. Plaintiff DAVID MAXTON (one of the "named plaintiffs") resides in Oceanside California.

5. Plaintiff NATHAN LAY (one of the "named plaintiffs") resides in South San Francisco California.  Plaintiff SARAH FERNANDEZ (one of the "named plaintiffs") also resides in the State of California.

6. Defendant ERNST & YOUNG is a partnership and one of the nation's leading and largest public accounting firms employing numerous certified public accountants ("CPA's") and other personnel with offices and employees in California and throughout the United State

7. The named plaintiffs are former employees of the defendant and those similarly situated to the plaintiffs are former or current employees of the defendant.

**CLASS ACTION AND REPRESENTATIVE ALLEGATIONS**

8. The named plaintiffs bring this action on their own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

9. The class consists of all persons employed by the Defendant within the State of California as "Staff One" or "Staff Two" or

"Senior One" or "Senior Two" personnel, or similarly titled personnel who were performing the same sort of functions of the named plaintiffs, and subject to the same salaried compensation system, from four years preceding the commencement of this action through the date of judgment after trial who were not compensated for their work and overtime work as required by California law.

10.   The named plaintiffs seek to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable.

11.   There is a well-defined community of interest in the questions of law and fact affecting the class the named plaintiffs represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were denied payment of wages and overtime compensation during the time in question.  These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

12.   The named plaintiffs will fairly and adequately represent the interests of the class, because the named plaintiffs are members of the class and the claims of the named plaintiffs are typical of those in the class.

**FACTS**

13.   Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as

though fully set forth herein.

14. During all times relevant herein, the class members supported the business of Defendant by working under the direction of their superiors, the managers and partners of the defendant. Such work involved the class members assisting their superiors in the production of the products and services provided by the defendant's business to its customers. The great majority of such work by the class members included, but was not limited to, secretarial, clerical, and data entry support work, including filing papers, organizing and assembling documents, taking notes of meetings, entering spreadsheet data and formatting spreadsheets, and similar tasks requiring very little or no exercise of independent judgment or discretion or any advanced professional degree or license or the prior completion of any extended course of academic or technical studies in any art or science.

15. Defendant compensated the named plaintiffs and the class members on a "salary only" basis whereby the named plaintiffs and the class members were paid a fixed salary for all hours worked during each week.

**FIRST CAUSE OF ACTION: Overtime Wages**

(California Labor Code Section 1194)

16. Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

17. At all relevant times, the named plaintiffs and the plaintiff class members were required to work in excess of eight

4

hours during the workday and in excess of 40 hours during the workweek and/or worked more than six consecutive days in a workweek.

18. During all relevant times the Wage Order No. 4 of the California Industrial Welfare Commission provided that "...nonexempt employees must be paid an overtime premium for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week...."

19. Although the named plaintiffs and the plaintiff class members worked overtime as that term was defined in the relevant wage orders, Defendant failed and refused to pay the legally required state overtime premiums.

20. Therefore, Plaintiffs demand overtime compensation as provided under California law.

SECOND CAUSE OF ACTION: OVERTIME AND UNPAID WAGES
(California Labor Business and Professions Code §§17200, et seq)

21. Plaintiffs hereby incorporate each and every allegation contained of this Complaint and reallege said allegations as though fully set forth herein.

22. Throughout the above-described period Defendant repeatedly misrepresented to the members of the plaintiff class and the general public that the plaintiffs were "professional" or other sorts of employees exempt from the overtime laws of the State of California, the defendant also failing to require or have the class members take specified paid and/or unpaid meal and rest breaks as required by California law and did not pay the class members an hour

5

of additional wages per day for such unreceived break time, as required by California law.

23. This misrepresentation and omission by the defendant gave defendant a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law and who also gave the employees the meal and rest breaks required by California law or the additional wages required by California law in lieu thereof.

24. Defendant's conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Business and Professions Code §§17200, et seq.

25. Therefore, Plaintiffs pray for restitution and injunctive relief for all class members for all wages due and an order pursuant to Business & Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed or who render services to Defendant within California.

THIRD CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES
(Labor Code Section 218.6)

26. Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

27. California Labor Code Section 218.6 states: In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided

in Part 1 (commencing with Section 200) of Division 2."

28. Subdivision (b) of Section 3289 of the California Civil Code states: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

29. Therefore, Plaintiffs demand interest on the amount of wages due weekly at the rate of 10% per annum as required by law.

FOURTH CAUSE OF ACTION: WAITING PENALTIES

(California Labor Code Section 203)

30. Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

31. California Labor Code Section 203 states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

32. The named plaintiff and the majority of class members terminated employment more than 30 days prior to the filing of this lawsuit.

33. Therefore, Plaintiffs demands waiting penalties according to law.

FIFTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME

(California Labor Code Section 226.7)

34. Plaintiffs hereby incorporate each and every allegation contained of this Complaint above and reallege said allegations as though fully set forth herein.

35. Pursuant to California Labor Code Section 226.7, and the wage orders issued pursuant to said statute, the plaintiffs and the class members were entitled to paid 10 minute breaks for every four hours of daily employment and an unpaid meal break of 30 minutes after five hours of daily employment.

36. Although the plaintiffs and the class members regularly worked for amounts of time each day that would entitle them to the paid and unpaid rest and meal breaks provided for under California Labor Code Section 226.7 they often did not receive such daily rest and meal breaks and they did not receive one hour of additional pay on the days they did not receive such breaks.

37. Therefore, Plaintiffs demand the payment of an additional one hour of pay for each day that they were not provided with the breaks required by California law.

NOW THEREFORE, Plaintiffs pray for relief for themselves and all class members as follows:

1. Premium pay for overtime hours worked according to the Wage Orders of the Industrial Welfare Commission applicable at the time work was performed;

8

2. One hour of additional wages for each day that they worked and were not provided with the breaks required by California law;

3. Interest at the legal rate of 10% per annum, from each week payment of wages were due for each and every class member;

4. Waiting penalties as provided for under Labor Code Section 203;

5. Attorneys fees and costs as required by Labor Code Section 1194;

6. Equitable and injunctive relief including restitution;

7. Such further relief the court deems just and reasonable.

Dated this 1st day of June, 2007

Thierman Law Firm

/s/

By:_____
   Leon Greenberg, SB# 226253
   Mark Thierman, Esq. SB# 72913
   THIERMAN LAW FIRM
   7287 Lakeside Drive
   Reno, NV 89511
   (775) 284-1500
   Attorney for Plaintiff