CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
STEPHANIE DER (SBN 240576)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
cconway@akingump.com
gknopp@akingump.com

Attorneys for Defendant ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, JOHN MAXTON, NATHAN LAY, and SARAH FERNANDEZ on behalf of themselves and all others similarly situated and on behalf of the general public and DOES nos. 1-20,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | Case No. CV 05-04867 JF<br><br>[Assigned for all purposes to the Honorable Jeremy Fogel]<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Date Action Filed: September 27, 2005 |

Defendant ERNST & YOUNG LLP ("Ernst & Young") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiffs DAVID HO ("Ho"), JOHN MAXTON ("Maxton"), NATHAN LAY ("Lay"), and SARAH FERNANDEZ ("Fernandez") as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 1 of the Complaint. To the extent Paragraph 1 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, Ernst & Young admits that this Court properly has jurisdiction over this matter. Ernst & Young denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 2 of the Complaint. To the extent Paragraph 2 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, Ernst & Young admits the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Ernst & Young is without knowledge or information sufficient to form a belief as to the truth of Ho's alleged residency and, therefore, denies the allegation.

4. Ernst & Young is without knowledge or information sufficient to form a belief as to the truth of Maxton's alleged residency and, therefore, denies the allegation.

5. Ernst & Young is without knowledge or information sufficient to form a belief as to the truth of Lay's alleged residency and, therefore, denies the allegation.

6. Ernst & Young admits that it is a limited liability partnership, one of the nation's leading and largest public accounting firms employing numerous certified public accountants and other personnel with offices and employees in California and throughout the United States. Ernst & Young denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Ernst & Young admits that Ho, Maxton, Lay, and Fernandez are former employees of Ernst & Young. Ernst & Young denies all remaining allegations contained in Paragraph 7 of the Complaint.

## CLASS ACTION AND REPRESENTATIVE ALLEGATIONS

8. Ernst & Young denies the allegations in Paragraph 8 of the Complaint

9. Ernst & Young denies the allegations in Paragraph 9 of the Complaint.

10. Ernst & Young denies the allegations in Paragraph 10 of the Complaint.

11. Ernst & Young denies the allegations in Paragraph 11 of the Complaint.

12. Ernst & Young denies the allegations in Paragraph 12 of the Complaint.

## FACTS

13. Ernst & Young admits and denies the allegations in Paragraphs 1-12 of the Complaint as set forth above.

14. Ernst & Young denies the allegations in Paragraph 14 of the Complaint.

15. Ernst & Young admits that it compensated Ho, Maxton, Lay, and Fernandez with a fixed salary for all hours worked during each week. Ernst & Young denies all remaining allegations contained in Paragraph 15 of the Complaint.

### FIRST CAUSE OF ACTION: OVERTIME WAGES
(California Labor Code Section 1194)

16. Ernst & Young admits and denies the allegations in Paragraphs 1-15 of the Complaint as set forth above.

17. Ernst & Young denies the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint makes no allegation requiring any response from Ernst & Young. To the extent that Paragraph 20 alleges that Wage Order No. 4 of the California Industrial Welfare Commission states, in part, "…nonexempt employees must be paid an overtime premium for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week ….," Ernst & Young admits that allegation. Ernst & Young denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Ernst & Young denies the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 20 of the Complaint. To the extent Paragraph 20 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied. Ernst & Young further denies that Plaintiffs or any purported class members are entitled to any form of relief whatsoever.

### SECOND CAUSE OF ACTION: OVERTIME AND UNPAID WAGES
(California Labor Business and Professions Code §§ 17200, et seq.)

21. Ernst & Young admits and denies the allegations in Paragraphs 1-20 of the Complaint as set forth above.

22. Ernst & Young denies the allegations in Paragraph 22 of the Complaint.

23. Ernst & Young denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 20 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 24 of the Complaint. To the extent Paragraph 24 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied.

25. Paragraph 25 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 25 of the Complaint. To the extent Paragraph 25 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied. Ernst & Young further denies that Plaintiffs or any purported class members are entitled to any form of relief whatsoever.

### THIRD CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES
(Labor Code Section 218.6)

26. Ernst & Young admits and denies the allegations in Paragraphs 1-25 of the Complaint as set forth above.

27. Paragraph 27 of the Complaint makes no allegation requiring any response from Ernst & Young. To the extent that Paragraph 27 is alleging that California Labor Code Section 218.6 states, "In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2," Ernst & Young admits that allegation.

28. Paragraph 28 of the Complaint makes no allegation requiring a response from Ernst & Young. To the extent that Paragraph 28 is alleging that California Civil Code Section 3289(b) states, "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach," Ernst & Young admits that allegation.

29. Paragraph 29 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 29 of the Complaint. To the extent Paragraph 29 of the Complaint purports to set forth any allegations against Ernst &

4

1  Young requiring a response, any and all such allegations are denied. Ernst & Young further denies that
2  Plaintiffs or any purported class members are entitled to any form of relief whatsoever.

### FOURTH CAUSE OF ACTION: WAITING PENALTIES
(California Labor Code Section 203)

30. Ernst & Young admits and denies the allegations in Paragraphs 1-29 of the Complaint as set forth above.

31. Paragraph 31 of the Complaint makes no allegation requiring any response from Ernst & Young. To the extent that Paragraph 31 alleges that California Labor Code Section 203 states, in part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Ernst & Young admits that allegation.

32. Ernst & Young admits that the employment of Ho, Maxton, Lay, and Fernandez terminated more than 30 days prior to the filing of the Complaint. Ernst & Young is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies all remaining allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 33 of the Complaint. To the extent Paragraph 33 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied. Ernst & Young further denies that Plaintiffs or any purported class members are entitled to any form of relief whatsoever.

### FIFTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME
(California Labor Code Section 226.7)

34. Ernst & Young admits and denies the allegations in Paragraphs 1-33 of the Complaint as set forth above.

35. No response is required to the legal conclusion in Paragraph 35 of the Complaint. To the extent Paragraph 35 purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied.

36. Ernst & Young denies the allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint makes no allegation requiring any response from Ernst & Young. Further, no response is required to the legal conclusions in Paragraph 37 of the Complaint. To the extent Paragraph 37 of the Complaint purports to set forth any allegations against Ernst & Young requiring a response, any and all such allegations are denied. Ernst & Young further denies that Plaintiffs or any purported class members are entitled to any form of relief whatsoever.

## **PRAYER FOR RELIEF**

Ernst & Young denies that Plaintiffs are entitled to the requested relief.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Plaintiffs are barred from relief because the Complaint, and each of the five purported causes of action set forth therein, fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Plaintiffs are barred from relief to the extent that they seek relief for conduct occurring outside the periods proscribed by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

3. Plaintiffs are barred from relief to the extent they were required, but failed, to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

4. Plaintiffs are barred from relief because Defendant acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code.

### FIFTH AFFIRMATIVE DEFENSE
### (Exempt Employee)

5. Plaintiffs are barred from relief because they are exempt from coverage under the provisions of the overtime requirements of the California Labor Code and/or the Wage Orders referenced in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Frivolous Claims)

6. Plaintiffs are barred from relief because Plaintiffs' Complaint and each purported cause of action therein were not brought in good faith and are frivolous. Therefore, Defendant are entitled to recover their reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this court's inherent authority and Rule 11 of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7. Plaintiffs are barred from relief because, by their actions, they have waived their rights to recovery.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

8. Plaintiffs are barred from relief to the extent they failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE
### (Paid All Sums)

9. Plaintiffs are barred from relief because Defendant has paid Plaintiffs all sums due them.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

10. Plaintiffs are barred from relief because Plaintiffs have inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Basis for Attorneys' Fees)

11. Plaintiffs are barred from relief because they have no basis to seek attorneys' fees under California Labor Code § 1194.

## TWELFTH AFFIRMATIVE DEFENSE
### (De Minimus Doctrine)

12. Plaintiffs are barred from relief because each purported cause of action stated in the Complaint is barred under the de minimus doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

13. Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action therein are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Time Not Compensable)

14. The time for which Plaintiffs seek compensation does not, in whole or in part, constitute compensable working time.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief)

15. The Complaint fails to allege facts sufficient to state a claim for equitable or injunctive relief.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Standing)

16. Plaintiffs lack standing to challenge any employment practice that did not affect them.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Class Action)

17. To the extent that Plaintiffs purport to bring this case as a class or collective action, Plaintiffs cannot satisfy the requirements for a class or collective action as stated in Rule 23 of the Federal Rules of Civil Procedure.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Impermissible Representative Action)

18. Plaintiffs are barred from obtaining relief against Defendant, because California Business and Professions Code §17200, *et seq.*, does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

**WHEREFORE**, Defendant pray for judgment as follows:

1. That Plaintiffs take nothing by the Complaint;
2. That the Complaint be dismissed;
3. For judgment in favor of Defendant;
4. For costs of suit herein;
5. For attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure, California Labor Code § 218.5, and any other appropriate basis; and
6. For such other and further relief as the Court may deem proper and just.

Dated: July 31, 2007

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Catherine A. Conway
Gregory W. Knopp
Stephanie Der

By_____
Attorneys for Defendant ERNST & YOUNG LLP

DEFENDANT' ANSWER TO FIRST AMENDED COMPLAINT, CASE NO. CV 05-04867

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On July 31, 2007, I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 31, 2007 at Los Angeles, California.

PATRICIA L. SEE
[Print Name of Person Executing Proof]

[Signature]