CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
ANASTASIA M. BOLES (SBN 224980)
STEPHANIE S. DER (SBN 240576)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:      310-229-1000
Facsimile:      310-229-1001
cconway@akingump.com
gknopp@akingump.com
aboles@akingump.com
sder@akingump.com

Attorneys for Defendant, ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, JOHN MAXTON, NATHAN LAY and SARAH FERNANDEZ on behalf of themselves and others similarly situated and on behalf of the general public and DOES 1-20,<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | Case No. CV 05-04867 JF (HRL)<br><br>[For hearing before Magistrate Judge Howard R. Lloyd]<br><br>**DEFENDANT ERNST & YOUNG LLP'S NOTICE OF MOTION AND FIRST MOTION TO COMPEL PRIVILEGE LOG; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[PROPOSED] ORDER AND SUPPORTING DECLARATION OF ANASTASIA M. BOLES FILED CONCURRENTLY HEREWITH]<br><br>Complaint Filed: September 27, 2005<br><br>Hearing Date: January 8, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom: 2 |

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 8, 2008, at 10:00 a.m. in Courtroom 2 of the above-entitled court, located at 280 South First Street, San Jose, California, 95113, Defendant Ernst & Young LLP will and hereby does move for an order, pursuant to Rule 26(b)(5)(a) of the Federal Rules of Civil Procedure, compelling Plaintiffs David Ho, John Maxton, Nathan Lay and Sarah Fernandez to produce a privilege log.

Defendant seeks an order compelling Plaintiffs to produce a privilege log identifying documents withheld in response to Defendant's Second Request for Production of Documents. The basis of Defendant's motion is that the production of a privilege log is firmly required by Federal Rule of Civil Procedure 26(b)(5)(A). Plaintiffs' effort to extend privilege protection over the identities of individuals providing relevant and discoverable factual information is unsupported by applicable law. This motion is made following the meeting of counsel as required by Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 37-1. *See* Declaration of Anastasia M. Boles, ¶¶ 5-8, Exhibits D-F, filed concurrently herewith.

Dated: December 4, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Stephanie S. Der

By _____
Anastasia M. Boles
Attorneys for Defendant Ernst & Young LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

For several months, Plaintiffs David Ho, John Maxton, Nathan Lay and Sarah Fernandez (collectively "Plaintiffs") have maintained a website dedicated to soliciting class members and gathering evidence in support of this action against Defendant Ernst & Young ("Ernst & Young"). The website prompts visitors who are potential class members to fill out a questionnaire detailing factual information about Plaintiffs' allegations. The responses to that questionnaire are submitted electronically to Plaintiffs for the preparation of witness statements. Despite Ernst & Young's continued requests, Plaintiffs have refused to produce any of this discovery material, or prepare a privilege log as required by the Federal Rules of Civil Procedure, based on the improper theory that the identities of witnesses providing factual information to Plaintiffs are privileged. Ernst & Young brings this motion to compel a privilege log supporting Plaintiffs' privilege claims over these documents.

Ernst & Young is clearly entitled to a privilege log for several reasons. The preparation of a privilege log is not optional, but is squarely required by Fed. R. Civ. P. 26(b)(5)(A) in order to satisfy Plaintiffs' burden to support their privilege claims. A privilege log would allow Ernst & Young, and this Court, to properly evaluate Plaintiffs' claim that the questionnaire responses and witness statements are, in fact, privileged. Further, contrary to Plaintiffs' assertion, the identities of the individuals completing the website's questionnaire and preparing witness statements are not privileged. In fact, Plaintiffs have a continuing obligation to update their Rule 26(a) initial disclosures with this very same information.

## I. BACKGROUND

On September 27, 2005, Plaintiffs filed this action alleging that Ernst & Young improperly classified its staff and senior professionals as exempt from California's overtime laws. For many months, counsel for Plaintiffs have been maintaining a website – www.eylawsuit.com - designed to gather witness statements, solicit clients and build a class.[1]

On the top of the website's first page, potential witnesses are encouraged to contact Plaintiffs' counsel with relevant information about the lawsuit:

---

[1] A printout of the website contents as of December 4, 2007, is attached as Exhibit ("Ex.") A to the Declaration of Anastasia M. Boles ("Boles Decl.") filed concurrently.

2

**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**

Witness statements from current or former California [Ernst & Young] staff and seniors are needed immediately to assist in having this case certified as a class action. Please read the below instructions and use our email response form, below, to provide the information that will allow this office to prepare your witness statement.

Boles Decl., ¶ 2, Ex. A at p. 3.

The bottom of the website includes a "Witness Statement Information Form" that seeks information from putative class members and witnesses, along with detailed "instructions" for filling out the form. *Id*. The form can be filled out directly on the website and sent to Plaintiffs' counsel, and seeks a variety of information from witnesses, including: (1) contact information, (2) dates worked for Ernst & Young, (3) job positions, (4) Ernst & Young offices and departments the witness worked in, (5) a description of typical work tasks, and (6) the percentage of time spent on each task. *Id*. Potential witnesses are advised that, upon completion of the form, a draft witness statement will be sent for their approval and signature. *Id*.

## II. DEFENDANT'S REQUESTS AND PLAINTIFFS' RESPONSES

On May 25, 2007, Ernst & Young propounded its Second Request for Production of Documents, which contained three document requests seeking the materials Plaintiffs gathered in connection with the website questionnaire form.[2]

Request No. 31 sought:

> ALL DOCUMENTS that have been generated in response to the "WITNESS STATEMENT INFORMATION FORM" posted by YOU on the internet at the website www.eylawsuit.com or any other website, including but not limited to such DOCUMENTS that provide contact information for individuals who have filled out the form and any responses to the solicitation for "Advise When You Started and Stopped Working for EY, Your Position, the Office You Worked in, the Department You Worked in, and List the Typical Work Tasks That You Performed and For Each Task the Percentage of Your Total Work Time Spent on That Task." Boles Decl., ¶ 3, Ex. B.

Request No. 32 sought:

> All DOCUMENTS that YOU have prepared as Witness Statements and sent for approval to an individual that provided information to YOU. *Id*.

Finally, Request No. 33 requested:

---

[2] Defendant's Second Request for Production of Documents is attached as Ex. B to the Boles Decl. Plaintiffs' response is attached as Ex. C.

3
**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**

> All DOCUMENTS that YOU have received from individuals to whom you have sent Witness Statements for review and approval, including but not limited to signed Witness Statements and Witness Statements with comments, corrections, or changes. *Id.*

In response to Requests Nos. 31 – 33, Plaintiffs lodged identical boilerplate objections to each of Ernst & Young's three requests, while refusing to produce a privilege log:

> Request is objected to on the following grounds:
>
> 1.   Attorney Work Product Privilege in that all such documents have been generated as a result of the plaintiff's counsel's investigative efforts in this case and/or contain impressions, notes, observations and/or analysis created by plaintiff's counsel.
>
> 2.   Attorney Client Privilege in that all such documents are communications with persons who either have retained plaintiff's counsel for the purposes of legal representation (and engaged in such communication for that purpose) or engaged in such communications for the purpose of considering whether they wised to secure legal representation by plaintiff's counsel. Such attorney client privilege also extends to all such persons because they are members of the putative class of plaintiffs in this case. Even though no plaintiff class has yet been certified in this case, such communications are part of a process whereby such persons consider whether to assist in the effort to have this case certified as a class action and possibly be represented by plaintiff's counsel.
>
> 3.   Informant Privilege, in that the identity of the persons who engaged in such communications, which communications contain information alleging violations of the labor laws of the State of California, is protected against involuntary disclosure as a matter of public policy. Such privilege is necessary to guard against the chilling effect such involuntary disclosure would have and the exposure of such persons to possible retaliation.
>
> In respect to a privilege log, plaintiff's counsel confirms that there exists at least one document containing information on the requested communications, but declines to otherwise state the number or length or dates or manner or contents of such communications, or the parties to such communications (besides plaintiff's counsel, Leon Greenberg, Esq.), as the disclosure of that information would infringe upon the aforesaid privileges against disclosure. All such documents are maintained in electronic form by plaintiff's counsel.
>
> Plaintiff also objects to the requested production on the grounds of burdensomeness in that the identity of all putative plaintiff class members is known to the defendant.

Boles Decl., ¶ 4, Ex. C.

Upon receiving Plaintiffs' responses, counsel for Ernst & Young sent a meet-and-confer letter to Plaintiffs' counsel on July 26, 2007, attempting to reach agreement on the production of the questionnaire responses and witness statements. Boles Decl., ¶ 5, Ex. D. Counsel for Plaintiffs responded on July 27, 2007, re-asserting a claim for attorney-client privilege over the documents and refusing to produce a privilege log. Boles Decl., ¶ 6, Ex. E. Without conceding the propriety of

4
**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**

Plaintiffs' privilege claims, by way of letter dated August 6, 2007, Defendant sought to resolve the dispute by requesting Plaintiffs to prepare a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A). Boles Decl., ¶ 7, Ex. F. Counsel for the parties then spoke via telephone on August 16, 2007, but could not resolve the issue of Plaintiffs' obligation to produce a privilege log, leading to the instant motion. Boles Decl. ¶ 8.

## III.  ARGUMENT

### A. Plaintiffs Are Obligated To Produce A Privilege Log For All Documents Withheld On The Basis Of Attorney-Client Privilege Or Attorney Work Product.

Plaintiffs have the burden of establishing the propriety of their claim of privilege over the questionnaire responses and witness statements. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) ("Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed .... The burden is on the party asserting the privilege to establish all the elements of the privilege." (citations and internal quotation marks omitted)). Plaintiffs are required to carry that burden by producing a privilege log that complies with the requirements of the Federal Rules.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires parties withholding documents on the basis of the attorney-client privilege or under the attorney work product doctrine to provide a privilege log allowing the opposing party and court to assess the applicability of the claimed privilege:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). A privilege log is required to contain: (1) a description of the responsive material withheld on the basis of privilege, (2) the identity and position of the material's author, (3) the date it was written, (4) the identity and position of all recipients of the material, (4) the material's present location, and (5) the privilege invoked and grounds. *United States v. Union Pacific R. Co.*, No. 06-1740, 2007 WL 1500551, *3 (E.D. Cal. 2007).

The preparation of a privilege log is not an optional exercise, but an affirmative duty that should coincide with a party's discovery responses. *Union Pacific*, 2007 WL 150051, at *3; *Morisky v.*

1 *Public Service Elec. and Gas Co.*, 191 F.R.D. 419, 426 (D.N.J. 2000) (holding party asserting privilege protection should have produced a privilege log); *Ivy v. Outback Steakhouse, Inc.*, No. C05-654, 2007 WL 1893357, *1 (W.D. Wash. June 22, 2007) ("the Court is mystified by Defendants' arguments that they did not have to produce a privilege log because the Court did not specifically order one....")

In fact, courts in the Ninth Circuit have held that the failure to produce a privilege log may result in a waiver of the asserted privilege. *Burlington Northern & Santa Fe Ry. Co. v. District Court*, 408 F.3d 1142, 1147-48 (9th Cir. 2005) (affirming district court order finding privilege waiver where litigant failed to produce a privilege log) (citing Advisory Committee Notes to Fed. R. Civ. P. 26(b)(5) 1993 Amendments); *Thelen Reid & Priest LLP v. Marland*, No. 06-2071, 2007 WL 578989, *10 (N.D. Cal. Feb. 21, 2007) ("[t]he law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege.") (citations omitted).

Despite Ernst & Young's repeated requests, Plaintiffs have refused to produce a privilege log supporting their claim of privilege over the questionnaire responses and witness statements. Plaintiffs have confirmed that "at least one" responsive document exists, and that all documents are in electronic form in the possession of Plaintiffs' counsel. Boles Decl., ¶ 4, Ex C. Nevertheless, Plaintiffs refuse to disclose any additional information required by Rule 26(b)(5)(A), such as how many documents exist, the individuals involved in the communication, the dates of the documents, the authors, and the specific grounds for the assertion of privilege. *Id*. Without this information, neither Ernst & Young, nor this Court, can assess whether Plaintiffs' privilege assertions are appropriate. This Court should order Plaintiffs to produce a privilege log that complies with Rule 26, or find a waiver of any asserted privilege and order production of the questionnaire responses and witness statements.

### B. The Identity Of The "Clients" Completing The Questionnaire And Preparing Witness Statements Is Not Privileged.

Plaintiffs base their refusal to produce a privilege log, in part, on the argument that client identities are privileged. In his letter dated July 27, 2007, counsel for Plaintiffs stated, without legal support:

> I cannot provide a privilege list. The identities of the persons who have consulted with me to possibly secure legal representation are privileged. I may not disclose those identities until such time (if any) that those persons agree to become parties plaintiff to

this case or otherwise consent to such public disclosure. Nor can I be compelled to identify how many persons have sought my counsel as an attorney or the dates of such consultations.

Boles Decl., ¶ 5, Ex. D.

Assuming the percipient witnesses responding to Plaintiffs' website can be considered "clients," Plaintiffs' position is still contrary to well-settled California law.[3] "As a general proposition, client identit[ies]…are not protected in California by the attorney-client privilege." *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981). In order to protect the identities from disclosure, Plaintiffs would have to demonstrate that disclosure of the client identities would necessitate the disclosure of privileged communications. *Id.* at 1050 (discussing as example *Baird v. Koerner*, 279 F.2d 623, 634-35 (9th Cir. 1960), where the IRS sought disclosure of the identity of a client on whose behalf the witness-attorney made an anonymous tax payment and noting "disclosure of the client's identity would have necessarily disclosed…that the client thought he owed money to the government.") Plaintiffs cannot make this showing here.

### C. Plaintiffs' Unsupported Fear That The Witnesses Will Be Subjected To Retaliation Should Not Prevent Disclosure of Their Identities

During counsel's August 16, 2007 meet-and-confer call, Plaintiffs cited *Does v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) to support their argument that the identities of percipient witnesses completing the questionnaire or providing witness statements should be kept confidential to prevent the hypothetical retaliation these witnesses might face from Ernst & Young. Boles Decl. ¶ 8. Plaintiffs' reliance on *Advanced Textile*, however, is inappropriate.

*Advanced Textile* involved foreign garment worker plaintiffs on the island of Saipan, who brought suit under fictitious names given their fear of termination from defendants' employ, deportation, arrest and imprisonment by the People's Republic of China. 214 F.3d at 1063. The Ninth Circuit utilized a balancing test to weigh the need for anonymity against the risk of unfairness to the opposing party as well as the public interest. *Id.* at 1068. The *Advanced Textile* court articulated several factors a court should consider, such as: (a) the severity of the threatened harm, (b) the

---

[3] Questions regarding the parameters of an asserted privilege in diversity actions are controlled by the law of the forum state, here California. Fed. R. Evid. 501.

7

**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**

reasonableness of the anonymous party's fears, (c) the anonymous party's vulnerability to such retaliation, (d) the precise prejudice to the opposing party, and (e) whether proceedings may be structured so as to mitigate that prejudice. *Id.* (citations omitted). After weighing the factors involved, including "the extreme nature of the retaliation threatened against the plaintiffs" along with the plaintiffs' "highly vulnerable status," the Ninth Circuit reversed the district court's dismissal of the complaint for failure to state the plaintiff's true names.

The *Advanced Textile* case does not apply in this case. There is an obvious difference between a party's need to bring a lawsuit anonymously to preserve his rights while protecting his liberty, and the interest in confidentiality of a percipient witness with valuable and discoverable information. In fact, at least one court in the Ninth Circuit has declined to extend *Advanced Textile* to the confidentiality of percipient witness identities, because doing so improperly obstructs access to the discoverable factual information underlying the privilege. *Quair v. Bega*, 232 F.R.D. 638, 641 (E.D. Cal. 2005) ("Unlike protecting the parties' identities during the pleading stage, Petitioners seek to conceal the identities of critical trial witnesses. Petitioners' requested order would also effectively prevent Respondents from conducting meaningful investigation of Petitioners' claims, a remedy that is far more extreme than the remedy granted in [*Advanced Textile*].") Moreover, Plaintiffs have an independent duty to supplement their Fed. R. Civ. P. 26(a) initial disclosures with the identity and contact information of witnesses possessing discoverable information. Fed. R. Civ. P. 26(e)(1). *Sepulveda v. Wal-Mart Stores Inc.*, 237 F.R.D. 229, 234 (C.D. Cal. 2006) (finding plaintiffs' failure to disclose names and addresses of witnesses preparing declarations as part of initial disclosures once they became known was "unjustified and prejudicial" to defendants).

Even assuming that *Advanced Textile* is applicable, the client identities at issue here fail the balancing test utilized by the Ninth Circuit. Plaintiffs argue that individuals filling out the web-based questionnaire and preparing witness statements are current employees of Ernst & Young who face on-the-job retaliation if their identity is discovered. However, Plaintiffs have provided no evidence that any actual threat of retaliation exists, much less the "extreme" form of retaliation feared by the *Advanced Textile* plaintiffs. Further, any potential retaliation can be easily mitigated by limiting review of the privilege log to Ernst & Young's counsel. On the other hand, Ernst & Young is severely

DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG

prejudiced by Plaintiffs' failure to produce a privilege log. Ernst & Young is currently unable to evaluate Plaintiffs' privilege claims, or even seek independent discovery of the factual information contained in the responsive material.

Any interest Plaintiffs have in keeping the identities of the questionnaire and witness statement respondents confidential does not outweigh Ernst & Young's interest in, and right to, a privilege log.

## IV. CONCLUSION

For the reasons discussed herein, Ernst & Young requests that the court grant its motion and compel Plaintiffs to immediately produce a privilege log.

Respectfully requested.

Dated: December 4, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia Boles
Stephanie S. Der

By _____
Anastasia M. Boles
Attorneys for Defendant Ernst & Young LLP

9

**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**

<b>PROOF OF SERVICE</b>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On December 4, 2007 I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S NOTICE OF MOTION AND FIRST MOTION TO COMPEL PRIVILEGE LOG; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party(ies) below, using the following means:

| | |
|---|---|
| Leon Greenberg, Esq. | Max Folkenflik |
| Attorney at Law | Folkenflik & McGerity |
| 633 South 4th Street, Suite 9 | 1500 Broadway, 21st Floor |
| Las Vegas, Nevada 89101 | New York, NY 10036 |
| 702.385.1827 (fax) | 2121.757.2010 (fax) |

Ross L. Libenson, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612
510.835.1311 (fax)

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on December 4, 2007 Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]          [Signature]

**DEFENDANT'S FIRST MOTION TO COMPEL PRIVILEGE LOG**