**Exhibit A**

HOME PAGE | WHY IS OVERTIME OWED? | BENEFITS OF A CLASS CASE | ABOUT JOINING THE CASE



### Ernst & Young Overtime Lawsuit Website

**Just Because You Have a College Degree and They Paid You a Salary and Called You a "Professional" Does Not Mean They Can Deny You Overtime Pay**

ERNST & YOUNG STAFF AND SENIORS
OVERTIME LAWSUIT WEBSITE HOME PAGE

This website is for current or former staff or senior employees of Ernst & Young who want to provide assistance to the California EY overtime lawsuit or who are seeking information about the lawsuit. Witness statements from current or former California EY staff and seniors are needed immediately to assist in having this case certified as a class action. Please read the below instructions and use our email response form, below, to provide the information that will allow this office to prepare your witness statement. If you are interested in understanding why the attorneys bringing this lawsuit believe overtime is owed to EY staff and seniors (and why overtime would be owed even though you "agreed" to a flat salary or signed a "termination" or "severance" agreement) please visit our "Why is Overtime Owed" page." If you want to understand why you would want to assist in having this case certified as a class action please visit our "Benefits of a Class Case" page. If you are interested in joining the California lawsuit against EY individually, and not just relying on the case being certified as a class action, please visit our "About Joining the Case" page. If you worked for EY in another state besides California, or you worked for another big4 firm, and are interested in collecting overtime pay, please visit our other website, big4lawsuit.com for an email inquiry form.

If you are interested in information on the attorneys who are bringing this case against EY please visit Mark Thierman's website, laborlawyer.net or Leon Greenberg's website, overtimelaw.com Mark Thierman has successfully recovered millions of dollars in unpaid overtime wages for white collar salaried employees in California.

INSTRUCTIONS FOR PROVIDING INFORMATION
FOR WITNESS STATEMENT PREPARATION

When filling in the below email response form please keep in mind the following:

1. You must, of course, provide truthful information. But do understand that the information being requested will require some amount of approximation or your statement of an "average" percentage. You are not required to have exact records, or an exact and certain memory, to provide truthful information. You must simply provide a good faith estimate. Do not exaggerate, do not minimize, just provide your best approximation.

2. Be sure to provide your contact information and in the comments section include information on what dates (approximately) you worked for EY, in what positions, in what California offices, and in what EY department.

3. In providing a description of the types of work you performed, you should focus on the sorts of work you performed most frequently. Do provide as much detail as you wish. But certain very minor work assignments may not be very important. For example, it is probably not necessary to provide information as to one particular unique type of assignment that you performed, and that

EXHIBIT ___A___ PAGE ___3___

took 1 or 2 hours of your time, and that you never performed again while employed at EY.

    4. Some of the sorts of "busy work" or "grunt work" or work that would not be considered "professional" in nature consisted of entering spreadsheet data or formatting or organizing spreadsheets; collecting client data (for example, pulling bank statements, receipts, invoices, etc., for use in an audit or collecting client information in connection with a tax issue); taking notes at team or client meetings; gathering files or documents or retrieving information (downloading documents for example) for superiors; making copies of documents and properly organizing documents in files or binders; reviewing or checking calculations or numbers inserted into spreadsheets or on tax forms, and various other things.  Describe any of these sort of things that you did and any similar things. To the extent that you also did "brain work" that is of a more "professional nature" (for example, not just gathering audit information and putting it in a spreadsheet but determining the scope of the audit and its structure) please also describe those activities too.

    5. When providing percentages of time for the sorts of work you did please base those percentages on your "actual working" time.   There might be periods of time (either frequent or infrequent) when you were simply awaiting an assignment.  That sort of time should not be considered "actual working time." Similarly, do not consider time that you may have spent training or at EY sponsored educational sessions or traveling.

    6. When providing percentages of time for the sorts of work you did it is likely you will have to allocate some percentage for the time spent performing "miscellaneous" functions, meaning any number of different things, none of which by themselves took up a significant amount of time. Please provide the most detailed breakdown that you can of the percentages of your work time that you spent on particular activities.  To the extent that you can give a good faith estimate of the percent of time you spent doing a particular activity (or a group of two or more particular activities) please give a percentage of time you spent doing that activity (or those activities together as a group) and do not simply include them under any percentage for the "miscellaneous" functions you performed.

### WITNESS STATEMENT INFORMATION FORM

Please provide below your name and contact information and work information for preparation of your witness statement. Upon receipt of your information a draft witness statement will be prepared for your approval and sent to you by email. Once you approve the witness statement a hard copy, with a postage paid return envelope, will be sent to you by regular mail for your signature and return. You can also contact us by telephone at 702-383-6369. BY PROVIDING INFORMATION VIA THIS EMAIL RESPONSE FORM YOU ARE ALSO CERTIFYING THAT YOU ARE DOING SO FOR THE EXPLICIT PURPOSE OF OBTAINING INFORMATION ABOUT HAVING AN ATTORNEY ASSIST YOU IN PURSUING A POSSIBLE LEGAL CLAIM. This certification by you is made so that your communication will be kept confidential as an explicitly acknowledged and privileged attorney/client communication (this protects your communication from forced disclosure to Ernst and Young or anyone else). Your email response in no way obligates you to bring or be involved in any legal claim against Ernst and Young or to provide evidence in any such lawsuit.

| Field | Value |
|---|---|
| First Name: | |
| Last Name: | |
| Address Street 1: | |
| Address Street 2: | |
| City: | |
| Zip Code: | (5 digits) |
| State: | AL |
| Daytime Phone: | |
| Evening Phone: | |
| Email: | |

EXHIBIT ___A___  PAGE ___4___



Leon Greenberg
Attorney at Law
633 S. 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6369
Member California, Nevada, New York,
New Jersey and Pennsylvania Bars
Mark Thierman, Esq., Of Counsel
Email: attorney at eylawsuit.com

**00003140**

## Attorney Advertisement
Advisement: The views and opinions expressed herein are strictly those of the above listed attorneys. Those expressions are consistent with, and based upon, established law and precedents.

Copyright 2007. Leon Greenberg Attorney at Law. All rights reserved.



EXHIBIT __A__ PAGE __5__

HOME PAGE | WHY IS OVERTIME OWED? | ABOUT JOINING THE CASE



**Ernst & Young Overtime Lawsuit Website**

Just Because You Have a College Degree and They Paid You a Salary and Called You a "Professional" Does Not Mean They Can Deny You Overtime Pay

### WHY YOU WOULD WANT TO ASSIST IN HAVING THIS CASE CERTIFIED AS A CLASS ACTION AND THE BENEFITS OF A CLASS ACTION CASE

A class action lawsuit involves a Court deciding the claims of many individuals (typically hundreds or thousands of people) in one lawsuit. When a Court is dealing with a common set of facts that have caused an injury to many different people a class action lawsuit secures justice for all of those who have been injured by the defendant. Without a class action each individual person would have to bring their own lawsuit to collect their damages.

We believe EY's failure to pay overtime to its staff and seniors is exactly the sort of situation that the Court should remedy on a class action basis. Although EY used staff and seniors in a number of different positions and departments, we believe the use of staff and seniors to perform predominately "non-professional" work was common throughout the firm. Unfortunately, we fully expect EY will present an inaccurate picture to the Court about how it actually uses staff and senior employees. Presumably EY will argue that although certain staff and seniors did work that was the same, or similar, staff and senior employees spend most of their time doing many different, unique, things. EY will urge the Court to deny class action treatment of this case on the basis that there are not enough common facts in respect to the work performed by staff and senior employees (because, according to EY, there are more differences, than similarities, among the staff and seniors' work and the Court cannot determine, on a group basis, whether that work was mostly "professional" type "brainwork" or non-professional support type work). If the Court agrees with EY's argument this case may not be certified as a class action.

By assisting in having this case successfully certified as a class action you will be securing an opportunity to collect compensation if this case is successful. If this case is not certified as a class action you will receive no compensation from this case (you will have to pursue your own lawsuit for overtime pay from EY if you want to try and collect any overtime pay that EY owes you). If this case is certified as a class action you will also have the right to pursue an individual lawsuit against EY if you disagree with any proposed settlement of this case and decide to exclude yourself from such a settlement (the Court will issue a notice about any future class settlement of this case and your right to "opt out" of the case and its settlement). By providing a witness statement, and assisting in having this case certified as a class action, you are *not* agreeing to any settlement of your overtime claim against EY or agreeing to participate in such a class action case. You are simply helping to secure an *option* to participate in the case on a class action basis or any class action settlement of the case. If, in the future, you decide you do not want to have anything to do with this case, or participate in any proposed class action settlement, you would have the right to "opt out" of the class.

Leon Greenberg
Attorney at Law
633 S. 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6369
Member California, Nevada, New York,

EXHIBIT ___A___ PAGE ___6___

New Jersey and Pennsylvania Bars
Mark Thierman, Esq., Of Counsel
Email: attorney at eylawsuit.com

## Attorney Advertisement

Advisement: The views and opinions expressed herein are strictly those of the above listed attorneys. Those expressions are consistent with, and based upon, established law and precedents.

Copyright 2007. Leon Greenberg Attorney at Law. All rights reserved.

EXHIBIT ___A___ PAGE ___7___

HOME PAGE | BENEFITS OF A CLASS CASE | ABOUT JOINING THE CASE

## Ernst & Young Overtime Lawsuit Website

Just Because You Have a College Degree and They Paid You a Salary and Called You a "Professional" Does Not Mean They Can Deny You Overtime Pay

### WHY ERNST & YOUNG STAFF AND SENIORS WOULD BE OWED OVERTIME PAY IN ADDITION TO THEIR SALARY AND BONUS PAY

**WHY WOULD YOU BE OWED OVERTIME IF YOU WERE NEVER PAID BY THE HOUR AND PAID A SALARY AND HAD A COLLEGE OR GRADUATE DEGREE AND AGREED TO JUST RECEIVE A SALARY?**

**BECAUSE THE LAW ONLY EXEMPTS EMPLOYERS FROM PAYING OVERTIME TO SALARIED "PROFESSIONALS" WITH THE PROPER PROFESSIONAL EDUCATION AND/OR LICENSE AND WHO ALSO SPEND MOST OF THEIR TIME PERFORMING "PROFESSIONAL" LEVEL WORK INVOLVING THE USE OF INDEPENDENT JUDGMENT AND DISCRETION. THE COURTS WILL NOT ENFORCE AN AGREEMENT TO GIVE UP OVERTIME PAY IN EXCHANGE FOR A FLAT SALARY UNLESS THE OTHER OVERTIME EXEMPTION REQUIREMENTS OF THE LAW ARE MET.**

There is a great deal of misunderstanding regarding when employees are entitled to overtime pay. As a general rule, most employees are presumed to be entitled to overtime wages *unless* their employer is able to establish that the employee is exempt from the payment of mandatory overtime wages. Paying an employee a salary does *not*, by itself, exempt an employer from paying overtime wages to the employee. Nor can an employee "agree" to give up or "settle" their right to overtime pay (either orally or by signing a job offer letter or by signing a termination or severance agreement) except through a settlement overseen by a Court. Employees are not allowed to voluntarily "waive" their right to overtime because if such waivers were allowed employers would be able to avoid their responsibility to pay overtime wages (employers would simply require their workers to "waive" any right to overtime pay).

To be an overtime exempt salaried professional employee a worker must have both:

1) Undergone an extended and advanced course of professional study, typically meaning that they have secured both a specialized undergraduate and graduate degree and/or been licensed as a professional (for example as a CPA or an attorney). A worker possessing only a general academic education cannot be treated as an overtime exempt professional. AND

EXHIBIT ___A___ PAGE ___8___

2) Be employed predominately performing work of a "professional" nature. This means actually performing work requiring independent judgment and discretion and of an intellectual nature. For example, simply gathering audit data in compliance with specific, and largely inflexible, instructions requiring no significant independent decision making and entering it into a spreadsheet would not constitute audit work of a "professional" nature. Making the decisions about the kind or scope of information to gather in connection with an audit, and how that information should be interpreted or applied, might well constitute work of a "professional" nature.

The bottom line: Just because an employee has a college or graduate degree and is called a "professional" and is paid a salary does not make him overtime exempt. Even an employee having a license as a CPA or attorney may be entitled to overtime wages if he is not performing work of a "professional" nature. A fully licensed attorney or CPA who is paid a large salary, but spends most of their time doing clerical work, is not overtime exempt.

Because salaried employees do not receive any pre-determined "hourly rate" overtime pay for such employees is calculated based upon a Court determining what their effective "hourly rate" was and then awarding the employee overtime (time and one-half pay or in some situations double time pay) based upon that effective "hourly rate." Under State Law in California, that "hourly rate" would be determined by dividing an EY staff or senior's weekly salary by 40, often resulting in an hourly rate of about $25 an hour or more. The overtime rate for such staff or senior would be one and one-half times that rate ($37.50 an hour or more). With many staff or seniors working long hours (50 hours a week or more) they could be owed substantial amounts of unpaid overtime wages.

An employer is not excused from paying overtime because it has paid a "bonus" to an employee, or paid an employee a higher salary to somehow "compensate" the employee for their longer hours of work. California's overtime laws are very strict. An employee who is not exempt (either as a professional or for another reason) from the payment of overtime must receive overtime IN ADDITION to whatever salary or bonus they were paid. Often employers ignore these strict requirements by paying a flat salary when they could have, in hindsight, just paid the employee an hourly wage plus overtime that would have been approximately equal to that salary. Employers are liable for unpaid overtime wages as a result of engaging in this sort of "wage structure failure" (paying a flat salary instead of an equivalent hourly wage plus overtime) since the Court does not allow an employer to "go back" and in hindsight pay an equivalent hourly wage plus overtime.

An employer is also not excused from paying overtime because no exact records exist of the time an employee worked. The employer is required by law to keep accurate employee time records. If exact time records were not kept (often employers do not have salaried employees "punch the clock") the court can award the employee overtime wages based upon the employee's approximation of the typical hours he worked.

Leon Greenberg
Attorney at Law
633 S. 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6369
Member California, Nevada, New York,
New Jersey and Pennsylvania Bars
Mark Thierman, Esq., Of Counsel

EXHIBIT    A    PAGE   9

Email: attorney at eylawsuit.com

## Attorney Advertisement

Advisement: The views and opinions expressed herein are strictly those of the above listed attorneys. Those expressions are consistent with, and based upon, established law and precedents.

Copyright 2007. Leon Greenberg Attorney at Law. All rights reserved.

EXHIBIT    A    PAGE    10

HOME PAGE   WHY IS OVERTIME OWED?



# Ernst & Young Overtime Lawsuit Website

**Just Because You Have a College Degree and They Paid You a Salary and Called You a "Professional" Does Not Mean They Can Deny You Overtime Pay**

## WHY YOU WOULD WANT TO CONSIDER JOINING THIS LAWSUIT AS AN INDIVIDUAL AND NOT RELYING ON THIS CASE BEING CERTIFIED AS A CLASS ACTION

It is this office's intention to have this lawsuit certified as a class action and recover unpaid overtime for all of EY's current or former staff and seniors that are included in such class action, unless they decide to "opt out" of this lawsuit.  This office is also eager to have additional current or former California EY staff and seniors participate in this lawsuit as individual class representative plaintiffs.  Those persons, by joining this lawsuit individually, would be able to have their overtime claims determined by the Court even if this case was not certified as a class action. In addition, by acting as a representative plaintiff, those persons may also be able to assist in the prosecution of this case by offering evidence.  If you were to join this lawsuit as an individual you would have to be prepared to give testimony (a deposition) and possibly even appear in Court if this case proceeds to trial, although the chance of this case going to trial may be small since most lawsuits are resolved without a trial.  Please contact our office if you would like more information about joining this lawsuit as an individual.

Leon Greenberg
Attorney at Law
633 S. 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6369
Member California, Nevada, New York,
New Jersey and Pennsylvania Bars
Mark Thierman, Esq., Of Counsel
Email: attorney at eylawsuit.com

## Attorney Advertisement
Advisement: The views and opinions expressed herein are strictly those of the above listed attorneys.  Those expressions are consistent with, and based upon, established law and precedents.

Copyright 2007. Leon Greenberg Attorney at Law. All rights reserved.

EXHIBIT ___A___ PAGE ___11___