**Exhibit B**

1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
3  Los Angeles, California 90067-3012
   Telephone:   310-229-1000
4  Facsimile:   310-229-1001
   cconway@akingump.com
5  gknopp@akingump.com

6

7  Attorneys for Defendant Ernst & Young LLP

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  DAVID HO, on behalf of himself and      Case No. CV 05-04867 JF
    others similarly situated and on behalf
13  of the general public and DOES 1-20     DEFENDANT ERNST & YOUNG
                                            LLP'S REQUEST FOR
14              Plaintiff,                   PRODUCTION OF DOCUMENTS TO
                                            PLAINTIFF DAVID HO, SET TWO
15       v.
                                            [Assigned for all purposes to the
16  ERNST & YOUNG, LLP                      Honorable Jeremy Fogel,
                                            Department 3]
17              Defendant.

18

19

20

21  PROPOUNDING PARTY:     DEFENDANT, ERNST & YOUNG LLP

22  RESPONDING PARTY:      PLAINTIFF, DAVID HO

23  SET NO.:               TWO

24

25

26

27

28  6090866
    _____
              DEFENDANT ERNST & YOUNG LLP'S REQUEST
                FOR PRODUCTION OF DOCUMENTS TO
                  PLAINTIFF DAVID HO, SET TWO

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

1.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Ernst & Young, LLP, by and through its attorneys, Akin Gump Strauss Hauer & Feld, LLP, requests that plaintiff David Ho produce documents as described herein at the office of Akin Gump Strauss Hauer & Feld, LLP, 2029 Century Park East, Suite 2400, Los Angeles, California 90067, and permit inspection and copying of same.  Plaintiff must respond and comply within thirty (30) days of the service of this Request for Production.

## DEFINITIONS AND INSTRUCTIONS

2.      Produce originals of the documents requested herein, arranged and labeled according to the number of the demand to which they respond.

3.      If any document is not produced because a privilege is claimed, please identify each such document (by date, title, author, addressees, persons copied, number of pages and subject matter), the number of the demand that calls for its production, and the privilege claimed.

4.      The use of the singular form of any word used herein includes the plural and vice versa.

5.      This Request for Production shall be deemed continuing so as to require further and supplemental production promptly if plaintiff receives, generates or discovers additional documents called for herein between the time of original production and the time of any evidentiary hearing.

6.      The terms "PLAINTIFF," "YOU," AND "YOUR," as used herein mean David Ho, or any person, including attorneys and law firms, agents, or agents of plaintiff's law firm, acting or purporting to act on behalf of David Ho.

7.      The term "ERNST & YOUNG" as used herein means defendant Ernst & Young LLP and its California offices where plaintiff and any other putative class

6090866

2

**DEFENDANT ERNST & YOUNG LLP'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF DAVID HO, SET TWO**

EXHIBIT ___B___ PAGE ___13___

1  member were employed, and any person acting or purporting to act on behalf of Ernst &
2  Young.

3       8.    The term "PERSON" as used herein means all individuals or entities,
4  including, but not limited to, government agencies, independent establishments, natural
5  persons, labor unions, groups of corporations (whether for profit or non-profit),
6  partnerships, associations, joint ventures, and any other incorporated or unincorporated
7  business or social entity.

8       9.    The term "DOCUMENT" as used herein means all written or recorded
9  material of any kind or character, as defined in Federal Rules of Evidence Section 1001,
10  in your possession, custody or subject to your control, or within your knowledge,
11  including, without limitation, statements, letters, correspondence, telegrams,
12  memoranda, notes, records, reports, studies, interoffice communications, calendar and
13  diary entries, microfilm, bulletins, circulars, pamphlets, messages, invoices, maps,
14  charts, tabulations, summaries or abstracts, video or audio recordings, work sheets,
15  surveys, graphs, statistics, tables, photographs, rules, regulations, opinions, orders,
16  interpretations, guidelines, any notes or writings pertaining to any meetings, or other
17  oral or telephone communication, electronic mail, any data or information stored or
18  saved on any computer hard disk, floppy disk, tape, or other medium, any computer
19  print-outs, computer software or code, whether in machine or human readable form on
20  any medium, and all other documentary material, including non-identical copies
21  (whether different from the original because of any alterations, notes, comments or other
22  material contained thereon or attached thereto or otherwise, and whether a draft or final
23  version).

24       10.    The terms "RELATE" or "REFER TO" as used herein mean to make a
25  statement about, discuss, describe, reflect, identify, deal with, consist of, explain,
26  comprise, or in any way pertain in whole or in part, directly or indirectly, to the subject.

27

28  6090866

11. The term "COMMUNICATION" as used herein means every manner or means of disclosure, transfer or exchange of information, whether oral, electronic, by document, or otherwise, and whether face to face, in a meeting, by telephone, mail, electronic mail, personal delivery or otherwise.

12. The term "ERNST & YOUNG EMPLOYEE" as used herein means any person employed by Ernst & Young, in any capacity, either currently or at any time in the past.

13. The term "COMPLAINT" as used herein means the original complaint, and all subsequent amendments thereto, initially filed in the Superior Court of the State of California in the County of Santa Clara, and now pending before the United States District Court for the Northern District of California.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 31**

ALL DOCUMENTS that have been generated in response to the "WITNESS STATEMENT INFORMATION FORM" posted by YOU on the internet at the website www.eylawsuit.com or any other website, including but not limited to such DOCUMENTS that provide contact information for individuals who have filled out the form and any responses to the solicitation for "Advise When You Started and Stopped Working for EY, Your Position, the Office You Worked in, the Department You Worked in, and List the Typical Work Tasks That You Performed and For Each Task the Percentage of Your Total Work Time Spent on That Task."

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS that YOU have prepared as Witness Statements and sent for approval to an individual that provided information to YOU.

6090866                                                        4

EXHIBIT $\mathcal{B}$ PAGE $15$

1  **REQUEST FOR PRODUCTION NO. 33**

2      All DOCUMENTS that YOU have received from individuals to whom you have

3  sent Witness Statements for review and approval, including but not limited to signed

4  Witness Statements and Witness Statements with comments, corrections, or changes.

5  Dated: _May 25, 2007_

6                          **AKIN GUMP STRAUSS HAUER & FELD LLP**
                           CATHERINE A. CONWAY

7                          GREGORY W. KNOPP

8

9  By _____

10                         Attorneys for Defendant Ernst & Young LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6090866                                5

**DEFENDANT ERNST & YOUNG LLP'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF DAVID HO, SET TWO**

EXHIBIT ___B___ PAGE ___16___

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.

On May 25, 2007 I served the foregoing document(s) described as:

**DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID HO, SET TWO**

on the interested party(ies) below, using the following means:

Mark R. Thierman, Esq.          Leon Greenberg, Esq.
THIERMAN LAW FIRM               Attorney at Law
7287 Lakeside Drive             633 South 4th Street, Suite 9
Reno, Nevada 89511              Las Vegas, Nevada 89101
Telephone:  775.284.1500        Telephone:  702.383.6085
Facsimile:  775.703.5027        Facsimile:  702.385.1827

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 25, 2007 Los Angeles, California.

Linda Tolbert
[Print Name of Person Executing Proof]

*Linda Tolbert*
[Signature]

**PROOF OF SERVICE**

EXHIBIT B PAGE 17

**Exhibit C**

1  Mark R. Thierman, SB# 72913
   Leon Greenberg, SB# 226253
2  THIERMAN LAW FIRM
   7287 Lakeside Drive
3  Reno, NV 89511
   Telephone (775) 284-1500
4
   Attorneys for Plaintiffs
5
   UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
   ---------------------------------X
7  DAVID HO, on behalf of himself          Case No.   05-04867-JF/HRL
   and all others similarly situated
8  and on behalf of the general
   public and DOES #1-20,
9
                    Plaintiffs,
10
11
      -against-
12
   ERNST & YOUNG LLP
13
                    Defendants.
14 ---------------------------------X

15          PLAINTIFF'S RESPONSE TO DEFENDANT'S
          SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
16
   GENERAL OBJECTIONS
17
18      Plaintiffs object to the production of the documents sought to

19 the extent that such production is unduly burdensome, seeks

20 privileged information, or seeks the production of materials that

21 are neither relevant not reasonably likely to lead to the discovery

22 of relevant and admissible evidence.

23      Plaintiffs object to the requested production to the extent

24 that it claims to impose a requirement upon the plaintiffs that they

25 incur the costs of obtaining materials that they have a legal right

26 to possess but which they do not currently have in their possession,

27 to the extent that such materials are properly subject to production

28 the plaintiffs do not withhold them from production and will

                              1

EXHIBIT____C____PAGE__18__

1  cooperate with the defendants by authorizing their production, but

2  plaintiffs shall not bear the costs of such production.

3      Plaintiffs object to the requested production to the extent it

4  calls upon them to interpret or determine what documents have a

5  particular requested meaning or significance and act in good faith

6  in producing all documents that they believe are responsive taking

7  the broadest possible view of defendant's requests.

8      Plaintiffs object to the requested production to the extent

9  that it calls upon them to classify, review, or advise the defendant

10 about the contents of documents previously, or henceforth, produced

11 in this litigation by defendant or any co-defendants and plaintiffs

12 decline to so advise the defendants about the contents of such

13

14 production by defendant or any co-defendants on the grounds that

15 such effort by the plaintiffs is unduly burdensome and not required

16 by the Federal Rules of Civil Procedure.

17                          RESPONSES

18 REQUEST FOR PRODUCTION NO. 1

19     All DOCUMENTS that have been generated in response to the

20 "WITNESS INFORMATION FORM" posted by YOU on the internet at the

21 website www.eylawsuit.com or any other website, including, but not

22 limited to such DOCUMENTS that provide contact information for

23 individuals who have filled out the form and any responses to the

24 solicitation for "Advise When You Started and Stopped Working for

25 EY, Your Position, the Office You Worked in, the Department You

26 Worked in, and List the Typical Work Tasks That You Performed and

27 For Each Task the Percentage of Your Total Work Time Spent on That

28 Task."

2

EXHIBIT____C____PAGE__19__

RESPONSE: Request is objected to on the following grounds:

1. Attorney Work Product Privilege in that all such documents have been generated as a result of the plaintiff's counsel's investigative efforts in this case and/or contain impressions, notes, observations and/or analysis created by plaintiff's counsel.

2. Attorney Client Privilege in that all such documents are communications with persons who either have retained plaintiff's counsel for the purposes of legal representation (and engaged in such communication for that purpose) or engaged in such communications for the purpose of considering whether they wished to secure legal representation by plaintiff's counsel. Such attorney client privilege also extends to all such persons because they are members of the putative class of plaintiffs in this case. Even though no plaintiff class has yet been certified in this case, such communications are part of a process whereby such persons consider whether to assist in the effort to have this case certified as a class action and possibly be represented by plaintiff's counsel.

3. Informant Privilege, in that the identify of the persons who engaged in such communications, which communications contain information alleging violations of the labor laws of the State of California, is protected against involuntary disclosure as a matter of public policy. Such privilege is necessary to guard against the chilling effect such involuntary disclosure would have and the exposure of such persons to possible retaliation.

In respect to a privilege log, plaintiff's counsel confirms that there exists at least one document containing information on the requested communications, but declines to otherwise state the

3

EXHIBIT ___C___ PAGE ___20___

1  number or length or dates or manner or contents of such

2  communications, or the parties to such communications (besides

3  plaintiff's counsel, Leon Greenberg, Esq.), as the disclosure of

4  that information would infringe upon the aforesaid privileges

5  against disclosure.  All such documents are maintained in electronic

6  form by plaintiff's counsel.

7      Plaintiff also objects to the requested production on the

8  grounds of burdensomeness in that the identity of all putative

9  plaintiff class members is known to the defendant.

10 REQUEST FOR PRODUCTION NO. 2

11     All DOCUMENTS that YOU have prepared as Witness Statements and

12 sent for approval to an individual that provided information to YOU.

13 RESPONSE: Request is objected to on the following grounds:

14

15     1. Attorney Work Product Privilege in that all such documents

16 have been generated as a result of the plaintiff's counsel's

17 investigative efforts in this case and/or contain impressions,

18 notes, observations and/or analysis created by plaintiff's counsel.

19     2. Attorney Client Privilege in that all such documents are

20 communications with persons who either have retained plaintiff's

21 counsel for the purposes of legal representation (and engaged in

22 such communication for that purpose) or engaged in such

23 communications for the purpose of considering whether they wished to

24 secure legal representation by plaintiff's counsel.  Such attorney

25 client privilege also extends to all such persons because they are

26 members of the putative class of plaintiffs in this case.  Even

27 though no plaintiff class has yet been certified in this case, such

28 communications are part of a process whereby such persons consider

4

**EXHIBIT**  $C$  **PAGE**  $21$

1  whether to assist in the effort to have this case certified as a

2  class action and possibly be represented by plaintiff's counsel.

3      3. Informant Privilege, in that the identify of the persons who

4  engaged in such communications, which communications contain

5  information alleging violations of the labor laws of the State of

6  California, is protected against involuntary disclosure as a matter

7  of public policy.  Such privilege is necessary to guard against the

8  chilling effect such involuntary disclosure would have and the

9  exposure of such persons to possible retaliation.

10

11      In respect to a privilege log, plaintiff's counsel

12  confirms that there exists at least one responsive document but

13  declines to otherwise state the number or length or dates or

14  document contents or provide other information about such document,

15  as the disclosure of that information would infringe upon the

16  aforesaid privileges against disclosure. All such documents are

17  maintained in electronic form by plaintiff's counsel.

18      Plaintiff also objects to the requested production on the

19  grounds of burdensomeness in that the identity of all putative

20  plaintiff class members is known to the defendant.

21  REQUEST FOR PRODUCTION NO. 3

22

23      All DOCUMENTS that YOU have received from individuals to whom

24  you have sent Witness Statements for review and approval, including

25  but not limited to signed Witness Statements and Witness Statements

26  with comments, corrections or changes.

27  RESPONSE: Request is objected to on the following grounds:

28      1. Attorney Work Product Privilege in that all such documents

have been generated as a result of the plaintiff's counsel's

5

EXHIBIT___C___PAGE___22___

investigative efforts in this case and/or contain impressions,

notes, observations and/or analysis created by plaintiff's counsel.

2. Attorney Client Privilege in that all such documents are communications with persons who either have retained plaintiff's counsel for the purposes of legal representation (and engaged in such communication for that purpose) or engaged in such communications for the purpose of considering whether they wished to secure legal representation by plaintiff's counsel. Such attorney client privilege also extends to all such persons because they are members of the putative class of plaintiffs in this case. Even though no plaintiff class has yet been certified in this case, such communications are part of a process whereby such persons consider whether to assist in the effort to have this case certified as a class action and possibly be represented by plaintiff's counsel.

3. Informant Privilege, in that the identify of the persons who engaged in such communications, which communications contain information alleging violations of the labor laws of the State of California, is protected against involuntary disclosure as a matter of public policy. Such privilege is necessary to guard against the chilling effect such involuntary disclosure would have and the exposure of such persons to possible retaliation.

In respect to a privilege log, plaintiff's counsel confirms that there exists at least one responsive document but declines to otherwise state the number or length or dates or document contents or provide other information about such document, as the disclosure of that information would infringe upon the aforesaid privileges against disclosure.

6

EXHIBIT____C____PAGE__23__

1    Plaintiff also objects to the requested production on the

2  grounds of burdensomeness in that the identity of all putative

3  plaintiff class members is known to the defendant.

4

5  Dated this 26th day of June, 2007

6                              Thierman Law Firm

7                              Leon Greenberg, Esq.

8                              By: _____

9                              Leon Greenberg, Esq. SB# 226253

10                             THIERMAN LAW FIRM
                               7287 Lakeside Drive

11                             Reno, NV 89511
                               (775) 284-1500

12                             Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

EXHIBIT____C____PAGE____24

<u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 26TH day of JUNE, 2007, I mailed a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF REQUESTS FOR DOCUMENTS in a sealed envelope, to the following counsel of record and that postage was fully prepaid thereon:

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067
Attention: Catherine Conway, Esq.

Leon Greenberg

1

EXHIBIT____C____PAGE____25

**Exhibit D**

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━━ Attorneys at Law

**GREGORY W. KNOPP**
310.552.6436/fax: 310.229.1001
gknopp@akingump.com

July 26, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Leon Greenberg, Esq.
Attorney at Law
633 South 4th Street, Ste. 9
Las Vegas, Nevada 89101

Re:  *Ho v. Ernst & Young LLP*

Dear Mr. Greenberg:

We write regarding Plaintiff's Response to Defendant Ernst & Young LLP's Second Request for Production of Documents. Although we are prepared to file a motion to compel on the grounds discussed below, we hope that the parties can reach agreement on the production of this highly relevant discovery matter.

Defendant's Second Request contained three requests for production of documents (collectively, the "Requests"). Request No. 31 seeks documents generated in response to the questionnaire entitled "Witness Statement Information Form" posted on the "www.eylawsuit.com" website. In Request No. 32, Defendant seeks all witness statements sent to individuals providing information to you. Finally, Request No. 33 seeks witness statements you received from individuals providing information, whether in final signed form, or with corrected factual information.

Plaintiff has lodged identical, boilerplate objections to the Requests on four grounds – attorney-client privilege, attorney work product, the informant privilege, and burden. Further, although Plaintiff acknowledges that there are, in Plaintiff's possession, documents responsive to Defendant's requests, Plaintiff has refused to produce a privilege log.

At least two of Plaintiff's objections can be easily rejected. Plaintiff asserts a burdensomeness objection on the ground that, "the identity of all putative class members is known to the defendant." Defendant, however, has not requested a list of putative class members. Rather, it seeks documents and information that individuals have provided to Plaintiff. Defendant has no easier way to obtain these documents than by requesting them from Plaintiff. Further, Plaintiff admits that "all such documents are maintained in electronic form by plaintiff's counsel." A burdensome objection is not appropriate given Plaintiff's ready access to the responsive documents.

EXHIBIT **D** PAGE **26**

AKIN GUMP
STRAUSS HAUER & FELDLLP
━━━━━━━━━━━ Attorneys at Law

Leon Greenberg, Esq.
July 26, 2007
Page 2

Plaintiff's assertion of the informant privilege also is baseless. California Evidence Code § 1041, which codifies the informant privilege under California law, only applies to public entities. There is no basis here to assert the informant privilege here.

We address the balance of Plaintiff's objections below.

<u>Documents Generated In Response to Web Questionnaire</u>

First, documents generated from the web questionnaires, including the completed questionnaires, are not protected by the attorney-client privilege. As you know, there has not been a class certified in this action. It is well settled under California law that putative class members are not considered "clients" for purposes of the attorney-client privilege. <u>See, e.g.</u> *Atari, Inc. v. Superior Court*, 166 Cal.App.3d 867, 873 (Cal.App.3d 1985) (rejecting argument that putative class members are represented by plaintiff's counsel); *Babbitt v. Albertson's Inc.*, 1993 WL 128089, *2 (N.D.Cal. 1993) (citing *Atari* with approval). Plaintiff's suggestion that the putative class members' expectation of confidentiality precludes disclosure has also been squarely rejected. *Id.* at 517.

Even were putative class members to be considered clients, "factual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege." *Morisky v. Public Service Electric and Gas Co.*, 191 F.R.D. 419, 424 (D.N.J. 2000) <u>citing</u> *Penk*, 99 F.R.D. at 516. Request No. 31 seeks purely factual information provided in response to a non-confidential questionnaire and thus would not invade the attorney-client privilege even if the privilege applied.

Second, the documents related to the questionnaire cannot be considered attorney work product. Although Federal Rule of Civil Procedure 26(b)(3) protects an attorney's "mental impressions, conclusions, opinions, or legal theories," Rule 26(b)(3) does not prevent disclosure of factual information directly from witnesses. <u>See</u> *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 652 (D. Alaska 1994) ("The knowledge held by [] third parties is not privileged…What a witness "knows" is not the work of counsel."). Moreover, any "mental impressions" or "legal theories" reflected in the questionnaire have already been publicly disclosed via the internet and therefore cannot justify your assertion of work product protection. The factual information provided in response to the questionnaire is therefore discoverable.

As such, Ernst & Young requests that Plaintiff immediately produce documents responsive to Request No. 31.

EXHIBIT___D___ PAGE___27___

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━━━━ Attorneys at Law

Leon Greenberg, Esq.
July 26, 2007
Page 3

<u>Witness Statements</u>

      For the same reasons discussed above, Plaintiff cannot assert the attorney-client privilege with respect to documents responsive to Requests Nos. 32 and 33. In any event, Plaintiff has no basis to refuse to produce a privilege log. Federal Rule of Civil Procedure 26(b)(5)(A) requires a party claiming privilege or work product protection to, "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The information Plaintiff seeks to protect (e.g., the "number or length or dates or manner") is not entitled to protection and should be provided on a privilege log that allows Defendant, and if necessary the Court, to evaluate Plaintiff's privilege claims as anticipated by Rule 26(b)(5)(A).

      Plaintiff is also reminded of his obligation to supplement his initial disclosures. FRCP 26(e)(1). As you know, Plaintiff is under a continuing obligation to disclose, "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...." FRCP(a)(1)(A).

      We appreciate your immediate response. Absent Plaintiff's production of the responsive discovery material and a satisfactory privilege log, Defendant will be forced to seek a motion to compel production of documents responsive to the Requests.

            Sincerely,

            Gregory W. Knopp

6115181

**EXHIBIT** _____ D _____ **PAGE** _____ 28

# Confirmation Report—Memory Send

Time      : 07-Jul-26  05:17pm
Tel line 1 : 3102291001
Name      : AkIN GUMP STRAUS HAUER  & FELD

| | | |
|---|---|---|
| Job number | : | 908 |
| Date | : | Jul-26 05:15pm |
| To | : | 010863#601659#0004#17023851827# |
| Document Pages | : | 04 |
| Start time | : | Jul-26 05:15pm |
| End time | : | Jul-26 05:17pm |
| Pages sent | : | 04 |
| Job number | : 908 | *** SEND SUCCESSFUL *** |

FAXED

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
### Attorneys at Law

## FAX TRANSMISSION

### July 26, 2007

| To<br>Leon Greenberg, Esq. | Company<br>Law Offices | Fax<br>(702) 385-1827 | Phone<br>(702) 383-6085 |
|---|---|---|---|

**From:** Gregory W. Knopp, Esq.
**Total Pages:** 4
**Direct line** 310.552.6436
**Re:** Ho v. Ernst & Young, LLP
**Message:**

601659 0004/010863
Floor: 22™
☒ Return fax via Interoffice Mail

Sender's email: gknopp@akingump.com
Secretary: Sharon
☐ Hold fax for pickup

Sender's fax: 310.229.1001
Ext: 4-3013
Fax Operation Verification:

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of the message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below.

2029 Century Park East, Suite 2400 / Los Angeles, California 90067-3012 / 310.229.1000 / fax: 310.229.1001 / akingump.com

EXHIBIT_____D____ PAGE___29

**Exhibit E**

**LEON GREENBERG**
ATTORNEY AT LAW
A Professional Corporation
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6085

Member Nevada, California,
New York and New Jersey Bars

Fax: (702) 385-1827

July 27, 2007

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067

Attention: Gregory W. Knopp, Esq.

VIA FAX AND FIRST CLASS MAIL

**Re: David Ho v. Ernst & Young**

Dear Mr. Knopp:

I am in receipt of your letter of July 26, 2007.

All of the communications at issue were made for the purpose of investigating representation by counsel. Indeed, a number of persons have affirmatively agreed to retain me as their counsel as a result of, or in conjunction with, such communications. As a result, all such communications are absolutely privileged as attorney and (at least prospective) client communications.

I cannot provide a privilege list. The identities of the persons who have consulted with me to possibly secure legal representation are privileged. I may not disclose those identities until such time (if any) that those persons agree to become parties plaintiff to this case or otherwise consent to such public disclosure. Nor should I be compelled to identify how many persons have sought my counsel as an attorney or the dates of such consultations.

By way of a compromise, I am certainly willing to agree to a

Page 1 of 2

EXHIBIT ____ PAGE ____

notification to such persons of their right to consent to such disclosures.  This would be similar to the notifications previously performed in this case in respect to the disclosure of class members' names and addresses.  We would agree upon a notification letter that I would dispatch to all persons who have contacted me in the manner outlined in the defendant's discovery request.  The letter would advise them that they can, if they wish, consent to have their communications with me disclosed to Ernst and Young.  In as much as they are the ultimate holders of the attorney-client privilege at issue (they can waive it, I cannot), I do not see how I can, in compliance with my ethical duties, offer any other compromise.

I would also note that my proposed compromise goes far beyond any duty that the Court should impose upon me.  I offer it simply in an attempt to avoid burdening the Court with pointless motion practice over this issue.  The individuals at issue are not my captives, they are already aware of their right to contact Ernst and Young or its counsel and waive their right to keep their communications with me confidential.

I remain,

Very truly yours,

Leon Greenberg

cc.: Mark Thierman, Esq.

Page 2 of  2

EXHIBIT ___E___ PAGE ___31___

**LEON GREENBERG**
**Professional Corporation**
**Attorney at Law**
**633 South 4th Street - Suite 9**
**Las Vegas, NV 89101**
**(702) 383-6085**

**Member Nevada, California**
**New York and New Jersey Bars**

FAX TRANSMISSION COVER SHEET

July 27, 2007

To:

Akin, Gump, Strauss, Hauer & Feld LLP
2029 Century Park East # 2400
Los Angeles, CA 90067

Attention: Catherine A. Conway, Esq.
           Gregory W. Knopp, Esq.
           Adam Spiewak, Esq.
           Stephanie Der, Esq.


VIA FAX 310-229-1001

TWO PAGES FOLLOW

                    Re: David Ho v. Ernst & Young
                        CV 05-04867 JF


                NOTICE OF CONFIDENTIALITY

       This fax transmission is intended for the above recipient only and is to
be considered confidential.  The information contained in this transmission is
not to be used or distributed by any person other than the above recipient. If
you received this transmission in error please contact this office at once.

EXHIBIT___E___PAGE___32

**Exhibit F**

# AKIN GUMP
# STRAUSS HAUER & FELDLLP

**————** Attorneys at Law

**Anastasia M. Boles**
310.229.1041/fax: 310.229-1001
aboles@akingump.com

August 6, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Leon Greenberg, Esq.
Attorney at Law
633 South 4th Street, Ste. 9
Las Vegas, Nevada 89101

    Re:  *Ho v. Ernst & Young LLP*

Dear Mr. Greenberg:

    We write in response to your correspondence dated July 27, 2007.

    You have provided no legal support for your refusal to produce a privilege log for documents responsive to Request No. 31.  Federal Rule of Civil Procedure 26(b)(5)(A) clearly requires the preparation of a privilege log for all documents withheld on privilege grounds. Under California law, the client identity and date of privileged communication are not covered by the attorney-client privilege.  *See, e.g., Nowell v. Superior Court*, 223 Cal. App. 2d 652, 655 (1963) ("there is no privilege as to the fact that an attorney-client relationship exists inasmuch as a showing to this effect is the very foundation of the privilege"); *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981) (applying California law) ("[a]s a general proposition, client identity and fee arrangements are not protected in California by the attorney-client privilege").

    In fact, Ninth Circuit precedent is clear that failure to produce a privilege log by itself constitutes waiver of the asserted privilege.  *Thelen Reid & Priest LLP v. Marland*, 2007 WL 578989 (N.D.Cal., Feb. 21, 2007) ("The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege.") *citing Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont*, 408 F.3d 1142 (9th Cir. 2005).

    Moreover, in your letter, you declined to address our request for a privilege log detailing documents responsive to Requests Nos. 32 and 33 withheld on the basis of attorney-client privilege.  Therefore, we assume a privilege log is forthcoming concerning documents responsive to those requests.

    We share your desire to avoid bringing another discovery dispute before the Court.  The compromise you have offered, however, is unsupported by legal precedent.  If you can identify legal support for your contention, we would be happy to consider it.  Otherwise, unless we

**EXHIBIT** _F_ **PAGE** _33_

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

Leon Greenberg, Esq.
August 6, 2007
Page 2

receive a satisfactory privilege log for all documents withheld on the basis of privilege by
<u>Monday, August 13, 2007</u>, we will be forced to bring a motion to compel.

Sincerely,

Anastasia M. Boles

**EXHIBIT** _F_ **PAGE** 34

# Confirmation Report — Memory Send

Page       : 001
Date & Time: Aug-06-07  14:04
Line 1     :
Line 2     :
E-mail     :
Machine ID :

| | | |
|---|---|---|
| Job number | : | 057 |
| Date | : | Aug-06 14:03 |
| To | : | ☎010863#601659#0004#17023851827 |
| Number of pages | : | 003 |
| Start time | : | Aug-06 14:03 |
| End time | : | Aug-06 14:04 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 057          *** SEND SUCCESSFUL ***

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
### Attorneys at Law

## FAX TRANSMISSION

### August 6, 2007

| To Leon Greenberg, Esq. | Company Law Offices | Fax (702) 385-1827 | Phone (702) 383-6085 |
|---|---|---|---|

**From:** Anastasia M. Boles, Esq.
**Total Pages:** 3
**Direct line** (310) 552-6673
**Re:** Ho v. Ernst & Young, LLP
**Message:**

601659.0004/010863
Floor: 22nd
☒ Return fax via Interoffice Mail

Sender's email: aboles@akingump.com
Secretary: Linda
☐ Hold fax for pickup

Sender's fax: 310.229.1001
Ext 46423
Fax Operation Verification: _____

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below.

2029 Century Park East, Suite 2400 / Los Angeles, California 90067-3012 / 310.229.1000 / fax: 310.229.1001 / akingump.com

EXHIBIT ___F___ PAGE ___35___

