*E-filed 1/24/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, et al. | Case No. C05-04867 JF (HRL) |
| Plaintiffs, | |
| v. | **ORDER ON DEFENDANT'S MOTION TO COMPEL PRIVILEGE LOG** |
| ERNST & YOUNG, LLP, | Re: Docket No. 106 |
| Defendant. | |

In this putative class action, named plaintiff David Ho[1] claims that his employer, Ernst & Young ("E & Y"), improperly treated him and other employees as "professionals" exempt from California's overtime laws. Defendant moves to compel a privilege log.

A) Privilege Log

Counsel for Plaintiff maintains a website, www.eylawsuit.com, designed, primarily, to gather witness statements, and, secondarily, to prospect for additional named plaintiffs. Present or former E & Y employees who visit the site are asked to fill out a questionnaire about job duties with time estimates that they then can submit electronically to Plaintiff's counsel. Once Ho's attorney receives the response, he may turn it into a witness statement, which can then be

---

[1] There are several named plaintiffs; however, for convenience, they are here referred to in the singular as "Plaintiff" or "Ho."

1 returned to the class member for a signature.  (Plaintiff represents unequivocally that he
2 currently has no signed witness statements.)  Through discovery, E & Y sought production of
3 the website communications.  *See* Request No.'s 31-33, Defendant's Second Request for
4 Production of Documents.  Plaintiff refused to produce the information on the basis of attorney-
5 client privilege.  E & Y then requested a privilege log.  Again, Ho refused.

6 Federal Rule of Civil Procedure 26(b)(5)(A) requires a party to expressly make a claim
7 of privilege when withholding documents.  That party must "describe the nature of the
8 documents, communications, or tangible things not produced or disclosed --and do so in a
9 manner that ... will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  Thus,
10 although there is not an explicit requirement for a "privilege log," that is typically how parties
11 satisfy Rule 26.  The privilege log should contain: (1) a description of the responsive material
12 withheld; (2) the identity and position of the material's author; (3) the date it was written; (4)
13 the identity and position of all recipients of the material; (5) the material's present location; and
14 (6) the privilege invoked and the grounds for asserting it.  *United States v. Union Pacific R. Co.*,
15 2007 WL 1500551 ,*3, Docket No. 06-1740 FCD (E.D. Cal. 2007) (citing *United States v.*
16 *Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996)).  However, this
17 guideline is constrained by Rule 26's mandate that the log should not be written so as to reveal
18 information itself privileged or protected.  Thus, there are times when a privilege log would
19 suffice even if lacking some of the *Union Pacific* requirements.

20 Plaintiff's opposition papers argued that he was not required to produce any of these
21 elements.  However, Ho conceded at oral argument that he actually only opposed disclosing the
22 identity of the responding putative class members (i.e., the second requirement).  Accordingly,
23 Defendant's motion to compel production of a privilege log containing all but the second of the
24 *Union Pacific* requirements is summarily GRANTED.

25 With respect to the disclosure of the class member's names, further discussion is
26 warranted.  The typical rule is that identities are not privileged.  *See Liew v. Breen*, 640 F.2d
27 1046, 1048-1050 (9th Cir. 1981).  However, there are a few exceptions to this general rule, two
28 of which Plaintiff says apply here.

2

1 First, where the client's identity has "independent significance," *Id.* at 1049, disclosure will not be compelled where it would necessarily expose privileged communications. *See e.g., Baird v. Koerner*, 279 F.2d 623, 633-35 (9th Cir. 1960) (identity protected from disclosure to Internal Revenue Service because it would expose the substance of the confidential communication, i.e., the client's confession to the attorney of delinquent tax payments). Applying that logic, Ho claims that disclosing the identity of the responding class members reveals the underlying privileged communication. But that is not the case. Here, the substance of the communication concerns the job duties of the class member, time spent on tasks, and other information pertaining to working conditions. The identity of the class member does not have independent significance and does not fall within this exception.

Second, disclosure of identities is not required in certain, narrow circumstances where there is a potential for retaliation against employee witnesses. However, the vast majority of these cases rely on an "informer's privilege" which can only be asserted by a governmental body bringing an enforcement action. *See e.g., Brock v. J.R. Sousa & Sons, Inc.*, 113 F.R.D. 545, 546 (D. Mass. 1986); *Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14, 16 (4th Cir. 1963). These cases, cited by Ho, are Fair Labor Standards Act enforcement actions brought by the US Secretary of Labor against employers -- *not* private actions against employers.

Ho was able to cite to only one case in which the "informer's privilege" was permitted in a private action. That case involved foreign garment workers facing threat of termination, deportation, arrest and imprisonment by the People's Republic of China if their identities were revealed. *Does v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). The Ninth Circuit explained that the retaliation exception was being applied only because the plaintiffs were faced with "an objectively reasonable fear of extraordinarily severe retaliation." *Id.* at 1063. In this action against E & Y, the court is presented with only Plaintiff's speculative fear of retaliation. This is an insufficient showing under *Advanced Textile*.

Based on the foregoing, E & Y's motion to compel a privilege log which includes the identities of the individuals authoring the communication is GRANTED.

B) <u>Remaining Issues</u>

E & Y moved alternatively for a determination that Ho's refusal to produce the log waived any privileges associated with the information withheld. Waiver would be an unduly harsh remedy which is not warranted under these circumstances. On this point, the motion is DENIED.

Finally, Defendant raises a related discovery issue for the first time in its reply brief. Citing *Sepulveda v. Wal-Mart Stores, Inc.*, E & Y alleges that Ho has not met his discovery obligations under FRCP 26(a) and (e)(1). 237 F.R.D. 229 (C.D. Cal. 2006). The request was not properly presented and will not be decided at this time.[2]

## CONCLUSION

**Within seven days of the date of this order**, Plaintiff shall produce a privilege log containing: (1) a description of the responsive material withheld; (2) the identity and position of the material's author; (3) the date it was submitted; (4) the identity and position of all recipients of the material; (5) the material's present location; and (6) the privilege invoked and the grounds for asserting it. With respect to the second and third requirements (and any other entry requiring a unique response to the remaining elements), Plaintiff shall provide an appropriate separate entry log. Otherwise, he may provide a generalized response applicable to all other elements.

**IT IS SO ORDERED.**

Dated: 1/24/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] In any event, the reliance on *Sepulveda* is questionable, since it deals with signed witness declarations and this case involves unsigned questionnaire responses.

4

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Anastasia Melinda Boles aboles@akingump.com, westdocketing@akingump.com

Catherine A. Conway cconway@akingump.com, thowe@akingump.com, westdocketing@akingump.com

Stephanie S Der sder@akingump.com, thowe@akingump.com, westdocketing@akingump.com

Max Folkenflik max@fmlaw.net

Leon Greenberg wagelaw@aol.com, leongreenberg@overtimelaw.com, wagelaw@hotmail.com

H. Tim Hoffman hth@hoffmanandlazear.com

Gregory William Knopp gknopp@akingump.com, dkucko@akingump.com, westdocketing@akingump.com

Arthur William Lazear awl@hoffmanandlazear.com

Ross L. Libenson , Esq rlibenson@ansbb.com

Morgan Matthew Mack mmm@hoffmanandlazear.com

Mark R. Thierman laborlawyer@pacbell.net, kellyann@callatg.com, thier3@callatg.com, thier4@callatg.com, thier6@callatg.com

Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.

Dated:    1/24/08            /s/        KRO
                             Chambers of Magistrate Judge Howard R. Lloyd

5