1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   ANASTASIA M. BOLES (SBN 224980)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:   310-229-1000
    Facsimile:   310-229-1001
5   cconway@akingump.com
    gknopp@akingump.com
6   aboles@akingump.com

7   Attorneys for DEFENDANTS ERNST & YOUNG
    LLP AND ERNST & YOUNG U.S. LLP
8
                    UNITED STATES DISTRICT COURT
9
               NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12  DAVID HO, JOHN MAXTON,              Case No. CV 05-04867-JF (HRL)
    NATHAN LAY, and SARAH
13  FERNANDEZ on behalf of             [Assigned for all purposes to the
    themselves and others similarly     Honorable Jeremy Fogel]
14  situated and on behalf of the general
    public and DOES 1-20,               DEFENDANT ERNST & YOUNG
15                                      LLP'S ADMINISTRATIVE MOTION
    Plaintiff,                          TO CONSIDER WHETHER CASES
16                                      SHOULD BE RELATED
    v.
17                                      Complaint Filed: September 27, 2005
    ERNST & YOUNG LLP,
18
    Defendant.
19
    ---------------------------------------   ---------------------------------------
20
    JOSEPH LANDON, individually and    Case No. CV 08-02853-WHA
21  on behalf of all others similarly
    situated,                          [Assigned for all purposes to the
22                                      Honorable William H. Alsup]
                       Plaintiffs,
23                                      Complaint Filed: February 21, 2008
            v.
24
    ERNST & YOUNG LLP, a limited
25  liability partnership; ERNST &
    YOUNG U.S. LLP, a limited liability
26  partnership; and DOES 1-100,
    inclusive,
27
    Defendants.
28

## ADMINISTRATIVE MOTION TO CONSIDER
## WHETHER CASES SHOULD BE RELATED

### I.   INTRODUCTION

Pursuant to Civil Local Rule 3-12, defendant Ernst & Young LLP ("Ernst & Young") hereby moves this Court for an Order deeming *Ho v. Ernst & Young LLP*, Case No. CV 05-04867, and *Landon v. Ernst & Young LLP and Ernst & Young U.S. LLP*, Case No. CV 08-02853, related and assigning *Landon* to Judge Fogel. Both actions involve substantially the same parties, transactions, and events, and relating the cases and assigning the later-filed *Landon* case to Judge Fogel will avoid unnecessary duplication of labor and expense and the risk of conflicting results.

### II.   BACKGROUND

*Ho v. Ernst & Young LLP*, Case No. CV 05-04867, was filed on September 27, 2005 in the Santa Clara County Superior Court and was removed to the Northern District of California on November 29, 2005. Declaration of Anastasia M. Boles ("Boles Decl.") ¶ 2. The *Ho* action is brought on behalf of a putative class of individuals who work or worked for Ernst & Young in California in the job positions of Staff and Senior. Ho First Amended Complaint ¶ 9. Plaintiffs challenge defendant's classification of these employees as exempt from California's overtime and meal break laws. *Id.* at ¶ 11.

*Landon v. Ernst & Young LLP and Ernst & Young U.S. LLP*, Case No. CV 08-02853, was filed in Placer County Superior Court on February 21, 2008, removed to the Eastern District on April 25, 2008, and transferred to the Northern District on June 13, 2008.[1] Boles Decl. ¶ 3. Landon seeks to represent a class of unlicensed "salaried

---

[1] Pursuant to Local Rule 7-11(a), Ernst & Young requested that Landon's counsel stipulate to this motion. Landon's counsel declined because they first wanted to review materials related to Ernst & Young's pending motion for summary judgment in *Ho*, and those materials are under seal. Boles Decl. ¶ 4. Notably, Landon's counsel previously stipulated to the transfer of this case from the Eastern District after Ernst & Young moved to change venue in light of the fact that the previously-filed *Ho*

1

1  exempt employees doing accounting work" in California, also challenging Ernst &
2  Young's classification of such employees as exempt from California overtime and meal
3  break laws. Boles Decl. ¶ 3, Exh. B ("Landon Complaint") at ¶ 20. With the exception
4  of such employees with the job title of "Senior 3," all individuals Landon purports to
5  represent are members of the putative class in the *Ho* litigation. *See* Boles Decl. ¶ 5,
6  Exh. C (Declaration of Daria Hodapp) at ¶ 2; Landon Complaint ¶¶ 16-19; Ho First
7  Amended Complaint ¶¶ 9-11.

8  **III.    THE COURT SHOULD RELATE THE *HO* AND *LANDON* ACTIONS**

9          Two actions are related when both actions "concern substantially the same
10  parties, property, transactions or event" and it is likely that there will be an "unduly
11  burdensome duplication of labor and expense or conflicting results if the cases are
12  conducted before different Judges." Civil Local Rule 3-12. Where two separate class
13  actions are brought against the same defendant involving substantially similar claims
14  and class definitions, the cases are related. *See, e.g., McGee v. Ross Stores, Inc.*, No. C-
15  06-7496, 2007 U.S. Dist. LEXIS 76479, at *3-4 (N.D. Cal. Oct. 1, 2007); *In re Leapfrog*
16  *Enters. Sec. Litig.*, No. C-03-05421, 2005 U.S. Dist. LEXIS 44899, at *5-6 (N.D. Cal.
17  July 5, 2005) (stating that it would be "unfair to [defendant] to require it to defend
18  similar lawsuits in two Divisions of the same court at the same time.").

19          **A.    Substantially The Same Parties And Events**

20          The alleged *Landon* class is almost completely subsumed by the alleged *Ho* class,
21  Ernst & Young is the defendant in both actions, and the employment policies and
22  practices at issue in both actions are identical. The causes of action in the *Landon*
23  Complaint are substantially similar to the causes of action in the *Ho* First Amended
24  Complaint and revolve around: (1) whether certain Ernst & Young employees were
25  properly classified as exempt, (2) whether Ernst & Young improperly failed to pay those
26  employees for overtime, and (3) whether Ernst & Young failed to provide meal breaks

27  _____

28  case was pending in this Court. Boles Decl. ¶ 3, Exh. A ("Stipulation and [Proposed] Order to Transfer
Action to Northern District of California").

1   required by California law.  The cases involve common legal questions, including

2   whether a class should be certified and whether the employees are properly classified as

3   exempt.  Both actions also seek substantially the same equitable relief.  Because of the

4   numerous commonalities between the *Ho* and *Landon* cases, the two cases involve

5   "substantially the same parties, property, transactions or event" as defined by Civil

6   Local Rule 3 – 12.

7   **B.      The Interests of Judicial Economy Support Relating The Cases**

8          Conducting the *Landon* and *Ho* cases before different judges would result in an

9   "unduly burdensome duplication of labor and expense" and threaten conflicting results

10  between substantially the same parties.  Plaintiffs in both actions may rely on many of

11  the same witnesses, including the staff and seniors whose job classifications are at issue,

12  the managers and partners who work with them, and representatives of Ernst & Young

13  testifying regarding the job expectations and corporate structure generally.  In fact,

14  Plaintiff Joseph Landon even signed a declaration in support of class certification in the

15  *Ho* action.  Boles Decl. ¶ 6, Exh. D.  The cases would involve substantially similar

16  documentary evidence as well, which could include Ernst & Young performance

17  evaluations, job descriptions, training curriculum, and time records.  In the *Ho* case

18  alone, more than 30,000 pages of documentation and several discs containing

19  voluminous training and timekeeping data have already been produced by Ernst &

20  Young.  Boles Decl. ¶ 7.  To have a second and substantially similar action pending

21  before this Court, with duplicative witnesses and evidence, would be a waste of this

22  Court's time and an unnecessary expenditure of costs for all parties.

23         Moreover, Judge Fogel and Magistrate Judge Lloyd are highly familiar with all of

24  the matters at issue in this case.  They have decided numerous motions in connection

25  with *Ho*, including Defendant's Motion for Summary Judgment as to named plaintiff

26  David Ho, Plaintiff's Motion to Amend Complaint, Defendant's Motion for Protective

27  Order, and five motions regarding various discovery disputes.  Boles Decl. ¶ 8.

28  Defendant's Motion for Summary Judgment as to the remaining named plaintiff, Sarah

1 | Fernandez, is also currently pending before Judge Fogel.  Given Judge Fogel's and

2 | Magistrate Judge Lloyd's familiarity with the issues at stake, judicial economy favors

3 | them presiding over the *Landon* action as well.

4 | Given the substantial similarity between the actions, there is also a substantial risk

5 | that there may be conflicting results, including conflicting determinations on class

6 | certification and the merits.  *See, e.g., Dusky v. Bellasaire Invs.*, No. CV-07-874, 2007

7 | U.S. Dist. LEXIS 95501, at *8 (C.D. Cal. Dec. 4, 2007) ("The real risk of inconsistent

8 | judgments arises if the parties are allowed to proceed with dispositive motions or trial in

9 | an uncoordinated manner.").

## IV.  CONCLUSION

For all the reasons stated above, Defendant Ernst & Young moves the Court to
deem the *Ho* and *Landon* cases related and to assign both cases to Judge Fogel.

Dated:  July 10, 2008

AKIN GUMP STRAUSS HAUER &
FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles


By _____
Anastasia M. Boles
Attorneys for Defendants Ernst & Young LLP
and Ernst & Young U.S. LLP

1

### PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA 90067.

5

6    On July 10, 2008, I served the foregoing document(s) described as:

7    **DEFENDANT ERNST & YOUNG LLP'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

8    on the following interested party(ies) below, using the following means:

9    Wayne S. Kreger, Esq.
     William A. Baird, Esq.

10   Milstein, Adelman & Kreger, LLP
     2800 Donald Douglas Loop North

11   Santa Monica, CA 90405
     310.396.9635 (fax)

12   *Counsel for Joseph Landon*

13   ☒ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

14

15   Steven Elster, Esq.
     Law Offices of Steven Elster

16   785/E2 Oak Grove Road #201

17   Concord, CA 94518-3617
     925.945.1276 (fax)

18   *Counsel for Joseph Landon*

19   ☒ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

20

21   **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the Ho, et al. v. Ernst & Young LLP, Case No. CV 05-04867-JF (HRL)**

22

23   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25   Executed on July 10, 2008 at Los Angeles, California.

26

27   Linda Tolbert                              *Linda Tolbert*
     [Print Name of Person Executing Proof]     [Signature]

28

---

**PROOF OF SERVICE**