H. TIM HOFFMAN, (State Bar No. 49141)
ARTHUR W. LAZEAR, (State Bar No. 83603)
ROSS L. LIBENSON, (State Bar No. 181912)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

MARK R. THIERMAN, (State Bar No. 72913)
LEON GREENBERG, (State Bar No. 226253)
THIERMAN LAW FIRM
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

MAX FOLKENFLIK
FOLKENFLIK & MCGERITY
1500 Broadway, 21St Floor
New York, NY 10036
Telephone: (212)757-0400
Facsimile: (212)757-2010

Attorneys for Plaintiffs David Ho,
Sarah Fernandez and Michelle Richards

**E-Filed 5/7/09**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO and SARAH FERNANDEZ on behalf of themselves and all others similarly situated and on behalf of the general public and DOES #1-20<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>Defendant.<br><br>And Related Actions | Case No. C 05 04867-JF (HRL)<br>(Consolidated for Class Certification Purposes with Case Nos. C-08-4988-JF and C-08-2853-JF)<br><br>**STIPULATION AND [PROPOSED] ORDER RE: INTERIM LEAD COUNSEL**<br><br>Hearing Date: May 8, 2009<br>Hearing Time: 10:30 a.m.<br>Judge Hon. Jeremy Fogel |

1.

1   WHEREAS the law firm of HOFFMAN & LAZEAR, and associated law firms of THE
2   THIERMAN LAW FIRM and FOLKENFLIK & MCGERITY have been actively prosecuting the
3   above referenced class action matter entitled *Ho v. Ernst & Young, LLP*, since its filing on or about
4   September 27, 2005, and the class action matter entitled *Richards v. Ernst & Young, LLP*, since its
5   filing on or about June 19, 2009;
6   WHEREAS the law firm of MILSTEIN, ADELMAN & KREGER, LLP ("MAK,") filed the
7   above referenced class action matter entitled *Landon v. Ernst & Young, LLP, et. al.*, on or about
8   February 21, 2008;
9   WHEREAS on or about April 20, 2009, the Court consolidated the three matters for class
10  certification purposes;
11  WHEREAS the Court and the Parties recognize the need for an interim lead counsel structure
12  to effectively represent the interests of the putative class through potential class certification;
13  THEREFORE, IT IS THE STIPULATION AND AGREEMENT OF COUNSEL, as follows:
14  1. HOFFMAN & LAZEAR is appointed Interim Lead Counsel;
15  2. HOFFMAN & LAZEAR as Interim Lead Counsel shall have the ultimate authority over
16  all pre-certification aspects of the consolidated actions.
17  3. As Interim Lead Counsel, HOFFMAN & LAZEAR shall have the authority to:
18      (a) convene and preside over meetings of counsel;
19      (b) keep other plaintiffs' counsel informed of the status of the proceedings;
20      (c) initiate, respond to, schedule, brief and argue all motions, except as otherwise
21  specified herein;
22      (d) determine the scope, order and conduct of all discovery proceedings;
23      (e) delegate work assignments to other counsel as they may deem appropriate;
24      (f) retain experts;
25      (g) designate which attorneys may appear at hearings and conferences with the Court;
26      (h) conduct settlement negotiations with Defendant;
27
28

2.

      (i) keep other plaintiffs' counsel informed about all settlement proposals and obtain input and comments regarding the same;

      (j) file and serve all pleadings and papers with the Court;

      (k) enter into stipulations with Defendants on behalf of all Plaintiffs;

      (l) communicate with opposing counsel and keep other plaintiffs' counsel informed about communications with opposing counsel;

      (m) incur case costs; and

      (n) authority over all other matters concerning the pre-certification prosecution of and/or resolution of the respective consolidated cases.

    6. In prosecuting the consolidated cases, Interim Lead Counsel shall permit MAK to participate substantially and significantly in all matters regarding the consolidated actions by:

      (a) providing MAK with the opportunity to timely recommend to Interim Lead Counsel any motions and/or discovery not contemplated by Interim Lead Counsel, which Interim Lead Counsel will give due consideration; and

      (b) permit MAK to attend any depositions taken or defended.

    7. HOFFMAN & LAZEAR shall have authority to communicate with Defendant's counsel and the Court on behalf of all Plaintiffs. Defendant's counsel may rely on all agreements made with Interim Lead Counsel, and such agreements shall be binding on all plaintiffs and their counsel in each action.

    8. All Plaintiffs' counsel shall keep contemporaneous time and expense records.

    9. HOFFMAN & LAZEAR, with significant input from MAK, shall coordinate the filing of pre-class certification discovery matters to ensure the Court and Defendant are not subject to duplicative discovery and motion practice on issues that are common to the putative class.

    10. HOFFMAN & LAZEAR, with significant input from MAK, shall coordinate all depositions noticed by plaintiffs to ensure a single attorney takes the lead in any such deposition.

    11. Notwithstanding any other provision in this order, in the event Defendant files motion or motions for summary judgment against any of the individually named Plaintiffs, the respective

3.

Stipulation and [Proposed] Order Re: Interim Lead Counsel
Case No. C 05 04867-JF (HRL)
(Consolidated for Class Certification Purposes with Case Nos. C-08-4988-JF and C-08-2853-JF)

attorneys retained by the individually named Plaintiff shall be responsible for preparing and arguing the opposition to such motions, if any.

12. Counsel of record for the plaintiffs shall equally share the costs incurred in pursuing plaintiffs' claims through a hearing on a class certification motion, excepting travel and lodging costs which shall be the responsibility of the firm which incurs such costs. Counsel of record for the plaintiffs shall reimburse HOFFMAN & LAZEAR for that firm's respective equal share of the costs within thirty (30) days of an invoice or other statement regarding any case costs being presented to it.

Dated: May 6, 2009                                        HOFFMAN & LAZEAR

By: ___/s/ H. Tim Hoffman___
H. Tim Hoffman
Attorneys for Plaintiffs David Ho,
Sarah Fernandez and Michelle Richards

Dated: May 6, 2009                                        MILSTEIN, ADELMAN & KREGER, LLP

By:_____
William Anthony Baird
Attorneys for Plaintiff Joseph Landon

[Proposed] **ORDER**

THIS MATTER having come before the Court, and being fully apprised of the positions of the parties, the documents on file and having considered the stipulation of the plaintiffs' attorneys,

**IT IS HEREBY ORDERED**, that HOFFMAN & LAZEAR is appointed Interim Lead Counsel of the above referenced matters consolidated for class certification purposes consistent with this Stipulation Re: Interim Lead Counsel.

Date:_____                    _____
Hon. Jeremy Fogel
United States District Court Judge

4.

attorneys retained by the individually named Plaintiff shall be responsible for preparing and arguing the opposition to such motions, if any.

12. Counsel of record for the plaintiffs shall equally share the costs incurred in pursuing plaintiffs' claims through a hearing on a class certification motion, excepting travel and lodging costs which shall be the responsibility of the firm which incurs such costs. Counsel of record for the plaintiffs shall reimburse HOFFMAN & LAZEAR for that firm's respective equal share of the costs within thirty (30) days of an invoice or other statement regarding any case costs being presented to it.

Dated: May 6, 2009

HOFFMAN & LAZEAR

By:_____
H. Tim Hoffman
Attorneys for Plaintiffs David Ho,
Sarah Fernandez and Michelle Richards

Dated: May 6, 2009

MILSTEIN, ADELMAN & KREGER, LLP

By:_____
William Anthony Baird
Attorneys for Plaintiff Joseph Landon

[Proposed] ORDER

THIS MATTER having come before the Court, and being fully apprised of the positions of the parties, the documents on file and having considered the stipulation of the plaintiffs' attorneys,

**IT IS HEREBY ORDERED**, that HOFFMAN & LAZEAR is appointed Interim Lead Counsel of the above referenced matters consolidated for class certification purposes consistent with this Stipulation Re: Interim Lead Counsel.

Date: 5/7/09            _____
                        Hon. Jeremy Fogel

4.

---
Stipulation and [Proposed] Order Re: Interim Lead Counsel
Case No. C 05 04867-JF (HRL)
(Consolidated for Class Certification Purposes with Case Nos. C-08-4988-JF and C-08-2853-JF)

_____
United States District Court Judge

5.

Stipulation and [Proposed] Order Re: Interim Lead Counsel
Case No. C 05 04867-JF (HRL)
(Consolidated for Class Certification Purposes with Case Nos. C-08-4988-JF and C-08-2853-JF)