CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
ANASTASIA M. BOLES (SBN 224980)
CHRISTOPHER BLANCHARD (SBN 250729)
CHRISTOPHER K. PETERSEN (SBN 260631)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:      310-229-1000
Facsimile:      310-229-1001
cconway@akingump.com
gknopp@akingump.com
aboles@akingump.com
cblanchard@akingump.com
cpetersen@akingump.com

Attorneys for Defendant ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HO, JOHN MAXTON, NATHAN LAY, and SARAH FERNANDEZ on behalf of themselves and others similarly situated and on behalf of the general public and DOES 1-20<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP<br><br>Defendant. | Case No. CV 05-04867 JF (HRL)<br><br>[Consolidated for Class Certification Purposes with Case Nos. CV- 08-02853-JF (HRL) and CV-08-04988-JF (HRL)]<br><br>**ERNST & YOUNG'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND COMPLIANCE WITH TERMS OF PARTIES' DISCOVERY AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[[Proposed] Order and Supporting Declaration of Christopher Blanchard filed concurrently herewith.]<br><br>Date:    August 25, 2009<br>Time:    10:00 a.m.<br><br>Complaint Filed:      September 27, 2005 |

CASE NO. CV 05-04867 JF (HRL)
ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL

1   JOSEPH LANDON, individually and on      Case No. CV- 08-02853-JF (HRL)
behalf of all others similarly situated,

2

                  Plaintiffs,         Complaint Filed: February 21, 2008

3

4         v.

5   ERNST & YOUNG LLP, a limited liability
partnership; ERNST & YOUNG U.S. LLP, a
6   limited liability partnership; and DOES 1-
100, inclusive,

7

                Defendants.

8  ---------------------------------------   ---------------------------------------

9   MICHELLE RICHARDS, on behalf of     Case No. CV-08-04988-JF (HRL)
herself and all others similarly situated and
10  on behalf of the general public,

11             Plaintiffs,     Complaint Filed: June 19, 2008

12       v.

13  ERNST & YOUNG LLP, and DOES 1 – 50,

14           Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CASE NO. CV 05-04867 JF (HRL)
ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 25, 2009, at 10:00 a.m. in Courtroom 2 of the above-entitled court, located at 280 South First Street, San Jose, California, 95113, Defendant Ernst & Young LLP ("Ernst & Young") will and hereby does move for:

(1) An order, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, compelling Plaintiff Sarah Fernandez to produce documents in response to Request Nos. One through Five of Defendant Ernst & Young LLP's Request for Production of Documents to Plaintiff Sarah Fernandez, Set Two ("Requests"); and

(2) An order, pursuant to Rules 29(b) and 37(a) of the Federal Rules of Civil Procedure, compelling Plaintiffs David Ho, Sarah Fernandez, and/or Plaintiffs' counsel to pay $10,000 to defendant Ernst & Young for the clerical and copying costs of producing relevant portions of visa applications filed on behalf of putative class members, pursuant to the parties' agreement as filed with this Court in the Parties' Joint Report Concerning Plaintiff's Second Motion to Compel Production of Documents (Docket #55).

Ernst & Young is entitled to documents in response to the Requests because the information sought pertains to Plaintiff Sarah Fernandez's activities with Liberty Charter, a business she owned and served as President of during the entire time she was employed by Ernst & Young, and for the time period during which Plaintiff seeks recovery of damages on a class-wide basis for alleged violations of California's overtime and break laws. The requested discovery is highly relevant both to Fernandez's individual claims and her ability to serve as a class representative, and Plaintiff has no valid basis for refusing to produce the requested documents. Pursuant to Local Rule 37-2, each of the individual requests and Plaintiff's objections are set forth in the Declaration of Christopher Blanchard, ¶¶ 2-9 & Exhibits A-B, filed concurrently herewith.

Additionally, Ernst & Young is entitled to payment of $10,000 from Plaintiffs and/or their counsel because Plaintiffs' counsel agreed, back in early 2007, to reimburse Ernst & Young for the clerical and copying costs associated with the production of documents regarding immigration visas. In fact, Plaintiffs represented their agreement to pay for these costs to the Court. Pursuant to Rule 29 of the Federal Rules of Civil Procedure, parties are free to make binding stipulations about the procedures

1

governing discovery, as was done here.  Despite Ernst & Young's repeated good faith efforts for over two years to collect the agreed-upon reimbursement, counsel for Plaintiffs have refused to pay for the costs, or even explain the reasons for their non-compliance with the agreement of the parties.

This motion is made following the meeting of counsel as required by Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 37-1.  *See* Declaration of Christopher Blanchard, ¶¶ 13-23, Exhibits F-P, filed concurrently herewith.

Dated:  July 16, 2009

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Christopher Blanchard
Christopher K. Petersen

By_____/s/ Christopher Blanchard_____
             Christopher Blanchard

Attorneys for Defendant Ernst & Young LLP

CASE NO. CV 05-04867 JF (HRL)
ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Plaintiff Sarah Fernandez claims that Ernst & Young LLP ("Ernst & Young") improperly

3   classified her and other employees as exempt from California's overtime and meal break laws. The

4   parties have recently recommenced discovery after Judge Fogel decided Ernst & Young's Motion for

5   Summary Judgment as to Plaintiff Sarah Fernandez and consolidated Fernandez's case with two

6   similar cases brought by other employees. Ernst & Young now seeks the assistance of the Court in

7   resolving two discovery matters.

8      First, Ernst & Young seeks to compel Fernandez to produce documents regarding her work for

9   Liberty Charter. In her deposition, Fernandez testified at length about her longstanding ownership of

10  Liberty Charter, a transportation company that has generated gross revenues of more than $1 million

11  annually since 2004. In fact, she testified that she has served as President of Liberty Charter since the

12  company's inception in January 2004, and that she retained responsibilities in her capacity as President

13  of Liberty Charter during her entire employment with Ernst & Young, which lasted from September

14  2004 to July 2006. Importantly, Fernandez testified that the "Sidekick" messaging device she often

15  used during business hours at Ernst & Young client sites – a practice for which she was criticized by

16  her supervisors – was paid for by Liberty Charter.

17      Because Fernandez's claims hinge in large part on how Fernandez spent her time, and the

18  activities in which she engaged, while employed with Ernst & Young, in April 2008 Ernst & Young

19  served five document requests concerning her activities with Liberty Charter while she was employed

20  by Ernst & Young. Fernandez, however, has refused to produce any of this highly relevant discovery,

21  objecting that Ernst & Young's requests are overbroad, and asserting several vague and legally

22  unsupportable "privileges." Fernandez's counsel has refused to discuss this issue, despite a clear

23  obligation to do so under Local Rule 37-1. Nor has Fernandez produced a privilege log that complies

24  with Federal Rule 26(B)(5)(a) detailing the documents withheld on the basis of privilege. Moreover,

25  there is a protective order in place in this case that serves to fully protect Fernandez's claimed privacy

26  interests in the requested documents. Given the importance of this discovery, and the absence of any

27  basis for refusing it, the Court should compel the discovery.

28

**CASE NO. CV 05-04867 JF (HRL)**
**ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL**

Second, Plaintiffs have failed to abide by their agreement to pay the costs incurred by Ernst & Young to produce visa documents that Plaintiffs requested in 2007. Plaintiffs agreed to bear costs, and signed a document setting forth that agreement, in the Parties' Joint Report Concerning Plaintiff's Second Motion to Compel Production of Documents filed with this Court on May 3, 2007 (Docket #55). After the production, as agreed, Ernst & Young submitted to Plaintiffs' counsel the invoice for the costs incurred by a third-party vendor. In the past two years, Plaintiffs have refused to make payment and have refused to respond to numerous letters by Ernst & Young on this subject. Unfortunately, Plaintiffs' counsel's refusal to even address the issue requires that Ernst & Young seek the assistance of this Court in enforcing the party's discovery agreement. As there can be no dispute that Plaintiffs agreed to bear the costs of the visa records production, Ernst & Young respectfully requests that the Court compel Plaintiffs to make the reimbursement.

## I.   DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SARAH FERNANDEZ, SET TWO

### A.   Background

Fernandez worked for Ernst & Young from September 2004 to July 2006. At deposition, she testified that she served as President of Liberty Charter, a bus charter business that has grossed over $1 million annually since 2004, at the same time she was employed by Ernst & Young. Specifically, she testified that during her employment with Ernst & Young, she owned and served as Liberty Charter's President, retained check-signing authority and responsibilities, had ongoing discussions about Liberty Charter operations, and was involved in Liberty Charter's acquisition of another bus charter business in 2005. Declaration of Christopher Blanchard ("Blanchard Decl."), ¶ 12, Exh. E ("Fernandez Depo. Tr.") at 16:25-17:6, 18:7-10, 20:6-19, 22:2-23, 63:18-24. Further, Fernandez testified that the "Sidekick" messaging device she often used during business hours at Ernst & Young client sites – despite being counseled, repeatedly, to limit the time she spent on her Sidekick and focus on her work responsibilities – was paid for by Liberty Charter. *Id.* at 47:12-13, 55:7-56:25.

///

///

1    On April 2, 2008, Ernst & Young served five requests for documents related to Fernandez's

2    time and activities at Liberty Charter during the same time she was employed by Ernst & Young.

3    Specifically, Ernst & Young made the following requests:

4          (1)     All DOCUMENTS that YOU signed during YOUR employment with ERNST &

5                  YOUNG which RELATE or REFER TO LIBERTY CHARTER;

6          (2)     All COMMUNICATIONS that YOU had during YOUR employment with ERNST &

7                  YOUNG that RELATE or REFER TO LIBERTY CHARTER;

8          (3)     All DOCUMENTS that RELATE or REFER TO any work YOU performed for

9                  LIBERTY CHARTER while YOU were employed by ERNST & YOUNG;

10          (4)     All of YOUR personal tax records for the period of YOUR employment with ERNST &

11                  YOUNG; and

12          (5)     Corporate tax records of LIBERTY CHARTER for the period of YOUR employment

13                  with ERNST & YOUNG.

14    Blanchard Decl., ¶¶ 5-9 & Exh. A.

15        On May 5, 2008, Fernandez responded to the requests by asserting objections based on

16    overbreadth and several nonexistent privileges, and refusing to produce any responsive documents.

17    Blanchard  Decl. ¶¶ 5-9 & Exh. B.   In response to each Request, Fernandez objected that the Request

18    was overly broad because: (1) the Request did not reference Fernandez's employment with Ernst &

19    Young, and (2) the Request related to other business dealings by Fernandez. Id.  In response to

20    Requests Nos. 1 – 3, Fernandez also objected that the Request called for documents that were

21    "privileged" because the discovery concerns her "personal private business affairs." Id.  Fernandez

22    claimed, without legal support, that documents responsive to Request No. 4 were "presumptively

23    privileged" from production because those documents concern her personal tax records. Id.  Finally, in

24    response to Request No. 5, Fernandez claimed, again without legal support, that Liberty Charter's

25    corporate tax records were "presumptively privileged." Id.[1]

26

27    _____

28        [1] Each of the complete objections is set forth in the Declaration of Christopher Blanchard, ¶¶ 5-9 & Exh. B, filed concurrently.

3

On May 29, 2008, counsel for Ernst & Young sent a letter to Fernandez's counsel stating its position that Fernandez's objections to the five requests were without merit and demanding that Fernandez produce responsive documents. Declaration of Christopher Blanchard, ¶ 13, Exh. F. Fernandez did not respond. Declaration of Christopher Blanchard, ¶ 13. On August 8, 2008, counsel for Ernst & Young sent a follow-up letter requesting some response regarding the document requests. Declaration of Christopher Blanchard, ¶ 14, Exh. G. Counsel for Fernandez did not respond. Declaration of Christopher Blanchard, ¶ 14. On April 16, 2009, after the Court decided Ernst & Young's motion for summary judgment as to Fernandez, counsel for Ernst & Young sent another follow-up letter requesting a response to Ernst & Young's position on this matter.[2] Declaration of Christopher Blanchard, ¶ 15, Exh. H. To date, Fernandez has not responded. Declaration of Christopher Blanchard, ¶ 15.

B.   **Argument**

1.   **Fernandez has failed to carry her burden with regard to opposing the requested discovery.**

Rule 26 of the Federal Rules of Civil Procedure entitles a party to discovery of any material that is not privileged and is related to any claim or defense raised in the litigation. Fed. R. Civ. Proc. 26(b)(1). The party resisting discovery has the burden of showing that the discovery should not be allowed. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Here, Fernandez has failed, for over a year, to even respond in defense of her objections, much less carry her burden to demonstrate the discovery is improper. Fernandez also has failed to carry her obligation to meet and confer about this discovery dispute required by Local Rule 37-1. She also has failed to produce a

---

[2] In response to an order by Judge Fogel, Defendant Ernst & Young filed a Motion for Summary Judgment as to Plaintiff Sarah Fernandez on March 21, 2008. *See* [Proposed] Order *(*Docket # 127). A grant of summary judgment would have obviated the document requests at issue, and thus Ernst & Young waited for a ruling on the Motion for Summary Judgment before seeking the Court's assistance in this matter. On January 15, 2009, the Motion for Summary Judgment was denied. Order Denying Defendant's Motion for Summary Judgment (Docket # 177). By that time two other related cases had been filed and the parties sought to consolidate the matters for purposes of class certification. Joint Case Management Statement (Docket # 180). The cases were ordered consolidated on April 20, 2009, Order Consolidating Cases (Docket # 188), and Interim Lead Counsel for the consolidated cases was appointed on May 7, 2009, Stipulation and Order Re: Interim Lead Counsel (Docket # 193). Having received no response to its renewed attempt in April 2009 to meet and confer on these disputes, Ernst & Young now seeks the assistance of the Court.

4

1   privilege log compliant with Fed. R. Civ. Proc. 26(b)(5)(A), to the extent she believes responsive

2   documents are privileged.  *United States v. Union Pacific R. Co.*, No. 06-1740, 2007 WL 1500551, *3

3   (E.D.Cal. 2007) (holding that a privilege log must contain, *inter alia*, a description of the withheld

4   material and the grounds for the invoked privilege).  Given Fernandez's continued failure to carry her

5   burden with regard to establishing the impropriety of the requested discovery, fulfilling her meet and

6   confer obligations, and producing a privilege log, Ernst & Young's motion to compel should be

7   granted.

8                    **2.      The Requests are not overbroad.**

9           Fernandez hinges her refusal to produce responsive documents on the misplaced argument that

10   because the Liberty Charter documents do not "relate to or reference" her employment with Ernst &

11   Young, they are not discoverable.  These documents are plainly relevant and discoverable.

12           First, evidence concerning how Fernandez spent her work time is relevant to the exemption

13   analysis because an employee cannot succeed on an exemption claim by failing to meet her employer's

14   reasonable expectations.  *See, e.g.*, *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 802 (1999).  Thus,

15   it is a significant defense available to Ernst & Young to show that Fernandez underperformed as a

16   result of her focus on Liberty Charter.  Judge Fogel recognized the importance of this issue when he

17   granted summary judgment as to Plaintiff David Ho.  Order Granting Defendant's Motion for

18   Summary Judgment, March 4, 2008 (Docket # 120) (explaining that Ho's alleged underutilization by

19   Ernst & Young was attributable to his own substandard performance and thus he could not claim that

20   he was misclassified as exempt).  Ernst & Young is entitled to know how Fernandez's job activities and

21   performance were affected by her owning and running a million-dollar business during her

22   employment.  Furthermore, during her deposition Fernandez attempted to minimize the scope of her

23   activities at Liberty Charter while employed by Ernst & Young.  Ernst & Young is entitled to the

24   requested documents in order to test the veracity of Fernandez's testimony on this issue.

25           Second, Fernandez is claiming that she worked sufficient hours with Ernst & Young to be

26   entitled to overtime.  Ernst & Young is entitled to know the extent to which the hours Fernandez

27   "worked" – and for which she seeks additional compensation – were actually spent on behalf of

28   Liberty Charter.

5

In short, information regarding Fernandez's activities at Liberty Charter could significantly impact whether Fernandez's claims are valid, whether her claims are typical of the putative class members, and whether she is an adequate class representative. Because the Liberty Charter documents clearly do relate to Fernandez's employment with Ernst & Young, they are discoverable.

### 3. The Liberty Charter documents are not shielded from discovery by any claimed privacy interest.

Where a party asserts some privacy concern with respect to documents, the Court must balance the privacy interest and the relevance and need for the documents to determine whether production is warranted. *See Gordon v. City and Cty. of San Francisco*, No. 03-0776, 2004 U.S. Dist. LEXIS 20021, at *9-10 (N.D. Cal. Apr. 30, 2004). Where a protective order is in place, a party opposing discovery must explain why the protective order is inadequate to protect the asserted privacy interests. *Id.* at *11. A general claim of harm without such an explanation regarding the mitigating force of the protective order does not outweigh a party's right to obtain discovery. *Id.* at 11-12; *see also Oakes*, 179 F.R.D. at 284 (noting courts frequently find the need for information outweighs the claim for privacy, particularly where a protective order is in place).

To the extent that Fernandez objects to the discovery on the basis of privacy, there is a protective order in place in this case, and Fernandez is free to designate the requested documents as "Confidential" pursuant to the terms of that protective order. Joint Stipulation and Order Governing the Protection of the Parties' Confidential Information Amended by Court (Docket #35). Fernandez has made no effort to explain why the protective order would not shield her privacy interests, or to describe any specific harm that would flow from the disclosure of the Liberty Charter records. Given Ernst & Young's interest in obtaining this relevant discovery material, the balance clearly favors disclosure of the Liberty Charter documents.

### 4. The Liberty Charter documents are not privileged.

Fernandez's objections to Requests Nos. 1-3 concerning her activities at Liberty Charter are based on a claim of privilege with respect to her "personal private business affairs." No such privilege exists. Accordingly, Ernst & Young's motion to compel this information should be granted. *See generally L.H. v. Schwarzenegger*, No. 06-2042, 2007 U.S. Dist. LEXIS 40577, at *6-7 (E.D. Cal. May

6

1  25, 2007) (claims of privilege are not favored, and any claimed, valid privileges must be narrowly

2  construed.)

3        With respect to the requested tax records in Requests Nos. 4 and 5, Fernandez has adopted the

4  position that the records are "privileged" and has refused to produce them. Yet, "[t]ax returns do not

5  enjoy an absolute privilege from discovery." *Premium Service Corp. v. The Sperry & Hutchinson Co.*,

6  511 F.2d 225, 229 (9th Cir. 1975). Rather, if the tax returns are relevant and the information is not

7  otherwise obtainable, then a court may require their production. *San Francisco BART Dist. v. Spencer*,

8  No. 04-4632, 2006 U.S. Dist. LEXIS 81681, at *2 (N.D. Cal. Oct. 23, 2006). Here, the tax returns are

9  relevant for the same reasons the other Liberty Charter records are relevant, as they bear on

10  Fernandez's ability to bring her own claims or represent a class. Ernst & Young is entitled to evidence

11  of Fernandez's income to determine to what extent she may have been dedicating herself to Liberty

12  Charter's business at the expense of her work for Ernst & Young. Liberty Charter's corporate tax

13  records are relevant so that Ernst & Young can identify the scope and size of the business Fernandez

14  was conducting while she was employed by Ernst & Young. Importantly, information concerning

15  Fernandez's financial involvement in Liberty Charter is not available from any other source.

16  Therefore, there can be no valid claim of privilege over Fernandez's and Liberty Charter's tax records.

17

18  **II.    PLAINTIFFS' AGREEMENT TO PAY COSTS ASSOCIATED WITH PRODUCTION OF VISA RECORDS**

19      **A.    Background**

20        Plaintiffs moved to compel Ernst & Young to produce documents related to visa applications

21  filed on behalf of its employees during the proposed class period. Plaintiff's Second Motion to

22  Compel (Docket #43). In response to the parties' submissions indicating that they had reached an

23  agreement regarding the production of the visa documents, the Court ordered the parties to file a joint

24  report identifying any remaining issues to be decided. Interim Order (Docket # 54). In response, the

25  parties filed Parties' Joint Report Concerning Plaintiff's Second Motion to Compel Production of

26  Documents filed with this Court (Docket #55) ("Joint Report"), signed by counsel for Plaintiffs and

27  Defendant. In the Joint Report, the parties represented to the Court the following:

28

**CASE NO. CV 05-04867 JF (HRL)**
**ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL**

> Without waiving any of its previously-asserted objections, ***and in exchange for Plaintiff's counsel's agreement to pay for the associated clerical and copying costs***, Ernst & Young agreed to produce the relevant portions of all visa applications filed on behalf of putative class members during the alleged class period.

Blanchard Decl. at ¶ 10, Exh. C (emphasis added).

Relying upon Plaintiffs' agreement to pay the costs associated with the production, Ernst & Young engaged a third-party vendor to copy and produce the visa documents. That vendor submitted an invoice for $12,000 for the clerical and copying costs associated with the production. On July 23, 2007, counsel for Ernst & Young forwarded the invoice to counsel for Plaintiffs and requested payment pursuant to the terms of the parties' agreement. Blanchard Dec. at ¶ 16, Exh. I. On July 27, 2007, counsel for Plaintiffs responded by demanding an explanation of the costs. Blanchard Dec. at ¶ 17, Exh. J. On August 23, 2007, counsel for Ernst & Young provided Plaintiffs' counsel with a more detailed invoice from the vendor explaining the costs and requesting payment again. Blanchard Dec. at ¶ 18, Exh. K. On September 8, 2007, Plaintiffs' counsel wrote questioning the amount of the costs and, *inter alia*, complaining about the inclusion of four hours of attorney time by the vendor. Blanchard Dec. at ¶ 19, Exh. L. Plaintiffs' counsel then stated that he believed the vendor's hourly rate should be lower than billed and recalculated the bill based on counsel's unilateral determination of costs. *Id.* Plaintiffs' counsel concluded that $4,475 was a more appropriate amount and that he was "willing to make payment in that amount." *Id.* Plaintiffs' counsel did not, in fact, make payment of any amount. Blanchard Dec. at ¶ 24. Ernst & Young's counsel responded on September 21, 2007 that Ernst & Young was willing to bear the costs of the four hours of attorney time in the amount of $2,000 as billed by the vendor, but noting that Plaintiffs' counsel's speculation as to what the bill would come to at a lower hourly rate was irrelevant since that was not in fact the amount billed by the vendor and incurred by Ernst & Young. Blanchard Dec. at ¶ 20, Exh. M. Ernst & Young thus requested that payment be made in the amount of $10,000. *Id.*

Plaintiffs' counsel has not responded to that letter and has not made payment of any amount associated with the clerical and copying costs of producing the visa documents. Blanchard Dec. at ¶¶ 20, 24. Ernst & Young's counsel sent *six* follow-up letters requesting payment of these costs

CASE NO. CV 05-04867 JF (HRL)
ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL

1   between September 2007 and the present . Blanchard Dec. at ¶¶ 14, 15, 20-23, Exhs. G, H, M-P.  To

2   date, Plaintiffs' counsel has not responded to *any* of those letters, and no payment has been made by

3   Plaintiffs for the clerical and copying costs of producing the visa documents.  Blanchard Dec. at ¶¶ 14,

4   15, 20-24.

5   **B.     Argument**

6   Parties are entitled to enter into stipulations and agreements regarding the scope of discovery.

7   Fed. R. Civ. Proc. 29.  Where parties enter into such a stipulation regarding discovery, even if it is

8   informal, the Court may enforce the terms of the stipulation so long as it does not interfere with trial or

9   the timely completion of discovery.  *Robert Half Int'l, Inc. v. Murray,* No. 07-799, 2008 U.S. Dist.

10  LEXIS 89915 , at *2-3 (E.D. Cal. Oct. 22, 2008) (granting motion to compel continuation of

11  depositions where court found there was an agreement between the parties to that effect).

12  It is indisputable that Plaintiffs agreed to pay the clerical and copying costs associated with the

13  production by Ernst & Young of visa documents.  Plaintiffs' counsel signed a Joint Report filed with

14  the Court setting forth in clear terms that agreement.  Ernst & Young timely sent Plaintiffs' counsel the

15  invoice for those costs, and has made every effort to accommodate Plaintiffs' concerns about the

16  invoice.  When Plaintiffs' counsel complained about the lack of detail in the invoice, Ernst & Young

17  obtained a more detailed invoice and forwarded that to Plaintiffs' counsel.  When Plaintiffs' counsel

18  complained about the inclusion of the vendor's attorney's fees and the size of the bill, Ernst & Young

19  agreed to pay $2,000 to account for four hours of attorney time.

20  The fact that Plaintiffs' counsel believes there is a more acceptable rate for the vendor's

21  services does not change the fact that Ernst & Young was required to pay $12,000 to the vendor for the

22  production costs.  Notably, Plaintiffs have not paid <u>any</u> amount to reimburse Ernst & Young the costs

23  of the visa document production.  Because Plaintiffs' counsel agreed to pay such costs, Ernst & Young

24  respectfully requests an order compelling Plaintiffs and/or Plaintiffs' counsel to pay $10,000 to Ernst &

25  Young as reimbursement for the visa document production in compliance with the terms of the parties'

26  agreement.

27  ///

28  ///

9

**III. CONCLUSION**

For the reasons discussed herein, Ernst & Young requests that the Court grant its motion and compel Plaintiffs to provide responses to Ernst & Young's Requests for Production to Sarah Fernandez, Set Two, and for Plaintiffs to reimburse Ernst & Young for the costs of the visa document production consistent with the terms of the agreement entered into between the parties.

Dated:  July 16, 2009

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Anastasia M. Boles
Christopher Blanchard
Christopher K. Petersen

By_____ /s/ Christopher Blanchard_____
Christopher Blanchard

Attorneys for Defendant Ernst & Young LLP

CASE NO. CV 05-04867 JF (HRL)
ERNST & YOUNG LLP'S SECOND MOTION TO COMPEL