**\*\* E-filed August 27, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID HO, JOHN MAXTON, NATHAN LAY, and SARAH FERNANDEZ on behalf of themselves and others similarly situated and on behalf of the general public and DOES 1–20,

Plaintiffs,

v.

ERNST & YOUNG LLP,

Defendant.

No. C05-04867 JF (HRL)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO COMPEL**

[Re: Docket No. 197]

Plaintiffs sued Ernst & Young LLP ("E&Y") on behalf of themselves and a putative class of E&Y employees for allegedly exempting workers from overtime and meal break requirements in violation of California labor laws. While employed at E&Y, plaintiff Sarah Fernandez was also the President of Liberty Charter ("Liberty"), a bus transportation business she owned with her sister. E&Y proposes that Fernandez's activities for Liberty during the period in which she was also employed with E&Y may affect her individual claims and her ability to act as a class representative. It now moves to compel five requests for production from Fernandez pertaining to her involvement with Liberty and to compel payment of discovery-related expenses in compliance with the parties' discovery agreement. Fernandez opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court grants defendant's motion in part and denies it in part.

## DISCUSSION

### A. Resolved Issues

It its reply, E&Y informed the court that the parties had resolved the issue concerning payment for production in compliance with the terms of the parties' discovery agreement. Furthermore, at the hearing, it withdrew its request to compel production of Fernandez's personal tax records and Liberty's corporate tax records. The court therefore denies these requests as moot.

### B. Other Documents

E&Y seeks documents that detail Fernandez's specific activities for Liberty during the time of her employment with E&Y. The first and third requests ask for all documents she signed that relate or refer to Liberty or that otherwise relate or refer to any work she performed for it while she was employed by E&Y. The second request asks for all communications that relate or refer to Liberty during this time period as well.

E&Y argues that it needs this information because Fernandez's claims in the suit—that she was improperly denied overtime wages—are based on how she spent her time at E&Y. It asserts that one important defense to her claim is that she failed to meet E&Y's "realistic expectations." *See Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 13 (Cal. 1999) (holding that when a court evaluates if an employee was primarily engaged in exempt duties for purposes of the administrative exemption to overtime pay, it must consider "how the employee actually spends his or her time" and also "whether the employee's practice diverges from the employer's realistic expectations"). It asserts that it therefore has a right to know how Fernandez's work for Liberty, an allegedly "million-dollar business," affected her work for E&Y. (Mot. 5.) It argues that it also is entitled to assess whether she worked for Liberty during the times she claimed she worked for E&Y. In particular, it says that Fernandez admitted in deposition that Liberty paid for a mobile messaging device ("Sidekick") that she used during business hours at E&Y.[1] (Fernandez Dep. 47, 55–56.) As a result, it claims that responsive documents may produce evidence concerning whether she failed to meet its realistic expectations, which in turn would be relevant to both the merits of her individual claim and her ability to act as an appropriate class representative.

---

[1] The Sidekick messaging device is different than the internal instant messaging system ("Sametime") that E&Y utilized on its computers at the enterprise level. (*See* Fernandez Dep. 55–57.)

2

1    Fernandez counters that the requests are overbroad and irrelevant as they pertain only to her
2 private business affairs. She points out that the requests are not limited to her working hours with
3 E&Y. Furthermore, she says that although she retained the title of President, she stopped working
4 for Liberty when she began working for E&Y and did not return until after her employment with
5 E&Y ended. (Fernandez Dep. 16–17, 24.) She argues that she already testified at deposition that no
6 responsive records exist because during the period of time that she was employed by E&Y, her only
7 "work" for Liberty was to sign checks and a single purchase contract that she did not review or
8 negotiate. (Opp'n 5; Fernandez Dep. 18, 22.) She asserts that producing these documents would
9 therefore not provide any evidence of how she spent her time while at E&Y.

10   Discovery that indicates that Fernandez was working for Liberty when she was supposed to
11 be working for E&Y could be relevant for its defense that she failed to meet its realistic
12 expectations. Yet the production of signed documents would not show when she signed them such
13 that the defendant could point to them as evidence that she spent time at E&Y actually working for
14 Liberty. The defendant has not persuaded the court how her signature alone might lead to the sort of
15 evidence it seeks to discredit her claims and her ability to act as a class representative. Accordingly,
16 the defendant's motion as to request number one is DENIED.

17   On the other hand, documents showing communications or otherwise referring or relating to
18 her work at Liberty could be relevant—but only to the extent that they show activity during the days
19 and times she was expected to be performing duties for E&Y. Fernandez admits that she used her
20 Sidekick for personal calls during working hours and that it was possible that her father, who she
21 claims was running the day-to-day operations of Liberty at the time, contacted her about Liberty
22 issues while she was at work at E&Y. (Fernandez Dep. 16, 55–56, 63.) Although the defendant
23 suggests that even activity Fernandez did for Liberty during her personal time might have caused
24 her to fail to meet its realistic expectations, it does not claim that her position required her to be on
25 call at all times. Nor does it argue that any other activities she may have engaged in during non-
26 working hours affected her work at E&Y. As a result, its motion as to request numbers two and
27 three are GRANTED with the following limitation: Fernandez shall produce communications and
28 ///

1  documents that relate or refer to work she performed for Liberty during the dates and times she was
2  expected to be working for E&Y.
3  **IT IS SO ORDERED.**

5  Dated: August 27, 2009



6  _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 05-04867** N**otice will be electronically mailed to:**

| | |
|---|---|
| Anastasia Melinda Boles | aboles@akingump.com, westdocketing@akingump.com |
| Arthur William Lazear | awl@hoffmanandlazear.com |
| Catherine A. Conway | cconway@akingump.com, thowe@akingump.com, westdocketing@akingump.com |
| Christopher Blanchard | cblanchard@akingump.com, jfukai@akingump.com |
| Gregory William Knopp | gknopp@akingump.com, dkucko@akingump.com, ltolbert@akingump.com, westdocketing@akingump.com |
| H. Tim Hoffman | hth@hoffmanandlazear.com |
| Leon Greenberg | wagelaw@aol.com, leongreenberg@overtimelaw.com, wagelaw@hotmail.com |
| Mark R. Thierman | laborlawyer@pacbell.net, kellyann@callatg.com, thier3@callatg.com, thier4@callatg.com, thier6@callatg.com |
| Max Folkenflik | max@fmlaw.net |
| Morgan Matthew Mack | mmm@hoffmanandlazear.com |
| Ross L. Libenson, Esq | rll@hoffmanandlazear.com, ross@libensonlaw.com, ross.libenson@gmail.com |
| Stephanie S. Der | sder@akingump.com, thowe@akingump.com, westdocketing@akingump.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

5