1

MARK R. THIERMAN, (State Bar No. 72913)
LEON GREENBERG, (State Bar No. 226253)

2

THIERMAN LAW FIRM
7287 Lakeside Drive, Suite 101

3

Reno, NV 89511
Telephone: (775) 284-1500

4

Facsimile: (775) 703-5027

5

H. TIM HOFFMAN, (State Bar No. 49141)
ARTHUR W. LAZEAR, (State Bar No. 83603)

6

ROSS L. LIBENSON, (State Bar No. 181912)
HOFFMAN & LAZEAR

7

180 Grand Avenue, Suite 1550
Oakland, CA 94612

8

Telephone: (510) 763-5700
Facsimile: (510) 835-1311

9

MAX FOLKENFLIK

10

FOLKENFLIK & MCGERITY
1500 Broadway, 21St Floor

11

New York, NY 10036
Telephone: (212)757-0400

12

Facsimile: (212)757-2010

13

*Interim Lead Counsel for Plaintiffs*

14

CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)

15

CHRISTOPHER PETERSEN (SBN 260631)
AKIN GUMP STRAUSS HAUER & FELD LLP

16

2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012

17

Telephone: 310-229-1000
Facsimile: 310-229-1001

18

Attorneys for Defendant

19

** E-filed August 30, 2010 **

UNITED STATES DISTRICT COURT

20

NORTHERN DISTRICT OF CALIFORNIA

21

22

DAVID HO, JOHN MAXTON, NATHAN
LAY, and SARAH FERNANDEZ on behalf

23

of themselves and others similarly situated
and on behalf of the general public and

24

DOES 1-20
                          Plaintiff,

25

          v.

26

ERNST & YOUNG LLP

27

                          Defendant.

28

Case No. C 05 04867 JF

[Consolidated for Class Certification Purposes
with Case Nos. CV- 08-02853-JF and
CV-08-04988-JF]

**[REVISED] JOINT STIPULATION RE:
PROTECTIVE ORDER**

Complaint Filed: September 27, 2005

| | |
|---|---|
| 1 | JOSEPH LANDON, individually and on behalf of all others similarly situated, | Case No. CV- 08-02853-JF (HRL) |
| 2 | | |
| 3 | Plaintiffs, | Complaint Filed: February 21, 2008 |
| 4 | v. | |
| 5 | ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100, inclusive, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | ------------------------------------------ | ------------------------------------------ |
| 9 | MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, | Case No. CV-08-04988-JF (HRL) |
| 10 | | [Assigned for all purposes to the Honorable Jeremy Fogel] |
| 11 | Plaintiffs, | |
| 12 | v. | Complaint Filed: June 19, 2008 |
| 13 | ERNST & YOUNG LLP, and DOES 1 – 50, | |
| 14 | Defendants. | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1     **WHEREAS**, on September 13, 2006, this Court entered an Order Governing the Protection of

2 the Parties' Confidential Information (the "September 13, 2006 Protective Order);

3     **WHEREAS**, two plaintiffs recently commenced similar lawsuits against Ernst & Young in the

4 United States District Court for the Southern District of New York: *Stephanie Sutherland v. Ernst &*

5 *Young LLP*, Case No. 10-CV-3332, and *Brian Mansberger v. Ernst &Young LLP, et al.*, Case No. 10-

6 CV-3883.

7     **WHEREAS**, on June 29, 2010, Judge Kimba M. Wood of the United States District Court for

8 the Southern District of New York instructed Ernst & Young to provide plaintiffs Sutherland and

9 Mansberger access to the documents Ernst & Young produced in this action;

10     **WHEREAS**, modification of this Court's September 13, 2006 Protective Order is necessary to

11 ensure the protection of the Parties' confidential information to be produced as set forth **in Exhibit 1**;

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27

28

[REVISED] JOINT STIPULATION RE: PROTECTIVE ORDER

1          **NOW, THEREFORE**, subject to the approval of the Court, it is hereby stipulated and agreed,

2     by and between the parties, through their respective counsel, that paragraph 5 of the September 13,

3     2006 Protective Order, which describes the persons who may receive Confidential Information, is

4     modified to permit Confidential Information to be produced to the plaintiffs in the *Sutherland* lawsuit

5     and the *Mansberger* lawsuit, and that paragraph 12 of the September 13, 2006 Protective Order is

6     modified to provide for collection from counsel for the *Sutherland* and *Mansberger* plaintiffs of all

7     documents, material, and deposition transcripts designated as confidential after the termination of the

8     *Sutherland* and *Mansberger* lawsuits, respectively.

9          **SO STIPULATED**.

10    August 19, 2010                    AKIN GUMP STRAUSS HAUER & FELD LLP

11

12                                       By_____*/s/ Gregory W. Knopp*_____
                                                        Gregory W. Knopp
13                                       Attorneys for Defendant ERNST & YOUNG LLP

      August 19, 2010                    FOLKENFLIK & MCGERITY
14

15                                       By_____*/s/ Max Folkenflik*_____
                                                        Max Folkenflik
16                                       Attorneys for Plaintiffs

17    PURSUANT TO STIPULATION, **IT IS SO ORDERED**:

18    DATED:  August 30,  2010           By_____
19                                       HOWARD R. LLOYD
                                         United States Magistrate Judge
20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century park East, Ste 2400, Los Angeles, CA 90067. On August 24, 2010, I served the foregoing document(s) described as: **[REVISED] JOINT STIPULATION RE: PROTECTIVE ORDER** on the interested party(ies) below, using the following means:

> **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number.**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2010 at Los Angeles, California.

Rose Shushanyan
Print Name

Signature

1   MARK R. THIERMAN, (State Bar No. 72913)
    LEON GREENBERG, (State Bar No. 226253)
2   THIERMAN LAW FIRM
    7287 Lakeside Drive, Suite 101
3   Reno, NV 89511
    Telephone: (775) 284-1500
4   Facsimile:  (775) 703-5027

5   H. TIM HOFFMAN, (State Bar No. 49141)
    ARTHUR W. LAZEAR, (State Bar No. 83603)
6   ROSS L. LIBENSON, (State Bar No. 181912)
    HOFFMAN & LAZEAR
7   180 Grand Avenue, Suite 1550
    Oakland, CA  94612
8   Telephone:  (510) 763-5700
    Facsimile:  (510) 835-1311
9
    MAX FOLKENFLIK
10  FOLKENFLIK & MCGERITY
    1500 Broadway, 21St Floor
11  New York, NY 10036
    Telephone:  (212)757-0400
12  Facsimile:  (212)757-2010

13  *Interim Lead Counsel for Plaintiffs*

14  CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
15  CHRISTOPHER PETERSEN (SBN 260631)
    AKIN GUMP STRAUSS HAUER & FELD LLP
16  2029 Century Park East, Suite 2400
    Los Angeles, CA 90067-3012
17  Telephone: 310-229-1000
    Facsimile: 310-229-1001
18
    Attorneys for Defendant
19
                    UNITED STATES DISTRICT COURT
20
                    NORTHERN DISTRICT OF CALIFORNIA
21

22  DAVID HO, JOHN MAXTON, NATHAN          | Case No. C 05 04867 JF
    LAY, and SARAH FERNANDEZ on behalf     |
23  of themselves and others similarly situated | [Consolidated for Class Certification Purposes
    and on behalf of the general public and | with Case Nos. CV- 08-02853-JF and
24  DOES 1-20                              | CV-08-04988-JF]
                        Plaintiff,         |
25       v.                                | **[REVISED] JOINT STIPULATION AND
                                           | [PROPOSED] ORDER GOVERNING
26  ERNST & YOUNG LLP                      | THE PROTECTION OF THE PARTIES'
                                           | CONFIDENTIAL INFORMATION**
27                      Defendant.         | Complaint Filed: September 27, 2005

28

---

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of all others similarly situated, | Case No. CV- 08-02853-JF (HRL) |
| Plaintiffs, | Complaint Filed: February 21, 2008 |
| v. | |
| ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100, inclusive, | |
| Defendants. | |

---------------------------------------------   ---------------------------------------------

| | |
|---|---|
| MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, | Case No. CV-08-04988-JF (HRL) |
| | [Assigned for all purposes to the Honorable Jeremy Fogel] |
| Plaintiffs, | |
| v. | Complaint Filed: June 19, 2008 |
| ERNST & YOUNG LLP, and DOES 1 – 50, | |
| Defendants. | |

1    Disclosure and discovery activity in this action are likely to involve production of confidential,

2   proprietary, or private information for which special protection from public disclosure and from use for

3   any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

4   stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

5   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

6   discovery and that the protection it affords extends only to the limited information or items that are

7   entitled under the applicable legal principles to treatment as confidential.  The parties further

8   acknowledge, as set forth in Paragraph 7 below, that this Stipulated Protective Order creates no

9   entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

10   that must be followed and reflects the standards that will be applied when a party seeks permission

11   from the court to file material under seal.  Subject to the approval of this Court, and consistent with

12   this Court's Order dated August 28, 2006, the parties hereby stipulate to the following protective order:

13    1.    Any and all documents comprising, generated from, or referencing processes,

14   operations, business methods, or any other business information that is proprietary and/or confidential

15   (including financial information or trade secrets) of Defendant Ernst & Young LLP ("Defendant") or

16   its employees, customers, or vendors, or any information that the plaintiff so designates based on a

17   good-faith believe that it is private and/or personal and must therefore be treated as confidential, shall

18   be deemed Confidential if the designating party has made a good faith determination that the material

19   warrants protection under standards developed under Rule 26(c) of the Federal Rules of Civil

20   Procedure.  Furthermore, David Ho's ("Plaintiff") date of birth, social security number, telephone

21   number, and address shall be redacted by any party producing or utilizing documents containing said

22   information in such a fashion so as to prevent that information from becoming public.

23    2.    Confidential documents shall be so designated by stamping copies of the documents

24   with the legend "CONFIDENTIAL."  All pages shall be so labeled.  If either party, through

25   inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such

26   discovery material should have been so designated, it promptly will provide written notice of the

27   Confidential designation and to the extent practicable the discovery material will be treated as

28   Confidential Material from the date of receipt of such notice.  Either party may request that such a

1

1  document be so designated, where appropriate.  Likewise, if a party designates discovery material

2  Confidential and later determines that such discovery material should not have been so designated, it

3  will promptly provide written notice of the removal of the designation along with a duplicate copy of

4  the discovery material without the Confidential marking.

5      If the party being given the documents or materials designated as "CONFIDENTIAL" objects

6  to said designation, then the parties will meet and confer with respect to the designation within fifteen

7  (15) days of receipt of such objection by the designating party.  Thereafter, if the parties are unable to

8  reach an agreement, the party designating the document as "CONFIDENTIAL" will file within ten

9  (20) days of meeting and conferring a motion with the Court requesting that an Order issue identifying

10  the at-issue material as "CONFIDENTIAL."  Such motion shall comply with all applicable Local

11  Rules.  If such a motion is not filed within the time period set forth above, the "CONFIDENTIAL"

12  designation will be deemed withdrawn for purposes of this case.  During the pendency of the Motion

13  for Protective Order and the meet and confer process, the "CONFIDENTIAL" designation shall remain

14  in effect.  The party seeking confidential status of the disputed materials shall bear the burden of

15  establishing that such materials should be kept confidential.

16      3.      Testimony taken at a deposition, conference, hearing or trial may be designated as

17  confidential by making a statement to that effect on the record at the deposition or other proceeding.

18  Arrangements shall be made with the court reporter taking and transcribing such proceeding to

19  separately bind such portions of the transcript containing information designated as confidential, and to

20  label such portions appropriately.

21      4.      Material designated as confidential under this Order, the information contained therein,

22  and any summaries, copies, abstracts, or other documents derived in whole or in part from material

23  designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the

24  purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

25      5.      CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or

26  made available only to "qualified persons," limited to the following:

27      (a)    the receiving party's outside counsel of record in this action, as well as employees
        of said counsel to whom disclosure is reasonably necessary for this litigation and

28

2

who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the officers, directors, partners and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of the document or the original source of the information.

(h)  the plaintiff in *Stephanie Sutherland v. Ernst & Young LLP*, Case No. 10-CV-3332 (KMW) and to plaintiff in *Brian Mansberger v. Ernst &Young LLP, et al.*, Case No. 10-CV-3883 (JSR), pending before the United States District Court for the Southern District of New York.

Copies of each signed "Agreement to be Bound by Protective Order" shall be provided to counsel for each party and to the parties at the conclusion of the litigation.

6.   Depositions shall be taken only in the presence of qualified persons.

7.   Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, confidential documents shall not be filed with the clerk except under seal.  Such CONFIDENTIAL MATERIAL shall be lodged separately, in accordance with Local Rule 79-5, as exhibits and will be returned to counsel upon completion of the hearing for which the confidential material is submitted.

8.   Similarly, in the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use, in compliance with the Local Rules.

3

9.      This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.      This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by Defendant or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11.      In the event the Court does not execute this Order, this agreement will be binding as a contract between the parties and their respective counsel.

12.      This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder for six months after final termination of the action.  Upon termination of this case, and the *Sutherland* case, counsel in those cases shall collect and destroy all documents, material, and deposition transcripts designated as confidential and all copies of same.  Counsel for the designating party may instead request, at the designating party's expense, that all such CONFIDENTIAL MATERIAL be assembled and returned to counsel for the designating party.  Upon termination of the *Mansberger* case, counsel in that case shall collect and destroy all documents, material, and deposition transcripts designated as confidential and all copies of same.  Counsel for the designating party may

///
///
///
///
///
///

4

Exhibit 1 Page 8

1 | instead request, at the designating party's expense, that all such CONFIDENTIAL MATERIAL be

2 | assembled and returned to counsel for the designating party.

3

4 | **SO STIPULATED**.

5 | Respectfully submitted by,

6 | August 19, 2010                    AKIN GUMP STRAUSS HAUER & FELD LLP

7 | By_____/s/ Gregory W. Knopp_____
                          Gregory W. Knopp
8 | Attorneys for Defendant ERNST & YOUNG LLP

9 | August 19, 2010                    FOLKENFLIK & MCGERITY

10

11 | By_____/s/ Max Folkenflik_____
                          Max Folkenflik
      Attorneys for Plaintiffs

12 | PURSUANT TO STIPULATION, **IT IS SO ORDERED**:

13

14

15 | DATED: _____

                          _____
16 |                         Honorable Jeremy Fogel
                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE
PARTIES' CONFIDENTIAL INFORMATION

Exhibit 1 Page 9

1

## EXHIBIT A

2

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3    The undersigned hereby acknowledges that he/she has read or had explained to them the

4    Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated

5    Protective Order") governing *Ho v. Ernst & Young LLP.*, Case No. C 05-04867-JF (HRL), and

6    understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself

7    personally to the jurisdiction of the United States District Court for the Northern District of California

8    for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the

9    undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other

10   than in accordance with the terms and conditions of this Stipulated Protective Order.

11

12

13   Dated: _____

14

15

16

17   By: _____
                       Signature

18

19

20   _____
                    Printed Name

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century park East, Ste 2400, Los Angeles, CA 90067. On August 24, 2010, I served the foregoing document(s) described as: **[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION** on the interested party(ies) below, using the following means:

> **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number.**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2010 at Los Angeles, California.

Rose Shushanyan
Print Name

Signature

Exhibit 1 Page 11