```
MARK R. THIERMAN, (State Bar No. 72913)              ** E-filed August 30, 2010 **
LEON GREENBERG, (State Bar No. 226253)
THIERMAN LAW FIRM
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile:  (775) 703-5027

H. TIM HOFFMAN, (State Bar No. 49141)
ARTHUR W. LAZEAR, (State Bar No. 83603)
ROSS L. LIBENSON, (State Bar No. 181912)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone:  (510) 763-5700
Facsimile:  (510) 835-1311

MAX FOLKENFLIK
FOLKENFLIK & MCGERITY
1500 Broadway, 21St Floor
New York, NY 10036
Telephone:  (212)757-0400
Facsimile:  (212)757-2010
```

*Interim Lead Counsel for Plaintiffs*

```
CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
CHRISTOPHER PETERSEN (SBN 260631)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
```

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HO, JOHN MAXTON, NATHAN LAY, and SARAH FERNANDEZ on behalf of themselves and others similarly situated and on behalf of the general public and DOES 1-20<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ERNST & YOUNG LLP<br><br>　　　　　　　Defendant. | Case No. C 05 04867 JF<br><br>[Consolidated for Class Certification Purposes with Case Nos. CV- 08-02853-JF and CV-08-04988-JF]<br><br>**[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION**<br>AS AMENDED BY THE COURT<br>Complaint Filed: September 27, 2005 |

---

| | |
|---|---|
| JOSEPH LANDON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ERNST & YOUNG LLP, a limited liability partnership; ERNST & YOUNG U.S. LLP, a limited liability partnership; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. CV- 08-02853-JF (HRL)<br><br>Complaint Filed: February 21, 2008 |
| MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>ERNST & YOUNG LLP, and DOES 1 – 50,<br><br>    Defendants. | Case No. CV-08-04988-JF (HRL)<br><br>[Assigned for all purposes to the Honorable Jeremy Fogel]<br><br>Complaint Filed: June 19, 2008 |

---

[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 7 below, that this Stipulated Protective Order and General Order 62 creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Subject to the approval of this Court, and consistent with this Court's Order dated August 28, 2006, the parties hereby stipulate to the following protective order:

1. Any and all documents comprising, generated from, or referencing processes, operations, business methods, or any other business information that is proprietary and/or confidential (including financial information or trade secrets) of Defendant Ernst & Young LLP ("Defendant") or its employees, customers, or vendors, or any information that the plaintiff so designates based on a good-faith believe that it is private and/or personal and must therefore be treated as confidential, shall be deemed Confidential if the designating party has made a good faith determination that the material warrants protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure. Furthermore, David Ho's ("Plaintiff") date of birth, social security number, telephone number, and address shall be redacted by any party producing or utilizing documents containing said information in such a fashion so as to prevent that information from becoming public.

2. Confidential documents shall be so designated by stamping copies of the documents with the legend "CONFIDENTIAL." All pages shall be so labeled. If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of receipt of such notice. Either party may request that such a

1

[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION

document be so designated, where appropriate. Likewise, if a party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking. *(in voice to voice dialogue; other forms of communication are insufficient)*

If the party being given the documents or materials designated as "CONFIDENTIAL" objects to said designation, then the parties will meet and confer with respect to the designation within fifteen (15) days of receipt of such objection by the designating party. Thereafter, if the parties are unable to reach an agreement, the party designating the document as "CONFIDENTIAL" will file within ten (20) days of meeting and conferring a motion with the Court requesting that an Order issue identifying the at-issue material as "CONFIDENTIAL." Such motion shall comply with all applicable Local Rules. If such a motion is not filed within the time period set forth above, the "CONFIDENTIAL" designation will be deemed withdrawn for purposes of this case. During the pendency of the Motion for Protective Order and the meet and confer process, the "CONFIDENTIAL" designation shall remain in effect. The party seeking confidential status of the disputed materials shall bear the burden of establishing that such materials should be kept confidential.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to "qualified persons," limited to the following:

(a) the receiving party's outside counsel of record in this action, as well as employees of said counsel to whom disclosure is reasonably necessary for this litigation and

       who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, partners and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of the document or the original source of the information.

(h)   the plaintiff in *Stephanie Sutherland v. Ernst & Young LLP*, Case No. 10-CV-3332 (KMW) and to plaintiff in *Brian Mansberger v. Ernst &Young LLP, et al.*, Case No. 10-CV-3883 (JSR), pending before the United States District Court for the Southern District of New York.

    Copies of each signed "Agreement to be Bound by Protective Order" shall be provided to counsel for each party and to the parties at the conclusion of the litigation.

    6.    Depositions shall be taken only in the presence of qualified persons.

    7.    Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, confidential documents shall not be filed with the clerk except under seal. Such CONFIDENTIAL MATERIAL shall be lodged separately, in accordance with Local Rule 79-5, ~~as exhibits~~ and General Order 62 and will be returned to counsel upon completion of the hearing for which the confidential material is submitted.

    8.    Similarly, in the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use, in compliance with the Local Rules.

3

[REVISED] JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION

9. This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by Defendant or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. In the event the Court does not execute this Order, this agreement will be binding as a contract between the parties and their respective counsel.

12. This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder for six months after final termination of the action. Upon termination of this case, and the *Sutherland* case, counsel in those cases shall collect and destroy all documents, material, and deposition transcripts designated as confidential and all copies of same. Counsel for the designating party may instead request, at the designating party's expense, that all such CONFIDENTIAL MATERIAL be assembled and returned to counsel for the designating party. Upon termination of the *Mansberger* case, counsel in that case shall collect and destroy all documents, material, and deposition transcripts designated as confidential and all copies of same. Counsel for the designating party may

///
///
///
///
///
///

4

[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION

instead request, at the designating party's expense, that all such CONFIDENTIAL MATERIAL be assembled and returned to counsel for the designating party.

**SO STIPULATED.**

Respectfully submitted by,

August 19, 2010

AKIN GUMP STRAUSS HAUER & FELD LLP

By_____/s/ Gregory W. Knopp_____
Gregory W. Knopp
Attorneys for Defendant ERNST & YOUNG LLP

August 19, 2010

FOLKENFLIK & MCGERITY

By_____/s/ Max Folkenflik_____
Max Folkenflik
Attorneys for Plaintiffs

PURSUANT TO STIPULATION, **IT IS SO ORDERED**:

DATED: August 30, 2010

_____
HOWARD R. LLOYD
United States Magistrate Judge

# EXHIBIT A

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read or had explained to them the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Ho v. Ernst & Young LLP.*, Case No. C 05-04867-JF (HRL), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____

By: _____
      Signature

_____
      Printed Name

---

[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century park East, Ste 2400, Los Angeles, CA 90067. On August 24, 2010, I served the foregoing document(s) described as: **[REVISED] JOINT STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF THE PARTIES' CONFIDENTIAL INFORMATION** on the interested party(ies) below, using the following means:

> **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number.**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2010 at Los Angeles, California.

Rose Shushanyan
Print Name

_/s/ Rose Shushanyan_
Signature

PROOF OF SERVICE