1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**E-FILED on** __10/19/2011__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID HO et al.,

   Plaintiffs,

 v.

ERNST & YOUNG LLP,

   Defendant.

No. C-05-04867 RMW

ORDER DENYING MOTION FOR LEAVE
TO MOVE FOR RECONSIDERATION

**[Re Docket No. 298]**

On September 20, 2011, the court denied defendant Ernst & Young, LLP's motion to dismiss or stay proceedings. Dkt. No. 297. On September 23, 2011, defendant filed a motion for leave to move for reconsideration of the court's ruling that it had waived its right to compel plaintiff Michelle Richards ("Richards") to arbitrate her claims. Dkt. No. 298. Having considered the papers submitted by defendant, and for the reasons set forth below, the court denies the motion for leave.

On June 24, 2011, defendant moved to dismiss the present action, or in the alternative to stay and compel arbitration, on the grounds that plaintiffs' wage and hour claims are subject to binding arbitration. Dkt. No. 288. The court denied defendant's motion, finding that defendant had waived the right to compel arbitration. Dkt. No. 297. The court found that defendant's failure to assert the binding arbitration clause earlier in the case was inconsistent with its right to arbitration. In doing

**United States District Court**
For the Northern District of California

1    so, the court rejected defendant's argument that it did not seek to compel arbitration earlier because

2    such motion would have been futile in light of California law.

3         Defendant argues the court's reasoning does not apply to plaintiff Richards because Richards'

4    case was not filed until after the California supreme court's decision in *Gentry v. Superior Court*, 42

5    Cal.4th 443 (2007), on which defendant relied to argue that a motion to compel arbitration would be

6    futile.  However, this court fully considered both the timing of Richards' lawsuit and the impact of

7    *Gentry* in its previous order.  The order specifically acknowledged defendant's argument that

8    Richards did not file her action until after *Gentry* issued.  Dkt. No. 297 at 8:13-15.  The court found,

9    however, that defendant's failure to enforce the arbitration provision against plaintiff David Ho

10   "renders its assertion that it refrained from raising an arbitration defense solely because California

11   law would have rendered such a defense futile less credible." *Id.* at 8:15-20.  In other words, the

12   court discounted the argument that *Gentry* affected defendant's conduct, which in turn lessens the

13   importance of *Gentry*'s timing in the waiver analysis.

14        Moreover, this court found that, even after *Gentry* issued, it could not conclude that

15   defendant's moving to compel arbitration would have been futile as a matter of law.  As stated in the

16   order, "E&Y had at least a colorable argument that the parties' choice of law ought to be honored,

17   particularly before *Gentry* was decided." *Id.* at 9:3-4.  Defendant argues this means the court

18   focused on the period before *Gentry* and found California law would have governed the parties'

19   agreement after *Gentry*.  To the contrary, the court's language indicates that its reasoning applies

20   both before and after *Gentry* was decided, albeit with more strength before.  Notably, defendant's

21   futility argument required a two-step determination: first, that California law would apply in spite of

22   the New York choice-of-law provision, and second, that *Gentry* would then apply to render the

23   arbitration provision unconscionable.  The court found the outcome of such determination was

24   sufficiently uncertain that it could not conclude it would have been futile for defendant to assert the

25   arbitration provision.

26        The court's findings that defendant's futility rationale was not wholly credible and that

27   *Gentry* did not conclusively establish that seeking arbitration would be futile do not depend on the

28   fact that Richards did not file her suit until after *Gentry* was decided.  Those findings led to the

court's conclusion that defendant's failure to assert arbitration earlier against Richards was inconsistent with an existing right to compel arbitration.  Thus, defendant has not presented a basis for reconsideration.

## ORDER

For the foregoing reasons, the court denies defendant's motion for leave to move for reconsideration.

DATED:        10/19/2011

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

ORDER DENYING MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION—No. C-05-04867 RMW
LJP                                    3