United States District Court
For the Northern District of California

1
2
3
4                                                    **E-FILED on**  1/11/2012
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                        SAN JOSE DIVISION
11

12   DAVID HO et al.,                    No. C-05-04867 RMW

13              Plaintiffs,

14        v.                             ORDER DENYING MOTION TO ADD A
                                         NEW REPRESENTATIVE PLAINTIFF
15   ERNST & YOUNG LLP,

16              Defendant.               **[Re Docket No. 311]**

17

18

19        Plaintiffs move to add a new representative plaintiff, Stephen Morris, pursuant to Federal

20   Rules of Civil Procedure 15 and 21.  In the alternative, Mr. Morris moves to intervene under Rule

21   24.  Defendant opposes the motion.  On January 6, 2012, the court held a hearing to consider the

22   motion.  Having considered the papers submitted by the parties and the arguments of counsel, and

23   for the reasons set forth below, the court denies the motion.

24                            **I. BACKGROUND**

25        This case is the earliest-filed of three actions brought against defendant Ernst & Young LLP

26   ("Ernst & Young") that were consolidated for purposes of class certification.  The other two cases

27   are *Landon v. Ernst & Young LLP*, No. C-08-02853, and *Richards v. Ernst & Young LLP*, No. 08-

28   04988.  The plaintiffs in each action allege violations of California's overtime laws and seek to assert

claims on behalf of a class of similarly situated individuals who were employed in Ernst & Young's Tax group or Assurance group.

This case was filed in 2005 by plaintiff David Ho.  On July 17, 2007, the court granted Ho's motion to amend the complaint to add three plaintiffs, David Maxton, Nathan Lay, and Sarah Fernandez.  On March 4, 2008, the court granted summary judgment against Ho.  Soon after, the court dismissed Maxton and Lay without prejudice pursuant to stipulation, leaving Fernandez as the sole plaintiff.  On January 15, 2009, the court denied defendant's motion for summary judgment against Fernandez.  Addressing defendant's argument that any failure by Fernandez to spend at least fifty percent of her time on exempt duties was due to Fernandez's own substandard performance, the court noted that defendant "submits substantial evidence that Fernandez's performance in fact was substandard."  Dkt. No. 177 at 8.  However, the court found it could not determine from the record whether Fernandez's position, performed as legitimately expected by Ernst & Young, met the administrative exemption for overtime requirements.  *Id.*

By this time, the *Landon* and *Richards* cases had been filed, and the parties in this case agreed that the three cases should be consolidated for the purposes of a motion for class certification. They submitted the following proposal to the court:

> Pursuant to Federal Rule of Civil Procedure 42(a)(1), the *Fernandez*, *Landon*, and *Richards* actions shall be consolidated for the purposes of a motion for class certification. The docket in *Fernandez* shall constitute the Master Docket and the file in *Fernandez* shall constitute a Master File for every consolidated action until the Court has made a ruling on any motion for class certification. A single motion for class certification will be brought on behalf of all of the putative classes and/or subclasses that each individual plaintiff seeks to represent. This Court's ruling on that single motion for class certification will be binding on all the putative classes and/or subclasses that each individual plaintiff seeks to represent.

Dkt. No. 180 at 2.  While not addressing the specific details of the parties' proposal, the court consolidated the three cases "for class certification purposes only" on March 13, 2009.  Dkt. No. 181.  The court thereafter set a deadline for plaintiffs to file the class certification motion, which was ultimately continued to August 20, 2010.  Dkt. No. 229.

Interim lead counsel moved to certify a class with Fernandez and Michelle Richards as class representatives.  As part of the motion, plaintiffs submitted a declaration from Mr. Morris executed in early 2008.  Dkt. No. 252.  Defendant took Mr. Morris' deposition on October 22, 2010.  Dkt. No.

United States District Court

For the Northern District of California

316-1 ¶ 4.  On September 20, 2011, the court granted in part and denied in part the motion for class

certification.  Dkt. No. 297.  The court found that Fernandez failed to meet the typicality

requirement because Ernst & Young had a defense particular to her, i.e., that she spent the bulk of

her time engaged in non-exempt work because she failed to meet defendant's performance

expectations.  The court further found that neither proposed representative was typical of persons

who worked in entirely different positions.  The court certified a narrowed class of "staff" and

"senior" employees in the Tax group, with Richards as the sole representative.

## II.  ANALYSIS

Plaintiffs move to add Mr. Morris as a new representative plaintiff pursuant to Rules 15 and

21, which govern amendment of pleadings and addition of parties, respectively.  In the alternative,

Mr. Morris seeks to intervene under Rule 24.  Movants argue that adding Mr. Morris will allow the

court to address whether an Assurance group class can be certified and, if it can, to allow the class to

pursue their overtime claims.  Movants urge that Mr. Morris is a suitable class representative who

will overcome the deficiencies the court found in Fernandez's claim.

### A.        Effect of the Court's Consolidation Order

As an initial matter, defendant argues that plaintiffs are barred from filing another class

certification motion based on their proposal to the court to file a single motion and have the court's

ruling be binding and preclusive as to each of the actions.  Although the court did not explicitly

adopt the parties' proposal, the purpose of eliminating duplicative or overlapping motions is closely

related to consolidation, so there was at least an implicit understanding between the court and the

parties that a single class certification motion would be filed.  Plaintiffs argue that the agreement and

consolidation could not be "preclusive of any and all other motions, by any or all other parties, in

any or all other actions."  Reply at 11.  But the issue now is only whether the agreement and

consolidation are preclusive in *this* case.  It appears that the parties agreed there would be a single

class certification motion with preclusive effect as to all three actions, and that the parties have acted

in conformance with that agreement for almost three years.  Thus, plaintiffs must make *some*

showing that they should no longer be bound by their agreement.  *Cf. CDN Inc. v. Kapes*, 197 F.3d

1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience

United States District Court
For the Northern District of California

1  of the parties, courts will enforce them absent indications of involuntary or uninformed consent."). 

2  Other than arguing that the agreement and the court's orders were "purely procedural," plaintiffs 

3  have not even attempted to do so.

4    Even if the consolidation proposal were not binding, the parties were bound by the court-

5  imposed deadline for filing a motion for class certification.  Once a court sets a procedural schedule, 

6  it may be modified only on a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  Thus, beyond 

7  satisfying other applicable rules, a movant must either comply with the scheduling order or show 

8  good cause to modify it.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 

9  1992) (holding plaintiff who moved to join a party after the binding cut-off date needed to show 

10  "extraordinary circumstances" as required by the scheduling order or to show good cause to amend 

11  the scheduling order).  Here, movants do not appear to have missed any deadline for amending the 

12  complaint or adding parties.  However, their ultimate goal is to file another motion for class 

13  certification, for which they must show good cause.  As to the present attempt to add a new plaintiff, 

14  the court notes that there appears to be substantial overlap between the diligence inquiry of the good 

15  cause standard and the undue delay prong of the *Foman* factors, discussed below.

16    **B.**  **Undue Delay**

17    Rule 15(a) provides that a court "should freely give leave [to amend] when justice so 

18  requires."  In addition, Rule 21 provides that a court "may at any time, on just terms, add or drop a 

19  party."  In determining whether to allow amendment, courts often consider five possible reasons for 

20  denial, set forth in *Foman v. Davis*, 371 U.S. 178 (1962): "undue delay, bad faith or dilatory motive 

21  on the part of the movant, repeated failure to cure deficiencies by amendments previous allowed, 

22  undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of 

23  amendment."  *Id.* at 182; *see, e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Similarly, 

24  in exercising its discretion to permit intervention under Rule 24, a court is to consider "whether the 

25  intervention will unduly delay or prejudice the adjudication of the original parties' rights."  In 

26  opposing amendment, defendant focuses primarily on undue delay, prejudice, and futility.

27    Defendant argues that plaintiffs unduly delayed because they have long been aware of 

28  problems with Fernandez's ability to represent a class, which were raised during summary judgment.

1  Plaintiffs respond that they believed Fernandez would be a good representative and had good reason

2  to believe that defendant's arguments during summary judgment did not undermine her typicality.  In

3  fact, plaintiffs argue, they believed Fernandez would be a good class representative precisely

4  because she had survived summary judgment.  In light of the record on this issue, the court finds that

5  plaintiffs acted reasonably in putting forth Fernandez as a potential representative.

6         However, even if plaintiffs were confident in Fernandez's chances of being a class

7  representative, they unduly delayed in exploring whether other individuals would also be suitable

8  and whether they should be added to the case.  Plaintiffs were aware of the court's deadline for filing

9  a motion for class certification and had proposed to file a single motion for all three cases.  Plaintiffs

10 should have realized that this was likely their one opportunity to seek class certification and acted to

11 ensure that all of their positions were put forward.  At the hearing, plaintiffs counsel argued that it is

12 not good case management to include all potential plaintiffs, but this is a question of tradeoffs, and

13 plaintiffs must live by their strategic decisions.  Notably, movants do not cite any cases in which

14 addition or substitution of plaintiffs was allowed after the denial of a motion for class certification.

15 On the other hand, courts have denied amendment or intervention where the movant is simply

16 seeking another chance at certification.  *See Whittum v. Saginaw Cty.*, 2005 WL 3271810 at *6 (E.D.

17 Mich. 2005); *cf. Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011) ("Intervention

18 shouldn't be allowed just to give class action lawyers multiple bites at the certification apple, when

19 they have chosen, as should have been obvious from the start, patently inappropriate candidates to

20 be the class representatives.").

21        Movants are correct that the court's denial of certification is not binding on the putative class

22 and there appears no bar to Mr. Morris or another individual filing a separate suit and seeking

23 certification of the same claims on behalf of the same class.  However, plaintiffs have not shown

24 how the court's denial of certification is not binding *on this case*.  Plaintiffs cannot wait and present

25 one potential representative after another until one succeeds, in the meantime forcing the court to

26 conduct multiple individual adjudications—the antithesis of a class action.  This case has moved

27 past the stage in which it was a putative class action.  What remains now are Fernandez's individual

28 claims, trial of which would be delayed by the addition of a new plaintiff.  The court in *In re*

ORDER DENYING MOTION TO ADD A NEW REPRESENTATIVE PLAINTIFF—No. C-05-04867 RMW
LJP                                                     5

1   *Safeguard Scientifics*, 220 F.R.D. 43 (E.D. Pa. 2004), denied a motion to intervene in a similar

2   situation.  The court had denied a motion for class certification because "the proposed class

3   representatives were not typical of the class given that they all faced unique defenses." *Id.* at 46.  In

4   finding the motion to intervene untimely, the court noted that the matter had been pending for more

5   than two and a half years, discovery was largely complete, and the motion for class certification had

6   been decided.  *Id.* at 47.  The court concluded, "It thus appears that the next logical stage in these

7   proceedings would be trial." *Id.*

8         Movants acknowledge the court's discretion to deny their motion where adding a new

9   plaintiff "would serve to *derail* the progress of this case," but movants argue that adding a new

10  plaintiff would get the case back on track to adjudicating the class claims.  Reply at 4-5.  Such

11  arguments evince an assumption that this case is presumptively a class action.  To the contrary, the

12  burden is on a party seeking class certification, and plaintiffs were found to have failed to meet that

13  burden.  The class certification motion having been decided, it also follows that this case is no

14  longer consolidated with *Richards* and *Landon*, and plaintiffs' wish to keep this case on track with

15  the class in *Richards* does not support an argument that adding Mr. Morris would not delay

16  proceedings.  Because plaintiffs delayed in seeking to add a new representative plaintiff and such

17  addition would delay the resolution of what remains of this case, the motion to add Mr. Morris is

18  denied.

### III.  ORDER

19

20        For the foregoing reasons, the court denies the motion to add a new representative plaintiff.

21

22

23  DATED:  _____January 11, 2012_____

24                                                                    RONALD M. WHYTE
                                                                      United States District Judge

25

26

27

28