FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE RICHARDS, on behalf of herself and others similarly situated and on behalf of the general public,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ERNST & YOUNG, LLP,<br>*Defendant-Appellant.* | No. 11-17530<br><br>D.C. No.<br>5:05-cv-04867-RMW<br><br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted
June 14, 2013—San Francisco, California

Filed August 21, 2013

Before: Mary M. Schroeder, Kenneth F. Ripple,[*]
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

---

[*] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY[**]

### Arbitration

The panel reversed the district court's denial of Ernst & Young, LLP's motion to compel arbitration of state wage and hour claims asserted by the former employee plaintiff.

The district court determined that Ernst & Young had waived its right to arbitration by failing to assert that right as a defense in an action brought by two former employees, whose action had been consolidated with that of the plaintiff. The panel reversed the district court's judgment because the plaintiff had not established any prejudice as a result of Ernst & Yong's alleged delay in asserting its arbitral rights.

### COUNSEL

Rex S. Heinke, Gregory William Knopp, and Katharine Jane Galston, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California, for Defendant-Appellant.

Max Folkenflik, Folkenflik & McGerity, New York, New York; H. Tim Hoffman, Arthur William Lazear, and Ross L. Libenson, for Plaintiffs-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Defendant Ernst & Young, LLP appeals the district court's denial of its motion to compel arbitration of state wage and hour claims asserted by its former employee, Michelle Richards.[1] The defendant filed the motion after the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The district court determined that Ernst & Young had waived its right to arbitration by failing to assert that right as a defense in an action brought by two other former employees, David Ho and Sarah Fernandez, whose action had been consolidated with that of Ms. Richards. Because Ms. Richards has not established any prejudice as a result of Ernst & Young's alleged delay in asserting its arbitral rights, we reverse the judgment of the district court.[2]

"Waiver of a contractual right to arbitration is not favored," and, therefore, "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quotation marks omitted). Specifically, "[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* "Where, as here, the concern is whether the undisputed facts of defendant's pretrial participation in the

---

[1] The district court's jurisdiction was based on 28 U.S.C. § 1332.

[2] Our jurisdiction is based on 9 U.S.C. § 16(a)(1)(B).

litigation satisfy the standard for waiver, the question of waiver of arbitration is one of law which we review *de novo*." *Id.* at 693.

Ms. Richards argues that she was prejudiced because there was litigation on the merits, and, as a result, some of her claims were dismissed. We cannot accept this argument. One of Ms. Richards' claims—Ernst & Young's failure to provide meal and rest breaks—was dismissed *without* prejudice, which is not a decision on the merits. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). The other claim on which the district court ruled—Ms. Richards's claim for injunctive relief—was resolved by the district court on the basis of standing: Ms. Richards, as a former employee, could not benefit from prospective relief and therefore did not have standing to assert that claim. We previously have observed that "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008).

Ms. Richards also maintains that she was prejudiced because Ernst & Young conducted discovery that caused her to incur expenses during the years of litigation prior to the motion to compel. Ms. Richards does not contend, however, that Ernst & Young used discovery "to gain information about the other side's case that could not have been gained in arbitration." *Saint Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1204, 8 Cal. Rptr. 3d 517, 530, 82 P.3d 727, 738 (Cal. 2003) (noting that courts have found prejudice in such circumstances). Moreover, in *Fisher*, we rejected the notion that "self-inflicted" expenses could be evidence of prejudice. 791 F.2d at 698. Like the plaintiffs in *Fisher*, Ms.

Richards was a "part[y] to an agreement making arbitration of disputes mandatory," and therefore "[a]ny extra expense incurred as a result of [Ms. Richards's] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to" Ernst & Young. *Id.*

Alternatively, Ms. Richards urges that we may rely on the decision of the National Labor Relations Board ("NLRB") decision in *D.R. Horton*, 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), to affirm the district court's judgment. We decline to do so. Ms. Richards failed to raise the argument that her arbitration agreement with Ernst & Young was unenforceable under the National Labor Relations Act ("NLRA") until after the parties had briefed, and the district court had denied, Ernst & Young's motion to compel. "We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998). We also note that the only court of appeals, and the overwhelming majority of the district courts, to have considered the issue have determined that they should not defer to the NLRB's decision in *D.R. Horton* because it conflicts with the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.[3] Finally,

---

[3] *See, e.g., Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013) ("[G]iven the absence of any 'contrary congressional command' from the FLSA that a right to engage in class actions overrides the mandate of the FAA in favor of arbitration, we reject Owen's invitation to follow the NLRB's rationale in *D.R. Horton* . . . ." (quoting *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012)); *Delock v. Securitas Sec. Servs. USA, Inc.*, 883 F. Supp. 2d 784, 789 (E.D. Ark. 2012) ("The Court declines to endorse, however, the Board's application of the Federal Arbitration Act or its reading of the precedent applying that

6    RICHARDS V. ERNST & YOUNG, LLP

the Supreme Court recently has reiterated that "courts must rigorously enforce arbitration agreements according to their terms" and that this "holds true for claims that allege a violation of a federal statute, unless the FAA's mandate has

---

Act. The NLRA, as interpreted in *Horton*, conflicts with the FAA, as interpreted by the Supreme Court."); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 845 (N.D. Cal. 2012) (noting that the Supreme Court had "held that courts are required to enforce agreements to arbitrate according to their terms, unless the FAA's mandate has been overridden by a contrary congressional command," but concluding that "Congress did not expressly provide that it was overriding any provision in the FAA when it enacted the NLRA or the Norris-LaGuardia Act" (internal quotation marks omitted)); *Jasso v. Money Mart Express, Inc.*, 879 F. Supp. 2d 1038, 1049 (N.D. Cal. 2012) ("Because Congress did not expressly provide that it was overriding any provision in the FAA, the Court cannot read such a provision into the NLRA and is constrained by [*AT&T Mobility LLC v.] Concepcion*[, 131 S. Ct. 1740 (2011),] to enforce the instant agreement according to its terms."); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308 (BSJ) (JLC), 2012 WL 124590, at *6 (S.D.N.Y. Jan. 13, 2012) (holding that "this Court must read *AT & T Mobility* as standing against any argument that an absolute right to collective action is consistent with the FAA's 'overarching purpose' of 'ensur[ing] the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings'" and that, "[t]o the extent that LaVoice relies on . . . the recent decision of the [NLRB] in *D.R. Horton, Inc. . . .* , as authority to support a conflicting reading of *AT&T Mobility*, this Court declines to follow th[at] decision[]" (quoting *AT&T Mobility*, 131 S. Ct. at 1748)). *But see Brown v. Citicorp Credit Servs.*, No. 1:12-cv-00062-BLW, 2013 WL 645942, at *3 (D. Idaho Feb. 21, 2013) (deferring to NLRB's decision in *D.R. Horton* under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), as "rational and consistent" with the NLRA, but failing to consider countervailing policies or deference with respect to the FAA); *Herrington v. Waterstone Mortg. Corp.*, No. 11-cv-779-bbc, 2012 WL 1242318, at *6 (W.D. Wis. Mar. 16, 2012) (finding "the Board's interpretation of the NLRA in *D.R. Horton*[] is reasonably defensible" and, therefore, "applying it . . . to invalidate the collective action waiver in the arbitration agreement" (internal quotation marks omitted)).

| RICHARDS V. ERNST & YOUNG, LLP | 7 |
|---|---|

been overridden by a contrary congressional command." *Am. Express v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (internal quotation marks omitted). "Congress," however, "did not expressly provide that it was overriding any provision in the FAA when it enacted the NLRA or the Norris-LaGuardia Act." *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 845 (N.D. Cal. 2012).

**REVERSED.**[4]

---

[4] Because the district court should have compelled arbitration, and because the arbitration agreement between Ernst & Young and Ms. Richards precludes class arbitration, we also vacate the district court's order certifying a class of litigants with Ms. Richards as its representative.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

(2) **Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

(3) **Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

(4) **Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ...................................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[                              ] v. [                              ] 9th Cir. No. [        ]

The Clerk is requested to tax the following costs against: [                                        ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

Form 10. Bill of Costs - *Continued*

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

---

(To Be Completed by the Clerk)

Date _____     Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk